## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **TOGETHER EMPLOYEES, by** ) | |
| **Individual Representatives,** ) | |
| **ROBERTA LANCIONE** ) | |
| **JOYCE MILLER, MARIA DIFRONZO,** ) | |
| **MICHAEL SACCOCCIO,** ) | |
| **ELIZABETH BIGGER,** ) | |
| **NATASHA DICICCO,** ) | |
| **NICHOLAS ARNO and** ) | **CIVIL ACTION NO.** |
| **RUBEN ALMEIDA,** ) | |
| **Plaintiffs** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **MASS GENERAL BRIGHAM** ) | |
| **INCORPORATED** ) | |
| **Defendant** ) | |

## COMPLAINT AND JURY DEMAND

## INTRODUCTION

1. The issue in this case is defendant Mass General Brigham Incorporated's violations of Title VII and the Americans with Disabilities Act ("ADA") in wrongfully denying religious and disability accommodations to its employees.

2. Rather than adhering to federal law, the defendant instead created its own system-wide "position" and "new process" as to the granting of religious and medical accommodations for a newly imposed vaccination policy.

3. Defendant wrongly denied hundreds of its employees, many of whom fought on the front lines saving lives and fighting the spread of COVID-19 from the beginning of the pandemic to present, reasonable religious and disability accommodations that are protected by the aforementioned federal laws.

1

4.  All plaintiffs have submitted a "Charge of Discrimination" form to the EEOC, with some already having obtained a "Notice of Right to Sue," stating that the EEOC will likely be unable to complete administrative processing within 180 days.

5.  Plaintiffs bring this action prior to the remedy provided under 42 U.S.C. 2000e-5(f)(2) by motion for preliminary injunction and by a showing of irreparable harm, justifying the need to seek immediate preliminary injunctive relief in advance of the EEOC's completion of its investigation or issuance of right to sue letters.[1]"

## PARTIES

6.  Plaintiff, Together Employees is an unincorporated association comprised of, at the date of this filing, 229 employees of Mass General Brigham Incorporated, all who requested religious accommodations, disability accommodations (or both) and were denied without a showing of undue hardship.

7.  Plaintiff Roberta Lancione is an employee of defendant who was denied both a religious disability accommodation after submitting requests for both and documentation to the defendant detailing her history of angio-edema from prior vaccination and her current treatment for Chronic Lymphocytic Leukemia and of her sincerely held religious beliefs.

8.  Plaintiff Joyce Miller is an employee of defendant who was denied a disability

---

[1] The First Circuit has held that plaintiffs who show irreparable injury to justify injunctive relief prior to the remedy provided under Title VII need not wait for the EEOC's final review as outlined in 42 U.S.C. § 2000e–5(f)(2). *Bailey* v. *Delta Air Lines, Inc.*, 722 F.2d 942, 944 (1st Cir. 1983).

accommodation and a religious accommodation after submitting a request to the defendant detailing her sincerely held religious beliefs and a signed form from her physician to support her request for disability accommodations.

9. Plaintiff Maria DiFronzo is an employee of defendant who was denied a disability accommodation after submitting evidence that she is pregnant.

10. Plaintiff Michael Saccoccio is an employee of defendant who was denied a disability accommodation after submitting three letters from two doctors detailing his inability to receive the vaccine.

11. Plaintiff Elizabeth Bigger is a physician and employee of defendant and a was denied a religious accommodation after submitting a request detailing her sincerely held religious beliefs.

12. Plaintiff Natasha DiCicco is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs to the defendant.

13. Plaintiff, Nicholas Arno, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs to the defendant.

14. Plaintiff, Ruben Almeida, is an employee of defendant who had been given religious accommodation by defendant in the past yet was denied a religious accommodation after sending a request and detailing his sincerely held religious beliefs to the defendant.

15. Defendant, Mass General Brigham Incorporated is a Massachusetts

Corporation with a principal address listed as 800 Boylston Street in Boston, Massachusetts. It has fourteen hospitals and several other medical facilities throughout the Commonwealth of Massachusetts.

## JURISDICTION, VENUE AND STANDING

16. Plaintiffs bring this action for disability discrimination and retaliation under the Americans with Disabilities Act (hereinafter "ADA") and religious discrimination and retaliation under Title VII of the Civil Rights Act, with all claims arising within the context of plaintiff's employment by the defendant.

17. All plaintiffs are employees of the defendant in various hospitals and facilities and either had their religious or medical accommodations wrongfully denied by the defendant.

18. Plaintiffs are seeking declaratory and preliminary injunctive relief under 28 U.S.C. § 2201 and § 2202.

## FACTUAL BACKGROUND

19. On June 24, 2021, defendant's President and CEO, Ann Klibanski, announced that all employees would be required to receive one of three COVID-19 vaccines. A true copy of the announcement is included herewith as Exhibit A.

20. The announcement initially stated that exemptions would be available for "medical and religious reasons" and for "employees who are pregnant or who intend to become pregnant."

21. Defendant provided its employees with a "Covid Vaccine Medical Exemption Request Form 2021" for those seeking medical accommodations, which allowed for a temporary exemption for pregnancy stating, "According to the CDC and American College of Obstetrics and Gynecology, the COVID-19 vaccination is safe and effective for pregnant women and to protect the baby after it is born. However, pregnancy is a unique personal circumstance. We encourage those pregnant to discuss this issue with their medical provider." A true copy of the Covid Vaccine Medical Exemption Request Form 2021 is included herewith as Exhibit B.

22. For any employees seeking religious exemptions to the new policy, defendant purportedly established a committee to review the submitted religious exemptions.

23. The defendant's required religious exemption form was an online form with several check box questions and a small, one line text box with directions stating "In the space provided, please (1) identify your sincerely held religious belief, practice or observance and (2) explain why it prevents you from receiving a COVID-19 vaccine. Please note that you may be required to provide additional information or supporting documentation to support your request for an exemption." A true copy of the exemption form is attached herewith as Exhibit C.

24. The form contained no option to provide any supporting documentation, such as a personal statement or a clergy letter.

25. Defendant then denied the plaintiffs' requests prior to allowing them to provide supporting documents for their accommodation requests.

26. These denials contained virtually no discussion, other than to state that plaintiffs failed to state a sincerely held religious belief, or clearly misconstruing plaintiffs' beliefs to fit a reason for denial, followed by a link to where plaintiffs could get vaccinated.

27. Defendant's offering of medical and religious exemptions was illusory and not based in accordance with federal law, evidenced by (and not limited to) the following:

   a. Defendant instructed its network physicians not to draft letters in support of medical accommodations for their patients (Exhibit D);

   b. Defendant amended their medical accommodation form, removing the option for a pregnancy accommodation after promising pregnant employees that they would be granted accommodations (Exhibit E);

   c. Defendant would not disclose to its employees the individuals that comprised defendant's exemption committee, their qualifications, or what the review process would entail[2];

   d. Defendant refused to accommodate employees that it had accommodated in the past, citing a "new process" that they had created (Exhibit F);

---

[2] On occasion, some members of the committee would respond using their names instead of the standard signature "The MGB Vaccination Committee," however the committee members, their qualifications, and the evaluation criteria were never disclosed.

e.  Defendant sent out an email to unit supervisors (Exhibit G) stating that they should encourage employees who had their religious accommodations denied to instead get vaccinated;

f.  This same email provided talking points that supervisors were to use with their subordinates, including assurances that their requests were "carefully reviewed by a committee made up of individuals from across Mass General Brigham," which was "charged with reviewing requests and determining whether each request *was consistent with the system's position around granting exceptions*" (emphasis added). Further, supervisors were to assure their subordinates that "each request was evaluated based on all information provided, and because of that there is no appeal process."

g.  These instructions were given despite defendant deliberately withholding the identity of those who sat on the committee and withholding "the system's position" for granting accommodations;

h.  Additionally, defendant deliberately failed to provide its employees with an option to provide supporting information with their accommodation requests before its anonymous committee "evaluated based on all information provided" and denied the requests;

i.  Defendant would not allow for any appeals to denials of religious and disability accommodations (Exhibit H), nor did defendant engage in any meaningful interactive process with any of the plaintiffs; and

     j.   Defendant granted many accommodations for employees with nearly identical accommodation requests (Exhibit I) yet denied plaintiffs' accommodation requests with no explanation as to why.

## MASS GENERAL BRIGHAM'S DISABILITY DISCRIMINATION

28. At least 36 Plaintiffs requested reasonable accommodations for disabilities under the ADA, including Plaintiffs Lancione, Miller, DiFronzo and Saccoccio.

29. Plaintiff DiFronzo is pregnant and requested an accommodation, as was originally offered by defendant. She was subsequently denied an accommodation (Exhibit J).

30. Plaintiff Lancione suffered from angio-edema from prior vaccination and is currently treating for Chronic Lymphocytic Leukemia. Taking these vaccines puts her at risk of serious physical harm, which would significantly impair several major life functions, not the least of which would be working (Exhibit K).

31. Plaintiff Saccoccio obtained three letters from two doctors stating that he should not receive the vaccine because he has severe PTSD and childhood trauma, which would trigger his PTSD and substantially impact his major life functions, not the least of which would be working (Exhibit L).

32. Plaintiff Miller submitted a letter from her doctor supporting her need for an exemption from vaccination and was subsequently denied. She is currently on

a continuous leave of absence due to severe mental and emotional toll that this situation has taken on her and has received behavioral therapy treatment for these issues (Exhibit M).

33. Plaintiff Miller is not the only plaintiff undergoing treatment for the emotional and psychological harm that the denial and impending decision has caused (Exhibit N).

34. Further, defendant did not engage in any meaningful interactive process with plaintiffs who asserted their medical disabilities, which is a protected activity.

35. In lieu of an interactive process and in lieu of any reasonable accommodations, defendant is instead placing plaintiffs on unpaid leave on October 20, 2021, to be terminated on November 5, 2021 if they remain unvaccinated.

## MASS GENERAL BRIGHAM'S RELIGIOUS DISCRIMINATION

36. To date, defendant has not stated what their "position on granting exceptions" is for religious accommodations.

37. At least 193 Plaintiffs, including plaintiffs Bigger, DiCicco, Arno and Almeida, whose affidavits are included as Exhibits O-R, submitted a religious accommodation request, which is a protected activity.

38. These plaintiffs have sincerely held religious beliefs, rooted in Biblical Scripture and received by them through prayer.

39. Plaintiffs seek to make daily decisions, including those regarding vaccination and other medical decisions, through prayer and by reading the Bible.

40. These sincerely held and prayerfully developed religious beliefs preclude plaintiffs from taking the COVID-19 vaccines.

41. For plaintiffs to disobey sincerely held religious beliefs would violate their conscience. See *John 14:15 (NIV):* "If you love me, keep my commands," *Acts 5:29 (KJV)* "…We ought to obey God rather than men."

42. All of the plaintiffs had their religious accommodation requests denied, without an opportunity to appeal, and without any meaningful interactive process. (See ¶ 26 regarding denial emails. An example of these type of email exchanges has also been included as Exhibit S).

43. Plaintiffs submitted their request on an online exemption form that did not allow for submission of supporting documents.

44. Not only were plaintiffs unable to submit supporting documents, but they were also not informed as to who was reviewing their submissions. Thus, they had no way of providing supporting documents through any other platform until they were denied.

45. Plaintiffs were therefore reduced to an attempt at describing their personal religious beliefs in a text box which visibly displayed, in the case of plaintiff DiCicco, a total of eight words.

46. Once these forms were submitted (by design, without the option to submit supporting documents), defendant then denied plaintiffs requests for religious accommodations.

47. Defendant then emailed its department supervisors, instructing them to use talking points with subordinates who had been denied religious exemptions, stating "each request was evaluated based on all information provided, and because of that there is no appeal process."

48. In other words, defendant is simply paltering: It claims that it evaluated accommodation requests based on "all the information provided," which in itself is true, however, only because defendant made it impossible for plaintiffs to provide supporting documents by not allowing for their submission on the exemption form and by not informing plaintiffs of who was reviewing their request so that substantive information could be sent to those individuals.

49. Thus, plaintiffs' accommodation requests (which defendant effectively reduced to what plaintiffs could fit into a small, one line text box), were then swiftly denied, with the blame placed on the plaintiffs, and the façade of a legitimate process being published to defendant's supervisors and employees.

50. Each plaintiff who sought a religious exemption was subject to the same procedure and was not afforded an appeal or any meaningful interactive process.

51. Plaintiffs who failed to receive the vaccination are to be placed on unpaid leave on October 20, 2021, and are facing termination on November 5, 2021, if they remain unvaccinated.

## COUNT I
## (Disability Discrimination – Failure to Make Reasonable Accommodations)

52. Plaintiffs repeat and reallege paragraphs 1-43 of this Complaint.

53. Plaintiffs who sought disability accommodations, all of whom are "qualified individuals" under the definition of 42 U.S.C. 12111[3], requested reasonable accommodations for their specific disabilities with respect to defendant's vaccination policy in writing by submitting defendant's required exemption form.

54. Defendant has (and had) a duty as plaintiffs' employer under 41 U.S.C. 12112(b)(5)(a) to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability."

55. Defendant was and is "obligated to provide a reasonable accommodation (as long as it is not unduly burdensome) where a protected employee has requested an accommodation, or the employer otherwise knew that one was needed." *Murray v. Warren Pumps, LLC*, 821 F.3d 77, 84 (1st Cir. 2016).

56. Defendant failed to provide any reasonable accommodations upon reasonable requests by plaintiffs.

57. Defendant failed to assert an undue hardship that would be caused by

---

[3] Plaintiffs "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.*

accommodating plaintiffs' disabilities.

58. Despite failing to assert an undue hardship, defendant in fact would not be "unduly burdened" or face hardship in accommodating plaintiffs' requests[4], not only because it would not financially or operationally burden defendant to accommodate plaintiffs[5], but because defendant did accommodate some employees while others (including plaintiffs), it chose not to, despite the accommodation requests being similar or nearly identical.

59. Defendant also failed to engage in any meaningful discussion, interactive process or appeal with the plaintiffs who requested reasonable accommodations.

60. All plaintiffs were and are ready, willing and able to abide by any reasonable accommodations to defendant's policy including those safety precautions already in effect.

61. Plaintiffs are all facing adverse employment action, namely being placed on unpaid leave and subsequently terminated, due to their inability to adhere to the defendant's policy because of their disabilities.

## COUNT II
### (Religious Discrimination)

---

[4] Defendant's most recent 990T form available via the IRS (https://apps.irs.gov/pub/epostcard/cor/043230035_201909_990T_2020120117460444.pdf) shows that it has assets of over six *billion* and as of August 10, 2021, defendant brought in revenues of $4.1 billion in the third quarter of 2021 alone: https://www.beckershospitalreview.com/finance/mass-general-brigham-posts-2-9b-gain-over-9-months.html. Therefore, under § 12111's definition of "undue hardship," requiring significant difficulty or expense, defendant cannot (and did not) assert that the accommodations would be unduly burdensome.

[5] https://www.massnurses.org/bargaining-unit-listings/p/openBulletin/12231

62. Plaintiffs repeat and reallege paragraphs 1-61 of this Complaint.

63. Title VII prohibits "discriminat[ion] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Xiaoyan Tang* v. *Citizens Bank, N.A.*, 821 F.3d 206, 215 (1st Cir. 2016) quoting from 42 U.S.C. § 2000e–2(a)(1).

64. Defendant had a duty to "[O]ffer a reasonable accommodation to resolve a conflict between an employee's sincerely held religious belief and a condition of employment, unless such an accommodation would create an undue hardship for the employer's business." *Cloutier* v. *Costco Wholesale Corp.*, 390 F.3d 126, 133 (1st Cir. 2004).

65. Once an employee demonstrates that their religious belief conflicts with an employment condition, "the burden then shifts to the employer to show that it offered a reasonable accommodation or, if it did not offer an accommodation, that doing so would have resulted in undue hardship." *Id.*

66. Plaintiffs requesting religious accommodations submitted a request for religious accommodation to the defendant's vaccination policy, informing defendant that its vaccination policy was in conflict with their sincerely held religious beliefs.

67. These requests were submitted via an online form, as required by defendant.

68. Defendant neither offered to accommodate the plaintiffs nor showed that an accommodation would have resulted in "undue hardship."

14

69. Despite failing to assert an undue hardship, defendant in fact would not be "unduly burdened" or face hardship in accommodating plaintiffs' requests, not only because it would not financially or operationally burden defendant to accommodate plaintiffs, but because defendant did accommodate some employees while others (including plaintiffs), it chose not to, despite the accommodation requests being similar or nearly identical.

70. Defendant also failed to engage in any meaningful discussion, interactive process or appeal with the plaintiffs who requested reasonable accommodations.

71. All plaintiffs were and are ready, willing and able to abide by any reasonable accommodations to defendant's policy including those safety precautions already in effect.

72. Plaintiffs are all facing adverse employment action, namely being placed on unpaid leave and subsequently terminated, due to their inability to adhere to the defendant's policy because of their religious beliefs.

**COUNT III**
**(Retaliation)**

73. Plaintiffs repeat and reallege paragraphs 1-72 of this Complaint.

74. All plaintiffs were engaged in a protected activity, whether requesting accommodation for religious beliefs or for disability.

75. Defendant has taken adverse action against plaintiffs, informing them that they will be placed on unpaid leave on October 20, 2021 and terminated on November 5, 2021 if they do not comply with defendant's policy, which would

result in either a violation of conscience (Title VII plaintiffs) or a risk to their physical safety (ADA plaintiffs).

76. The adverse action taken by defendant would not have occurred but for a retaliatory motive against plaintiffs for requesting their respective accommodations.

## PRAYER FOR RELIEF

77. Declaration that defendant violated Title VII in discriminating against plaintiffs by failing to offer reasonable accommodation for their religious beliefs;

78. Declaration that defendant discriminated against plaintiffs by failing to reasonably accommodate for plaintiffs' disabilities.

79. Declaration that plaintiffs were engaged in protected activity when they requested reasonable accommodation and when they refused to comply with a perceived Title VII and ADA violation;

80. Enjoin defendant from taking adverse employment action against plaintiffs;

81. Enjoin defendant from enforcing its vaccination policy against plaintiffs until either their religious beliefs and disabilities are accommodated, the EEOC completes its investigation and/or issues every plaintiff a right to sue, or a verdict is rendered by a jury; and

82. Attorney fees and costs, plus any other relief this Court deems proper.

Plaintiffs, by their attorneys,

  /s/ Ryan P. McLane
Ryan P. McLane, Esq. (BBO: 697464)
Lauren Bradford, Esq. (BBO: 700084)
McLane & McLane, LLC
269 South Westfield Street
Feeding Hills, MA 01030
Ph. (413) 789-7771
Fax (413) 789-7731
ryan@mclanelaw.com
lauren@mclanelaw.com

# EXHIBIT A

# Mass General Brigham mandates COVID-19 vaccination for all employees

June 24, 2021  Press Releases  Our People COVID-19



Mass General Brigham today announced that it will require its 80,000 employees to be vaccinated against COVID-19 once the U.S. Food and Drug Administration (FDA) grants approval of one of the three vaccines. More than 85 percent of Mass General Brigham employees have already been vaccinated—one of the highest rates nationwide among health care systems.

"Over the past 16 months we have come together as a system to care for our patients and each other as never before and the efforts of our employees have been extraordinary and inspiring. The evidence of COVID-19 vaccine safety and effectiveness is overwhelming. Getting vaccinated is the single most important and responsible step each of us can take to put an end to this devastating pandemic and protect patients, families, and each other."

**Anne Klibanski, MD**
President and Chief Executive Officer
Mass General Brigham

As the largest academic health system and private employer in Massachusetts, Mass General Brigham has administered more than 450,000 vaccine doses to patients and employees, helping to make Massachusetts among the top-vaccinated areas in the country. Clinical data and trends clearly demonstrate that the vaccines have proven central to reducing the spread of the virus, hospitalizations and deaths across the Commonwealth.

Mass General Brigham joins many other leading health care systems in the United States in making COVID-19 vaccination a requirement, ensuring that patients are being cared for in the safest clinical environment possible. The decision is consistent with Mass General Brigham's approach to the flu vaccine, which became a requirement in 2018. As with other vaccines, employees will be able to request exemption for medical and religious reasons and employees who are pregnant or who intend to become pregnant may also request an exemption. A deadline for vaccination will be determined after FDA approval.

Since the beginning of the pandemic, Mass General Brigham has treated nearly 19,000 COVID-19 positive inpatients and administered more than 1.1 million COVID-19 tests. At the same time, Mass General Brigham researchers have worked around the clock to develop and assess new approaches to test for, treat, and prevent COVID-19.

# Media Contact

Mass General Brigham:
Rich Copp **rcopp@partners.org**
Bridget Perry **bperry7@partners.org**

# About Mass General Brigham

Mass General Brigham is an integrated academic healthcare system, uniting great minds in medicine to make life-changing impact for patients in our communities and people around the world. Mass General Brigham connects a full continuum of care across a system of academic medical centers, community and specialty hospitals, a health insurance plan, physician networks, community health centers, home care, and long-term care services. Mass General Brigham is a non-profit organization tha is committed to patient care, research, teaching, and service to the community. In addition, Mass General Brigham is one of the nation's leading biomedical research organizations and a principal teaching affiliate of Harvard Medical School. For more information, please visit **massgeneralbrigham.org**.

# Related Articles



**Press Releases**   10.14.2021

Mass General Brigham Announces $25 million in New Funding for Scholars Program



**Press Releases**   10.14.2021

Mass General Brigham Names Marcela del Carmen President of Mass General Physicians Organization



Press Releases

# EXHIBIT B



**COVID VACCINE MEDICAL EXEMPTION REQUEST FORM 2021**

***Please Print***:

First Name:_____Last Name:_____

PeopleSoft/Employee ID #:_____   Date of Birth: _____/_____/_____

*Please have your provider return this completed form to Occupational Health at the email listed at the bottom of the form.*
Dear Health Care Provider,

Mass General Brigham and its affiliates are committed to providing a safe work environment and to patient safety. Transmission of the SARS-CoV-2 virus can carry a significant risk for patients, co-workers, and visitors. COVID-19 vaccination is an important tool to help control the pandemic and is strongly recommended by the CDC. ***Therefore, all Mass General Brigham personnel are required to receive the COVID-19 vaccination or have an approved exemption.*** Medical exemption is allowed only for recognized medically supported reasons.

Your patient has indicated that they have a medical reason or contraindication not to be vaccinated. Please document if you believe that there is a medical reason or contraindication below.

☐ **History of severe or immediate allergic (anaphylactic) reaction to a previous dose or component of a COVID-19 vaccine**. We encourage consultation with an allergy specialist.

   Vaccine name or vaccine component: _____   Date Received: _____

   Description of reaction:_____

☐ **Temporary exemption due to current pregnancy:** Estimated delivery date: _____
   According to the CDC and American College of Obstetrics and Gynecology, the COVID-19 vaccination is safe and effective for pregnant women and to protect the baby after it is born. However, pregnancy is a unique personal circumstance. We encourage those pregnant to discuss this issue with their medical provider.

☐ **Temporary exemption due to administration of COVID-19 monoclonal antibodies:**

   Date of last dose administered: _____

☐ **Temporary exemption due to history of multisystem inflammatory syndrome:**

   Date of diagnosis: _____

**Other medical reasons (Please describe below):** Requests will be reviewed on a case-by-case basis. Clarification from the requesting employee and/or their physician may be requested in writing or by phone.
   _____
   _____

I certify that my patient has the above contraindication and requests the medical exemption.

Provider Name: _____          Date: _____

               (Please print clearly)

Provider Signature: _____          License #: _____

Telephone #: _____

Please email this completed form to PHSOHSCOVID19@partners.org

# EXHIBIT C

# Exemption Request

Mass General Brigham is dedicated to providing a safe environment for all of its patients. Influenza infection can carry a significant risk for patients, visitors and staff. Therefore, all Workforce members are required to receive an annual vaccination for influenza unless an exemption is approved.

COVID-19 carries a significant risk of transmission, serious illness or death for patients, visitors and staff. Therefore, all Mass General Brigham employees are required to receive COVID-19 vaccination unless medically contraindicated or it is prohibited by a sincerely held religious belief or practice.

Mass General Brigham permits an exemption to mandatory influenza vaccination and/or Covid-19 vaccination for employees whose sincerely held religious beliefs prohibit vaccination.

Please complete the below form to request religious exemption(s). You can request an exemption for one or both vaccines, please complete all appropriate sections.

**ID Number**
* must provide value

100083269

**User Name**
* must provide value

naf11

**First Name**
* must provide value

Natasha

**Last Name**
* must provide value

Dicicco

**Email Address**
* must provide value

NADICICCO@PARTNERS.ORG

**Affiliate Name**
* must provide value

MGH ▾

**Please choose the exemption you are requesting?**
* must provide value

☑ COVID
☑ Flu

In the space provided, please (1) identify your sincerely held religious belief, practice or observance and (2) explain why it prevents you from receiving a COVID-19 vaccine. Please note that you may be required to provide additional information or supporting documentation to support your request for an exemption.

It is my sincerely held religious and spiritual




**Employee attestation regarding Covid-19 vaccination religious exemption**

* must provide value

- ☑ My religious beliefs, practices, and observances which form the basis for my exemption request are sincerely held.
- ☑ My religious beliefs, practices and observances prevent me from receiving a COVID-19 vaccine.
- ☑ I understand that I may be asked to provide additional information to support this request.
- ☑ I understand that if my request for exemption is approved I will be required to follow all applicable infection control policies and procedures, including wear an approved mask.
- ☑ I understand that, if approved, this exemption will last for the current COVID-19 vaccination process only.

**In the space provided, please (1) identify your sincerely held religious belief, practice or observance and (2) explain why it prevents you from receiving an influenza vaccine. Please note that you may be required to provide additional information or supporting documentation to support your request for an exemption.**

It is my sincerely held religious and spiritual

**Employee attestation regarding influenza vaccination religious exemption:**

* must provide value

- ☑ My religious beliefs, practices, and observances which form the basis for my exemption request are sincerely held.
- ☑ My religious beliefs, practices and observances prevent me from receiving an influenza vaccine.
- ☑ I understand that I may be asked to provide additional information to support this request.
- ☑ I understand that if my request for exemption is approved I will be required to follow all applicable infection control policies and procedures, including wear an approved mask.
- ☑ I understand that, if approved, this exemption will last for the current influenza vaccination process only.

**Please sign as acknowledgment**

* must provide value

ꝗ Add signature

Submit

# EXHIBIT D

**M** Gmail

Lauren Bradford <laurenbradfordesq@gmail.com>

---

## Fwd: Covid vaccine exemption d/t seizures

---

████████████████@gmail.com>
To: Lauren Bradford <laurenbradfordesq@gmail.com>

Thu, Sep 23, 2021 at 5:38 PM

Sent from my iPad

Begin forwarded message:

**From:** ████, M.D."

████@mgh.harvard.edu>
**Date:** August 18, 2021 at 6:11:16 PM EDT
**To:**
gmail.com>
**Subject: Re: Covid vaccine exemption d/t seizures**


Many thanks for writing.

Believe me, I understand your situation 100%.

As specialists, our Division has already told us that we cannot offer any medical exemptions for the Covid vaccine - not even for anaphylaxis or severe allergic reactions or primary or secondary immunodeficiencies.

Perhaps Dr  can give you an exemption, but unless there is a direct link between the vaccine and a lowered seizure predisposition (which I don't believe there is not enough data to support that), I don't think even your PCP will be able to write it.

I am sorry for the tight scrutiny with regards to this matter.

I hope that you are yours are otherwise well, and are continuing to stay safe.

Sincerely,



On Aug 18, 2021, at 4:15 PM, <gmail.com> wrote:


**External Email - Use Caution**

Hi ████

Hope you're summer has been going well! I just have a question regarding the covid vaccine and if you are able to assist with getting a medical exemption from receiving the vaccine? I am required to have it by the end of the fall. I work at Umass Memorial Medical Center in Worcester, but I do not do any patient care or come into contact with anyone but a few colleagues. I am so worried about getting the vaccine, because I don't want it to trigger a seizure. I haven't had a seizure since 2009 and am honestly terrified of getting the vaccine and having it trigger a seizure. I've been doing some research and there are currently no studies in patients with epilepsy and the covid vaccine.

Thanks so much!

Name: Lori A Munro | ████████████████████ | PCP: ██████████ , MD

# RE: Non-Urgent Medical Question

Melissa Ann Burke

All messages have been loaded.

 Aug 19, 4:35 PM

Dear Lori,

The American College of Cardiology and MassGeneral Brigham is strongly discouraging cardiologists to write such letters at this time.  I will have to defer back to your PCP.

Thank you for your understanding,

████

Showing 1 of 1

Conversations remain active for 30 days. Once 30 days have passed since the most recent message, you will need to send a new message instead.

MyChart® licensed from Epic Systems Corporation © 1999 - 2020

# EXHIBIT E



**COVID VACCINE MEDICAL EXEMPTION REQUEST FORM 2021**

***Please Print***:

First Name:_____ Last Name:_____

PeopleSoft/Employee ID #:_____ Date of Birth: _____/_____/_____

*Please have your provider return this completed form to Occupational Health at the email listed at the bottom of the form.*

Dear Health Care Provider,

Mass General Brigham and its affiliates are committed to providing a safe work environment and to patient safety. Transmission of the SARS-CoV-2 virus can carry a significant risk for patients, co-workers and visitors. COVID-19 vaccination is an important tool to help control the pandemic and is strongly recommended by the CDC. ***Therefore, all Mass General Brigham personnel are required to receive the COVID-19 vaccination or have an approved exemption.*** Medical exemption is allowed only for recognized medically supported reasons.

The CDC encourages all pregnant people or people who are thinking about becoming pregnant and those breastfeeding to get vaccinated to protect themselves from COVID-19. The vaccines are safe and effective, and it has never been more urgent to increase vaccinations as we face the highly transmissible Delta variant and see severe outcomes from COVID-19 among unvaccinated pregnant people.

Your patient has indicated that they have a medical reason or contraindication not to be vaccinated. Please document if you believe that there is a medical reason or contraindication below.

**History of severe or immediate allergic (anaphylactic) reaction to a previous dose or component of a COVID-19 vaccine**. We encourage consultation with an allergy specialist.

Vaccine name or vaccine component: _____    Date Received: _____

Description of reaction:_____

**Temporary exemption due to administration of COVID-19 monoclonal antibodies:**

Date of last dose administered: _____

**Temporary exemption due to history of multisystem inflammatory syndrome:**

Date of diagnosis: _____

**Other medical reasons (Please describe below):** Requests will be reviewed on a case-by-case basis. Clarification from the requesting employee and/or their physician may be requested in writing or by phone.
_____
_____

I certify that my patient has the above contraindication and request the medical exemption.

Provider Name: _____    Date: _____

(Please print clearly)

Provider Signature: _____    License #: _____

Telephone #: _____

Please email this completed form to PHSOHSCOVID19@partners.org

# EXHIBIT F



**MC**  **MGB Religious Exemptions Committee**

To: ████████████████████  R.N.  + 1

Mon 10/4/2021 2:00 PM     View more

Dear ██████████████,

You have received religious exemptions in the past, however, they do not carry over from one year to the next.  We have implemented a new process this year to evaluate requests for religious exemptions and this year your request is denied.

Kindest Regards,

Dee Dee

. . .

---

**SR**  ██████████████████████

Fri 10/1/2021 10:21 PM     View more

I'm very confused. Can you please explain? Thank you

██████████████████

. . .

# EXHIBIT G

| | |
|---|---|
| **From:** | MGB Manager Update |
| **Sent:** | Wednesday, September 15, 2021 4:53 PM |
| **To:** | MGB Manager Update |
| **Subject:** | Today's Focus: COVID-19 vaccine exemption denials; Updated information in PeopleSoft |

 **Mass General Brigham**

# Focus

Information and insights for managers

## COVID-19 vaccine requirement and exemption denials

Human Resources continues to appreciate the work that you, our managers, are doing during these challenging times. We know that high hospital capacity, increasing demand for patient care and rollout of several system-wide initiatives are adding to your already heavy workload – and we appreciate all that you are doing to help.

This week, employees who have applied for medical or religious exemption from the COVID-19 Vaccination Policy will hear whether their exemption requests have been accepted. Some of these exemption requests will be denied – a reflection of our medical experts' determination that the COVID-19 vaccine is safe, effective and imperative for keeping our patients, their families and each other safe.

Upon receiving a denial, some employees may be emotional and upset, and look to you, their manager, for support. We ask that you take the time to speak with them, to listen to their concerns and, when appropriate, encourage them to receive the vaccine.

The following talking points may be helpful in your conversation:

- I understand you are upset because your exemption request was denied. Please tell me more about how you are feeling, and the concerns you have about our COVID-19 Vaccine Policy.
- I understand that you are upset but I want to assure you that your request was carefully reviewed by a committee made up of individuals from across Mass General Brigham. The committee was charged with reviewing requests and determining whether each request was consistent with the system's position around granting exceptions.
- Each request was evaluated based on all information provided, and because of that there is no appeal process.
- If you intend to comply with Mass General Brigham's COVID-19 Vaccine Policy, there are some upcoming deadlines of which you should be aware. Two out of the three available vaccines require two doses to be fully vaccinated by October 15. If you are receiving one of these, you must receive the first dose by September 16 (Moderna) or September 23 (Pfizer). I want to ensure you understand how quickly these deadlines are approaching.
- You can find a schedule of vaccine clinics on the Pulse.

We have prepared a list of Frequently Asked Questions to help you answer questions from employees whose request for religious exemption has been denied.

## PeopleSoft data – now fully updated

As of yesterday, employee vaccination data is updated in PeopleSoft and will continue to be updated daily. A reminder that it may take up to 48 hours for a vaccine received at Occupational Health or a Mass General Brigham provider to appear in the system. Likewise, proof of a vaccine obtained elsewhere may take up to 48 hours to appear in PeopleSoft.

The data shown in PeopleSoft is actual data at the employee level and different from data shared with you previously, which was aggregate data from Epic.

Notifications are being sent today from ibridgereport@partners.org, containing information about your direct reports who are not vaccinated, have not consented to share their Epic data with PeopleSoft or submitted documentation of vaccines obtained elsewhere to Occupational Heath. The following chart will help you determine what the various PeopleSoft statuses mean for your employees:

| PeopleSoft COVID-19 vaccine status | Description |
|---|---|
| Non-compliant | Has not received two vaccines (or one dose of Johnson & Johnson)<br>Has not consented to sharing Epic data with Occupational Health<br>Has not submitted proof of vaccine obtained elsewhere to Occupational Health. |
| Epic-pending | The employee has consented to sharing their Epic record for the COVID-19 vaccine, but there is no data found.<br><br>Reminder, it may take up to 48 hours for a vaccine received at Occupational Health or a Mass General Brigham provider to appear in PeopleSoft.<br><br>These individuals are non-compliant with the COVID-19 Vaccine Policy. |
| Exempt | Approved for either a medical or religious exemption. |
| Exempt-remote | Employees working outside the United States, or POIs who are never onsite at a Mass General Brigham location. |
| Vaccinated (Compliant) | Both doses received and data has flowed to PeopleSoft |

## For many employees – consent needed

We believe there are a large number of employees who have received the vaccine but appear non-compliant in PeopleSoft because they have either failed to consent to sharing their Epic COVID-19 vaccine data or have yet to submit documentation of a vaccine received elsewhere. Please share the following information with those who are appearing "non-compliant" in PeopleSoft:

**To consent to sharing Epic COVID-19 vaccine data (vaccine received at Mass General Brigham) with PeopleSoft, click here.**

**To submit proof of vaccination(s) received elsewhere, click here.**

# EXHIBIT H

# 2nd request

 **MGB Religious Exemptions Committee**   · · ·

To: ███████████████████; MGB Religious Exemptions Committee

Fri 10/15/2021 11:35 AM   View less

Dear ██████████████,

We will not be providing additional information related to denials or approvals other than the request was reviewed (including any additional documentation provided prior to the decision), and it was either approved or denied.

Kindest Regards,

Dee Dee



---

**SR** ████████████████████████   · · ·

To: Chen, Dee Dee A.

Wed 10/13/2021 2:18 PM

# EXHIBIT I

I, ███████████████ submitted my religious exemption request for the Influenza and COVID 19 vaccines and was denied without an opportunity for an appeal. I have been employed at Brigham and Women's Hospital since January of 2014 and have been granted religious exemption every year given the fact that vaccines are against my sincerely held religious beliefs as they can damage my ever-changing soul, hindering my ability to reincarnate. Since then my sincerely held beliefs have not changed, my reasoning for requesting religious exemption from vaccination has not changed, the documentation supporting my beliefs I have previously submitted to BWH has not changed. Yet, this year my request for religious exemption of the influenza and COVID 19 vaccines was denied. Therefore, this document serves to notify that I, ███████████████ am appealing my denial with the provided additional information to support my request.

Baptized as Christian, as a choice of my parents, I was raised and brought up within the traditional Christian faith. As time passed, my parent's faith also changed, taking me along their religious and spiritual journey. I was taught to seek my own personal truth and to stay true to my sincerely held beliefs. I have experienced great heartache in my lifetime, from the devastating loss of my Mother as a young man, a life-altering divorce, later followed by immense suffering watching my current wife struggle with infertility. In addition to personal challenges, I have also witnessed great suffering during my twenty-year career as a registered nurse. Many years ago I set out on my own personal journey to try to make sense of all of this heartache. Through all of my hardships I sincerely believe that my soul is ever-changing, nothing in this life is set in stone or absolutely permanent. I sincerely believe that all forms of life are essential and are to be reincarnated. I do not eat any meat or animal products. I do not use animal products or products that have been tested on animals. I sincerely believe in living consciously and truly believe in the power of good karma, bringing forth a better rebirth. It is my sincerely held religious belief that vaccines damage my ever-changing soul and hinder my reincarnation. My ability to reincarnate allows me to continue on my journey to enlightenment where I will be granted the ability to obtain understanding of all my suffering. As noted in the Four Noble Truths; there is truth of suffering, truth of the cause of suffering, truth of the end of suffering and most importantly to me, the truth of the path that leads to the end of suffering.

My religious journey has been built upon a foundation of seeking the truth of suffering. My sincerely held beliefs provide me great comfort that suffering shall not be for nothing. In closing, I once again affirm that I request religious exemption of the influenza and COVID 19 vaccines based upon my sincerely held religious beliefs that they damage my soul and hinder my reincarnation.

Of note, I am aware that my Christian colleagues who requested religious exemption were formally offered the opportunity to provide additional information to support their initial denial where I was not. I find that discriminatory and had to navigate this appeal process without any institutional guidance.

Sincerely,

# EXHIBIT J

Affidavit of Maria DiFronzo

Now comes the affiant, after being duly sworn and cautioned states as follows:

1) I am currently employed at Massachusetts General Hospital in Boston, Massachusetts.
2) I am a Medical Imaging Clinical Instructor and Radiologic technologist. I have been employed for just over 5 years.
3) I am currently pregnant.
4) I was originally offered a "pregnancy exemption" from Massachusetts General Hospital. My exemption was signed by my doctor and submitted to Occupational Health on August 11th, 2021.
5) On August 24th,2021 I received an email from Occupational Health informing me that my exemption was denied due to pregnancy no longer being an accepted exemption.

Maria DiFronzo

On this _____ day of October, 20 21,
Before me, the undersigned Notary Public, personally appeared
Maria DiFronzo
_____, proved to me through
satisfactory evidence of identification, which were____ MA D.L. ,
to be the person whose name is signed on the preceding or attached document
in my presence.

Cynthia A. DeMatteo



CYNTHIA A. DeMATTEO
Notary Public
Commonwealth of Massachusetts
My Commission Expires
November 30, 2023

### Affidavit of Maria DiFronzo

Now comes the affiant, after being duly sworn and cautioned states as follows:

1. I am currently employed at Massachusetts General Hospital in Boston, Massachusetts.
2. I am a Medical Imaging Clinical Instructor and Radiologic technologist. I have been employed here for just over 5 years.
3. I requested a religious exemption based on my deeply held religious beliefs.
4. After I submitted my religious exemption The MGB Vaccine Committee requested more information.
5. I supplied The MGB Vaccine Committee with a 2-page essay explaining why my deeply held religious beliefs prevented me from receiving the vaccine. This essay clearly answered the questions asked of me by The MGB Vaccine Committee. I also told The MGB Vaccine Committee that I would be happy to provide any other documentation they may need.
6. I received an email from The MGB Vaccine Committee a few days later informing me that my request had been denied.
7. I responded to The MGB Vaccine Committee asking for more information on why my religious exemption was denied. I also requested to know if any other employee had their exemption accepted. The MGB Vaccine Committee responded and said they would not provide any information on the decision.

_Maria DiFronzo_

On this _7_ day of _October_, 20 _21_,
Before me, the undersigned Notary Public, personally appeared
_Maria DiFronzo_, proved to me through
satisfactory evidence of identification, which were _M + DL_,
to be the person whose name is signed on the preceding or attached document
in my presence.

_Cynthia A. DeMatteo_



CYNTHIA A. DeMATTEO
Notary Public
Commonwealth of Massachusetts
My Commission Expires
November 30, 2023

# EXHIBIT K

Affidavit of Roberta Lancione

In accordance with 28 U.S.C. § 1746, I, Roberta Lancione, declare under the penalty of perjury of the laws of the United States of America, and state upon personal knowledge that:

1. I am currently employed at Massachusetts Eye and Ear in Boston, MA.
2. I am a registered nurse and have been employed here for 8 years.
3. I have a sincerely held religious belief which prevents me from receiving the Covid-19 vaccine.
4. I submitted a religious exemption/ accommodation request to MGB on 9/3/21.
5. On 9/9/21 I received an email from MGB Religious Exemption Committee requesting additional information as my beliefs relied on "inaccurate information". Which I provided.
6. On 9/16/21 I received an email that my Religious Request was reviewed and denied; I replied requesting a written explanation as to how / why MGB determined my religious beliefs do not satisfy their vaccine exemption criteria.
7. I have not received a response.
8. On 10/4 a system wide email was sent stating religious requests were thoughtfully considered and decisions are final. There will be no appeals.
9. On 9/27/21 a system wide email was sent titled "Know the Facts" stating "no appeal for religious exemption, all staff must receive vaccine by 10/15, non compliant staff will be terminated, we have begun posting roles to replace non compliant staff, The Federal mandate will mean you must be vaccinated to work at any company with more than 100 employees, and the Federal government will require vaccination for healthcare workers."
10. No executive order has yet been signed in regards to this Federal Mandate they refer to.
11. Since that date I have received DAILY MGB emails- Covid 19 Policy Non-Compliance -deadline dates - 1st dose of Pfizer/ Moderna orJ&J by 10/15, if employee remains noncompliant employee will be placed on unpaid administrative leave which was was extended to 10/20 with subsequent termination on 11/5/21.
12. My husband passed away suddenly three years ago leaving me in an unfortunate financial position as he had no life insurance or pension. I depend on my weekly paycheck to support myself until social security eligibility in three years.
13. I have been a nurse for forty one years and the thought of losing not just my job, but what I consider my life's work for refusal to take a vaccine that goes against my sincerely held religious beliefs is unconscionable.

Roberta Lancione
10/14/2021

Affidavit of Roberta Lancione

In accordance with 28 U.S.C. § 1746, I, Roberta Lancione, declare under the penalty of perjury
of the laws of the United States of America, and state upon personal knowledge that:

1. I am currently employed at Massachusetts Eye and Ear in Boston, MA.
2. I am a registered nurse and have been employed here for 8 years.
3. I submitted a Covid Vaccine Medical Exemption Request filled out by my
   Hematologist/Oncologist from Tufts Medical Center, Andreas Klein MD.
4. My medical reasons for exemption are angio-edema after prior influenza vaccine and
   current treatment for Chronic Lymphocytic Leukemia (CLL) with Venclexta.
5. My request for medical exemption from Covid-19 vaccine due to allergy concerns was
   denied. MGB stated it was " reviewed by a clinical panel" and " the medical information
   you provided does not demonstrate a sufficient medical reason or contraindication to
   support exemption."
6. MGB's recommendation is " that you consult an allergist for specific concerns, as well as
   evaluate whether a non- mRNA vaccine should be considered as a possible option."
7. In the past, as well as for 2021 my  MGB medical exemption for influenza vaccine was
   approved .
8. No mention of my concerns about how the vaccine could affect my CLL was addressed in
   the committee's response.
9. I am being mandated to receive a vaccine that I feel will put my health and possibly my
   life in grave danger.
10. My husband passed away suddenly three years ago leaving me in an unfortunate
    financial position as he had no life insurance or pension.
11. The thought of losing my livelihood is causing immense stress as I depend on my weekly
    paycheck to support myself until social security eligibility in three years.

Roberta Lancione
10/14/2021

# EXHIBIT L

Affidavit of Michael P. Saccoccio

Now comes the affiant, after being duly sworn and cautioned states as follows:

1. I am currently employed at MGB Salem Hospital in Salem, Massachusetts.
2. I am a registered nurse and have been employed here for three years.
3. I submitted a religious exemption and it was denied.
4. I was told the decisions of the religious exemption committee are final and there was no appeal process.
5. I asked for an explanation as to why my religious exemption was denied and received no valid explanation.
6. I submitted a letter of support from the pastor of my parish.
7. I have a sincerely held religious belief which precludes me from receiving the COVID vaccine.
8. I was told by the religious exemption committee that my information was inaccurate with regard to fetal cell lines being used in the testing and production of the COVID vaccines. This was not true.
9. I have been told if I do not receive the COVID vaccine I will be placed on unpaid suspension after October 15 and my employment will be terminated "within a few weeks" thereafter.
10. I have a birth defect which requires me to have health insurance.
11. I am the primary caregiver for my 90 year old disabled father who had multiple small strokes 48 hours after receiving his first COVID shot. He was hospitalized for 12 days and nearly died. He has never been the same man. I pay the mortgage for both of us.
12. I am strongly opposed to the COVID 19 vaccine and do not feel I should be forced to have it injected into my body against my religious beliefs.

Michael Sa——   8/28/2021

S Chellor   9/20/2021

SHANTI CHELLAR
Notary Public
Massachusetts
My Commission Expires
Nov 22, 2024

# EXHIBIT M

Affidavit of Joyce Miller

In accordance with 28 U.S.C. § 1746, I, JOYCE MILLER, declare under the penalty of

perjury of the laws of the United States of America, and state upon personal  knowledge that:


1. I am currently employed at Massachusetts General Hospital in Boston, MA.
2. I am a Manager and have been employed here for 17 years.
3. I submitted a medical exemption signed by my doctor on 8/15/21 and it was denied on 9/9/21.
4. As a result of the denial, my doctor completed and signed a Leave of Absence Request stating the same medical reasons.
5. I have been told if I do not receive the covid vaccine by 10/15 I will be terminated.
6. I carry the health insurance for my family and will be uninsured upon termination.
7. I am strongly opposed to the covid-19 vaccine and do not feel I should be forced to have it injected into my body.
8. I am being forced to choose between receiving an unwanted medical procedure or losing my livelihood and everything I have worked for.


*JMILLER*   10/09/21

Affidavit of Joyce Miller

In accordance with 28 U.S.C. § 1746, I, JOYCE MILLER, declare under the penalty of perjury

of the laws of the United States of America, and state upon personal knowledge that:

1. I am currently employed at Massachusetts General Hospital in Boston, MA.
2. I am a Manager and have been employed here for 17 years.
3. I submitted a religious exemption due to my sincerely held religious beliefs on 8/12/21 and it was denied on 9/14/21. I was told there is no appeal process.
4. I asked for the process being used to determine someone's sincerely held religious beliefs and my company refused to provide the policy.
5. I asked for a more detailed explanation for the denial on 9/14/21 and my company replied on 9/24/21 stating they will not be providing additional information.
6. I have been told if I do not receive the covid vaccine by 10/15 I will be terminated.
7. I carry the health insurance for my family and will be uninsured upon termination.
8. I am strongly opposed to the covid-19 vaccine and do not feel I should be forced to have it injected into my body against my religious beliefs.
9. I am being forced to choose between receiving an unwanted medical procedure or losing my livelihood and everything I have worked for.

*JMILLER*    10/09/21

🏛 Mass General Brigham

## Employee's Serious Health Condition* Health Care Provider Certification Form

| SECTION 1: For Completion by Employee | | | |
|---|---|---|---|
| Employee Name & ID: | Joyce | Marie | Miller | 100037469 |
| | First | Middle | Last | Employee ID# |

Questions? Please submit an online request at askmyhr.partners.com or call the HR Support Center at 833-275-6947.

**SECTION 2: For Completion by the HEALTH CARE PROVIDER:**
*A "serious health condition" is defined as an illness, injury, impairment, or physical or mental condition that involves *inpatient care* or *continuing treatment by a health care provider*. For more information, see table on the health care provider checklist.

*Please answer, fully and completely, all applicable parts. Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" is not sufficient to determine FMLA coverage. Limit your responses to the condition for which the employee is seeking leave. Do not provide information about genetic tests, as defined in 29 C.F.R. § 1635.3(f), genetic services, as defined in 29 C.F.R. § 1635.3(e), or the manifestation of disease or disorder in the employee's family members, 29 C.F.R. § 1635.3(b). Please be sure to sign the form at the bottom of the page. Once completed, have it faxed to the leave coordinator at 617-726-1887.*

1. **Indicate the type of leave needed by the employee:** CONTINUOUS ☒   INTERMITTENT ☐

2. **Requested Leave Start Date:** __10__/__15__/__21__   **Estimated Return to Work Date:** __1__/__3__/__22__

3. **Mark below as applicable:**
- Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility?
  Yes ☐  No ☒  If yes, give dates of admission: _____

- Indicate the date(s) you treated the patient for condition: ___9/21/21___

- Will the patient need to have treatment visits at least twice per year due to the condition? Yes ☒  No ☐

- Was medication, other than over-the-counter medication, prescribed? Yes ☐  No ☒

- Was the patient referred to other health care provider(s) for evaluation or treatment (e.g. physical therapist?) Yes ☒  No ☐  If yes, state the nature of such treatments and expected duration of treatment:
  Behavioral Health therapy

4. *Please answer based upon the employee's own description of his/her job functions.*
**Is the employee unable to perform any of his/her job functions due to the condition?** Yes ☒  No ☐
*If yes, please answer question 4a.*
4a. If yes, identify the job functions the employee is unable to perform:

Pt is having severe anxiety affecting her sleep and therefore impacting her concentration at work, unable to complete daily work tasks and finds it hard interacting with people during the day.

2021-10-04 15:22

**5. Describe other relevant medical facts, if any, related to the condition for which the employee seeks leave** (may include symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment):

_____

_____

_____

**6. Will the employee need to attend <u>medically necessary</u> follow-up treatment appointments or work part-time or on a reduced schedule because of the employee's medical condition?** Yes ☐ No ☒
*If yes, please answer questions 6a and 6b.*

   6a. Estimate treatment schedule, if any, including the dates of any scheduled appointments and the time required for each appointment, including any recovery period: _____

_____

   6b. Estimate the part-time or reduced work schedule the employee needs, if any:

   _____ hour(s) per day; _____ days per week from _____ through _____

**7. Will the condition cause episodic flare-ups periodically preventing the employee from performing his/her job functions?** Yes ☐ No ☒
*If yes, please answer questions 7a and 7b.*
   7a. Is it <u>medically necessary</u> for the employee to be absent from work during the flare-ups? Yes ☐ No ☐
*If yes, please explain:* _____

_____

   7b. Based on the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g. 1 episode every 3 months lasting 1-2 days):

   **Frequency:** _____ times per _____ week(s) or per _____ month(s) and

   **Duration:** _____ hours or _____ day(s) per episode

**8. ADDITIONAL INFORMATION**

_____

_____

_____

Provider Signature: _____   Date: 10/4/21
Print Name: _Amanda Gray, MD_   Address: 26 City Hall Mall, Medford
Practice/Specialty: _internal medicine_   Phone: 781-306-5320
   fax 781-306-5083

Joyce Miller                                                                October 8, 2021
65 Winterberry Lane
Tewksbury, MA 01876

Dear Joyce:

This letter is to inform you that your request for a Personal Illness leave under the Family Medical Leave Act (FMLA) beginning 10/15/2021 and returning on 1/03/2022 has been approved.

**MA PFML**: You may also be eligible for a Personal Illness leave under Massachusetts Paid Family and Medical Leave (MAPFML). Unum administers the MAPFML medical benefit and will notify you of pay and job protection. MAPFML leave runs concurrently with other federal and state laws, including FMLA. If you live and work outside of Massachusetts, your state may offer a paid leave program. Contact the HR Support Center for more details or visit Ask My HR and search "Remote".

This letter contains information about your pay, benefits, and return to work instructions.

**Personal Medical Leave Program**: MAPFML benefits are provided to employees working in Massachusetts who are eligible for benefits under the state law. In addition to MAPFML, short-term disability (STD) is provided to benefit-eligible employees for personal illness. MAPFML personal medical leave and Short-term disability (STD) are both administered by Unum, who will coordinate both programs to ensure you receive the maximum benefit. You may be eligible to supplement the benefits received under the personal medical leave program with accrued paid time off to receive up to 100% income replacement.

Your STD benefit is 60% and the policy number is 955959.

Please contact Unum at 1-877-217-5491 to initiate a claim. If approved, benefits begin on the second workweek of your leave.

**Pay:** Payments from the personal medical leave program and accrued paid time off bank(s) will be paid through your regular paycheck. For more details review the enclosed pay procedures.

**Benefits:** Benefits: During your FMLA absence, your current benefits will continue as if you were actively working. You will continue to have benefit deductions through your weekly pay. During any unpaid portion of your leave, weekly benefit deductions will be recorded and collected when you return from leave.

**Continuing Disability**: If your disability will keep you from work for longer than 6 months, you may apply for Long Term Disability benefits. Unum will contact you about this process and may request updated medical information. If you have questions regarding Long Term Disability and the impact on benefits, please contact Rhonda Killoren in the Mass General Brigham Benefits office at 617-724-9855.

**Life Insurance Coverage**: You may be eligible to continue your Life insurance coverage(s) and have your premium waived while you are disabled. If you are not enrolled in Long-Term Disability Plan offered through Mass General Brigham please contact MetLife at 800-300-4296 to start the coverage continuation process for supplemental life and/or basic life insurance. If you are enrolled in the Long-Term Disability Plan offered through mass General Brigham, MetLife will start the claim process on your behalf for supplemental life and/or basic life insurance. In order to be eligible, you must be totally disabled for at least 6 months before initiating this process.

**Return to Work:** Please contact your manager at least two weeks prior to your anticipated return to discuss your schedule. For the duration of your leave, you will be in the centralized timekeeping workgroup. When you return from leave, you will be returned to your regular workgroup.

When you return from leave, you will return to your current or equivalent position. Prior to returning from a medical leave, you must provide Occupational Health Services (OHS) with a written medical clearance from your healthcare provider. You must call OHS to schedule an appointment at least 72 hours prior to your scheduled return to work date to have your return to work clearance paperwork reviewed. OHS is open Monday through Friday between 7am and 5pm.

| Entity | Phone |
|---|---|
| BWH | 617-732-8501 |
| BWFH | 617-983-4628 |
| McLean | 617-855-2438 |
| MGH | 617-726-2217 |
| Newton Wellesley | 617-243-6168 |
| NSMC Salem | 978-354-2353 |

**If you cannot return on your anticipated return date:** If you cannot return on your anticipated return date, you must contact your manager prior to this date to discuss your options. Returning to your position may not be guaranteed if you extend beyond FMLA job protected leave. If you do not return to work on your anticipated return date and do not contact your manager, you will be considered to have resigned voluntarily and your employment will be subject to termination.

We at MGH understand that this may be a difficult time for you, and we will do our best to offer support to you during this time. Please don't hesitate to call your manager or me if you have any questions or concerns during your leave.

Best Regards,


*Rachael Landry*
HR Sr. Leave Specialist                                           GHC ID#: 100037469
CC: Nolan, Jacqueline

| **Important FMLA Information Checklist** **Continuous Leave** | | |
|---|---|---|
| **Review** | A letter approving your FMLA leave time is enclosed. Please review the contents and understand your responsibilities as outlined in the letter. | ☐ |
| | Your FMLA leave time has been approved only for the condition listed on the Health Care Provider Form. | ☐ |
| | Please notify us as soon as possible if the dates of your scheduled leave change or are extended, or if your family member no longer requires care. This is required by the FMLA. Failure to notify us in a reasonable timeframe may lead to corrective action, up to and including termination, under your employer's absenteeism/attendance policy. | ☐ |
| | Contact the Leave Coordinator if you have any questions at 857-282-9326. | ☐ |
| **FMLA Time*** | As of the start date of this leave, you have the following number of hours, days, or weeks remaining of FMLA entitlement: **12 WEEKS** | ☐ |
| | If your FMLA entitlement runs out and you are not yet able to return to work, you will need to have a discussion with your manager about accommodating additional time. | ☐ |
| | Provided that your anticipated leave schedule does not change, the following number of hours, days, or weeks will be counted against your FMLA leave entitlement: 80 **days**. | ☐ |
| **Returning to Work** | **Two weeks prior** to your scheduled return date you must contact your manager to discuss your return to work plan or your need for additional time away from work. See approval letter for additional information regarding the return to work process. Please contact your leave coordinator if you need to extend your leave. | ☐ |
| | If you do not plan on returning at the end of your leave please reach out to your manager with as much advanced notice as possible so they may plan accordingly. You may reach out to your Leave Coordinator or Human Resources with any questions you have about not returning to employment. | ☐ |

*Under the Family and Medical Leave Act, you are allowed up to 12 weeks of unpaid job protected leave in a rolling year. Any FMLA time used in the past 12 months, measured from your current leave start date will be deducted from the 12 weeks balance.

Miller, Joyce Marie,100037469

# EXHIBIT N

🏛 **Mass General Brigham**

## Employee's Serious Health Condition* Health Care Provider Certification Form

### SECTION 1: For Completion by Employee

Employee Name & ID: ███████████████████████████████████████████

　　　　　　　First　　　　　　Middle　　　　　　Last　　　　　Employee ID#

*Questions? Please submit an online request at askmyhrportal.com or call the HR Support Center at 833-275-6947.*

### SECTION 2: For Completion by the HEALTH CARE PROVIDER:

*A "serious health condition" is defined as an illness, injury, impairment, or physical or mental condition that involves *inpatient care* or *continuing treatment by a health care provider*. For more information, see table on the health care provider checklist.

*Please answer, fully and completely, all applicable parts. Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" is not sufficient to determine FMLA coverage. Limit your responses to the condition for which the employee is seeking leave. Do not provide information about genetic tests, as defined in 29 C.F.R. § 1635.3(f), genetic services, as defined in 29 C.F.R. § 1635.3(e), or the manifestation of disease or disorder in the employee's family members, 29 C.F.R. § 1635.3(b). Please be sure to sign the form at the bottom of the page. Once completed, have it faxed to the leave coordinator at 617-726-1887.*

1. **Indicate the type of leave needed by the employee:** CONTINUOUS ☒　INTERMITTENT ☐

2. **Requested Leave Start Date:** 10 / 13 / 2021 **Estimated Return to Work Date:** 11 / 01 / 2021

3. **Mark below as applicable:**

- Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility? **Yes** ☐ **No** ☒ If yes, give dates of admission: _____

- Indicate the date(s) you treated the patient for condition: 10/5/2021

- Will the patient need to have treatment visits at least twice per year due to the condition? **Yes** ☒ **No** ☐

- Was medication, other than over-the-counter medication, prescribed? **Yes** ☐ **No** ☒

- Was the patient referred to other health care provider(s) for evaluation or treatment (e.g. physical therapist?) **Yes** ☒ **No** ☐ If yes, state the nature of such treatments and expected duration of treatment:

  Behavioral health – therapist /psychiatist

4. *Please answer based upon the employee's own description of his/her job functions.*
   **Is the employee unable to perform any of his/her job functions due to the condition?: Yes** ☒ **No** ☐
   *If yes, please answer question 4a.*
   4a. If yes, identify the job functions the employee is unable to perform:

   Due to inability to concentrate related to extreme anxiety and insomnia, she is not able to perform all of her usual job functions

5. **Describe other relevant medical facts, if any, related to the condition for which the employee seeks leave** (may include symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment):

███████ is suffering from extreme situational anxiety and needs to work with therapist to help get her past current anxiety. She has therapy scheduled for weekly visits for next 3 weeks as she works thru her stressful situation.

6. **Will the employee need to attend <u>medically necessary</u> follow-up treatment appointments or work part-time or on a reduced schedule because of the employee's medical condition? Yes ☐ No ☐**
   *If yes, please answer questions 6a and 6b.*   (unsure) ←

   6a. Estimate treatment schedule, if any, including the dates of any scheduled appointments and the time required for each appointment, including any recovery period: _____

   _____

   6b. Estimate the part-time or reduced work schedule the employee needs, if any:

   _____ hour(s) per day; _____ days per week from _____ through _____

7. **Will the condition cause episodic flare-ups periodically preventing the employee from performing his/her job functions? Yes ☐ No ☐**   (unsure)
   *If yes, please answer questions 7a and 7b.*
   7a. Is it <u>medically necessary</u> for the employee to be absent from work during the flare-ups? Yes ☐ No ☐
   *If yes, please explain:* _____

   _____

   7b. Based on the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g. 1 episode every 3 months lasting 1-2 days):

   **Frequency:** _____ times per _____ week(s) or per _____ month(s) and

   **Duration:** _____ hours or _____ day(s) per episode

8. **ADDITIONAL INFORMATION**

   _____

   _____

   _____

---

**Provider Signature:** R S Patel MD      **Date:** 10/13/2021
**Print Name:** Rebecca S Patel           **Address:** 332 Hanover St. Boston 02113
**Practice/Specialty:** Internal Medicine  **Phone:** 617-643-8000

# EXHIBIT O

Affidavit of Elizabeth Bigger, MD

Now comes the affiant, after being duly sworn and cautioned states as follows:

1. I am currently employed at Massachusetts General Hospital in Boston, Massachusetts.
2. I am a hospital physician and have been employed here for 7 years.
3. I work in the Department of Medicine, Division of Hematology/Oncology.
4. I have a sincerely held religious belief which prevents me from receiving this vaccine, I filed a religious exemption in accordance with this.
5. The religious exemption committee responded by harshly questioning the sincerity of my beliefs, and said that my request included "incorrect information." In their response, they misquoted my statement and included incorrect information themselves. They asked for additional information.
6. I submitted a follow up statement affirming my sincerely held religious beliefs and included published data to verify the accuracy of my initial statement.
7. They denied my request for religious exemption on September 14.
8. I asked if there was an appeal process, and was told there was no appeal process.
9. I asked why my request was denied, and asked for the process used to determine someone's sincerely held religious beliefs. The committee refused to provide the policy or answer these questions.
10. The committee and my employer refused to consider options to reasonably accommodate my religious beliefs.
11. I have been told that if I do not receive the COVID19 vaccine by October 15, I will be placed on unpaid leave on November 1st and ultimately terminated. I have been told that I will not qualify for unemployment if terminated.
12. I carry the health insurance for my family, including my 2 year old daughter, and will be uninsured upon termination.
13. I will not be able to afford the mortgage of my house and will have to sell my house if terminated.
14. I am being forced to choose between receiving an unwanted medical procedure which violates my sincerely held religious beliefs or losing my livelihood, insurance, and home.

Elizabeth Bigger, MD
9/25/21

FADI KUBBA
Notary Public
Massachusetts
Commission Expires Apr 13, 2023

9/25/2021

# EXHIBIT P

Affidavit of Natasha Ann Di Cicco

Now comes the affiant, after being duly sworn and cautioned states as follows:

1. I am currently employed at MGB in Boston, MA.
2. I have been employed at MGB for 6 years. 2 years as a Radiological Technologist and 4 years as a Technical Supervisor.
3. I applied for a religious exemption for the COVID-19 vaccines and Flu shot. 4. Prior to applying for a religious exemption, my husband and I consulted with our family and religious adviser (Pastor).
5. On September 10, 2021 The MGB Vaccine Committee denied my request for a religious exemption.
6. The email that accompanied my denial stated that I could provide more information.
7. On September 10, 2021 I provided additional information about my sincerely held religious / spiritual beliefs and practices, a screen shot of my original request showing that I put in for both COVID-19 vaccination and Flu shot, a signed letter from my Pastor that included the Church's seal, and information detailing me and my family's long history with my Church.
8. On September 14, 2021 The MGB Vaccine Committee denied my religious exemption again, with no explanation or reason, no instructions on the appeal process and no information about the Committee.
9. On September 14, 2021, I emailed The MGB Vaccine Committee and requested an explanation as why my request was denied, details on the appeal process, and various other information regarding the Committee including: a list of members, meeting minutes, number of exemptions approved, deliberation details, confirmation that my entire packet was received and details on the Committee.
10. On September 16 2021, The Committee emailed me back and informed me there was no appeal process and that I could submit additional information that may be reviewed; however, there was no guarantee of further review or reply. The Committee did not provide any of the other information that I had requested.
11. On September 17 2021, I emailed the Committee more information regarding my sincerely held religious beliefs, practices and/or observations. Along with my Pastor's letter, publicized statements from my church and a copy of my 2015 marriage certificate to prove my Pastor is from my church that I have long attended. My email again requested that the Committee provide me the information that I previously requested.
12. On September 10, 2021 after MGB was made aware of my sincerely held religious beliefs and practices, after being denied a reasonable accommodation to freely practice my sincerely held religious beliefs, and after I had sent additional information to the MGB Vaccination Committee, I was sent an harassing and threatening email informing me that if I was an employee that was not vaccinated by November 5, 2021 I will be terminated.

13. On September 23, 2021 The Committee emailed me back and stated: we will not be providing additional information related to denials or approvals, other than the request was reviewed and it was either approved or denied.

14. On September 24, 2021 I emailed the Committee and requested that all my previous communications and documents be reviewed again, along with additional publications from my church.

15. I still have not received any information on the basis for which my religious exemption was denied.

16. I will not allow anyone to bully me, intimidate me, or threaten me into changing my religious beliefs or practices, nor will I allow these measures to be used to non-consensually penetrate my body. Unfortunately, MGH has tried to do this to me and it is unacceptable.

17. I have lost enough sleep, cried enough tears and sought out enough counseling regarding this request.

18. The MGB Vaccine Committee is asking that I give up my long practiced religious beliefs or be terminated.

19. They are asking that I give up my soul if I want to continue my employment.

20. Consistent with my sincerely held religious beliefs I will not put anything in my body unless: it is voluntary, I am able to do so in good faith, I am able to do so in good conscience, I do not morally object to it, and I am not forced to act in contrary to my deeply held religious/spiritual beliefs and practices.

21. Unfortunately, the COVID-19 vaccines do not meet these standards.

22. I carry the health insurance for my family and termination of my employment would be detrimental and result in the loss of our health coverage and create a financial hardship on my family.

October 3, 2021

*Natasha DiCicco*

Natasha Ann DiCicco

Commonwealth of Massachusetts

middlesex, ss.

Then personally appeared before me the above-named Natasha Ann Di Cicco personally known to me and acknowledged the above Affidavit to be her free act and deed. this third day of October, 2021.

*Mary Ann Marrocco*

Notary Public

My Commission Expires 10/12/2023

MARY ANN MARROCCO
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
October 12, 2023

# EXHIBIT Q

Affidavit of Nicholas Arno

Now comes the affiant, after being duly sworn and cautioned states as follows:

1. I am currently employed at Massachusetts General Hospital in Danvers, MA.
2. I am an Electrician and have been employed here for two years.
3. I have been told that if I do not receive the COVID19 vaccine by October 15th, I will be put on unpaid leave until November 5th. On November 5th, if I am still unvaccinated I will be terminated.
4. I am a single father of a five year old son. I carry health insurance for him and will lose our health coverage upon termination.
5. I purchased my first home last December and will be unable to pay my mortgage without employment.
6. I have a sincerely held religious belief which precludes me from receiving this vaccine. I submitted a religious exemption due to my sincerely held religious beliefs and it was denied.
7. I was told there was no appeal process.
8. I asked for the process being used to determine someone's sincerely held religious beliefs and my company refused to provide the policy.
9. I am being forced to choose between receiving an unwanted medical procedure and violating my beliefs or losing my livelihood and everything I have worked for.
10. I am strongly opposed to the covid-19 vaccine and do not feel I should be forced to have it injected into my body in violation of my religious beliefs.

_____ 9/27/2021
Signature Date

NOTARY:

On this ___27___ day of __September__ 20_21_, before me, the undersigned notary public, personally appeared
__Nicholas Arno__ (name of document signer), proved to me through satisfactory evidence of
identification, which were __Drivers License__ , to be the person whose name is signed on
the preceding or attached document, and acknowledged to me that (he) (she) signed it voluntarily for its
stated purpose.
Notary Signature: __Jenelle L Palladino__
Date: __9/27/21__
My commission expires on: ___9-25-26___

Jenelle L. Palladino
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
September 25, 2026

# EXHIBIT R

## *Affidavit of Ruben Alejandro Almeida*

**Now comes the affiant, after being duly sworn and cautioned states as follows:**

1. I am currently employed at Massachusetts General Hospital (MGB) in Boston, Massachusetts.
2. I am a licensed Technologist in Radiology and MRI, certified by the ARRT (American Registry of Radiologic Technologists and have been employed at MGH for 15 years.
3. I submitted a religious exemption due to my sincerely held religious beliefs and it was denied.
4. I was told there was no appeal process.
5. I asked for the process being used to determine someone's sincerely held religious beliefs and my company refused to provide the policy.
6. I have a sincerely held religious belief which precludes me from receiving this vaccine.
7. MGH has granted my religious exemption multiple years in the past.
8. I have been told if i do not receive the covid vaccine I will be placed on unpaid leave October 15th with all access to MGB shut off and terminated November 5th if I still do not comply.
9. I carry the health insurance for my family and will be uninsured upon termination.
10. I am a Landlord and my loss of employment will also impact my tenant who relies on my affordable rate for him to have a home to live in.
11. I am strongly opposed to the covid-19 vaccine and do not feel I should be forced to have it injected into my body against my religious convictions.
12. I am being forced to choose between receiving an unwanted medical procedure or losing my livelihood and everything I have worked for and the job I love.

Ruben Alejandro Almeida

9/25/21

TERESA A. NACE
Notary Public
Massachusetts
My Commission Expires
Jul 29, 2027

# EXHIBIT S



**From:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Sent:** Friday, October 15, 2021 9:12 AM
**To:** Chen, Dee Dee A. <DDCHEN@PARTNERS.ORG>; MGB Religious Exemptions Committee <MGBReligiousExemptions@PARTNERS.ORG>
**Subject:** Confidential

Hi again Dee Dee,
Again, could you please send me this information regarding this new process that you referred to?
Or refer me to who is responsible to provide this information to the employees.
This is a time sensitive as I'm sure you can understand so can you please either assist me or let me know who can.

Thank you,

▮▮▮▮▮▮▮▮

▮▮▮▮ **Sent:** Wednesday, October 13, 2021 2:18 PM
**To:** Chen, Dee Dee A. <DDCHEN@PARTNERS.ORG>
**Subject:** Fw: 2nd request

▮▮▮▮ ▮▮▮▮▮▮▮▮ October 6, 2021 2:53 PM
**To:** MGB Religious Exemptions Committee <MGBReligiousExemptions@PARTNERS.ORG>
**Subject:** Re: 2nd request

Thank you for that information but I'm asking about this in particular; "We have implemented a new process this year."

Process in past vs. "new process"

Thank you Dee Dee

████████████

**From:** MGB Religious Exemptions Committee <MGBReligiousExemptions@PARTNERS.ORG>
**Sent:** Wednesday, October 6, 2021 1:51 PM
██ ████████████████████████████████ MGB Religious Exemptions
Committee <MGBReligiousExemptions@PARTNERS.ORG>
**Subject:** RE: 2nd request

██████████████████,

Your request for an exemption was carefully reviewed by an MGB-wide committee that thoroughly evaluated each submission based upon the information provided and following appropriate legal requirements. The decisions of the committee are final, and there is no appeal process.

Kindest Regards,

Dee Dee

██ ████████████████████████████████
**Sent:** Wednesday, October 06, 2021 12:48 PM
**To:** MGB Religious Exemptions Committee <MGBReligiousExemptions@PARTNERS.ORG>
**Subject:** 2nd request

2nd request for explanation

████████████

██ ████████████████████████████████
**Sent:** Monday, October 4, 2021 2:26 PM
**To:** MGB Religious Exemptions Committee <MGBReligiousExemptions@PARTNERS.ORG>
**Subject:** Further info required

Still not following
Please explain "new process" implementation

████████████

**From:** MGB Religious Exemptions Committee <MGBReligiousExemptions@PARTNERS.ORG>
**Sent:** Monday, October 4, 2021 1:59 PM

██ ███████████████████████ MGB Religious Exemptions Committee <[MGBReligiousExemptions@PARTNERS.ORG](mailto:MGBReligiousExemptions@PARTNERS.ORG)>

**Subject:** RE: RE:

████████████,

You have received religious exemptions in the past, however, they do not carry over from one year to the next.  We have implemented a new process this year to evaluate requests for religious exemptions and this year your request is denied.

Kindest Regards,

Dee Dee

███ █████████████████████████

**Sent:** Friday, October 01, 2021 10:22 PM
**To:** MGB Religious Exemptions Committee <[MGBReligiousExemptions@PARTNERS.ORG](mailto:MGBReligiousExemptions@PARTNERS.ORG)>
**Subject:** Re: RE:

I'm very confused. Can you please explain?
Thank you

███████████

**From:** MGB Religious Exemptions Committee <[MGBReligiousExemptions@PARTNERS.ORG](mailto:MGBReligiousExemptions@PARTNERS.ORG)>
**Sent:** Friday, October 1, 2021 2:00 PM
██ █████████████████████████████; MGB Religious Exemptions Committee <[MGBReligiousExemptions@PARTNERS.ORG](mailto:MGBReligiousExemptions@PARTNERS.ORG)>
**Subject:** RE:

████████████,

Religious exemptions do not carry over from one year to the next.  We have implemented a new process this year to evaluate requests for religious exemptions.

As your request for a religious exemption from COVID-19 and/or flu vaccination has been reviewed and was denied, we hope that you reconsider and receive the vaccine within the required time periods.

Kindest Regards,

Dee Dee

**From:** ████████████████ < ████████████████████ >
**Sent:** Thursday, September 30, 2021 1:25 PM
**To:** MGB Religious Exemptions Committee <[MGBReligiousExemptions@PARTNERS.ORG](mailto:MGBReligiousExemptions@PARTNERS.ORG)>

**Subject:**

Religious exemption is on file.
Thank you,

███████████

---

**From:** MGB Religious Exemptions Committee <MGBReligiousExemptions@PARTNERS.ORG>
**Sent:** Monday, September 27, 2021 10:28 AM
**To:** ████████████████████████████████>; MGB Religious Exemptions
Committee <MGBReligiousExemptions@PARTNERS.ORG>
**Subject:** RE: MGH Religious Exemption Request

Dear ████████████,

Thank you for providing additional information.

Unfortunately, your request for a religious exemption from COVID-19 and/or flu vaccination has
been reviewed by the exemptions committee and is denied.  Information about ongoing vaccine
clinics can be found here.

Kindest Regards,

Dee Dee

---

**From:** ████████████████████████████████>
**Sent:** Friday, September 24, 2021 3:38 PM
**To:** MGB Religious Exemptions Committee <MGBReligiousExemptions@PARTNERS.ORG>
**Subject:** Re: MGH Religious Exemption Request

Good afternoon Dee Dee,
Thank you for your response.


My beliefs are between me and God who teaches my beliefs are not to be scrutinized nor denied by
any man.  He is my Supreme Ruler, not the Pope, nor the President, not any human. The government
can not be the arbiter of which Catholic is correct. This would violate the establishment clause of the
First Amendment as well as Article II.


The Bible informs all believers that our body is a Temple. Receiving a medical treatment against my
will violates my body, and removes my free will as God has intended for me. I recognize God as my

ultimate authority in all things and that He has delegated to each of us authority over our own lives and choices, matters of health, including that of vaccines. I hold that the serious and potentially eternal consequences attached to my choices strongly outweigh any dictate of government to the contrary. "My Body, My Choice".

I have been granted religious exemptions in the past as is noted in my MGH record. My beliefs have further evolved and have allowed me to possess even greater knowledge in this area, which is why I continue on this path of not harming my body. My faith requires that when I recognize an action to be wrongful, that I repent. Having committed a sin in the past is not an excuse to continue doing so. We are commanded to go and sin no more.
Thank you for your time.

Sincerely,

███████████

---

**From:** MGB Religious Exemptions Committee <MGBReligiousExemptions@PARTNERS.ORG>
**Sent:** Friday, September 24, 2021 1:57 PM
**To:** ████████████████████████████████>; MGB Religious Exemptions Committee <MGBReligiousExemptions@PARTNERS.ORG>
**Subject:** RE: MGH Religious Exemption Request

Dear ████████████,

Your request for a religious exemption from COVID-19 and/or flu vaccination has been received, but requires additional information.  You named your religion as a practicing Catholic, but did not explain how your religious beliefs prevent you from receiving a COVID-19 and/or flu vaccine.  Moreover, your religion has publicly supported vaccination.  Please provide an additional explanation so that we may further consider your request.  In particular, please explain how, in light of your religion's public support of vaccination, your faith prevents you from receiving a vaccine.  Please also provide any supporting documentation that you believe will be relevant to further consideration of your request, including evidence that you have a history of religious exemption to vaccines.  If you have received vaccines in the past, please explain why your religion did not prevent you from receiving vaccines in the past and now will not allow for COVID-19 and/or flu vaccination.  If your response is not received by September 27  your request for an exemption will be denied.  Information about ongoing vaccine clinics can be found here.

Kindest Regards,

Dee Dee

**From:** ████████████████████████ >
**Sent:** Wednesday, September 22, 2021 6:39 PM
**To:** MGB Religious Exemptions Committee <MGBReligiousExemptions@PARTNERS.ORG>
**Subject:** Re: MGH Religious Exemption Request

Thank you Dee Dee.

I did not meet this deadline due to an unforeseen circumstance.  My smartphone, which I use for email, broke.
As soon as I had an alternate device, I submitted.

Thank you,



---

**From:** MGB Religious Exemptions Committee <MGBReligiousExemptions@PARTNERS.ORG>
**Sent:** Wednesday, September 22, 2021 2:37 PM
**To:** MGB Religious Exemptions Committee <MGBReligiousExemptions@PARTNERS.ORG>
**Subject:** MGH Religious Exemption Request

Dear MGH Colleague,

Your request for a religious exemption from COVID-19 vaccination has been received, but requires additional information.  The deadline to submit a request for a religious exemption from the COVID vaccine was September 3, 2021.  Please provide an explanation why you did not meet this deadline? If your response is not received by September 27, your request will be denied.

Kindest Regards,

Dee Dee (on behalf of MGB Religious Exemption Review Committee)

The information in this e-mail is intended only for the person to whom it is addressed. If you believe this e-mail was sent to you in error and the e-mail contains patient information, please contact the Mass General Brigham Compliance HelpLine at http://www.massgeneralbrigham.org/complianceline . If the e-mail was sent to you in error but does not contain patient information, please contact the sender and properly dispose of the e-mail.

Please note that this e-mail is not secure (encrypted).  If you do not wish to continue communication over unencrypted e-mail, please notify the sender of this message immediately.  Continuing to send or respond to e-mail after receiving this message means you understand and accept this risk and wish to continue to communicate over unencrypted e-mail.