UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TOGETHER EMPLOYEES, by Individual Representatives, ROBERTA LANCIONE, JOYCE MILLER, MARIA DIFRONZO, MICHAEL SACCOCCIO, ELIZABETH BIGGER, NATASHA DICICCO, NICHOLAS ARNO and RUBEN ALMEIDA, <br><br> Plaintiffs, <br><br> v. <br><br> MASS GENERAL BRIGHAM INCORPORATED, <br><br> Defendant. | Civil Action No. 1:21-cv-11686 |

**JOINT MOTION FOR SCHEDULING ORDER**

The eight named Plaintiffs and Defendant Mass General Brigham, Incorporated ("MGB") (collectively "the Parties") submit this Joint Motion for Scheduling Order in advance of the Status Conference scheduled for December 14, 2021. In the interests of a fair, balanced and efficient resolution of this action, the Parties jointly move the Court to adopt the following schedule.

**I.    DISMISSAL OF UNINCORPORATED ASSOCIATION**

The Parties stipulate to the dismissal with prejudice of unincorporated association Together Employees from the action,[1] leaving the eight named Plaintiffs ("Existing Named Plaintiffs") as the current Plaintiffs to the action.

Plaintiffs have agreed to file an Amended Complaint on or before December 17, 2021 that reflects the dismissal of the association (the "First Amended Complaint") and joins as

---

[1] The Parties stipulate that the action will not proceed as a class or collective action, but rather with any additional Plaintiffs joining individually.

Plaintiffs additional individuals whose religious or medical exemptions from the MGB COVID-19 Vaccination Policy were denied by MGB.

MGB will assent to such filing to the extent that the only substantive changes are to (i) conform the Complaint to the dismissal of the Association, (ii) update the vaccination and employment status of the Existing Named Plaintiffs; and (iii) add the new Plaintiffs as described above.[2]

## II.    RESPONSE TO AMENDED COMPLAINT

MGB shall file a response to the First Amended Complaint on or before January 22, 2021.  The Parties jointly request that the Court establish this new deadline on the docket.

## III.   INITIAL DISCLOSURES

The Parties will confer to attempt to seek agreement on an Electronically Stored Information (ESI) protocol by February 1, 2022.

The Parties agree to exchange Initial Disclosures on or before March 1, 2022.[3]

## IV.    PHASE ONE OF FACT DISCOVERY

The Parties propose that Phase One of discovery shall include written discovery between the Plaintiffs and MGB, to include:  Interrogatories; Document Requests; and/or Requests for Admission.  Such discovery shall be served by March 16, 2022 and responses shall be served pursuant to the deadlines provided by the applicable rules.

Phase One may include depositions of up to 30 Plaintiffs:  up to 15 selected by Plaintiffs and up to 15 selected by MGB.

---

[2] To the extent there are any other substantive changes, MGB reserves all rights to oppose the amendment pursuant to the applicable rules.

[3] For the Court's reference only, the Parties note that pursuant to the First Circuit's merits briefing schedule in this matter, Plaintiffs' opening brief is due January 10, 2022; MGB's responsive brief is due February 9, 2022; and Plaintiffs' reply brief is due March 2, 2022.

Phase One may also include depositions of MGB's declarants (Dr. Klompas, Dr. Hashimoto, and Ms. Nichols) as well as additional member(s) of the Religious Exemption Review Committee and the clinical panels who reviewed medical exemption requests [*the Parties need assistance of the Court in determining the number of members who will be deposed in Phase One, and which party will select the deponents*].

These shall be the only depositions in Phase One. Phase One shall close on or before September 1, 2022.[4]

The Parties will attempt to resolve any discovery disputes between themselves, but will bring any disputes to the Court promptly and efficiently within Phase One so as not to cause unnecessary delay.

## V.   EXPERT DISCOVERY

The Parties will engage in any expert discovery they deem necessary for the initial dispositive motions between September 15 and December 15, 2022.

## VI.   OPPORTUNITY FOR INITIAL DISPOSITIVE MOTION(S)

The Parties shall have the opportunity to file dispositive motions, including Motions for Summary Judgment, by February 15, 2023, on issues including but not limited to whether, as of that stage of the case, MGB has established an undue hardship defense as a matter of law. Responses and replies (if any) will be due pursuant to the applicable rules. The Parties are amenable to oral argument on such motion(s) within twenty-one days after the motion(s) is/are fully briefed, or at the Court's convenience.

---

[4] MGB notes that due to the current surge in Massachusetts COVID-19 cases, the ongoing Delta variant, the new Omicron variant, and the potential for spread at the holidays, the next weeks and months of winter may place heightened strains on MGB resources that may impact MGB's capacity to engage in discovery. For example, such strains may impact the availability of Dr. Klompas and Dr. Hashimoto for deposition during winter months. The proposed timing of Phase One is intended to account for this reality.

77721336v.5

**VII.   PHASE TWO OF FACT DISCOVERY**

If the action survives the initial dispositive motion(s), the Parties propose a subsequent Phase Two of Discovery to include written discovery and depositions regarding any additional Plaintiffs who have joined the case as of the Second Amended Complaint.

The Parties agree to serve any Phase Two written discovery on or before forty-five days after the Court's ruling on the initial dispositive motion(s).  Responses shall be served pursuant to the deadlines provided by the applicable rules.

Before the start of Phase Two discovery, the Parties will attempt to come to a mutual agreement as to limits on the number, scope and length of Phase Two depositions.

The Parties will attempt to resolve any discovery disputes between themselves, but will bring any disputes to the Court promptly and efficiently within Phase Two so as not to cause any unnecessary delay.

The Parties propose for Phase Two of Discovery to close approximately 180 days after the Court rules on the initial dispositive motions.  The Parties agree that this deadline may need to be extended if there more additional plaintiffs join than are presently contemplated or for other unforeseen circumstances as the case develops.

**VIII.   FILING SUBSEQUENT DISPOSITIVE MOTIONS**

Following Phase Two of discovery, the Parties shall have the opportunity to file new or renewed dispositive motions on any issue ripe for a dispositive motion.  Such motions will be due approximately forty-five days after the close of Phase Two of discovery.  Responses and replies (if any) will be due pursuant to the applicable rules.  The Parties are amenable to oral argument on such motion(s) within twenty-one days after the motion(s) is/are fully briefed, or at the Court's convenience.

4

## IX. PRE-TRIAL MATTERS

In the event that the action survives the second round of dispositive motions, the Parties propose that the Court schedule a status conference within approximately forty-five days of the date such decision issues.

The Parties agree to work to achieve a mutually agreeable joint plan for pre-trial proceedings and for trial, and to file such joint plan with the Court before that status conference.

**Dated:** December 14, 2021

Respectfully submitted,

| | |
|---|---|
| PLAINTIFFS,<br>By Their Attorneys | MASS GENERAL BRIGHAM INCORPORATED<br>By Its Attorneys, |
| /s/ *Ryan P. McLane*<br>Ryan P. McLane (BBO# 697464)<br>Lauren Bradford (BBO# 700084)<br>McLane & McLane<br>260 South Westfield Street<br>P.O. Box 105<br>Feeding Hills, MA 01030<br>(413) 789-7771<br>ryan@mclanelaw.com | /s/ *Lynn A. Kappelman*<br>Lynn A. Kappelman (BBO# 642017)<br>Katherine E. Perrelli (BBO# 549820)<br>Kristin McGurn (BBO# 559687)<br>Dawn Reddy Solowey (BBO# 567757)<br>SEYFARTH SHAW LLP<br>Two Seaport Lane, Suite 1200<br>Boston, MA 02210-2028<br>kperrelli@seyfarth.com<br>lkappelman@seyfarth.com<br>kmcgurn@seyfarth.com<br>dsolowey@seyfarth.com<br>TEL: (617) 946-4800<br>FAX: (617) 946-4801 |

77721336v.5

## CERTIFICATE OF SERVICE

      I, Lynn A. Kappelman, certify that on December 14, 2021, I caused a true and accurate copy of the foregoing document to be filed and uploaded to the CM/ECF system.

*/s/ Lynn A. Kappelman*
Lynn A. Kappelman

77721336v.5