## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

—————————————————————
                                                    )
**TOGETHER EMPLOYEES, by**                          )
**individual representatives, ROBERTA**             )
**LANCIONE, JOYCE MILLER, MARIA**                   )
**DIFRONZO, MICHAEL SACCOCCIO,**                    )
**ELIZABETH BIGGER, NATASHA**                       )
**DICICCO, NICHOLAS ARNO, and**                     )
**RUBEN ALMEIDA,**                                  )
                                                    )          **Civil Action No.**
            **Plaintiffs,**                         )          **21-11686-FDS**
                                                    )
        **v.**                                      )
                                                    )
**MASS GENERAL BRIGHAM**                            )
**INCORPORATED,**                                   )
                                                    )
            **Defendant.**                          )
—————————————————————)


## SCHEDULING ORDER

**SAYLOR, C.J.**

        This Scheduling Order is intended to provide a reasonable timetable for discovery and
motion practice in order to help ensure a fair and just resolution of this matter without undue
expense or delay.

### Timetable for Discovery and Motion Practice

        Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(F), it
is hereby ORDERED as follows:

1. **Initial Disclosures.** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must
   be completed by March 1, 2022.

2. **Amendments to Pleadings.** Except for good cause shown, no motions seeking
   leave to add new parties or to amend the pleadings to assert new claims or
   defenses may be filed after December 17, 2021.

3. **Response to Complaint.** Defendant must answer, move, or otherwise respond to
   plaintiffs' complaint by January 22, 2022.

4. **Fact Discovery – Phase 1.**
   a. Written discovery (requests for production of documents, interrogatories, and requests for admissions) shall be served no later than March 16, 2022.

   b. All depositions, other than expert depositions, must be completed by September 1, 2022.

      i. Plaintiffs, without leave of the Court, may take 10 depositions during Phase 1.

      ii. Defendant may take up to 30 depositions of plaintiffs (up to 15 selected by plaintiffs and up to 15 selected by defendant) during Phase 1.

   c. Phase 1 of fact discovery will close on September 1, 2022.

5. **Fact Discovery – Phase 2.**
   a. The Court will set fact discovery deadlines for Phase 2 at a later date.

6. **Fact Discovery – Final Deadline.**
   a. The Court will set a final deadline for fact discovery at a later date.

7. **Status Conferences.**  Status conferences will be held on January 19, 2022, at 3:00 p.m., and February 25, 2022, at 3:00 p.m.

8. **Expert Discovery.**
   a. The Court will set a timetable for expert discovery at a later date.

9. **Dispositive Motions.**
   a. Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by February 15, 2023.

   b. Oppositions to dispositive motions must be filed within 21 days after service of the motion.

   c. If appropriate, any deadlines for subsequent dispositive motions will be set at a later date.

10. **Initial and Pretrial Conferences.**  The initial pretrial conference will be scheduled at a later point in the proceedings.  The parties must prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(d) five business days prior to the date of the conference, except that the parties need not include matters required by Local Rule 16.5(d)(2) or (3).  The trial date will normally be set at the initial pretrial conference.  A final pretrial conference will be scheduled at the time the trial date is set.  The court may also schedule interim pretrial conferences

in appropriate cases.

## Procedural Provisions

1. **Extension of Deadlines.**  Motions to extend or modify deadlines will be granted only for good cause shown.  All motions to extend shall contain a brief statement of the reasons for the request; a summary of the discovery, if any, that remains to be taken; and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion.

2. **Motions to Compel or Prevent Discovery.**  Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than the close of fact discovery or the close of expert discovery, whichever deadline is relevant.  If additional discovery is compelled by the court after the relevant deadline has passed, the court may enter such additional orders relating to discovery as may be appropriate.

3. **Reply Memoranda.**  Parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed twelve pages, double-spaced, and is filed within seven days (excluding intermediate Saturdays, Sundays, and legal holidays) after service of the opposition memorandum.  Parties may otherwise file reply or surreply memoranda only with leave of court.  When such leave is sought, the moving party may file a proposed reply or surreply memorandum with the motion for leave.

4. **Status Conferences.**  The court has scheduled a status conference after (or close to) the close of fact discovery for case management purposes.  Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the court upon reasonable notice to opposing counsel.

5. **Additional Conferences.**  Upon request of counsel, or at the court's own initiative, additional case-management or status conferences may be scheduled. Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

6. **Early Resolution of Issues.**  The court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case.  Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

7. **Attendance of Lead Counsel at Pretrial Conferences.**  Lead trial counsel are

required to attend the initial and final pretrial conferences, and any interim pretrial conferences scheduled by the court.  Other conferences may be handled by any counsel who is appropriately prepared.


By the Court,

/s/ Matthew McKillop

Dated: December 17, 2021                    Deputy Clerk