## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

ROBERTA LANCIONE, JOYCE MILLER,
MARIA DIFRONZO,
MICHAEL SACCOCCIO, CAINE DUFRENE,
LORI FLUERY, KERRY HAINES,
SCOTT HOOPER, SUSAN MARCONI,
KELLY REYNOLDAS,
CHRISTINE RITROVATO, SARAH WADE,
JAMES WINES, MD, JILL DISCROLL,
MARISSA WILLIAMS, TYLER ADAMS,
MELISSA CANDIDO, LISA CATES,
ALAN DOHERTY, JANE DONEGAN,
KASIE PASQUANTONIO,
MONALSIA PIERRE,
MELISSA PINNETTI, JENNIFER TONE,
NATASHA DICICCO, NICHOLAS ARNO,
RUBEN ALMEIDA, MIMI ADAMS          NO. 1:21-cv-11686-FDS
JOHN ALFMA, JENNIFER TONE,
ALEXANDRA ALEXANDROVA,
JOHN ALFMA, NYKIESHA ALLIEN,
CHARLOTTE AMEDEE,
TRACY ANDERSON,
MEREDITH ANDERSON,
ALICIA ATTARIAN,
CLARISSE BACALONG,
PAMELA BARONE, STEPHEN BARRY,
JENNIFER BECKWITH,
KATHLEEN BEEDE,
CATHERINE BERNARDONE,
LINDA BERUBE-WALKER,
KELLY BIANCHI, BRITTINI BIEKER,
TIFFANY BIGHAM, LORA BLANK,
URSZULA BORYCZKA, JOSETTE BRITTON,
KRISTEN BROUILLARD, ERIN BROWN,
BRENDA BROWN-THAWE, CHRIS BURT,
RAQUEL BUSTILLO, DENISE CADIGAN,
MARIA CAPOZZI, GAIL CARACCIOLO,
MAYRA CARDONA, DWIGHT CAUFIELD,
ELIZABETH CHASSION, SUSAN CHASE,
ANDREA CITRONE, ALICIA CLANCY,
PATRICIA CLARK, COURTNEY CONCILLO,

1

MADELINE CONLEY, LAURA CONWAY,
COURTNEY COPPOLA,
KELLY CORONA-WELCH,
DANIEL CORREIA,
MARIA COVIELLO POLITO,
ELISANGELA CUNHA-AFONSO,
TAYLOR CURLEY, MARK DALIMONTE,
JILL DANIELS, MICHELE DEFORGE,
JEANMARIE DEVINE, DMITRI DONCEV,
JOAN DUFFY, JESSIKA DUNN,
CARLOS DURAN, MD, JENNIFER DURAN,
ANIKA EBANKS, TANSHEKA EDWARDS,
TOM EMERSON, CHRISTOPHER ERICKSON,
SANDRA FEDERICO, ZINNIA FELICIANO,
DENISE FLATHERS, LISA FOLEY,
KRIS FORDE, JEANNINE FOTINO,
RALPH FRASCA, LAINA FRAZIER,
RUTH FRENCHWOOD, LISA FRENI,
KATHLEEN FUSCO, MELISSA GABLE,
MARYNA GARBITT, LUISA GARCIA,
KRISTEN GAUTHIER, CARMELA GISO,
ELIZABETH GOMES, JOLENE GONSALVES,
NELIDA GONZALEZ, SARAH GRAFFAM,
DAVID GRANARA, SAMANTHA GROSS,
MARTINA GROVES-WILLIAMS,
JAMIE HADAYIA, ADIL HAITI,
ASHLEY HAMMEL, FRANCESCA HIRTLE,
MARISSA HOFFMAN, W. SOTT HODGE,
FLORENCE HOLMES,
JEANMARIE HOLMES, DENISE HOMKA,
JENNIFER HOWARD, BEVERLY HUPFER,
MARTHA ITHIER, STEVE JEAN-MARY
JESSICA JOACHIM, TERESA KANAISKI,
JASON KARANZAS, WILLIAM KASPER,
KONSTANTIN KERENTSEV,
LUBJANA KOLI, JULIA KRAFICK,
ANDREE LAFLASH, MARIE LAFRENIERE,
JOSEPH LAMONTAGNE, SUSAN LEAVITT,
KATHERINE LEMMERTZ,
ANN MARIE LILLY, KIM LITALIEN,
JILLIAN LITTO, MICHELLE LOGAN,
SHANNON LUNDIN, CHRISTA LUONGO,
LEAH MACHADO, ANGEL MACLEOD-RUO,
SARAH MALONEY, AMANDA MARCHIONDA,

MARIA MARGARIS, LORRAINE MARTIN,
GINA MASTRO, LISA MASTROMATTEO,
BARBARA MATTESON, JESSICA MCDONALD,
DEVAN MCDONALD,
JANICE MCDONALD, NICHOLAS MCKAY,
ROSEANN MCNAMARA,
ROBIN MEADOWS, STEFANIE MICHAEL,
SARA MILES, YULIYA MIRONOVAS,
MICHELLE MORENA,
RAECHEL MORGANTO,
ALICE MORRISON, LORI MUNRO,
KAREN O'CONNOR,
MICHELLE ORFANOS, LISA ORRALL,
JULIA PAGLIUCA, SCOTT PALLADINO,
MALINDO PAULINO, TERESA PENTA,
ANDREA PITTORE MCMANUS,
JHANEL M POTTS, CHARLES RILEY,
NICOLE ROBERTO, GRACINDA ROCHDI,
JESSICA RODRIGUEZ,
DEBRA RODRIGUEZ, ERICKA ROLLINS,
FELYN ROSARIO, ANN ROWAND,
MARIA RUPNICK, MD, LAURA RYAN,
ELAINE SAMARIS-HARRINGTON,
BRENDA SANTIAGO, SARAH SHULMAN,
ELIZABETH SILVA, NIKKIA SIMPSON,
ANNE SMAIL, WENDY SOUMAS,
DANIELLE STEVENS,
JAMIE STEVERMAN, MICHAEL STRONG,
JOSHUA SUDBEY, ANNA SYLVIA
HEATHER SZYMCZAK,
UMBERTO TATAFIORE,
ANTHONY TAVERNA, LISA TOBIO,
KELLY TODD,
DANIELLE MARIE TOMASELLO,
RUTH TONICO, JANE TORRANCE,
NELDINE TORRES, NICOLE TOWNE,
LAURA TREMBLAY, ROSANNA URSINO,
CAROLINE VENTOLA, LUCIA VENTURA,
FRIVIAN VICENTE, PATRICIA VOSIKAS,
ATHINA VRANISHTI, SHEILA WALSH,
LEEANN WHALLEY,
HENRIETTA WILLIAMS,
MARKIAN ZAIATS, MARITZA ZULUAGA,
KIEN NGUYEN, ESTHER JONES,

**PATRICIA PARKER,**
**AMILCAR CARDOSO,**
**MARIA CRIVELLO, CORRINE VALSTYN,**
**FRANCINE LAFOREST, and**
**LEANDRO ALCANTARA,**
**Plaintiffs**

**v.**

**MASS GENERAL BRIGHAM**
**INCORPORATED,**
**Defendant**

### PLAINTIFFS' AMENDED COMPLAINT AND JURY DEMAND

This Amended Complaint is filed in accordance with the Joint Motion for Scheduling Order (ECF 54) and reflects the dismissal of the Unincorporated Association, "Together Employees," and one of the eight originally named plaintiffs, Elizabeth Bigger, MD, along with a dismissal of plaintiffs' retaliation claim, notice of which has been filed in advance of the filing of this complaint. Additionally, this Amended Complaint incorporates and references the original exhibits filed with plaintiffs' complaint (ECF 1) on October 17, 2021, with the exclusion of any exhibits referencing any dismissed plaintiffs.

### INTRODUCTION

1. The issue in this case is defendant Mass General Brigham Incorporated's violations of Title VII and the Americans with Disabilities Act ("ADA") in wrongfully denying religious and disability accommodations to its employees.

2. Rather than adhering to federal law, the defendant instead created its own system-wide "position" and "new process" as to the granting of religious and

medical accommodations for a newly imposed vaccination policy.

3. Defendant wrongly denied hundreds of its employees, many of whom fought on the front lines saving lives and fighting the spread of COVID-19 from the beginning of the pandemic to present, reasonable religious and disability accommodations that are protected by the aforementioned federal laws.

4. All plaintiffs have submitted a "Charge of Discrimination form to the EEOC, with some already having obtained a "Notice of Right to Sue," stating that the EEOC will likely be unable to complete administrative processing within 180 days[1].

5. Plaintiffs brought this action prior to the remedy provided under 42 U.S.C. 2000-e-5(f)(2) by motion for preliminary injunction and by a showing of irreparable harm, justifying the need to seek immediate preliminary injunctive relief in advance of the EEOC's completion of its investigation or issuance of right to sue letters[2].

## PARTIES

6. Plaintiff Roberta Lancione is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her history of angio-edema from prior vaccination and her current treatment for Chronic Lymphocytic Leukemia.  Plaintiff Lancione was

---

[1] Since the initial filing, right to sue letters have been obtained and will be provided on or before the date ordered for the production of initial disclosures.

[2] The First Circuit has held that plaintiffs who show irreparable injury to justify injunctive relief prior to the remedy provided under Title VII need not wait for the EEOC's final review as outlined in 42 U.S.C. § 2000e–5(f)(2). Bailey v. Delta Air Lines, Inc., 722 F.2d 942, 944 (1st Cir. 1983).

also denied a religious accommodation after submitting a request to the defendant detailing her sincerely held religious beliefs.

7. Plaintiff Joyce Miller is an employee of defendant who was denied a disability accommodation and a religious accommodation after submitting a request to the defendant detailing her sincerely held religious beliefs and a signed form from her physician to support her request for disability accommodations.

8. Plaintiff Maria DiFronzo is an employee of defendant who was denied a disability accommodation after submitting evidence that she is pregnant. Plaintiff DiFronzo was also denied a religious accommodation after submitted a request to defendant detailing her sincerely held religious beliefs.

9. Plaintiff Michael Saccoccio is an employee of defendant who was denied a disability accommodation after submitting three letters from two doctors detailing his inability to receive the vaccine. Plaintiff Saccoccio was also denied a religious accommodation after submitting a request to defendant detailing his sincerely held religious beliefs.

10. Plaintiff, Caine Dufrene, is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability as well as detailing his sincerely held religious beliefs.

11. Plaintiff, Lori Fluery, is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability as well as detailing her sincerely held

religious beliefs.

12. Plaintiff, Kerry Haines, is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability condition as well as detailing her sincerely held religious beliefs.

13. Plaintiff, Scott Hooper, is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability condition as well as detailing his sincerely held religious beliefs.

14. Plaintiff, Susan Marconi, is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability condition as well as detailing her sincerely held religious beliefs.

15. Plaintiff, Kelly Reynolds, is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability condition as well as detailing her sincerely held religious beliefs.

16. Plaintiff, Christine Ritrovato, is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability condition as well as detailing her sincerely held religious beliefs.

17. Plaintiff, Sarah Wade, is an employee of defendant who was denied a disability

and religious accommodation after requesting both from defendant and submitting evidence of a disability condition as well as detailing her sincerely held religious beliefs.

18. Plaintiff, James Wines, MD, is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability condition as well as detailing his sincerely held religious beliefs.

19. Plaintiff, Jill Discroll, is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability condition as well as detailing her sincerely held religious beliefs.

20. Plaintiff, Marisa Williams, is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability condition as well as detailing her sincerely held religious beliefs.

21. Plaintiff, Tyler Adams, is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her disability condition for which defendant had already granted a her a reasonable accommodation to their mask policy.

22. Plaintiff, Melissa Candido, is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her disability contraindications.

23. Plaintiff, Lisa Cates, is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her disability contraindications.

24. Plaintiff, Alan Doherty, is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing his disability contraindications.

25. Plaintiff, Jane Donegan, is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her disability contraindications.

26. Plaintiff, Kasie Pasquantonio, is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her disability contraindications.

27. Plaintiff, Monalisa Pierre, is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her disability contraindications.

28. Plaintiff, Melissa Pinnetti, is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her disability contraindications.

29. Plaintiff, Jennifer Tone, is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her disability contraindications.

30. Plaintiff Natasha DiCicco is an employee of defendant who was denied a

religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs to the defendant.

31. Plaintiff, Nicholas Arno, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs to the defendant.

32. Plaintiff, Ruben Almeida, is an employee of defendant who had been given religious accommodation by defendant in the past yet was denied a religious accommodation after sending a request and detailing his sincerely held religious beliefs to the defendant.

33. Plaintiff Mimi Adams, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs to defendant.

34. Plaintiff, Alexandra Alexandrova, is an employee of defendant who had been given religious accommodation by defendant in the past yet was denied a religious accommodation after sending a request and detailing her sincerely held religious beliefs to defendant.

35. Plaintiff, John Alfama, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs to defendant.

36. Plaintiff, Nykiesha Allien, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

37. Plaintiff Charlette Amedee is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

38. Plaintiff, Tracy Anderson, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

39. Plaintiff, Meredith Anderson, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

40. Plaintiff, Alicia Attarian, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

41. Plaintiff, Clarisse Bacolong, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

42. Plaintiff, Pamela Barone, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

43. Plaintiff, Stephen Barry, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

44. Plaintiff, Jennifer Beckwith, is an employee of defendant who was denied a

religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

45. Plaintiff, Kathleen Beede, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

46. Plaintiff, Catherine Bernardone, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

47. Plaintiff, Linda Berube-Walker, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

48. Plaintiff, Kristie Boutin, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

49. Plaintiff, Kelly Bianchi, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

50. Plaintiff, Brittini Bieker, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

51. Plaintiff, Tiffany Bigham, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her

sincerely held religious beliefs.

52. Plaintiff, Lora Blank, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

53. Plaintiff, Urszula Bortzcka, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

54. Plaintiff, Josette Britton, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

55. Plaintiff, Kristen Brouillard, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

56. Plaintiff, Erin Brown, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

57. Plaintiff, Brenda Brown-Thawe, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

58. Plaintiff, Christopher Burt, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

59. Plaintiff, Raquel Bustillo, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

60. Plaintiff, Denise Cadigan, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

61. Plaintiff, Maria Capozzi, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

62. Plaintiff, Gail Caracciolo, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

63. Plaintiff, Mayra Cardona, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

64. Plaintiff, Dwight Caufield, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

65. Plaintiff, Elizabeth Chaisson, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

66. Plaintiff, Susan Chase, is an employee of defendant who was denied a religious

accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

67. Plaintiff, Andrea Citron, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

68. Plaintiff, Alicia Clancy, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

69. Plaintiff, Patricia Clark, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

70. Plaintiff, Courtney Concillo, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

71. Plaintiff, Madeline Conley, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

72. Plaintiff, Laura Conway, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

73. Plaintiff, Courtney Coppola, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her

sincerely held religious beliefs.

74. Plaintiff, Kelly Corona-Welch, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

75. Plaintiff, Daniel Correia, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

76. Plaintiff, Maria Coviello Polito, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

77. Plaintiff, Elisangela Cunha-Afonso, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

78. Plaintiff, Taylor Curley, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

79. Plaintiff, Mark Dalimonte, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

80. Plaintiff, Jill Daniels, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

81. Plaintiff, Michele Deforge, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

82. Plaintiff, Jean Marie Devine, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

83. Plaintiff, Dmitri Doncev, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

84. Plaintiff, Joan Duffy, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

85. Plaintiff, Jessika Dunn, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

86. Plaintiff, Carlos Duran, MD, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

87. Plaintiff, Jennifer Duran, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

88. Plaintiff, Anika Ebanks, is an employee of defendant who was denied a

religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

89. Plaintiff, Tansheka Edwards, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

90. Plaintiff, Tom Emerson, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

91. Plaintiff, Christopher Erickson, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

92. Plaintiff, Sandra Federico, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

93. Plaintiff, Zinnia Feliciano, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

94. Plaintiff, Denise Flathers, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

95. Plaintiff, Lisa Foley, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely

held religious beliefs.

96. Plaintiff, Kris Forde, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

97. Plaintiff, Jeanine Fotino, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

98. Plaintiff, Ralph Frasca, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

99. Plaintiff, Laina Frazier, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

100.    Plaintiff, Ruth Frenchwood, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

101.    Plaintiff, Lisa Freni, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

102.    Plaintiff, Kathleen Fusco, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

19

103.     Plaintiff, Melissa Gable, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

104.     Plaintiff, Maryna Garbitt, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

105.     Plaintiff, Luisa Garcia, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

106.     Plaintiff, Kristen Gauthier, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

107.     Plaintiff, Carmela Giso, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

108.     Plaintiff, Elizabeth Gomes, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

109.     Plaintiff, Jolene Gonsalves, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

110.     Plaintiff, Nelida Gonzalez, is an employee of defendant who was denied

a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

111.     Plaintiff, Sarah Graffam, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

112.     Plaintiff, David Granara, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

113.     Plaintiff, Samantha Gross, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

114.     Plaintiff, Martina Groves-Williams, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

115.     Plaintiff, Jamie Hadayia, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

116.     Plaintiff, Adil Haiti, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

117.     Plaintiff, Ashley "Nikki" Hamel, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and

detailing her sincerely held religious beliefs.

118.     Plaintiff, Francesca Hirtle, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

119.     Plaintiff, Marissa Hoffman, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

120.     Plaintiff, W. Scott Hoge, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

121.     Plaintiff, Florence Holmes, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

122.     Plaintiff, JeanMarie Holmes, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

123.     Plaintiff, Denise Homka, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

124.     Plaintiff, Jennifer Howard, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

125.    Plaintiff, Beverly Hupfer, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

126.    Plaintiff, Martha Ithier, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

127.    Plaintiff, Steve Jean-Mary, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

128.    Plaintiff, Jessia Joachim, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

129.    Plaintiff, Teresa Kanaiski, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

130.    Plaintiff, Jason Karanzas, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

131.    Plaintiff, William Kasper, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

132.    Plaintiff, Konstantin, Kerentsev, is an employee of defendant who was

denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

133.    Plaintiff, Lubjana Koli, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

134.    Plaintiff, Julia Krafick, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

135.    Plaintiff, Andree Laflash, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

136.    Plaintiff, Marie Lafreniere, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

137.    Plaintiff, Joseph Lamontagne, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

138.    Plaintiff, Susan Leavitt, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

139.    Plaintiff, Katherine Lemmertz, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and

detailing her sincerely held religious beliefs.

140.      Plaintiff, Ann Marie Lilly, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

141.      Plaintiff, Kim Litalien, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

142.      Plaintiff, Julian Litto, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

143.      Plaintiff, Michelle Logan, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

144.      Plaintiff, Shannon Lundin, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

145.      Plaintiff, Christia Luongo, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

146.      Plaintiff, Leah Machado, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

147.     Plaintiff, Angela MacLeod-Ruo, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

148.     Plaintiff, Sarah Maloney, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

149.     Plaintiff, Amanda Marchionda, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

150.     Plaintiff, Maria Margaris, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

151.     Plaintiff, Lorraine Martin, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

152.     Plaintiff, Gina Mastro, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

153.     Plaintiff, Lisa Mastromatteo, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

154.     Plaintiff, Barbara Matteson, is an employee of defendant who was

denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

155.     Plaintiff, Jessica McDonald, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

156.     Plaintiff, Devan McDonald, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

157.     Plaintiff, Janice McDonald, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

158.     Plaintiff, Nicholas McKay, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

159.     Plaintiff, Roseann McNamara, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

160.     Plaintiff, Robin Meadows, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

161.     Plaintiff, Stefanie Michael, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing

her sincerely held religious beliefs.

162.     Plaintiff, Sara Miles, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

163.     Plaintiff, Yuliya Mironovas, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

164.     Plaintiff, Michelle Morena, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

165.     Plaintiff, Raechel Morganto, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

166.     Plaintiff, Alice Morrison, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

167.     Plaintiff, Lori Munro, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

168.     Plaintiff, Karen O'Connor, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

169.    Plaintiff, Michelle Orfanos, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

170.    Plaintiff, Lisa Orrall, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

171.    plaintiff, Julia Pagiluca, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

172.    Plaintiff, Scott Palladino, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

173.    Plaintiff, Malinda Paulino, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

174.    Plaintiff, Teresa Penta, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

175.    Plaintiff, Andrea Pittore-McManus, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

176.    Plaintiff, Jhanel Potts, is an employee of defendant who was denied a

religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

177.     Plaintiff, Charles Riley, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

178.     Plaintiff, Nicole Roberto, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

179.     Plaintiff, Gracinda Rochdi, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

180.     Plaintiff, Jessica Rodriguez, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

181.     Plaintiff, Debra Rodriguez, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

182.     Plaintiff, Ericka Rollins, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

183.     Plaintiff, Felyn Rosario, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her

sincerely held religious beliefs.

184.    Plaintiff, Ann Rowand, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

185.    Plaintiff, Maria Rupnick, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

186.    Plaintiff, Laura Ryan, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

187.    Plaintiff, Elaine Samaris-Harrington, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

188.    Plaintiff, Brenda Santiago,

189.    is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

190.    Plaintiff, Sarah Shulman, MD, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

191.    Plaintiff, Elizabeth Silva, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing

her sincerely held religious beliefs.

192.     Plaintiff, Nikkia Simpson, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

193.     Plaintiff, Anne Smail, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

194.     Plaintiff, Wendy Soumas, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

195.     Plaintiff, Danielle Stevens, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

196.     Plaintiff, Jamie Steverman, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

197.     Plaintiff, Michael Strong, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

198.     Plaintiff, Joshua Sudbey, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

199.     Plaintiff, Anna Sylvia, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

200.     Plaintiff, Heather Szymczak, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

201.     Plaintiff, Umberto Tatafiore, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

202.     Plaintiff, Anthony Taverna, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

203.     Plaintiff, Lisa Tobio, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

204.     Plaintiff, Kelly Todd, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

205.     Plaintiff, Danielle Marie Tomasello, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

206.     Plaintiff, Ruth Tonico, is an employee of defendant who was denied a

religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

207.     Plaintiff, Jane Torrance ,is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

208.     Plaintiff, Neldine Torres, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

209.     Plaintiff, Nicole Towne, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

210.     Plaintiff, Laura Tremblay, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

211.     Plaintiff, Rosanna Ursino, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

212.     Plaintiff, Caroline Ventola, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

213.     Plaintiff, Lucia Ventura, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her

sincerely held religious beliefs.

214.    Plaintiff, Frivian Vicente, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

215.    Plaintiff, Patricia Vosikas, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

216.    Plaintiff, Athina Vranishti, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

217.    Plaintiff, Sheila Walsh, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

218.    Plaintiff, LeeAnn Whalley, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

219.    Plaintiff, Henrietta Williams, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

220.    Plaintiff, Markian Zaitas, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

221.     Plaintiff, Maritza Zuluaga, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

222.     Plaintiff, Kien Nguyen, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

223.     Plaintiff, Esther Jones, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

224.     Plaintiff, Patricia Parker, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

225.     Plaintiff, Amilcar Cardoco, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

226.     Plaintiff, Maria Crevello, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

227.     Plaintiff, Corinne Valstyn, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

228.     Plaintiff, Francine Laforest, is an employee of defendant who was denied

a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

229.     Plaintiff, Leandro Alcantara, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

230.     Defendant, Mass General Brigham Incorporated is a Massachusetts Corporation with a principal address listed as 800 Boylston Street in Boston, Massachusetts. It has fourteen hospitals and several other medical facilities throughout the Commonwealth of Massachusetts.

## JURISDICTION, VENUE AND STANDING

231.     Plaintiffs bring this action for disability discrimination under the Americans with Disabilities Act (hereinafter "ADA") and religious discrimination under Title VII of the Civil Rights Act, with all claims arising within the context of plaintiffs' employment by the defendant.

232.     All plaintiffs are employees of the defendant in various hospitals and facilities and either had their religious or disability accommodations wrongfully denied by the defendant.

233.     Plaintiffs are seeking declaratory and preliminary injunctive relief under 28 U.S.C. § 2201 and § 2202.

## FACTUAL BACKGROUND

234.     On June 24, 2021, defendant's President and CEO, Ann Klibanski, announced that all employees would be required to receive one of three

COVID-19 vaccines. A true copy of the announcement is included herewith as Exhibit A.

235.    The announcement initially stated that exemptions would be available for "medical and religious reasons" and for "employees who are pregnant or who intend to become pregnant."

236.    Defendant provided its employees with a "Covid Vaccine Medical Exemption Request Form 2021" for those seeking medical accommodations, which allowed for a temporary exemption for pregnancy stating, "According to the CDC and American College of Obstetrics and Gynecology, the COVID-19 vaccination is safe and effective for pregnant women and to protect the baby after it is born. However, pregnancy is a unique personal circumstance. We encourage those pregnant to discuss this issue with their medical provider." A true copy of the Covid Vaccine Medical Exemption Request Form 2021 is included herewith as Exhibit B.

237.    For any employees seeking religious exemptions to the new policy, defendant purportedly established a committee to review the submitted religious exemptions.

238.    The defendant's required religious exemption form was an online form with several check box questions and a small, one line text box with directions stating "In the space provided, please (1) identify your sincerely held religious belief, practice or observance and (2) explain why it prevents you from receiving a COVID-19 vaccine. Please note that you may be

required to provide additional information or supporting documentation to support your request for an exemption." A true copy of the exemption form is attached herewith as Exhibit C.

239.    The form contained no option to provide any supporting documentation, such as a personal statement or a clergy letter.

240.    Defendant then denied the plaintiffs' requests prior to allowing them to provide supporting documents for their accommodation requests.

241.    These denials contained virtually no discussion, other than to state that plaintiffs failed to state a sincerely held religious belief, or clearly misconstruing plaintiffs' beliefs to fit a reason for denial, followed by a link to where plaintiffs could get vaccinated.

242.    Defendant's offering of medical and religious exemptions was illusory and not based in accordance with federal law, evidenced by (and not limited to) the following:

    a.    Defendant instructed its network physicians not to draft letters in support of medical accommodations for their patients (Exhibit D);

    b.    Defendant amended their medical accommodation form, removing the option for a pregnancy accommodation after promising pregnant employees that they would be granted accommodations (Exhibit E);

c.  Defendant would not disclose to its employees the individuals that comprised defendant's exemption committee, their qualifications, or what the review process would entail[3];

d.  Defendant refused to accommodate employees that it had accommodated in the past, citing a "new process" that they had created (Exhibit F);

e.  Defendant sent out an email to unit supervisors (Exhibit G) stating that they should encourage employees who had their religious accommodations denied to instead get vaccinated;

f.  This same email provided talking points that supervisors were to use with their subordinates, including assurances that their requests were "carefully reviewed by a committee made up of individuals from across Mass General Brigham," which was "charged with reviewing requests and determining whether each request ***was consistent with the system's position around granting exceptions***" (emphasis added). Further, supervisors were to assure their subordinates that "each request was evaluated based on all information provided, and because of that there is no appeal process."

---

[3] On occasion, some members of the committee would respond using their names instead of the standard signature "The MGB Vaccination Committee," however the committee members, their qualifications, and the evaluation criteria were never disclosed.

g.  These instructions were given despite defendant deliberately withholding the identity of those who sat on the committee and withholding "the system's position" for granting accommodations;

h.  Additionally, defendant deliberately failed to provide its employees with an option to provide supporting information with their accommodation requests before its anonymous committee "evaluated based on all information provided" and denied the requests;

i.  Defendant would not allow for any appeals to denials of religious and disability accommodations (Exhibit H), nor did defendant engage in any meaningful interactive process with any of the plaintiffs; and

j.  Defendant granted many accommodations for employees with nearly identical accommodation requests (Exhibit I) yet denied plaintiffs' accommodation requests with no explanation as to why.

## MASS GENERAL BRIGHAM'S DISABILITY DISCRIMINATION

243.  At least 29 Plaintiffs requested reasonable accommodations for disabilities under the ADA.

244.  Further, defendant did not engage in any meaningful interactive process with plaintiffs who asserted their medical disabilities, which is a protected activity.

245.  In lieu of an interactive process and in lieu of any reasonable accommodations, defendant is placed unvaccinated plaintiffs on unpaid leave on October 20, 2021 and were terminated on or about November 5, 2021.

### 246.   MASS GENERAL BRIGHAM'S RELIGIOUS DISCRIMINATION

247.   To date, defendant has not stated what their "position on granting exceptions" is for religious accommodations.

248.   At least 204 Plaintiffs submitted a religious accommodation request.

249.   These plaintiffs have sincerely held religious beliefs, rooted in Biblical Scripture and received by them through prayer.

250.   Plaintiffs seek to make daily decisions, including those regarding vaccination and other medical decisions, through prayer and by reading the Bible.

251.   These sincerely held and prayerfully developed religious beliefs preclude plaintiffs from taking the COVID-19 vaccines.

252.   For plaintiffs to disobey sincerely held religious beliefs would violate their conscience. See *John 14:15 (NIV):* "If you love me, keep my commands," *Acts 5:29 (KJV)* "…We ought to obey God rather than men."

253.   All of the plaintiffs had their religious accommodation requests denied, without an opportunity to appeal, and without any meaningful interactive process. (See ¶ 243 regarding denial emails).

254.   Plaintiffs submitted their request on an online exemption form that did not allow for submission of supporting documents.

255.   Not only were plaintiffs unable to submit supporting documents, but they were also not informed as to who was reviewing their submissions.

Thus, they had no way of providing supporting documents through any other platform until they were denied.

256.     Plaintiffs were therefore reduced to an attempt at describing their personal religious beliefs in a text box which visibly displayed, in the case of plaintiff DiCicco, a total of eight words.

257.     Once these forms were submitted (by design, without the option to submit supporting documents), defendant then denied plaintiffs requests for religious accommodations.

258.     Defendant then emailed its department supervisors, instructing them to use talking points with subordinates who had been denied religious exemptions, stating "each request was evaluated based on all information provided, and because of that there is no appeal process."

259.     In other words, defendant is simply paltering: It claims that it evaluated accommodation requests based on "all the information provided," which in itself is true, however, only because defendant made it impossible for plaintiffs to provide supporting documents by not allowing for their submission on the exemption form and by not informing plaintiffs of who was reviewing their request so that substantive information could be sent to those individuals.

260.     Thus, plaintiffs' accommodation requests (which defendant effectively reduced to what plaintiffs could fit into a small, one line text box), were then

swiftly denied, with the blame placed on the plaintiffs, and the façade of a legitimate process being published to defendant's supervisors and employees.

261.     Each plaintiff who sought a religious exemption was subject to the same procedure and was not afforded an appeal or any meaningful interactive process.

262.     Plaintiffs who failed to receive the vaccination were placed on unpaid leave on October 20, 2021 and were terminated on or about November 5, 2021.

## COUNT I
### (Disability Discrimination – Failure to Make Reasonable Accommodations)

263.     Plaintiffs repeat and reallege paragraphs 1-263 of this Complaint.

264.     Plaintiffs who sought disability accommodations, all of whom are "qualified individuals" under the definition of 42 U.S.C. 12111[4], requested reasonable accommodations for their specific disabilities with respect to defendant's vaccination policy in writing by submitting defendant's required exemption form.

265.     Defendant has (and had) a duty as plaintiffs' employer under 41 U.S.C. 12112(b)(5)(a) to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability."

266.     Defendant was and is "obligated to provide a reasonable accommodation (as long as it is not unduly burdensome) where a protected employee has

---

[4] Plaintiffs "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.*

requested an accommodation, or the employer otherwise knew that one was needed." *Murray v. Warren Pumps, LLC*, 821 F.3d 77, 84 (1st Cir. 2016).

267.    Defendant failed to provide any reasonable accommodations upon reasonable requests by plaintiffs.

268.    Defendant failed to assert an undue hardship that would be caused by accommodating plaintiffs' disabilities.

269.    Despite failing to assert an undue hardship, defendant in fact would not be "unduly burdened" or face hardship in accommodating plaintiffs' requests[5], not only because it would not financially or operationally burden defendant to accommodate plaintiffs (See Exhibit P), but because defendant did accommodate some employees while others (including plaintiffs), it chose not to, despite the accommodation requests being similar or nearly identical.

270.    Defendant also failed to engage in any meaningful discussion, interactive process or appeal with the plaintiffs who requested reasonable accommodations.

271.    All plaintiffs were and are ready, willing and able to abide by any reasonable accommodations to defendant's policy including those safety precautions already in effect.

272.    Plaintiffs are all facing adverse employment action, namely being placed

---

[5] Defendant's most recent 990T form available via the IRS (https://apps.irs.gov/pub/epostcard/cor/043230035_201909_990T_2020120117460444.pdf) shows that it has assets of over six ***billion*** and as of August 10, 2021, defendant brought in revenues of $4.1 billion in the third quarter of 2021 alone: https://www.beckershospitalreview.com/finance/mass-general-brigham-posts-2-9b-gain-over-9-months.html. Therefore, under § 12111's definition of "undue hardship," requiring significant difficulty or expense, defendant cannot (and did not) assert that the accommodations would be unduly burdensome.

on unpaid leave and subsequently terminated, due to their inability to adhere to the defendant's policy because of their disabilities.

## COUNT II
### (Religious Discrimination)

273.    Plaintiffs repeat and reallege paragraphs 1-272 of this Complaint.

274.    Title VII prohibits "discriminat[ion] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Xiaoyan Tang* v. *Citizens Bank, N.A.*, 821 F.3d 206, 215 (1st Cir. 2016) quoting from 42 U.S.C. § 2000e–2(a)(1).

275.    Defendant had a duty to "[o]ffer a reasonable accommodation to resolve a conflict between an employee's sincerely held religious belief and a condition of employment, unless such an accommodation would create an undue hardship for the employer's business." *Cloutier* v. *Costco Wholesale Corp.*, 390 F.3d 126, 133 (1st Cir. 2004).

276.    Once an employee demonstrates that their religious belief conflicts with an employment condition, "the burden then shifts to the employer to show that it offered a reasonable accommodation or, if it did not offer an accommodation, that doing so would have resulted in undue hardship." *Id.*

277.    Plaintiffs requesting religious accommodations submitted a request for religious accommodation to the defendant's vaccination policy, informing defendant that its vaccination policy was in conflict with their sincerely held religious beliefs.

46

278.     These requests were submitted via an online form, as required by defendant.

279.     Defendant neither offered to accommodate the plaintiffs nor showed that an accommodation would have resulted in "undue hardship."

280.     Despite failing to assert an undue hardship, defendant in fact would not be "unduly burdened" or face hardship in accommodating plaintiffs' requests, not only because it would not financially or operationally burden defendant to accommodate plaintiffs, but because defendant did accommodate some employees while others (including plaintiffs), it chose not to, despite the accommodation requests being similar or nearly identical.

281.     Defendant also failed to engage in any meaningful discussion, interactive process or appeal with the plaintiffs who requested reasonable accommodations.

282.     All plaintiffs were and are ready, willing and able to abide by any reasonable accommodations to defendant's policy including those safety precautions already in effect.

283.     Plaintiffs are all facing adverse employment action, namely being placed on unpaid leave and subsequently terminated, due to their inability to adhere to the defendant's policy because of their religious beliefs.

**PRAYER FOR RELIEF**

284.     Declaration that defendant violated Title VII and the ADA by discriminating against plaintiffs;

285.     Enjoin defendant from taking adverse employment action

against plaintiffs;

286.     Enjoin defendant from enforcing its vaccination policy against

plaintiffs until a verdict is rendered by a jury;

287.     Money damages;

288.     Attorney fees and costs, plus any other relief this Court deems

proper.

**Plaintiffs demand a jury trial on all counts so triable.**

Plaintiffs, by their attorneys,

  /s/ Ryan P. McLane
Ryan P. McLane, Esq. (BBO: 697464)
Lauren Bradford, Esq. (BBO: 700084)
McLane & McLane, LLC
269 South Westfield Street
Feeding Hills, MA 01030
Ph. (413) 789-7771
Fax (413) 789-7731
E-mail: ryan@mclanelaw.com
E-mail: lauren@mclanelaw.com