**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

**ROBERTA LANCIONE, JOYCE MILLER,**
**MARIA DIFRONZO,**
**MICHAEL SACCOCCIO, CAINE DUFRENE,**
**LORI FLUERY, KERRY HAINES,**
**SCOTT HOOPER, SUSAN MARCONI,**
**KELLY REYNOLDS,**
**CHRISTINE RITROVATO, SARAH WADE,**
**JAMES WINES, MD, JILL DRISCOLL,**
**MARISA WILLIAMS, TYLER ADAMS,**
**MELISSA CANDIDO, LISA CATES,**
**ALAN DOHERTY, JANE DONEGAN,**
**KASIE PASQUANTONIO,**
**MONALISA PIERRE,**
**MELISSA PINNETTI, JENNIFER TONE,**
**NATASHA DICICCO, NICHOLAS ARNO,**
**RUBEN ALMEIDA, MIMI ADAMS,**          NO.  1:21-cv-11686-FDS
**ALEXANDRA ALEXANDROVA,**
**JOHN ALFAMA, NYKIESHA ALLIEN,**
**CHARLOTTE AMEDEE,**
**TRACY ANDERSON,**
**MEREDITH ANDERSON,**
**ALICIA ATTARIAN,**
**CLARISSE BACOLONG,**
**PAMELA BARONE, STEPHEN BARRY,**
**JENNIFER BECKWITH,**
**KATHLEEN BEEDE,**
**CATHERINE BERNARDONE,**
**LINDA BERUBE-WALKER, KRISTIE BOUTIN,**
**KELLY BIANCHI, BRITTINI BIEKER,**
**TIFFANY BIGHAM, LORA BLANK,**
**URSZULA BORYCZKA, JOSETTE BRITTON,**
**KRISTEN BROUILLARD, ERIN BROWN,**
**BRENDA BROWN-THAWE, CHRISTOPHER BURT,**
**RAQUEL BUSTILLO, DENISE CADIGAN,**
**MARIA CAPOZZI, GAIL CARACCIOLO,**
**MAYRA CARDONA, DWIGHT CAUFIELD,**
**ELIZABETH CHAISSON, SUSAN CHASE,**
**ANDREA CITRONE, ALICIA CLANCY,**
**PATRICIA CLARK, COURTNEY CONCILLO,**
**MADELINE CONLEY, LAURA CONWAY,**

1

COURTNEY COPPOLA,
KELLY CORONA-WELCH,
DANIEL CORREIA,
MARIA COVIELLO-POLITO,
ELISANGELA CUNHA-AFONSO,
TAYLOR CURLEY, MARK DALIMONTE,
JILL DANIELS, MICHELE DEFORGE,
JEAN MARIE DEVINE, DMITRI DONCEV,
JOAN DUFFY, JESSIKA DUNN,
CARLOS DURAN, MD, JENNIFER DURAN,
ANIKA EBANKS, TANSHEKA EDWARDS,
TOM EMERSON, CHRISTOPHER ERICKSON,
SANDRA FEDERICO, ZINNIA FELICIANO,
DENISE FLATHERS, LISA FOLEY,
KRIS FORDE, JEANINE FOTINO,
RALPH FRASCA, LAINA FRAZIER,
RUTH FRENCHWOOD, LISA FRENI,
KATHLEEN FUSCO, MELISSA GABLE,
MARYNA GARBITT, LUISA GARCIA,
KRISTEN GAUTHIER, CARMELA GISO,
ELISABETTE GOMES, JOLENE GONSALVES,
NELIDA GONZALEZ, SARAH GRAFFAM,
DAVID GRANARA, SAMANTHA GROSS,
MARTINA GROVES-WILLIAMS,
JAMIE HADAYIA, ADIL HAITI,
ASHLEY HAMEL, FRANCESCA HIRTLE,
MARISSA HOFFMAN, W. SCOTT HOGE,
FLORENCE HOLMES,
JEANMARIE HOLMES, DENISE HOMKA,
JENNIFER HOWARD, BEVERLY HUPFER,
MARTHA ITHIER, STEVE JEAN-MARY
JESSICA JOACHIM, TERESA KANALSKI,
JASON KARANZAS, WILLIAM KASPER,
KONSTANTIN KERENTSEV,
LUBJANA KOLI, JULIA KRAFICK,
ANDREE LAFLASH, MARIE LAFRENIERE,
JOSEPH LAMONTAGNE, SUSAN LEAVITT,
KATHERINE LEMMERTZ,
ANN MARIE LILLY, KIM LITALIEN,
JILLIAN LITTO, MICHELLE LOGAN,
SHANNON LUNDIN, CHRISTA LUONGO,
LEAH MACHADO, ANGELA MACLEOD-RUO,
SARAH MALONEY, AMANDA MARCHIONDA,
MARIA MARGARIS, LORRAINE MARTIN,

GINA MASTRO, LISA MASTROMATTEO,
BARBARA MATTESON, JESSICA MCDONALD,
DEVAN MCDONALD,
JANICE MCDONALD, NICHOLAS MCKAY,
ROSEANN MCNAMARA,
ROBIN MEADOWS, STEFANIE MICHAEL,
SARA MILES, YULIYA MIRONOVAS,
MICHELLE MORENA,
RAECHEL MORGANTO,
ALICE MORRISON, LORI MUNRO,
KAREN O'CONNOR,
MICHELLE ORFANOS, LISA ORRALL,
JULIA PAGLIUCA, SCOTT PALLADINO,
MALINDA PAULINO, TERESA PENTA,
ANDREA PITTORE MCMANUS,
JHANEL POTTS, CHARLES RILEY,
NICOLE ROBERTO, GRACINDA ROCHDI,
JESSICA RODRIGUEZ,
DEBRA RODRIGUEZ, ERICKA ROLLINS,
FELYN ROSARIO, ANN ROWAND,
MARIA RUPNICK, MD, LAURA RYAN,
ELAINE SAMARIS-HARRINGTON,
BRENDA SANTIAGO, SARAH SHULMAN, MD,
ELIZABETH SILVA, NIKKIA SIMPSON,
ANNE SMAIL, WENDY SOUMAS,
DANIELLE STEVENS,
JAMIE STEVERMAN, MICHAEL STRONG,
JOSHUA SUDBEY, ANNA SYLVIA
HEATHER SZYMCZAK,
UMBERTO TATAFIORE,
ANTHONY TAVERNA, LISA TOBIO,
KELLY TODD,
DANIELLE MARIE TOMASELLO,
RUTH TONICO, JANE TORRANCE,
NELDINE TORRES, NICOLE TOWNE,
LAURA TREMBLAY, ROSANNA URSINO,
CAROLINE VENTOLA, LUCIA VENTURA,
FRIVIAN VICENTE, PATRICIA VOSIKAS,
ATHINA VRANISHTI, SHEILA WALSH,
LEEANN WHALLEY,
HENRIETTA WILLIAMS,
MARKIAN ZAIATS, MARITZA ZULUAGA,
KIEN NGUYEN, ESTHER JONES,
PATRICIA PARKER,

**AMILCAR CARDOSO,**
**MARIA CRIVELLO, CORINNE VALSTYN,**
**FRANCINE LAFOREST, and**
**LEANDRO ALCANTARA,**
**Plaintiffs**

**v.**

**MASS GENERAL BRIGHAM**
**INCORPORATED,**
**Defendant**

## PLAINTIFFS' AMENDED COMPLAINT AND JURY DEMAND

## [CORRECTED]

This Amended Complaint is filed in accordance with the Joint Motion for Scheduling Order (ECF 54) and reflects the dismissal of the Unincorporated Association, "Together Employees," and one of the originally-named eight plaintiffs, Elizabeth Bigger, MD, along with a dismissal of plaintiffs' retaliation claims, with notices to be filed. Additionally, this Amended Complaint incorporates and references the original exhibits filed with plaintiffs' complaint (ECF 1) on October 17, 2021, with the exclusion of any exhibits referencing any dismissed plaintiffs.

## INTRODUCTION

1. The issue in this case is defendant Mass General Brigham Incorporated's violations of Title VII and the Americans with Disabilities Act ("ADA") in wrongfully denying religious and disability accommodations to its employees.

2. Rather than adhering to federal law, the defendant instead created its own system-wide "position" and "new process" as to the granting of religious and medical accommodations for a newly imposed vaccination policy.

3. Defendant wrongly denied hundreds of its employees, many of whom fought on the front lines saving lives and fighting the spread of COVID-19 from the beginning of the pandemic to present, reasonable religious and disability accommodations that are protected by the aforementioned federal laws.

4. All plaintiffs have submitted a "Charge of Discrimination form to the EEOC, with some already having obtained a "Notice of Right to Sue," stating that the EEOC will likely be unable to complete administrative processing within 180 days[1].

5. Plaintiffs brought this action prior to the remedy provided under 42 U.S.C. 2000-e-5(f)(2) by motion for preliminary injunction and by a showing of irreparable harm, justifying the need to seek immediate preliminary injunctive relief in advance of the EEOC's completion of its investigation or issuance of right to sue letters[2].

## PARTIES

6. Plaintiff Roberta Lancione is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her history of angio-edema from prior vaccination and her current treatment for Chronic Lymphocytic Leukemia.  Plaintiff Lancione was also denied a religious accommodation after submitting a request to the

---

[1] Since the initial filing, right to sue letters have been obtained and will be provided on or before the date ordered for the production of initial disclosures.

[2] The First Circuit has held that plaintiffs who show irreparable injury to justify injunctive relief prior to the remedy provided under Title VII need not wait for the EEOC's final review as outlined in 42 U.S.C. § 2000e–5(f)(2). Bailey v. Delta Air Lines, Inc., 722 F.2d 942, 944 (1st Cir. 1983).

defendant detailing her sincerely held religious beliefs.

7. Plaintiff Joyce Miller is an employee of defendant who was denied a disability accommodation and a religious accommodation after submitting a request to the defendant detailing her sincerely held religious beliefs and a signed form from her physician to support her request for disability accommodations.

8. Plaintiff Maria DiFronzo is an employee of defendant who was denied a disability accommodation after submitting evidence that she is pregnant. Plaintiff DiFronzo was also denied a religious accommodation after submitted a request to defendant detailing her sincerely held religious beliefs.

9. Plaintiff Michael Saccoccio is an employee of defendant who was denied a disability accommodation after submitting three letters from two doctors detailing his inability to receive the vaccine. Plaintiff Saccoccio was also denied a religious accommodation after submitting a request to defendant detailing his sincerely held religious beliefs.

10. Plaintiff Caine Dufrene is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability as well as detailing his sincerely held religious beliefs.

11. Plaintiff Lori Fluery is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability as well as detailing her sincerely held religious beliefs.

12. Plaintiff Kerry Haines is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability condition as well as detailing her sincerely held religious beliefs.

13. Plaintiff Scott Hooper is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability condition as well as detailing his sincerely held religious beliefs.

14. Plaintiff Susan Marconi is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability condition as well as detailing her sincerely held religious beliefs.

15. Plaintiff Kelly Reynolds is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability condition as well as detailing her sincerely held religious beliefs.

16. Plaintiff Christine Ritrovato is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability condition as well as detailing her sincerely held religious beliefs.

17. Plaintiff Sarah Wade is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and

submitting evidence of a disability condition as well as detailing her sincerely held religious beliefs.

18. Plaintiff James Wines, MD, is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability condition as well as detailing his sincerely held religious beliefs.

19. Plaintiff Jill Driscoll is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability condition as well as detailing her sincerely held religious beliefs.

20. Plaintiff Marisa Williams is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability condition as well as detailing her sincerely held religious beliefs.

21. Plaintiff Tyler Adams is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her disability condition for which defendant had already granted a her a reasonable accommodation to their mask policy.

22. Plaintiff Melissa Candido is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her disability contraindications.

23. Plaintiff Lisa Cates is an employee of defendant who was denied a disability

accommodation after submitting a request and documentation to the defendant detailing her disability contraindications.

24.  Plaintiff Alan Doherty is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing his disability contraindications.

25. Plaintiff Jane Donegan is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her disability contraindications.

26. Plaintiff Kasie Pasquantonio is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her disability contraindications.

27. Plaintiff Monalisa Pierre is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her disability contraindications.

28. Plaintiff Melissa Pinnetti is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her disability contraindications.

29. Plaintiff Jennifer Tone is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her disability contraindications.

30. Plaintiff Natasha DiCicco is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her

sincerely held religious beliefs to the defendant.

31. Plaintiff Nicholas Arno is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs to the defendant.

32. Plaintiff Ruben Almeida is an employee of defendant who had been given religious accommodation by defendant in the past yet was denied a religious accommodation after sending a request and detailing his sincerely held religious beliefs to the defendant.

33. Plaintiff Mimi Adams is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs to defendant.

34. Plaintiff Alexandra Alexandrova is an employee of defendant who had been given religious accommodation by defendant in the past yet was denied a religious accommodation after sending a request and detailing her sincerely held religious beliefs to defendant.

35. Plaintiff John Alfama is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs to defendant.

36. Plaintiff Nykiesha Allien is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

37. Plaintiff Charlotte Amedee is an employee of defendant who was denied a

religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

38. Plaintiff Tracy Anderson is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

39. Plaintiff Meredith Anderson is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

40. Plaintiff Alicia Attarian is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

41. Plaintiff Clarisse Bacolong is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

42. Plaintiff Pamela Barone is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

43. Plaintiff Stephen Barry is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

44. Plaintiff Jennifer Beckwith is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her

sincerely held religious beliefs.

45. Plaintiff Kathleen Beede is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

46. Plaintiff Catherine Bernardone is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

47. Plaintiff Linda Berube-Walker is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

48. Plaintiff Kristie Boutin is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

49. Plaintiff Kelly Bianchi is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

50. Plaintiff Brittini Bieker is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

51. Plaintiff Tiffany Bigham is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

52. Plaintiff Lora Blank is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

53. Plaintiff Urszula Boryczka is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

54. Plaintiff Josette Britton is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

55. Plaintiff Kristen Brouillard is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

56. Plaintiff Erin Brown is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

57. Plaintiff Brenda Brown-Thawe is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

58. Plaintiff Christopher Burt is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

59. Plaintiff Raquel Bustillo is an employee of defendant who was denied a

religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

60. Plaintiff Denise Cadigan is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

61. Plaintiff Maria Capozzi is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

62. Plaintiff Gail Caracciolo is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

63. Plaintiff Mayra Cardona is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

64. Plaintiff Dwight Caufield is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

65. Plaintiff Elizabeth Chaisson is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

66. Plaintiff Susan Chase is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely

held religious beliefs.

67. Plaintiff Andrea Citrone is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

68. Plaintiff Alicia Clancy is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

69. Plaintiff Patricia Clark is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

70. Plaintiff Courtney Concillo is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

71. Plaintiff Madeline Conley is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

72. Plaintiff Laura Conway is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

73. Plaintiff Courtney Coppola is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

74. Plaintiff Kelly Corona-Welch is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

75. Plaintiff Daniel Correia is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

76. Plaintiff Maria Coviello-Polito is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

77. Plaintiff Elisangela Cunha-Afonso is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

78. Plaintiff Taylor Curley is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

79. Plaintiff Mark Dalimonte is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

80. Plaintiff Jill Daniels is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

81. Plaintiff Michele Deforge is an employee of defendant who was denied a

religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

82. Plaintiff Jean Marie Devine is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

83. Plaintiff Dmitri Doncev is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

84. Plaintiff Joan Duffy is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

85. Plaintiff Jessika Dunn is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

86. Plaintiff Carlos Duran, MD, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

87. Plaintiff Jennifer Duran is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

88. Plaintiff Anika Ebanks is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely

held religious beliefs.

89. Plaintiff Tansheka Edwards is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

90. Plaintiff Tom Emerson is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

91. Plaintiff Christopher Erickson is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

92. Plaintiff Sandra Federico is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

93. Plaintiff Zinnia Feliciano is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

94. Plaintiff Denise Flathers is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

95. Plaintiff Lisa Foley is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

96. Plaintiff Kris Forde is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

97. Plaintiff Jeanine Fotino is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

98. Plaintiff Ralph Frasca is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

99. Plaintiff Laina Frazier is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

100. Plaintiff Ruth Frenchwood is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

101. Plaintiff Lisa Freni is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

102. Plaintiff Kathleen Fusco is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

103. Plaintiff Melissa Gable is an employee of defendant who was denied a

religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

104.     Plaintiff Maryna Garbitt is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

105.     Plaintiff Luisa Garcia is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

106.     Plaintiff Kristen Gauthier is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

107.     Plaintiff Carmela Giso is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

108.     Plaintiff Elisabette Gomes is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

109.     Plaintiff Jolene Gonsalves is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

110.     Plaintiff Nelida Gonzalez is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing

her sincerely held religious beliefs.

111.     Plaintiff Sarah Graffam is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

112.     Plaintiff David Granara is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

113.     Plaintiff Samantha Gross is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

114.     Plaintiff Martina Groves-Williams is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

115.     Plaintiff Jamie Hadayia is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

116.     Plaintiff Adil Haiti is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

117.     Plaintiff Ashley Hamel is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

118.     Plaintiff Francesca Hirtle is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

119.     Plaintiff Marissa Hoffman is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

120.     Plaintiff W. Scott Hoge is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

121.     Plaintiff Florence Holmes is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

122.     Plaintiff Jeanmarie Holmes is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

123.     Plaintiff Denise Homka is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

124.     Plaintiff Jennifer Howard is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

125.     Plaintiff Beverly Hupfer is an employee of defendant who was denied a

religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

126.    Plaintiff Martha Ithier is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

127.    Plaintiff Steve Jean-Mary is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

128.    Plaintiff Jessica Joachim is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

129.    Plaintiff Teresa Kanalski is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

130.    Plaintiff Jason Karanzas is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

131.    Plaintiff William Kasper is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

132.    Plaintiff Konstantin, Kerentsev is an employee of defendant who was denied a religious accommodation after requesting an accommodation and

detailing his sincerely held religious beliefs.

133.     Plaintiff Lubjana Koli is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

134.     Plaintiff Julia Krafick is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

135.     Plaintiff Andree Laflash is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

136.     Plaintiff Marie Lafreniere is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

137.     Plaintiff Joseph Lamontagne is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

138.     Plaintiff Susan Leavitt is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

139.     Plaintiff Katherine Lemmertz is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

140.    Plaintiff Ann Marie Lilly is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

141.    Plaintiff Kim Litalien is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

142.    Plaintiff Jillian Litto is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

143.    Plaintiff Michelle Logan is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

144.    Plaintiff Shannon Lundin is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

145.    Plaintiff Christa Luongo is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

146.    Plaintiff Leah Machado is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

147.    Plaintiff Angela MacLeod-Ruo is an employee of defendant who was

denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

148.     Plaintiff Sarah Maloney is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

149.     Plaintiff Amanda Marchionda is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

150.     Plaintiff Maria Margaris is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

151.     Plaintiff Lorraine Martin is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

152.     Plaintiff Gina Mastro is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

153.     Plaintiff Lisa Mastromatteo is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

154.     Plaintiff Barbara Matteson is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing

her sincerely held religious beliefs.

155.     Plaintiff Jessica McDonald is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

156.     Plaintiff Devan McDonald is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

157.     Plaintiff Janice McDonald is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

158.     Plaintiff Nicholas McKay is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

159.     Plaintiff Roseann McNamara is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

160.     Plaintiff Robin Meadows is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

161.     Plaintiff Stefanie Michael is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

162.   Plaintiff Sara Miles is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

163.   Plaintiff Yuliya Mironovas is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

164.   Plaintiff Michelle Morena is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

165.   Plaintiff Raechel Morganto is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

166.   Plaintiff Alice Morrison is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

167.   Plaintiff Lori Munro is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

168.   Plaintiff Karen O'Connor is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

169.   Plaintiff Michelle Orfanos is an employee of defendant who was denied

a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

170.     Plaintiff Lisa Orrall is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

171.     Plaintiff Julia Pagliuca is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

172.     Plaintiff Scott Palladino is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

173.     Plaintiff Malinda Paulino is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

174.     Plaintiff Teresa Penta is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

175.     Plaintiff Andrea Pittore-McManus is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

176.     Plaintiff Jhanel Potts is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his

sincerely held religious beliefs.

177.     Plaintiff Charles Riley is an employee of defendant who was denied a
religious accommodation after requesting an accommodation and detailing his
sincerely held religious beliefs.

178.     Plaintiff Nicole Roberto is an employee of defendant who was denied a
religious accommodation after requesting an accommodation and detailing her
sincerely held religious beliefs.

179.     Plaintiff Gracinda Rochdi is an employee of defendant who was denied
a religious accommodation after requesting an accommodation and detailing
her sincerely held religious beliefs.

180.     Plaintiff Jessica Rodriguez is an employee of defendant who was denied
a religious accommodation after requesting an accommodation and detailing
her sincerely held religious beliefs.

181.     Plaintiff Debra Rodriguez is an employee of defendant who was denied
a religious accommodation after requesting an accommodation and detailing
her sincerely held religious beliefs.

182.     Plaintiff Ericka Rollins is an employee of defendant who was denied a
religious accommodation after requesting an accommodation and detailing her
sincerely held religious beliefs.

183.     Plaintiff Felyn Rosario is an employee of defendant who was denied a
religious accommodation after requesting an accommodation and detailing her
sincerely held religious beliefs.

184.    Plaintiff Ann Rowand is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

185.    Plaintiff Maria Rupnick, MD, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

186.    Plaintiff Laura Ryan is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

187.    Plaintiff Elaine Samaris-Harrington is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

188.    Plaintiff Brenda Santiago is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

189.    Plaintiff Sarah Shulman, MD, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

190.    Plaintiff Elizabeth Silva is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

191.    Plaintiff Nikkia Simpson is an employee of defendant who was denied a

religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

192.     Plaintiff Anne Smail is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

193.     Plaintiff Wendy Soumas is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

194.     Plaintiff Danielle Stevens is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

195.     Plaintiff Jamie Steverman is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

196.     Plaintiff Michael Strong is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

197.     Plaintiff Joshua Sudbey is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

198.     Plaintiff Anna Sylvia is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her

sincerely held religious beliefs.

199.     Plaintiff Heather Szymczak is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

200.     Plaintiff Umberto Tatafiore is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

201.     Plaintiff Anthony Taverna is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

202.     Plaintiff Lisa Tobio is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

203.     Plaintiff Kelly Todd is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

204.     Plaintiff Danielle Marie Tomasello is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

205.     Plaintiff Ruth Tonico is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

206.    Plaintiff Jane Torrance is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

207.    Plaintiff Neldine Torres is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

208.    Plaintiff Nicole Towne is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

209.    Plaintiff Laura Tremblay is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

210.    Plaintiff Rosanna Ursino is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

211.    Plaintiff Caroline Ventola is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

212.    Plaintiff Lucia Ventura is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

213.    Plaintiff Frivian Vicente is an employee of defendant who was denied a

religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

214.    Plaintiff Patricia Vosikas is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

215.    Plaintiff Athina Vranishti is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

216.    Plaintiff Sheila Walsh is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

217.    Plaintiff LeeAnn Whalley is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

218.    Plaintiff Henrietta Williams is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

219.    Plaintiff Markian Zaiats is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

220.    Plaintiff Maritza Zuluaga is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing

her sincerely held religious beliefs.

221.     Plaintiff Kien Nguyen is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

222.     Plaintiff Esther Jones is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

223.     Plaintiff Patricia Parker is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

224.     Plaintiff Amilcar Cardoso is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

225.     Plaintiff Maria Crivello is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

226.     Plaintiff Corinne Valstyn is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

227.     Plaintiff Francine Laforest is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

228.     Plaintiff Leandro Alcantara is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

229.     Defendant, Mass General Brigham Incorporated, is a Massachusetts Corporation with a principal address listed as 800 Boylston Street in Boston, Massachusetts. It has fourteen hospitals and several other medical facilities throughout the Commonwealth of Massachusetts.

## JURISDICTION, VENUE AND STANDING

230.     Plaintiffs bring this action for disability discrimination under the Americans with Disabilities Act (hereinafter "ADA") and religious discrimination under Title VII of the Civil Rights Act, with all claims arising within the context of plaintiffs' employment by the defendant.

231.     All plaintiffs are employees of the defendant in various hospitals and facilities and either had their religious or disability accommodations wrongfully denied by the defendant.

232.     Plaintiffs are seeking declaratory and preliminary injunctive relief under 28 U.S.C. § 2201 and § 2202.

## FACTUAL BACKGROUND

233.     On June 24, 2021, defendant's President and CEO, Ann Klibanski, announced that all employees would be required to receive one of three COVID-19 vaccines. A true copy of the announcement is included herewith as Exhibit A.

234.    The announcement initially stated that exemptions would be available for "medical and religious reasons" and for "employees who are pregnant or who intend to become pregnant."

235.    Defendant provided its employees with a "Covid Vaccine Medical Exemption Request Form 2021" for those seeking medical accommodations, which allowed for a temporary exemption for pregnancy stating, "According to the CDC and American College of Obstetrics and Gynecology, the COVID-19 vaccination is safe and effective for pregnant women and to protect the baby after it is born. However, pregnancy is a unique personal circumstance. We encourage those pregnant to discuss this issue with their medical provider." A true copy of the Covid Vaccine Medical Exemption Request Form 2021 is included herewith as Exhibit B.

236.    For any employees seeking religious exemptions to the new policy, defendant purportedly established a committee to review the submitted religious exemptions.

237.    The defendant's required religious exemption form was an online form with several check box questions and a small, one line text box with directions stating "In the space provided, please (1) identify your sincerely held religious belief, practice or observance and (2) explain why it prevents you from receiving a COVID-19 vaccine. Please note that you may be required to provide additional information or supporting documentation to

38

support your request for an exemption." A true copy of the exemption form is

attached herewith as Exhibit C.

238.    The form contained no option to provide any supporting

documentation, such as a personal statement or a clergy letter.

239.    Defendant then denied the plaintiffs' requests prior to allowing them

to provide supporting documents for their accommodation requests.

240.    These denials contained virtually no discussion, other than to state

that plaintiffs failed to state a sincerely held religious belief, or clearly

misconstruing plaintiffs' beliefs to fit a reason for denial, followed by a link to

where plaintiffs could get vaccinated.

241.    Defendant's offering of medical and religious exemptions was illusory

and not based in accordance with federal law, evidenced by (and not limited

to) the following:

   a.   Defendant instructed its network physicians not to draft letters in

        support of medical accommodations for their patients (Exhibit D);

   b.   Defendant amended their medical accommodation form, removing the

        option for a pregnancy accommodation after promising pregnant

        employees that they would be granted accommodations (Exhibit E);

c.   Defendant would not disclose to its employees the individuals that comprised defendant's exemption committee, their qualifications, or what the review process would entail[3];

d.   Defendant refused to accommodate employees that it had accommodated in the past, citing a "new process" that they had created (Exhibit F);

e.   Defendant sent out an email to unit supervisors (Exhibit G) stating that they should encourage employees who had their religious accommodations denied to instead get vaccinated;

f.   This same email provided talking points that supervisors were to use with their subordinates, including assurances that their requests were "carefully reviewed by a committee made up of individuals from across Mass General Brigham," which was "charged with reviewing requests and determining whether each request ***was consistent with the system's position around granting exceptions***" (emphasis added). Further, supervisors were to assure their subordinates that "each request was evaluated based on all information provided, and because of that there is no appeal process."

---

[3] On occasion, some members of the committee would respond using their names instead of the standard signature "The MGB Vaccination Committee," however the committee members, their qualifications, and the evaluation criteria were never disclosed.

g. These instructions were given despite defendant deliberately withholding the identity of those who sat on the committee and withholding "the system's position" for granting accommodations;

h. Additionally, defendant deliberately failed to provide its employees with an option to provide supporting information with their accommodation requests before its anonymous committee "evaluated based on all information provided" and denied the requests;

i. Defendant would not allow for any appeals to denials of religious and disability accommodations (Exhibit H), nor did defendant engage in any meaningful interactive process with any of the plaintiffs; and

j. Defendant granted many accommodations for employees with nearly identical accommodation requests (Exhibit I) yet denied plaintiffs' accommodation requests with no explanation as to why.

**MASS GENERAL BRIGHAM'S DISABILITY DISCRIMINATION**

242. At least 29 Plaintiffs requested reasonable accommodations for disabilities under the ADA.

243. Further, defendant did not engage in any meaningful interactive process with plaintiffs who asserted their medical disabilities, which is a protected activity.

244. In lieu of an interactive process and in lieu of any reasonable accommodations, defendant is placed unvaccinated plaintiffs on unpaid leave on October 20, 2021 and were terminated on or about November 5, 2021.

## MASS GENERAL BRIGHAM'S RELIGIOUS DISCRIMINATION

245.    To date, defendant has not stated what their "position on granting exceptions" is for religious accommodations.

246.    At least 204 Plaintiffs submitted a religious accommodation request.

247.    These plaintiffs have sincerely held religious beliefs, rooted in Biblical Scripture and received by them through prayer.

248.    Plaintiffs seek to make daily decisions, including those regarding vaccination and other medical decisions, through prayer and by reading the Bible.

249.    These sincerely held and prayerfully developed religious beliefs preclude plaintiffs from taking the COVID-19 vaccines.

250.    For plaintiffs to disobey sincerely held religious beliefs would violate their conscience. See *John 14:15 (NIV):* "If you love me, keep my commands," *Acts 5:29 (KJV)* "…We ought to obey God rather than men."

251.    All of the plaintiffs had their religious accommodation requests denied, without an opportunity to appeal, and without any meaningful interactive process. (See ¶ 243 regarding denial emails).

252.    Plaintiffs submitted their request on an online exemption form that did not allow for submission of supporting documents.

253.    Not only were plaintiffs unable to submit supporting documents, but they were also not informed as to who was reviewing their submissions.

Thus, they had no way of providing supporting documents through any other platform until they were denied.

254.     Plaintiffs were therefore reduced to an attempt at describing their personal religious beliefs in a text box which visibly displayed, in the case of plaintiff DiCicco, a total of eight words.

255.     Once these forms were submitted (by design, without the option to submit supporting documents), defendant then denied plaintiffs requests for religious accommodations.

256.     Defendant then emailed its department supervisors, instructing them to use talking points with subordinates who had been denied religious exemptions, stating "each request was evaluated based on all information provided, and because of that there is no appeal process."

257.     In other words, defendant is simply paltering: It claims that it evaluated accommodation requests based on "all the information provided," which in itself is true, however, only because defendant made it impossible for plaintiffs to provide supporting documents by not allowing for their submission on the exemption form and by not informing plaintiffs of who was reviewing their request so that substantive information could be sent to those individuals.

258.     Thus, plaintiffs' accommodation requests (which defendant effectively reduced to what plaintiffs could fit into a small, one line text box), were then

swiftly denied, with the blame placed on the plaintiffs, and the façade of a

legitimate process being published to defendant's supervisors and employees.

259.    Each plaintiff who sought a religious exemption was subject to the

same procedure and was not afforded an appeal or any meaningful

interactive process.

260.    Plaintiffs who failed to receive the vaccination were placed on unpaid

leave on October 20, 2021 and were terminated on or about November 5,

2021.

## COUNT I
### (Disability Discrimination – Failure to Make Reasonable Accommodations)

261.    Plaintiffs repeat and reallege paragraphs 1-260 of this Complaint.

262.    Plaintiffs who sought disability accommodations, all of whom are

"qualified individuals" under the definition of 42 U.S.C. 12111[4], requested

reasonable accommodations for their specific disabilities with respect to

defendant's vaccination policy in writing by submitting defendant's required

exemption form.

263.    Defendant has (and had) a duty as plaintiffs' employer under 41 U.S.C.

12112(b)(5)(a) to make "reasonable accommodations to the known physical or

mental limitations of an otherwise qualified individual with a disability."

264.    Defendant was and is "obligated to provide a reasonable accommodation

(as long as it is not unduly burdensome) where a protected employee has

---

[4] Plaintiffs "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.*

requested an accommodation, or the employer otherwise knew that one was needed." *Murray v. Warren Pumps, LLC*, 821 F.3d 77, 84 (1st Cir. 2016).

265.     Defendant failed to provide any reasonable accommodations upon reasonable requests by plaintiffs.

266.     Defendant failed to assert an undue hardship that would be caused by accommodating plaintiffs' disabilities.

267.     Despite failing to assert an undue hardship, defendant in fact would not be "unduly burdened" or face hardship in accommodating plaintiffs' requests[5], not only because it would not financially or operationally burden defendant to accommodate plaintiffs (See Exhibit P), but because defendant did accommodate some employees while others (including plaintiffs), it chose not to, despite the accommodation requests being similar or nearly identical.

268.     Defendant also failed to engage in any meaningful discussion, interactive process or appeal with the plaintiffs who requested reasonable accommodations.

269.     All plaintiffs were and are ready, willing and able to abide by any reasonable accommodations to defendant's policy including those safety precautions already in effect.

270.     Plaintiffs are all facing adverse employment action, namely being placed

---

[5] Defendant's most recent 990T form available via the IRS (https://apps.irs.gov/pub/epostcard/cor/043230035_201909_990T_2020120117460444.pdf) shows that it has assets of over six ***billion*** and as of August 10, 2021, defendant brought in revenues of $4.1 billion in the third quarter of 2021 alone: https://www.beckershospitalreview.com/finance/mass-general-brigham-posts-2-9b-gain-over-9-months.html. Therefore, under § 12111's definition of "undue hardship," requiring significant difficulty or expense, defendant cannot (and did not) assert that the accommodations would be unduly burdensome.

on unpaid leave and subsequently terminated, due to their inability to adhere
to the defendant's policy because of their disabilities.

## COUNT II
### (Religious Discrimination)

271.     Plaintiffs repeat and reallege paragraphs 1-270 of this Complaint.

272.     Title VII prohibits "discriminat[ion] against any individual with respect
to his compensation, terms, conditions, or privileges of employment, because of
such individual's race, color, religion, sex, or national origin." *Xiaoyan
Tang* v. *Citizens Bank, N.A.*, 821 F.3d 206, 215 (1st Cir. 2016) quoting from
42 U.S.C. § 2000e–2(a)(1).

273.     Defendant had a duty to "[o]ffer a reasonable accommodation to resolve
a conflict between an employee's sincerely held religious belief and a condition
of employment, unless such an accommodation would create an undue
hardship for the employer's business." *Cloutier* v. *Costco Wholesale Corp.*, 390
F.3d 126, 133 (1st Cir. 2004).

274.     Once an employee demonstrates that their religious belief conflicts with
an employment condition, "the burden then shifts to the employer to show that
it offered a reasonable accommodation or, if it did not offer an accommodation,
that doing so would have resulted in undue hardship." *Id.*

275.     Plaintiffs requesting religious accommodations submitted a request for
religious accommodation to the defendant's vaccination policy, informing
defendant that its vaccination policy was in conflict with their sincerely held
religious beliefs.

276.    These requests were submitted via an online form, as required by defendant.

277.    Defendant neither offered to accommodate the plaintiffs nor showed that an accommodation would have resulted in "undue hardship."

278.    Despite failing to assert an undue hardship, defendant in fact would not be "unduly burdened" or face hardship in accommodating plaintiffs' requests, not only because it would not financially or operationally burden defendant to accommodate plaintiffs, but because defendant did accommodate some employees while others (including plaintiffs), it chose not to, despite the accommodation requests being similar or nearly identical.

279.    Defendant also failed to engage in any meaningful discussion, interactive process or appeal with the plaintiffs who requested reasonable accommodations.

280.    All plaintiffs were and are ready, willing and able to abide by any reasonable accommodations to defendant's policy including those safety precautions already in effect.

281.    Plaintiffs are all facing adverse employment action, namely being placed on unpaid leave and subsequently terminated, due to their inability to adhere to the defendant's policy because of their religious beliefs.

**PRAYER FOR RELIEF**

282.    Declaration that defendant violated Title VII and the ADA by discriminating against plaintiffs;

47

283.     Enjoin defendant from taking adverse employment action

against plaintiffs;

284.     Enjoin defendant from enforcing its vaccination policy against

plaintiffs until a verdict is rendered by a jury;

285.     Money damages;

286.     Attorney fees and costs, plus any other relief this Court deems

proper.

**Plaintiffs demand a jury trial on all counts so triable.**

Plaintiffs, by their attorneys,

  /s/ Ryan P. McLane
Ryan P. McLane, Esq. (BBO: 697464)
Lauren Bradford, Esq. (BBO: 700084)
McLane & McLane, LLC
269 South Westfield Street
Feeding Hills, MA 01030
Ph. (413) 789-7771
Fax (413) 789-7731
E-mail: ryan@mclanelaw.com
E-mail: lauren@mclanelaw.com