## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERTA LANCIONE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MASS GENERAL BRIGHAM<br>INCORPORATED,<br><br>　　　　　Defendant. | Civil Action No. 1:21-cv-11686<br><br>Date Filed: January 21, 2022 |

## **DEFENDANT'S ANSWER TO PLAINTIFFS' CORRECTED AMENDED COMPLAINT**

Defendant Mass General Brigham Incorporated ("MGB"), by and through its attorneys

Seyfarth Shaw LLP, hereby submits its Answer to Plaintiffs' Corrected Amended Complaint (the

"Complaint") as follows:

## **INTRODUCTION**

### **COMPLAINT ¶1:**

The issue in this case is defendant Mass General Brigham Incorporated's violations of Title VII and the Americans with Disabilities Act ("ADA") in wrongfully denying religious and disability accommodations to its employees.

### **ANSWER:**

Paragraph 1 contains conclusions of law to which no response is required.  To the extent

a response is deemed required, MGB denies the allegations in Paragraph 1.

### **COMPLAINT ¶2:**

Rather than adhering to federal law, the defendant instead created its own system-wide "position" and "new process" as to the granting of religious and medical accommodations for a newly imposed vaccination policy.

### **ANSWER:**

Defendant denies the allegations in Paragraph 2.

**COMPLAINT ¶3:**

Defendant wrongly denied hundreds of its employees, many of whom fought on the front lines saving lives and fighting the spread of COVID-19 from the beginning of the pandemic to present, reasonable religious and disability accommodations that are protected by the aforementioned federal laws.

**ANSWER:**

Defendant denies the allegations in Paragraph 3.

**COMPLAINT ¶4:**

All plaintiffs have submitted a "Charge of Discrimination form to the EEOC, with some already having obtained a "Notice of Right to Sue," stating that the EEOC will likely be unable to complete administrative processing within 180 days.[1]

**ANSWER:**

Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 4 of the Complaint and therefore denies the same.

**COMPLAINT ¶5:**

Plaintiffs brought this action prior to the remedy provided under 42 U.S.C. 2000-e-5(f)(2) by motion for preliminary injunction and by a showing of irreparable harm, justifying the need to seek immediate preliminary injunctive relief in advance of the EEOC's completion of its investigation or issuance of right to sue letters.[2]

**ANSWER:**

Paragraph 5 contains conclusions of law to which no response is required.  To the extent

a response is deemed required, MGB denies the allegations in Paragraph 5.  Further answering,

on November 4, 2021, this Court found that Plaintiffs did not establish entitlement to preliminary

injunction.  *See Together Emps. v. Mass Gen. Brigham Inc.*, No. CV 21-11686-FDS, 2021 WL

5234394, at *21 (D. Mass. Nov. 10, 2021).  The First Circuit further denied Plaintiffs' motion for

---

[1] Since the initial filing, right to sue letters have been obtained and will be provided on or before the date ordered for the production of initial disclosures.
[2] The First Circuit has held that plaintiffs who show irreparable injury to justify injunctive relief prior to the remedy provided under Title VII need not wait for the EEOC's final review as outlined in 42 U.S.C. § 2000e–5(f)(2). *Bailey v. Delta Air Lines, Inc.*, 722 F.2d 942, 944 (1st Cir. 1983).

78101496v.7

an injunction pending appeal.  *Together Emps. v. Mass Gen. Brigham Inc.*, 19 F.4th 1 (1st Cir.

2021).  Justice Stephen Breyer thereafter denied Plaintiffs' emergency application for writ of

injunction pending appeal to the United States Supreme Court.  *See Together Emps. v. Mass*

*Gen. Brigham Inc.*, No. 21A175, United States Supreme Court, Emergency Application to

Justice Breyer for Writ of Injunction Pending Appeal, Application denied November 29, 2021.

## PARTIES

### COMPLAINT ¶6:

Plaintiff Roberta Lancione is an employee of defendant who was denied a disability
accommodation after submitting a request and documentation to the defendant detailing her
history of angio-edema from prior vaccination and her current treatment for Chronic
Lymphocytic Leukemia. Plaintiff Lancione was also denied a religious accommodation after
submitting a request to the defendant detailing her sincerely held religious beliefs.

### ANSWER:

Defendant denies the allegations in Paragraph 6 except to admit that Ms. Lancione sought

both religious and medical exemptions from MGB's COVID-19 vaccination requirement and

that Ms. Lancione's requests were evaluated – and denied – by one or more trained individuals

on the Religious Exemption Review Committee and two clinical panels of medical experts.

Further answering, MGB states that Ms. Lancione submitted a request for medical exemption on

or about September 2, 2021 and a request for religious exemption on or about September 3,

2021.  MGB affirmatively states that  Ms. Lancione's identified conditions were not included in

the CDC contraindications.

### COMPLAINT ¶7:

Plaintiff Joyce Miller is an employee of defendant who was denied a disability
accommodation and a religious accommodation after submitting a request to the defendant
detailing her sincerely held religious beliefs and a signed form from her physician to support her
request for disability accommodations.

78101496v.7

**ANSWER:**

Defendant denies the allegations in Paragraph 7 except to admit that Ms. Miller sought both religious and medical exemptions from MGB's COVID-19 vaccination requirement and that Ms. Miller's requests were evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee and two clinical panels of medical experts.  Further answering, MGB states that Ms. Miller submitted a request for medical exemption on or about August 17, 2021 and a request for religious exemption on or about August 20, 2021.  MGB affirmatively states that Ms. Miller's identified conditions were not included in the CDC contraindications.

**COMPLAINT ¶8:**

Plaintiff Maria DiFronzo is an employee of defendant who was denied a disability accommodation after submitting evidence that she is pregnant. Plaintiff DiFronzo was also denied a religious accommodation after submitted a request to defendant detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 8 except to admit that Ms. DiFronzo sought both religious and medical exemptions from MGB's COVID-19 vaccination requirement and that Ms. DiFronzo's requests were evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee and two clinical panels of medical experts.  Further answering, MGB states that Ms. DiFronzo submitted a request for medical exemption on or about August 11, 2021 and, following MGB's denial of that request, she submitted a request for religious exemption on or about September 1, 2021.  MGB affirmatively states that Ms. DiFronzo's medical exemption request form indicated that she was pregnant. MGB further affirmatively states that during its medical request review process, the CDC changed its guidance and announced an urgent health advisory to increase COVID-19

78101496v.7

vaccination among people who were pregnant and that pregnancy was not included among the

CDC contraindications.

## COMPLAINT ¶9:

Plaintiff Michael Saccoccio is an employee of defendant who was denied a disability accommodation after submitting three letters from two doctors detailing his inability to receive the vaccine. Plaintiff Saccoccio was also denied a religious accommodation after submitting a request to defendant detailing his sincerely held religious beliefs.

## ANSWER:

Defendant denies the allegations in Paragraph 9 except to admit that Mr. Saccoccio

sought both religious and medical exemptions from MGB's COVID-19 vaccination requirement

and that Mr. Saccoccio's requests were evaluated – and denied – by one or more trained

individuals on the Religious Exemption Review Committee and two clinical panels of medical

experts.  Further answering, MGB states that Mr. Saccoccio submitted a request for medical

exemption on or about August 19, 2021 and a request for religious exemption on or about

August 22, 2021.  MGB  affirmatively states that Mr. Saccoccio's identified conditions were not

included in the CDC contraindications. Finally, MGB affirmatively states that Mr. Saccoccio

submitted supplemental information following MGB's denial of his request, and that MGB

considered that supplemental information and confirmed its denial of the request.

## COMPLAINT ¶10:

Plaintiff, Caine Dufrene, is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability as well as detailing his sincerely held religious beliefs.

## ANSWER:

Defendant denies the allegations in Paragraph 10 except to admit that Mr. Dufrene sought

both religious and medical exemptions from MGB's COVID-19 vaccination requirement and

that those requests were evaluated – and denied – by one or more trained individuals on the

78101496v.7

Religious Exemption Review Committee and two clinical panels of medical experts.  Further answering, MGB states that Mr. Dufrene submitted a request for medical exemption on or about September 1, 2021 and a request for religious exemption on or about September 22, 2021.  MGB affirmatively states that Mr. Dufrene's identified conditions were not included in the CDC contraindications.

**COMPLAINT ¶11:**

Plaintiff, Lori Fluery, is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability as well as detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 11 except to admit that Ms. Fleury sought both religious and medical exemptions from MGB's COVID-19 vaccination requirement and that those requests were evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee and two clinical panels of medical experts.  Further answering, MGB states that Ms. Fleury submitted a request for religious exemption on or about August 15, 2021 and a request for medical exemption on or about October 5, 2021.  MGB affirmatively states that Ms. Fleury's s identified conditions were not included in the CDC contraindications.

**COMPLAINT ¶12:**

Plaintiff, Kerry Haines, is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability condition as well as detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 12 except to admit that Ms. Haines sought both religious and medical exemptions from MGB's COVID-19 vaccination requirement and that those requests were evaluated – and denied – by one or more trained individuals on the

Religious Exemption Review Committee and two clinical panels of medical experts.  Further

answering, MGB states that Ms. Haines submitted a request for religious exemption on or about

September 1, 2021 and a request for medical exemption on or about September 13, 2021.  MGB

affirmatively states that Ms. Haines's identified conditions were not included in the CDC

contraindications.

**COMPLAINT ¶13:**

Plaintiff, Scott Hooper, is an employee of defendant who was denied a disability and
religious accommodation after requesting both from defendant and submitting evidence of a
disability condition as well as detailing his sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 13 except to admit that Mr. Hooper sought

a religious exemption from MGB's COVID-19 vaccination requirement and that his request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.  Further answering, following a diligent review of its records, MGB states that there

is no documentation to support that Mr. Hooper submitted a medical exemption request related

to MGB's vaccination requirement.

**COMPLAINT ¶14:**

Plaintiff, Susan Marconi, is an employee of defendant who was denied a disability and
religious accommodation after requesting both from defendant and submitting evidence of a
disability condition as well as detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 14 except to admit that Ms. Marconi

sought both religious and medical exemptions from MGB's COVID-19 vaccination requirement

and that those requests were evaluated – and denied – by one or more trained individuals on the

Religious Exemption Review Committee and two clinical panels of medical experts.  Further

answering, MGB states that Ms. Marconi submitted a request for religious exemption on or about

78101496v.7

September 1, 2021 and a request for medical exemption on or about September 2, 2021.  MGB affirmatively states that Ms. Marconi's identified conditions were not included in the CDC contraindications.

**COMPLAINT ¶15:**

Plaintiff, Kelly Reynolds, is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability condition as well as detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 15 except to admit that Ms. Reynolds sought both religious and medical exemptions from MGB's COVID-19 vaccination requirement and that those requests were evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee and two clinical panels of medical experts.  Further answering, MGB states that Ms. Reynolds submitted a request for religious exemption on or about September 2, 2021 and a request for medical exemption on or about September 20, 2021. MGB  affirmatively states that Ms. Reynolds's identified conditions were not included in the CDC contraindications.

**COMPLAINT ¶16:**

Plaintiff, Christine Ritrovato, is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability condition as well as detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 16 except to admit that Ms. Ritrovato sought both religious and medical exemptions from MGB's COVID-19 vaccination requirement and that those requests were evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee and two clinical panels of medical experts.  Further answering, MGB states that Ms. Ritrovato submitted a request for medical exemption on or

78101496v.7

about August 18, 2021 and a request for religious exemption on or about September 1, 2021.

MGB affirmatively states that Ms. Ritrovato's identified conditions were not included in the

CDC contraindications.

**COMPLAINT ¶17:**

Plaintiff, Sarah Wade, is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability condition as well as detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 17 except to admit that Ms. Wade sought

both religious and medical exemptions from MGB's COVID-19 vaccination requirement and

that those requests were evaluated – and denied – by one or more trained individuals on the

Religious Exemption Review Committee and two clinical panels of medical experts.  Further

answering, MGB states that Ms. Wade submitted a request for religious exemption on or about

August 13, 2021 and a request for medical exemption on or about September 15, 2021.  MGB

affirmatively states that Ms. Wade's identified conditions were not included in the CDC

contraindications.

**COMPLAINT ¶18:**

Plaintiff, James Wines, MD, is an employee of defendant who was denied a disability and religious accommodation after requesting both from defendant and submitting evidence of a disability condition as well as detailing his sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 18 except to admit that Dr. Wines sought

both religious and medical exemptions from MGB's COVID-19 vaccination requirement and

that those requests were evaluated – and denied – by one or more trained individuals on the

Religious Exemption Review Committee and two clinical panels of medical experts.  Further

answering, MGB states that Dr. Wines submitted a request for religious exemption on or about

78101496v.7

September 3, 2021 and a request for medical exemption on or about September 7, 2021.  MGB

affirmatively states that Dr. Wines's identified conditions were not included in the CDC

contraindications.

**COMPLAINT ¶19:**

Plaintiff, Jill Driscoll, is an employee of defendant who was denied a disability and
religious accommodation after requesting both from defendant and submitting evidence of a
disability condition as well as detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 19 except to admit that Ms. Driscoll sought

a religious exemption from MGB's COVID-19 vaccination requirement and that her request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.  Further answering, following a diligent review of its records, MGB states that there

is no documentation to support that Ms. Driscoll submitted a medical exemption request related

to MGB's vaccination requirement.

**COMPLAINT ¶20:**

Plaintiff, Marisa Williams, is an employee of defendant who was denied a disability and
religious accommodation after requesting both from defendant and submitting evidence of a
disability condition as well as detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 20 except to admit that Ms. Williams

sought both religious and medical exemptions from MGB's COVID-19 vaccination requirement

and that those requests were evaluated – and denied – by one or more trained individuals on the

Religious Exemption Review Committee and two clinical panels of medical experts.  Further

answering, MGB states that Ms. Williams submitted a request for religious exemption on or

about September 2, 2021 and a request for medical exemption on or about October 3, 2021.

78101496v.7

MGB affirmatively states that Ms. Williams's identified conditions were not included in the

CDC contraindications.

## COMPLAINT ¶21:

Plaintiff, Tyler Adams, is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her disability condition for which defendant had already granted a her a reasonable accommodation to their mask policy.

## ANSWER:

Defendant denies the allegations in Paragraph 21 except to admit that Ms. Adams sought

a medical exemption from MGB's COVID-19 vaccination requirement and that her request was

evaluated – and denied – by one or more trained individuals on two clinical panels of medical

experts.  MGB affirmatively states that Ms. Adams's identified conditions were not included in

the CDC contraindications.  Answering further, Defendant states that it never granted Ms.

Adams an exemption from the mask policy, but that as part of an interactive process, MGB

provided her with a Powered Air Purifying Respirator to wear at work, and when Ms. Adams

expressed that she no longer wanted to wear that device, MGB offered – and Ms. Adams

accepted – a transfer into a remote role.

## COMPLAINT ¶22:

Plaintiff, Melissa Candido, is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her disability contraindications.

## ANSWER:

Defendant denies the allegations in Paragraph 22 except to admit that Ms. Candido

sought a medical exemption from MGB's COVID-19 vaccination requirement and that her

request was evaluated – and denied – by one or more trained individuals on two clinical panels

of medical experts.  MGB affirmatively states that Ms. Candido's identified conditions were not included in the CDC contraindications.

**COMPLAINT ¶23:**

Plaintiff, Lisa Cates, is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her disability contraindications.

**ANSWER:**

Defendant denies the allegations in Paragraph 23 except to admit that Ms. Cates sought a medical exemption from MGB's COVID-19 vaccination requirement and that her request was evaluated – and denied – by one or more trained individuals on two clinical panels of medical experts.  MGB affirmatively states that Ms. Cates's identified conditions were not included in the CDC contraindications.

**COMPLAINT ¶24:**

Plaintiff, Alan Doherty, is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing his disability contraindications.

**ANSWER:**

Defendant denies the allegations in Paragraph 24 except to admit that Mr. Doherty sought a medical exemption from MGB's COVID-19 vaccination requirement and that his request was evaluated – and denied – by one or more trained individuals on two clinical panels of medical experts.  MGB affirmatively states that Mr. Doherty's identified conditions were not included in the CDC contraindications.

**COMPLAINT ¶25:**

Plaintiff, Jane Donegan, is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her disability contraindications.

78101496v.7

**ANSWER:**

Defendant denies the allegations in Paragraph 25 except to admit that Ms. Donegan sought a medical exemption from MGB's COVID-19 vaccination requirement and that her request was evaluated – and denied – by one or more trained individuals on two clinical panels of medical experts.  MGB affirmatively states that Ms. Donegan's identified conditions were not included in the CDC contraindications.

**COMPLAINT ¶26:**

Plaintiff, Kasie Pasquantonio, is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her disability contraindications.

**ANSWER:**

Defendant denies the allegations in Paragraph 26 except to admit that Ms. Pasquantonio sought a medical exemption from MGB's COVID-19 vaccination requirement and that her request was evaluated – and denied – by one or more trained individuals on two clinical panels of medical experts.   MGB affirmatively states that Ms. Pasquantonio's identified conditions were not included in the CDC contraindications.

**COMPLAINT ¶27:**

Plaintiff, Monalisa Pierre, is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her disability contraindications.

**ANSWER:**

Defendant denies the allegations in Paragraph 27 except to admit that Ms. Pierre sought a medical exemption from MGB's COVID-19 vaccination requirement and that her request was evaluated – and denied – by one or more trained individuals on two clinical panels of medical experts.  MGB affirmatively states that Ms. Pierre's identified conditions were not included in the CDC contraindications.

**COMPLAINT ¶28:**

Plaintiff, Melissa Pinnetti, is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her disability contraindications.

**ANSWER:**

Defendant denies the allegations in Paragraph 28.   Following a diligent review of its

records, MGB affirmatively states that there is no documentation to support that Ms. Pinnetti

submitted a medical exemption request related to MGB's vaccination requirement.

**COMPLAINT ¶29:**

Plaintiff, Jennifer Tone, is an employee of defendant who was denied a disability accommodation after submitting a request and documentation to the defendant detailing her disability contraindications.

**ANSWER:**

Defendant denies the allegations in Paragraph 29 except to admit that Ms. Tone sought a

medical exemption from MGB's COVID-19 vaccination requirement and that her request was

evaluated – and denied – by one or more trained individuals on two clinical panels of medical

experts.  MGB affirmatively states that Ms. Tone's identified conditions were not included in the

CDC contraindications.

**COMPLAINT ¶30:**

Plaintiff Natasha DiCicco is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs to the defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 30 except to admit that Ms. DiCicco

sought a religious exemption from MGB's COVID-19 vaccination requirement and that her

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

78101496v.7

**COMPLAINT ¶31:**

Plaintiff, Nicholas Arno, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs to the defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 31 except to admit that Mr. Arno sought a religious exemption from MGB's COVID-19 vaccination requirement and that his request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶32:**

Plaintiff, Ruben Almeida, is an employee of defendant who had been given religious accommodation by defendant in the past yet was denied a religious accommodation after sending a request and detailing his sincerely held religious beliefs to the defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 32 except to admit that Mr. Almeida sought a religious exemption from MGB's COVID-19 vaccination requirement and that his request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.  MGB further admits that Mr. Almeida sought a religious exemption from MGB's influenza vaccination requirement in 2018, 2019, and 2020 and that those requests were granted.

**COMPLAINT ¶33:**

Plaintiff Mimi Adams, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs to defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 33 except to admit that Ms. Adams sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was

78101496v.7

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶34:**

Plaintiff, Alexandra Alexandrova, is an employee of defendant who had been given religious accommodation by defendant in the past yet was denied a religious accommodation after sending a request and detailing her sincerely held religious beliefs to defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 34 except to admit that Ms. Alexandrova

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.  MGB further admits that Ms. Alexandrova sought a religious

exemption from MGB's influenza vaccination requirement in 2018, 2019, and 2020, and that

those requests were granted.

**COMPLAINT ¶35:**

Plaintiff, John Alfama, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs to defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 35 except to admit that Mr. Alfama sought

a religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶36:**

Plaintiff, Nykiesha Allien, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 36 except to admit that Ms. Allien sought a

religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶37:**

Plaintiff Charlotte Amedee is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 37 except to admit that Ms. Amedee

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶38:**

Plaintiff, Tracy Anderson, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 38 except to admit that Ms. Anderson

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶39:**

Plaintiff, Meredith Anderson, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

78101496v.7

**ANSWER:**

Defendant denies the allegations in Paragraph 39 except to admit that Ms. Anderson sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶40:**

Plaintiff, Alicia Attarian, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 40 except to admit that Ms. Attarian sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶41:**

Plaintiff, Clarisse Bacolong, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 41 except to admit that Ms. Bacolong sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶42:**

Plaintiff, Pamela Barone, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

78101496v.7

**ANSWER:**

Defendant denies the allegations in Paragraph 42 except to admit that Ms. Barone sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶43:**

Plaintiff, Stephen Barry, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 43 except to admit that Mr. Barry sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶44:**

Plaintiff, Jennifer Beckwith, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 44 except to admit that Ms. Beckwith sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶45:**

Plaintiff, Kathleen Beede, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 45 except to admit that Ms. Beede sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶46:**

Plaintiff, Catherine Bernardone, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 46 except to admit that Ms. Bernadone sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶47:**

Plaintiff, Linda Berube-Walker, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 47 except to admit that Ms. Berube-Walker sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶48:**

Plaintiff, Kristie Boutin, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 48 except to admit that Ms. Boutin sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶49:**

Plaintiff, Kelly Bianchi, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 49 except to admit that Ms. Bianchi sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶50:**

Plaintiff, Brittini Bieker, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 50 except to admit that Ms. Bieker sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶51:**

Plaintiff, Tiffany Bigham, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 51 except to admit that Ms. Bigham sought

a religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶52:**

Plaintiff, Lora Blank, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 52 except to admit that Ms. Blank sought a

religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶53:**

Plaintiff, Urszula Boryczka, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 53 except to admit that Ms. Boryczka

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶54:**

Plaintiff, Josette Britton, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 54 except to admit that Ms. Britton sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶55:**

Plaintiff, Kristen Brouillard, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 55 except to admit that Ms. Brouillard sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶56:**

Plaintiff, Erin Brown, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 56 except to admit that Ms. Brown sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶57:**

Plaintiff, Brenda Brown-Thawe, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 57 except to admit that Ms. Brown-Thawe

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶58:**

Plaintiff, Christopher Burt, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 58 except to admit that Mr. Burt sought a

religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶59:**

Plaintiff, Raquel Bustillo, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 59 except to admit that Ms. Bustillo sought

a religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶60:**

Plaintiff, Denise Cadigan, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 60 except to admit that Ms. Cadigan

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶61:**

Plaintiff, Maria Capozzi, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 61 except to admit that Ms. Capozzi sought

a religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶62:**

Plaintiff, Gail Caracciolo, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 62 except to admit that Ms. Caracciolo

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶63:**

Plaintiff, Mayra Cardona, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 63 except to admit that Ms. Cardona sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶64:**

Plaintiff, Dwight Caufield, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 64 except to admit that Mr. Caufield sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶65:**

Plaintiff, Elizabeth Chaisson, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 65 except to admit that Ms. Chaisson sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶66:**

Plaintiff, Susan Chase, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

78101496v.7

**ANSWER:**

Defendant denies the allegations in Paragraph 66 except to admit that Ms. Chase sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶67:**

Plaintiff, Andrea Citrone, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 67 except to admit that Ms. Citrone sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶68:**

Plaintiff, Alicia Clancy, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 68 except to admit that Ms. Clancy sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶69:**

Plaintiff, Patricia Clark, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

78101496v.7

**ANSWER:**

Defendant denies the allegations in Paragraph 69 except to admit that Ms. Clark sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶70:**

Plaintiff, Courtney Concillo, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 70 except to admit that Ms. Concillo sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶71:**

Plaintiff, Madeline Conley, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 71 except to admit that Ms. Conley sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶72:**

Plaintiff, Laura Conway, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 72 except to admit that Ms. Conway

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶73:**

Plaintiff, Courtney Coppola, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 73 except to admit that Ms. Coppola

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶74:**

Plaintiff, Kelly Corona-Welch, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 74 except to admit that Ms. Corona-Welch

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶75:**

Plaintiff, Daniel Correia, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 75 except to admit that Mr. Correia sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶76:**

Plaintiff, Maria Coviello, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 76 except to admit that Ms. Coviello sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶77:**

Plaintiff, Elisangela Cunha-Afonso, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 77 except to admit that Ms. Cunha-Afonso sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶78:**

Plaintiff, Taylor Curley, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 78 except to admit that Ms. Curley sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶79:**

Plaintiff, Mark Dalimonte, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 79 except to admit that Mr. Dalimonte sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶80:**

Plaintiff, Jill Daniels, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 80 except to admit that Ms. Daniels sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶81:**

Plaintiff, Michele Deforge, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 81 except to admit that Ms. Deforge sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶82:**

Plaintiff, Jean Marie Devine, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 82 except to admit that Ms. Devine sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶83:**

Plaintiff, Dmitri Doncev, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 83 except to admit that Mr. Doncev sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶84:**

Plaintiff, Joan Duffy, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 84 except to admit that Ms. Duffy sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶85:**

Plaintiff, Jessika Dunn, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 85 except to admit that Ms. Dunn sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶86:**

Plaintiff, Carlos Duran, MD, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 86 except to admit that Dr. Duran sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶87:**

Plaintiff, Jennifer Duran, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 87 except to admit that Ms. Duran sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶88:**

Plaintiff, Anika Ebanks, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 88 except to admit that Ms. Ebanks sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶89:**

Plaintiff, Tansheka Edwards, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 89 except to admit that Ms. Edwards sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶90:**

Plaintiff, Tom Emerson, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 90 except to admit that Mr. Emerson

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶91:**

Plaintiff, Christopher Erickson, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 91 except to admit that Mr. Erickson

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶92:**

Plaintiff, Sandra Federico, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 92 except to admit that Ms. Federico

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶93:**

Plaintiff, Zinnia Feliciano, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 93 except to admit that Ms. Feliciano sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶94:**

Plaintiff, Denise Flathers, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 94 except to admit that Ms. Flathers sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶95:**

Plaintiff, Lisa Foley, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 95 except to admit that Ms. Foley sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶96:**

Plaintiff, Kris Forde, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 96 except to admit that Ms. Forde sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶97:**

Plaintiff, Jeanine Fotino, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 97 except to admit that Ms. Fotino sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶98:**

Plaintiff, Ralph Frasca, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 98 except to admit that Mr. Frasca sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶99:**

Plaintiff, Laina Frazier, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 99 except to admit that Ms. Frazier sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶100:**

Plaintiff, Ruth Frenchwood, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 100 except to admit that Ms. Frenchwood sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶101:**

Plaintiff, Lisa Freni, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 101 except to admit that Ms. Freni sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶102:**

Plaintiff, Kathleen Fusco, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 102 except to admit that Ms. Fusco sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶103:**

Plaintiff, Melissa Gable, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 103 except to admit that Ms. Gable sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶104:**

Plaintiff, Maryna Garbitt, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 104 except to admit that Ms. Garbitt sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶105:**

Plaintiff, Luisa Garcia, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

78101496v.7

**ANSWER:**

Defendant denies the allegations in Paragraph 105 except to admit that Ms. Garcia sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶106:**

Plaintiff, Kristen Gauthier, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 106 except to admit that Ms. Gauthier sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶107:**

Plaintiff, Carmela Giso, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 107 except to admit that Ms. Giso sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶108:**

Plaintiff, Elisabette Gomes, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 108 except to admit that Ms. Gomes sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶109:**

Plaintiff, Jolene Gonsalves, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 109 except to admit that Ms. Gonsalves sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶110:**

Plaintiff, Nelida Gonzalez, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 110 except to admit that Ms. Gonzalez sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶111:**

Plaintiff, Sarah Graffam, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

78101496v.7

**ANSWER:**

Defendant denies the allegations in Paragraph 111 except to admit that Ms. Graffam

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶112:**

Plaintiff, David Granara, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 112 except to admit that Mr. Granara

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶113:**

Plaintiff, Samantha Gross, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 113 except to admit that Ms. Gross sought

a religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶114:**

Plaintiff, Martina Groves-Williams, is an employee of defendant who was denied a
religious accommodation after requesting an accommodation and detailing her sincerely held
religious beliefs.

78101496v.7

**ANSWER:**

Defendant denies the allegations in Paragraph 114 except to admit that Ms. Groves-

Williams sought a religious exemption from MGB's COVID-19 vaccination requirement and

that the request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶115:**

Plaintiff, Jamie Hadayia, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 115 except to admit that Ms. Hadayia

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶116:**

Plaintiff, Adil Haiti, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 116 except to admit that Ms. Haiti sought a

religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶117:**

Plaintiff, Ashley "Nikki" Hamel, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 117 except to admit that Ms. Hamel sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶118:**

Plaintiff, Francesca Hirtle, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 118 except to admit that Ms. Hirtle sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶119:**

Plaintiff, Marissa Hoffman, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 119 except to admit that Ms. Hoffman sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶120:**

Plaintiff, W. Scott Hoge, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 120 except to admit that Mr. Hoge sought

a religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶121:**

Plaintiff, Florence Holmes, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 121 except to admit that Ms. Holmes

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶122:**

Plaintiff, Jeanmarie Holmes, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 122 except to admit that Ms. Holmes

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶123:**

Plaintiff, Denise Homka, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

78101496v.7

**ANSWER:**

Defendant denies the allegations in Paragraph 123 except to admit that Ms. Homka sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶124:**

Plaintiff, Jennifer Howard, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 124 except to admit that Ms. Howard sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶125:**

Plaintiff, Beverly Hupfer, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 125 except to admit that Ms. Hupfer sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶126:**

Plaintiff, Martha Ithier, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 126 except to admit that Ms. Ithier sought

a religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶127:**

Plaintiff, Steve Jean-Mary, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing his sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 127 except to admit that Mr. Jean-Mary

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶128:**

Plaintiff, Jessica Joachim, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 128 except to admit that Ms. Joachim

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶129:**

Plaintiff, Teresa Kanaiski, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 129 except to admit that Ms. Kanaiski

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶130:**

Plaintiff, Jason Karanzas, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing his sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 130 except to admit that Mr. Karanzas

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶131:**

Plaintiff, William Kasper, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing his sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 131 except to admit that Mr. Kasper sought

a religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶132:**

Plaintiff, Konstantin Kerentsev, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing his sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 132 except to admit that Mr. Kerentsev

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶133:**

Plaintiff, Lubjana Koli, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 133 except to admit that Ms. Koli sought a

religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶134:**

Plaintiff, Julia Krafick, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 134 except to admit that Ms. Krafick

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶135:**

Plaintiff, Andree Laflash, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 135 except to admit that Ms. Laflash

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶136:**

Plaintiff, Marie Lafreniere, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 136 except to admit that Ms. Lafreniere

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶137:**

Plaintiff, Joseph Lamontagne, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing his sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 137 except to admit that Mr. Lamontagne

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶138:**

Plaintiff, Susan Leavitt, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 138 except to admit that Ms. Leavitt

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶139:**

Plaintiff, Katherine Lemmertz, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 139 except to admit that Ms. Lemmertz

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶140:**

Plaintiff, Ann Marie Lilly, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 140 except to admit that Ms. Lilly sought a

religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶141:**

Plaintiff, Kim Litalien, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

78101496v.7

**ANSWER:**

Defendant denies the allegations in Paragraph 141 except to admit that Ms. Litalien sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶142:**

Plaintiff, Jillian Litto, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 142 except to admit that Ms. Litto sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶143:**

Plaintiff, Michelle Logan, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 143 except to admit that Ms. Logan sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶144:**

Plaintiff, Shannon Lundin, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 144 except to admit that Ms. Lundin

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶145:**

Plaintiff, Christa Luongo, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 145 except to admit that Ms. Luongo

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶146:**

Plaintiff, Leah Machado, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 146 except to admit that Ms. Machado

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶147:**

Plaintiff, Angela MacLeod-Ruo, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 147 except to admit that Ms. MacLeod-Ruo sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶148:**

Plaintiff, Sarah Maloney, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 148 except to admit that Ms. Maloney sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶149:**

Plaintiff, Amanda Marchionda, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 149 except to admit that Ms. Marchionda sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶150:**

Plaintiff, Maria Margaris, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 150 except to admit that Ms. Margaris

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶151:**

Plaintiff, Lorraine Martin, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 151 except to admit that Ms. Martin sought

a religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶152:**

Plaintiff, Gina Mastro, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 152 except to admit that Ms. Mastro

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶153:**

Plaintiff, Lisa Mastromatteo, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

78101496v.7

**ANSWER:**

Defendant denies the allegations in Paragraph 153 except to admit that Ms. Mastromatteo

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶154:**

Plaintiff, Barbara Matteson, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 154 except to admit that Ms. Matteson

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶155:**

Plaintiff, Jessica McDonald, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 155 except to admit that Ms. McDonald

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶156:**

Plaintiff, Devan McDonald, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing his sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 156 except to admit that Mr. McDonald sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶157:**

Plaintiff, Janice McDonald, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 157 except to admit that Ms. McDonald sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶158:**

Plaintiff, Nicholas McKay, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 158 except to admit that Mr. McKay sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶159:**

Plaintiff, Roseann McNamara, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 159 except to admit that Ms. McNamara sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶160:**

Plaintiff, Robin Meadows, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 160 except to admit that Ms. Meadows sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶161:**

Plaintiff, Stefanie Michael, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 161 except to admit that Ms. Michael sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶162:**

Plaintiff, Sara Miles, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 162 except to admit that Ms. Miles sought

a religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶163:**

Plaintiff, Yuliya Mironovas, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 163 except to admit that Ms. Mironovas

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶164:**

Plaintiff, Michelle Morena, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 164 except to admit that Ms. Morena

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶165:**

Plaintiff, Raechel Morganto, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 165 except to admit that Ms. Morganto

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶166:**

Plaintiff, Alice Morrison, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 166 except to admit that Ms. Morrison

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶167:**

Plaintiff, Lori Munro, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 167 except to admit that Ms. Munro sought

a religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶168:**

Plaintiff, Karen O'Connor, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

78101496v.7

**ANSWER:**

Defendant denies the allegations in Paragraph 168.  Further answering, following a diligent review of its records, MGB states that there is no documentation to support that Ms. O'Connor submitted a religious exemption request related to MGB's vaccination requirement.

**COMPLAINT ¶169:**

Plaintiff, Michelle Orfanos, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 169 except to admit that Ms. Orfanos sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶170:**

Plaintiff, Lisa Orrall, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 170 except to admit that Ms. Orrall sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶171:**

Plaintiff, Julia Pagiluca, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 171 except to admit that Ms. Pagiluca

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶172:**

Plaintiff, Scott Palladino, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing his sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 172 except to admit that Mr. Palladino

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶173:**

Plaintiff, Malinda Paulino, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 173 except to admit that Ms. Paulino

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶174:**

Plaintiff, Teresa Penta, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

78101496v.7

**ANSWER:**

Defendant denies the allegations in Paragraph 174 except to admit that Ms. Penta sought

a religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶175:**

Plaintiff, Andrea Pittore-McManus, is an employee of defendant who was denied a
religious accommodation after requesting an accommodation and detailing her sincerely held
religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 175 except to admit that Ms. Pittore-

McManus sought a religious exemption from MGB's COVID-19 vaccination requirement and

that the request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶176:**

Plaintiff, Jhanel Potts, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing his sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 176 except to admit that Ms. Potts sought a

religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶177:**

Plaintiff, Charles Riley, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing his sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 177 except to admit that Mr. Riley sought

a religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶178:**

Plaintiff, Nicole Roberto, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 178 except to admit that Ms. Roberto

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶179:**

Plaintiff, Gracinda Rochdi, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 179 except to admit that Mr. Rochdi

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶180:**

Plaintiff, Jessica Rodriguez, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 180 except to admit that Ms. Rodriguez sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶181:**

Plaintiff, Debra Rodriguez, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 181 except to admit that Ms. Rodriguez sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶182:**

Plaintiff, Ericka Rollins, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 182 except to admit that Ms. Rollins sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶183:**

Plaintiff, Felyn Rosario, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 183 except to admit that Ms. Rosario

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶184:**

Plaintiff, Ann Rowand, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 184 except to admit that Ms. Rowand

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶185:**

Plaintiff, Maria Rupnick, MD, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 185 except to admit that Dr. Rupnick

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶186:**

Plaintiff, Laura Ryan, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

78101496v.7

**ANSWER:**

Defendant denies the allegations in Paragraph 186 except to admit that Ms. Ryan sought

a religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶187:**

Plaintiff, Elaine Samaris-Harrington, is an employee of defendant who was denied a
religious accommodation after requesting an accommodation and detailing her sincerely held
religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 187 except to admit that Ms. Samaris-

Harrington sought a religious exemption from MGB's COVID-19 vaccination requirement and

that the request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶188:**

Plaintiff Brenda Santiago is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 188 except to admit that Ms. Santiago

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶189:**

Plaintiff, Sarah Shulman, MD, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 189 except to admit that Dr. Shulman

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶190:**

Plaintiff, Elizabeth Silva, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 190 except to admit that Ms. Silva sought a

religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶191:**

Plaintiff, Nikkia Simpson, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 191 except to admit that Ms. Simpson

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶192:**

Plaintiff, Anne Smail, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

78101496v.7

**ANSWER:**

Defendant denies the allegations in Paragraph 192 except to admit that Ms. Smail sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶193:**

Plaintiff, Wendy Soumas, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 193 except to admit that Ms. Soumas sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶194:**

Plaintiff, Danielle Stevens, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 194 except to admit that Ms. Stevens sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶195:**

Plaintiff, Jamie Steverman, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 195 except to admit that Ms. Steverman sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶196:**

Plaintiff, Michael Strong, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 196 except to admit that Mr. Strong sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶197:**

Plaintiff, Joshua Sudbey, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 197 except to admit that Mr. Sudbey sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶198:**

Plaintiff, Anna Sylvia, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

78101496v.7

**ANSWER:**

Defendant denies the allegations in Paragraph 198 except to admit that Ms. Sylvia sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶199:**

Plaintiff, Heather Szymczak, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 199 except to admit that Ms. Szymczak sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶200:**

Plaintiff, Umberto Tatafiore, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 200 except to admit that Mr. Tatafiore sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶201:**

Plaintiff, Anthony Taverna, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 201 except to admit that Mr. Taverna

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶202:**

Plaintiff, Lisa Tobio, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 202 except to admit that Ms. Tobio sought

a religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶203:**

Plaintiff, Kelly Todd, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 203 except to admit that Ms. Todd sought

a religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶204:**

Plaintiff, Danielle Marie Tomasello, is an employee of defendant who was denied a
religious accommodation after requesting an accommodation and detailing her sincerely held
religious beliefs.

78101496v.7

**ANSWER:**

Defendant denies the allegations in Paragraph 204 except to admit that Ms. Tomasello sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶205:**

Plaintiff, Ruth Tonico, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 205 except to admit that Ms. Tonico sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶206:**

Plaintiff, Jane Torrance ,is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 206 except to admit that Ms. Torrance sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶207:**

Plaintiff, Neldine Torres, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 207 except to admit that Ms. Torres sought

a religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶208:**

Plaintiff, Nicole Towne, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 208 except to admit that Ms. Towne sought

a religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶209:**

Plaintiff, Laura Tremblay, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 209 except to admit that Ms. Tremblay

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶210:**

Plaintiff, Rosanna Ursino, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

78101496v.7

**ANSWER:**

Defendant denies the allegations in Paragraph 210 except to admit that Ms. Ursino sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶211:**

Plaintiff, Caroline Ventola, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 211 except to admit that Ms. Ventola sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶212:**

Plaintiff, Lucia Ventura, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 212 except to admit that Ms. Ventura sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶213:**

Plaintiff, Frivian Vicente, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 213 except to admit that Ms. Vicente sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶214:**

Plaintiff, Patricia Vosikas, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 214 except to admit that Ms. Vosikas sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶215:**

Plaintiff, Athina Vranishti, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 215 except to admit that Ms. Vranishti sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶216:**

Plaintiff, Sheila Walsh, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 216 except to admit that Ms. Walsh sought

a religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶217:**

Plaintiff, LeeAnn Whalley, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 217 except to admit that Ms. Whalley

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶218:**

Plaintiff, Henrietta Williams, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 218 except to admit that Ms. Williams

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶219:**

Plaintiff, Markian Zaiats, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing his sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 219 except to admit that Ms. Zaitas sought

a religious exemption from MGB's COVID-19 vaccination requirement and that the request was

evaluated – and denied – by one or more trained individuals on the Religious Exemption Review

Committee.

**COMPLAINT ¶220:**

Plaintiff, Maritza Zuluaga, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 220 except to admit that Ms. Zuluaga

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶221:**

Plaintiff, Kien Nguyen, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing his sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 221 except to admit that Mr. Nguyen

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶222:**

Plaintiff, Esther Jones, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

78101496v.7

**ANSWER:**

Defendant denies the allegations in Paragraph 222 except to admit that Ms. Jones sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶223:**

Plaintiff, Patricia Parker, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 223 except to admit that Ms. Parker sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶224:**

Plaintiff, Amilcar Cardoso, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing his sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 224 except to admit that Mr. Cardoso sought a religious exemption from MGB's COVID-19 vaccination requirement and that the request was evaluated – and denied – by one or more trained individuals on the Religious Exemption Review Committee.

**COMPLAINT ¶225:**

Plaintiff, Maria Crevello, is an employee of defendant who was denied a religious accommodation after requesting an accommodation and detailing her sincerely held religious beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 225 except to admit that Ms. Crevello

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶226:**

Plaintiff, Corinne Valstyn, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 226.  Further answering, following a

diligent review of its records, MGB states that there is no documentation to support that Ms.

Valstyn submitted a religious exemption request related to MGB's vaccination requirement.

**COMPLAINT ¶227:**

Plaintiff, Francine Laforest, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing her sincerely held religious
beliefs.

**ANSWER:**

Defendant denies the allegations in Paragraph 227 except to admit that Ms. Laforest

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶228:**

Plaintiff, Leandro Alcantara, is an employee of defendant who was denied a religious
accommodation after requesting an accommodation and detailing his sincerely held religious
beliefs.

78101496v.7

**ANSWER:**

Defendant denies the allegations in Paragraph 228 except to admit that Mr. Alcantara

sought a religious exemption from MGB's COVID-19 vaccination requirement and that the

request was evaluated – and denied – by one or more trained individuals on the Religious

Exemption Review Committee.

**COMPLAINT ¶229:**

Defendant, Mass General Brigham Incorporated is a Massachusetts Corporation with a
principal address listed as 800 Boylston Street in Boston, Massachusetts. It has fourteen hospitals
and several other medical facilities throughout the Commonwealth of Massachusetts.

**ANSWER:**

Defendant admits the allegations in the first sentence Paragraph 229.  As to the second

sentence, Defendant admits that there are fourteen hospitals in its network and a number of

additional medically-related organizations.

### JURISDICTION, VENUE AND STANDING

**COMPLAINT ¶230:**

Plaintiffs bring this action for disability discrimination under the Americans with
Disabilities Act (hereinafter "ADA") and religious discrimination under Title VII of the Civil
Rights Act, with all claims arising within the context of plaintiffs' employment by the defendant.

**ANSWER:**

Paragraph 230 contains conclusions of law to which no response is required.  To the

extent a response is deemed required, MGB denies the allegations in Paragraph 230.

**COMPLAINT ¶231:**

All plaintiffs are employees of the defendant in various hospitals and facilities and either
had their religious or disability accommodations wrongfully denied by the defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 231 and affirmatively states that the

Plaintiffs were not all employed by MGB.

78101496v.7

**COMPLAINT ¶232:**

Plaintiffs are seeking declaratory and preliminary injunctive relief under 28 U.S.C. § 2201 and § 2202.

**ANSWER:**

Paragraph 232 contains conclusions of law to which no response is required.  Further answering, on November 4, 2021, this Court found that Plaintiffs did not establish entitlement to preliminary injunction.  *See Together Emps.*, 2021 WL 5234394, at *21. The First Circuit further denied Plaintiffs' motion for an injunction pending appeal, *Together Emps.*, 19 F.4th 1, and Justice Stephen Breyer thereafter denied Plaintiffs' emergency application for writ of injunction pending appeal to the United States Supreme Court.  *See Together Emps.* No. 21A175, United States Supreme Court, Emergency Application to Justice Breyer for Writ of Injunction Pending Appeal, Application denied November 29, 2021.

## FACTUAL BACKGROUND

**COMPLAINT ¶233:**

On June 24, 2021, defendant's President and CEO, Ann Klibanski, announced that all employees would be required to receive one of three COVID-19 vaccines. A true copy of the announcement is included herewith as Exhibit A.

**ANSWER:**

The June 24, 2021 announcement speaks for itself and Defendant denies the allegations in Paragraph 233 to the extent they are inconsistent with that announcement.

**COMPLAINT ¶234:**

The announcement initially stated that exemptions would be available for "medical and religious reasons" and for "employees who are pregnant or who intend to become pregnant."

**ANSWER:**

The June 24, 2021 announcement speaks for itself and Defendant denies the allegations in Paragraph 234 to the extent they are inconsistent with that announcement.

**COMPLAINT ¶235:**

Defendant provided its employees with a "Covid Vaccine Medical Exemption Request Form 2021" for those seeking medical accommodations, which allowed for a temporary exemption for pregnancy stating, "According to the CDC and American College of Obstetrics and Gynecology, the COVID-19 vaccination is safe and effective for pregnant women and to protect the baby after it is born. However, pregnancy is a unique personal circumstance. We encourage those pregnant to discuss this issue with their medical provider." A true copy of the Covid Vaccine Medical Exemption Request Form 2021 is included herewith as Exhibit B.

**ANSWER:**

The referenced medical exemption request form speaks for itself and Defendant denies

the allegations in Paragraph 235 to the extent they are inconsistent with that form.

**COMPLAINT ¶236:**

For any employees seeking religious exemptions to the new policy, defendant purportedly established a committee to review the submitted religious exemptions.

**ANSWER:**

Defendant admits that it established a Religious Exemption Review Committee to review

requests for religious exemption from the vaccination requirement and otherwise denies the

allegations in Paragraph 236.

**COMPLAINT ¶237:**

The defendant's required religious exemption form was an online form with several check box questions and a small, one line text box with directions stating "In the space provided, please (1) identify your sincerely held religious belief, practice or observance and (2) explain why it prevents you from receiving a COVID-19 vaccine. Please note that you may be required to provide additional information or supporting documentation to support your request for an exemption." A true copy of the exemption form is attached herewith as Exhibit C.

**ANSWER:**

Defendant states that the referenced religious exemption form speaks for itself and denies

the allegations in Paragraph 237 to the extent they are inconsistent with that form.  Answering

further, Defendant states that, on the form, MGB provided employees with a free text field to

respond to the two-prong prompt that Plaintiffs quote in Paragraph 237. MGB further

affirmatively states that employees could choose how long of an explanation to write and that the text box expanded as needed.

**COMPLAINT ¶238:**

The form contained no option to provide any supporting documentation, such as a personal statement or a clergy letter.

**ANSWER:**

Defendant admits that the initial religious exemption request form did not include an option to append supporting documentation.  Defendant affirmatively states that through its interactive process, employees could submit any supporting documentation that they believed was relevant to the Religious Exemption Review Committee by email – and those seeking religious exemptions from the vaccination requirement routinely provided such supporting documentation.

**COMPLAINT ¶239:**

Defendant then denied the plaintiffs' requests prior to allowing them to provide supporting documents for their accommodation requests.

**ANSWER:**

Defendant denies the allegations in Paragraph 239.

**COMPLAINT ¶240:**

These denials contained virtually no discussion, other than to state that plaintiffs failed to state a sincerely held religious belief, or clearly misconstruing plaintiffs' beliefs to fit a reason for denial, followed by a link to where plaintiffs could get vaccinated.

**ANSWER:**

Defendant denies the allegations in Paragraph 240.

**COMPLAINT ¶241:**

Defendant's offering of medical and religious exemptions was illusory and not based in accordance with federal law, evidenced by (and not limited to) the following:

a.    Defendant instructed its network physicians not to draft letters in support of medical accommodations for their patients (Exhibit D);

b.    Defendant amended their medical accommodation form, removing the option for a pregnancy accommodation after promising pregnant employees that they would be granted accommodations (Exhibit E);

c.    Defendant would not disclose to its employees the individuals that comprised defendant's exemption committee, their qualifications, or what the review process would entail[3];

d.    Defendant refused to accommodate employees that it had accommodated in the past, citing a "new process" that they had created (Exhibit F);

e.    Defendant sent out an email to unit supervisors (Exhibit G) stating that they should encourage employees who had their religious accommodations denied to instead get vaccinated;

f.    This same email provided talking points that supervisors were to use with their subordinates, including assurances that their requests were "carefully reviewed by a committee made up of individuals from across Mass General Brigham," which was "charged with reviewing requests and determining whether each request *was consistent with the system's position around granting exceptions*" (emphasis added). Further, supervisors were to assure their subordinates that "each request was evaluated based on all information provided, and because of that there is no appeal process."

g.    These instructions were given despite defendant deliberately withholding the identity of those who sat on the committee and withholding "the system's position" for granting accommodations;

h.    Additionally, defendant deliberately failed to provide its employees with an option to provide supporting information with their accommodation requests before its anonymous committee "evaluated based on all information provided" and denied the requests;

i.    Defendant would not allow for any appeals to denials of religious and disability accommodations (Exhibit H), nor did defendant engage in any meaningful interactive process with any of the plaintiffs; and

j.    Defendant granted many accommodations for employees with nearly identical accommodation requests (Exhibit I) yet denied plaintiffs' accommodation requests with no explanation as to why.

---

[3] On occasion, some members of the committee would respond using their names instead of the standard signature "The MGB Vaccination Committee," however the committee members, their qualifications, and the evaluation criteria were never disclosed.

**ANSWER:**

Paragraph 241, including subparagraphs a-j, contains conclusions of law to which no response is required.  As to the factual allegations contained in subparagraphs a-j, Defendant denies the allegations except to state that the written communications referenced in subparagraphs (a), (b), (e), and (f) speak for themselves, and Defendant denies the allegations in those subparagraphs to the extent they are inconsistent with those written records – and to admit that, as to subparagraph (c), for reasons including but not limited to protecting the employees who comprised the Religious Exemption Review Committee and medical panels from harassment, MGB did not identify the individual employees tasked with evaluating exemption requests.

## MASS GENERAL BRIGHAM'S DISABILITY DISCRIMINATION

**COMPLAINT ¶242:**

At least 29 Plaintiffs requested reasonable accommodations for disabilities under the ADA.

**ANSWER:**

Defendant denies the allegations in Paragraph 242 except to admit that 25 Plaintiffs raise allegations in this Corrected Amended Complaint related to requests for medical exemptions from MGB's COVID-19 vaccination requirement.

**COMPLAINT ¶243:**

Further, defendant did not engage in any meaningful interactive process with plaintiffs who asserted their medical disabilities, which is a protected activity.

**ANSWER:**

Defendant denies the allegations in Paragraph 243.

**COMPLAINT ¶244:**

In lieu of an interactive process and in lieu of any reasonable accommodations, defendant is [*sic*] placed unvaccinated plaintiffs on unpaid leave on October 20, 2021 and were terminated on or about November 5, 2021.

**ANSWER:**

Defendant denies the allegations in Paragraph 244 except to admit that individuals who did not comply with MGB's vaccination requirement were placed on unpaid leave on or about October 20, 2021 and were terminated on or about November 5, 2021.

### MASS GENERAL BRIGHAM'S RELIGIOUS DISCRIMINATION

**COMPLAINT ¶245:**

To date, defendant has not stated what their "position on granting exceptions" is for religious accommodations.

**ANSWER:**

Paragraph 245 is unintelligible.  To the extent a response is required, Defendant denies the allegations in Paragraph 247.

**COMPLAINT ¶246:**

At least 204 Plaintiffs submitted a religious accommodation request.

**ANSWER:**

Defendant denies the allegations in Paragraph 246 except to admit that 214 Plaintiffs raise allegations in this Corrected Amended Complaint related to requests for religious exemptions from MGB's COVID-19 vaccination requirement.

**COMPLAINT ¶247:**

These plaintiffs have sincerely held religious beliefs, rooted in Biblical Scripture and received by them through prayer.

**ANSWER:**

Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 247 and leaves Plaintiffs to their proof.

**COMPLAINT ¶248:**

Plaintiffs seek to make daily decisions, including those regarding vaccination and other medical decisions, through prayer and by reading the Bible.

**ANSWER:**

Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 248 and leaves Plaintiffs to their proof.

**COMPLAINT ¶249:**

These sincerely held and prayerfully developed religious beliefs preclude plaintiffs from taking the COVID-19 vaccines.

**ANSWER:**

Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 249 and leaves Plaintiffs to their proof.

**COMPLAINT ¶250:**

For plaintiffs to disobey sincerely held religious beliefs would violate their conscience. See *John 14:15 (NIV)*: "If you love me, keep my commands," *Acts 5:29 (KJV)* "...We ought to obey God rather than men."

**ANSWER:**

Defendant lacks sufficient knowledge and information to respond to the allegations set

forth in Paragraph 250 and leaves Plaintiffs to their proof.

**COMPLAINT ¶251:**

All of the plaintiffs had their religious accommodation requests denied, without an opportunity to appeal, and without any meaningful interactive process. (See ¶ 243 regarding denial emails).

78101496v.7

**ANSWER:**

Defendant denies the allegations in Paragraph 251 except to admit that, due to urgent

health and safety priorities, MGB determined it could not provide an appeal process for each

employee whose religious exemption request was denied.  Defendant affirmatively states that

where employees submitted additional communications after their requests were denied, one or

more individuals on the Religious Exemption Review Committee or the two clinical panels of

medical experts reviewed and considered those additional communications to the extent feasible.

**COMPLAINT ¶252:**

Plaintiffs submitted their request on an online exemption form that did not allow for
submission of supporting documents.

**ANSWER:**

Defendant admits that the initial religious exemption request form did not include an

option to append supporting documentation.  Defendant affirmatively states that through its

interactive process, employees could submit any supporting documentation that they believed

was relevant to the Religious Exemption Review Committee by email – and those seeking

religious exemptions from the vaccination requirement routinely provided such supporting

documentation.

**COMPLAINT ¶253:**

Not only were plaintiffs unable to submit supporting documents, but they were also not
informed as to who was reviewing their submissions. Thus, they had no way of providing
supporting documents through any other platform until they were denied.

**ANSWER:**

Defendant denies the allegations in Paragraph 253 except to admit that, for reasons

including but not limited to protecting the employees who comprised the Religious Exemption

Review Committee and medical panels from harassment, MGB did not identify the individual

employees tasked with evaluating exemption requests.  Defendant affirmatively states that

through its interactive process, employees could submit any supporting documentation that they

believed was relevant to the Religious Exemption Review Committee by email.

**COMPLAINT ¶254:**

     Plaintiffs were therefore reduced to an attempt at describing their personal religious beliefs in a text box which visibly displayed, in the case of plaintiff DiCicco, a total of eight words.

**ANSWER:**

     Defendant denies the allegations in Paragraph 254.  MGB affirmatively states that it

provided employees with a free text field to respond to the two-prong prompt that Plaintiffs

quote in Paragraph 237 – and employees could choose how long of an explanation to write and

that the text box expanded as needed.

**COMPLAINT ¶255:**

     Once these forms were submitted (by design, without the option to submit supporting documents), defendant then denied plaintiffs requests for religious accommodations.

**ANSWER:**

     Defendant denies the allegations in Paragraph 255.

**COMPLAINT ¶256:**

     Defendant then emailed its department supervisors, instructing them to use talking points with subordinates who had been denied religious exemptions, stating "each request was evaluated based on all information provided, and because of that there is no appeal process."

**ANSWER:**

     Defendant states that the referenced email speaks for itself and denies the allegations in

Paragraph 256 to the extent they are inconsistent with the referenced email.

**COMPLAINT ¶257:**

     In other words, defendant is simply paltering: It claims that it evaluated accommodation requests based on "all the information provided," which in itself is true, however, only because defendant made it impossible for plaintiffs to provide supporting documents by not allowing for

their submission on the exemption form and by not informing plaintiffs of who was reviewing their request so that substantive information could be sent to those individuals.

**ANSWER:**

Defendant denies the allegations in Paragraph 257.

**COMPLAINT ¶258:**

Thus, plaintiffs' accommodation requests (which defendant effectively reduced to what plaintiffs could fit into a small, one line text box), were then swiftly denied, with the blame placed on the plaintiffs, and the façade of a legitimate process being published to defendant's supervisors and employees.

**ANSWER:**

Defendant denies the allegations in Paragraph 258.

**COMPLAINT ¶259:**

Each plaintiff who sought a religious exemption was subject to the same procedure and was not afforded an appeal or any meaningful interactive process.

**ANSWER:**

Defendant denies the allegations in Paragraph 259.

**COMPLAINT ¶260:**

Plaintiffs who failed to receive the vaccination were placed on unpaid leave on October 20, 2021 and were terminated on or about November 5, 2021.

**ANSWER:**

Defendant denies the allegations in Paragraph 260 except to admit that individuals who did not comply with MGB's vaccination requirement were placed on unpaid leave on or about October 20, 2021 and were terminated on or about November 5, 2021.

<b>COUNT I<br/>(Disability Discrimination – Failure to Make Reasonable Accommodations)</b>

**COMPLAINT ¶261:**

Plaintiffs repeat and reallege paragraphs 1-260 of this Complaint.

**ANSWER:**

Paragraph 261 consists of a statement of incorporation, to which no response is required.

To the extent that a response is required, Defendant incorporates its responses to the preceding

paragraphs.

**COMPLAINT ¶262:**

Plaintiffs who sought disability accommodations, all of whom are "qualified individuals" under the definition of 42 U.S.C. 12111[4], requested reasonable accommodations for their specific disabilities with respect to defendant's vaccination policy in writing by submitting defendant's required exemption form.

**ANSWER:**

Paragraph 262 contains conclusions of law to which no response is required. To the

extent a response is required, Defendant denies the allegations in Paragraph 262.

**COMPLAINT ¶263:**

Defendant has (and had) a duty as plaintiffs' employer under 41 U.S.C. 12112(b)(5)(a) to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability."

**ANSWER:**

Paragraph 263 contains conclusions of law to which no response is required. To the

extent a response is required, Defendant denies the allegations in Paragraph 263.

**COMPLAINT ¶264:**

Defendant was and is "obligated to provide a reasonable accommodation (as long as it is not unduly burdensome) where a protected employee has requested an accommodation, or the employer otherwise knew that one was needed." *Murray v. Warren Pumps, LLC*, 821 F.3d 77, 84 (1st Cir. 2016).

**ANSWER:**

Paragraph 264 contains conclusions of law to which no response is required.

---

[4] Plaintiffs "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.*

78101496v.7

**COMPLAINT ¶265:**

Defendant failed to provide any reasonable accommodations upon reasonable requests by plaintiffs.

**ANSWER:**

Defendant denies the allegations in Paragraph 265.

**COMPLAINT ¶266:**

Defendant failed to assert an undue hardship that would be caused by accommodating plaintiffs' disabilities.

**ANSWER:**

Defendant denies the allegations in Paragraph 266.

**COMPLAINT ¶267:**

Despite failing to assert an undue hardship, defendant in fact would not be "unduly burdened" or face hardship in accommodating plaintiffs' requests[5], not only because it would not financially or operationally burden defendant to accommodate plaintiffs (See Exhibit P), but because defendant did accommodate some employees while others (including plaintiffs), it chose not to, despite the accommodation requests being similar or nearly identical.

**ANSWER:**

Defendant denies the allegations in Paragraph 267.

**COMPLAINT ¶268:**

Defendant also failed to engage in any meaningful discussion, interactive process or appeal with the plaintiffs who requested reasonable accommodations.

**ANSWER:**

Defendant denies the allegations in Paragraph 268.

---

[5] Defendant's most recent 990T form available via the IRS (https://apps.irs.gov/pub/epostcard/cor/043230035_201909_990T_2020120117460444.pdf) shows that it has assets of over six billion and as of August 10, 2021, defendant brought in revenues of $4.1 billion in the third quarter of 2021 alone: https://www.beckershospitalreview.com/finance/mass-general-brigham-posts-2-9b-gain-over-9-months.html. Therefore, under § 12111's definition of "undue hardship," requiring significant difficulty or expense, defendant cannot (and did not) assert that the accommodations would be unduly burdensome.

78101496v.7

**COMPLAINT ¶269:**

All plaintiffs were and are ready, willing and able to abide by any reasonable accommodations to defendant's policy including those safety precautions already in effect.

**ANSWER:**

Defendant lacks sufficient information and information to respond to the allegations set forth in Paragraph 269 as to what Plaintiffs were "ready, willing and able" to do and otherwise denies the allegations in Paragraph 269.

**COMPLAINT ¶270:**

Plaintiffs are all facing adverse employment action, namely being placed on unpaid leave and subsequently terminated, due to their inability to adhere to the defendant's policy because of their disabilities.

**ANSWER:**

Defendant denies the allegations in Paragraph 270.

**COUNT II**
**(Religious Discrimination)**

**COMPLAINT ¶271:**

Plaintiffs repeat and reallege paragraphs 1-270 of this Complaint.

**ANSWER:**

Paragraph 271 consists of a statement of incorporation, to which no response is required. To the extent that a response is required, Defendant incorporates its responses to the preceding paragraphs.

**COMPLAINT ¶272:**

Title VII prohibits "discriminat[ion] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Xiaoyan Tang v. Citizens Bank, N.A.*, 821 F.3d 206, 215 (1st Cir. 2016) quoting from 42 U.S.C. § 2000e–2(a)(1).

**ANSWER:**

Paragraph 272 contains conclusions of law to which no response is required.

78101496v.7

**COMPLAINT ¶273:**

Defendant had a duty to "[o]ffer a reasonable accommodation to resolve a conflict between an employee's sincerely held religious belief and a condition of employment, unless such an accommodation would create an undue hardship for the employer's business." *Cloutier v. Costco Wholesale Corp.*, 390 F.3d 126, 133 (1st Cir. 2004).

**ANSWER:**

Paragraph 273 contains conclusions of law to which no response is required.  To the

extent a response is required, Defendant denies the allegations in Paragraph 273.

**COMPLAINT ¶274:**

Once an employee demonstrates that their religious belief conflicts with an employment condition, "the burden then shifts to the employer to show that it offered a reasonable accommodation or, if it did not offer an accommodation, that doing so would have resulted in undue hardship." *Id.*

**ANSWER:**

Paragraph 274 contains conclusions of law to which no response is required.

**COMPLAINT ¶275:**

Plaintiffs requesting religious accommodations submitted a request for religious accommodation to the defendant's vaccination policy, informing defendant that its vaccination policy was in conflict with their sincerely held religious beliefs.

**ANSWER:**

Defendant admits that some Plaintiffs submitted requests for religious exemption from

the vaccination requirement and otherwise denies the allegations in Paragraph 275.

**COMPLAINT ¶276:**

These requests were submitted via an online form, as required by defendant.

**ANSWER:**

Defendant admits that one element of the interactive process included an online form.

Defendant otherwise denies the allegations in Paragraph 276.

**COMPLAINT ¶277:**

Defendant neither offered to accommodate the plaintiffs nor showed that an accommodation would have resulted in "undue hardship."

**ANSWER:**

Defendant denies the allegations in paragraph 277.

**COMPLAINT ¶278:**

Despite failing to assert an undue hardship, defendant in fact would not be "unduly burdened" or face hardship in accommodating plaintiffs' requests, not only because it would not financially or operationally burden defendant to accommodate plaintiffs, but because defendant did accommodate some employees while others (including plaintiffs), it chose not to, despite the accommodation requests being similar or nearly identical.

**ANSWER:**

Defendant denies the allegations in paragraph 278.

**COMPLAINT ¶279:**

Defendant also failed to engage in any meaningful discussion, interactive process or appeal with the plaintiffs who requested reasonable accommodations.

**ANSWER:**

Defendant denies the allegations in paragraph 279.

**COMPLAINT ¶280:**

All plaintiffs were and are ready, willing and able to abide by any reasonable accommodations to defendant's policy including those safety precautions already in effect.

**ANSWER:**

Defendant lacks sufficient information and information to respond to the allegations set

forth in Paragraph 280 as to what Plaintiffs were "ready, willing and able" to do and otherwise

denies the allegations in Paragraph 280.

**COMPLAINT ¶281:**

Plaintiffs are all facing adverse employment action, namely being placed on unpaid leave and subsequently terminated, due to their inability to adhere to the defendant's policy because of their religious beliefs.

78101496v.7

**ANSWER:**

Defendant denies the allegations in Paragraph 281.

## PRAYER FOR RELIEF

**COMPLAINT ¶282:**

Declaration that defendant violated Title VII and the ADA by discriminating against plaintiffs;

**ANSWER:**

Defendant denies that Plaintiffs are entitled to the relief sought, or to any relief.

**COMPLAINT ¶283:**

Enjoin defendant from taking adverse employment action against plaintiffs;

**ANSWER:**

Defendant denies that Plaintiffs are entitled to the relief sought, or to any relief.

**COMPLAINT ¶284:**

Enjoin defendant from enforcing its vaccination policy against plaintiffs until a verdict is rendered by a jury;

**ANSWER:**

Defendant denies that Plaintiffs are entitled to the relief sought, or to any relief.

**COMPLAINT ¶285:**

Money damages;

**ANSWER:**

Defendant denies that Plaintiffs are entitled to the relief sought, or to any relief.

**COMPLAINT ¶286:**

Attorney fees and costs, plus any other relief this Court deems proper.

**ANSWER:**

Defendant denies that Plaintiffs are entitled to the relief sought, or to any relief.

78101496v.7

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

To the extent Plaintiffs' claims are based on acts that occurred prior to any applicable statute of limitations, Plaintiffs' claims are time-barred, in whole or in part.

### Third Affirmative Defense

To the extent Plaintiffs failed to exhaust their administrative remedies and/or failed to comply with the procedural prerequisites prior to bringing some or all of their claims, the Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

### Fourth Affirmative Defense

Granting Plaintiffs' requests for exemption from the vaccination requirement would have posed an undue hardship on Defendant.

### Fifth Affirmative Defense

Plaintiffs who sought medical exemptions from the vaccination requirement were not qualified individuals under the ADA because they posed a direct threat to the workplace and no reasonable accommodation would eliminate that threat.

### Sixth Affirmative Defense

Plaintiffs who sought medical exemptions from the vaccination requirement have not shown that they were disabled under the law.

### Seventh Affirmative Defense

MGB was not the employer of all of the Plaintiffs.

78101496v.7

**Eighth Affirmative Defense**

To the extent Plaintiffs allege that any of Defendant's employees acted in an improper or illegal manner, such conduct, if it occurred, was outside the course and scope of their employment, was not authorized, ratified, or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant. Thus, Defendant is not liable for any such conduct, if it occurred.

**Ninth Affirmative Defense**

Defendant has complied with all laws and regulations and otherwise satisfied its statutory obligations toward Plaintiffs under Title VII and the ADA.

**Tenth Affirmative Defense**

Plaintiffs cannot establish a *prima facie* case of disability discrimination or religious discrimination.

**Eleventh Affirmative Defense**

Plaintiffs' claims are not actionable because the employment practices and/or decisions challenged in the Complaint are justified by legitimate, non-discriminatory reasons.

**Twelfth Affirmative Defense**

Defendant avers that even if some impermissible motive were a factor in any employment decision(s) concerning plaintiff, a claim that Defendant expressly denies, the same decision(s) would have been reached for legitimate business reasons.

**Thirteenth Affirmative Defense**

Without conceding that Plaintiffs have suffered any damages as a result of the purportedly wrongful acts of Defendant, Plaintiffs have failed to mitigate their damages.

78101496v.7

## **RESERVATION OF RIGHTS**

Defendant reserves the right to raise additional defenses as may be discovered during the course of these proceedings.  Defendant joins Plaintiffs in their request for a jury trial.


DATED:  January 21, 2022                        Respectfully submitted,

                                                DEFENDANT

                                                MASS GENERAL BRIGHAM
                                                INCORPORATED

                                                By Its Attorneys,


                                                */s/ Lynn A. Kappelman*
                                                Lynn A. Kappelman (BBO# 642017)
                                                Katherine E. Perrelli (BBO# 549820)
                                                Kristin McGurn (BBO# 559687)
                                                Dawn Reddy Solowey (BBO# 567757)
                                                SEYFARTH SHAW LLP
                                                Seaport East
                                                Two Seaport Lane, Suite 1200
                                                Boston, MA 02210-2028
                                                kperrelli@seyfarth.com
                                                lkappelman@seyfarth.com
                                                kmcgurn@seyfarth.com
                                                dsolowey@seyfarth.com
                                                TEL: (617) 946-4800
                                                FAX: (617) 946-4801

78101496v.7

## CERTIFICATE OF SERVICE

I, Lynn A. Kappelman, certify that on January 21, 2022, I caused a true and accurate

copy of the foregoing document to be filed and uploaded to the CM/ECF system.


*/s/ Lynn A. Kappelman*
Lynn A. Kappelman

78101496v.7