UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERTA LANCIONE, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>MASS GENERAL BRIGHAM INCORPORATED,<br><br>          Defendant. | Civil Action No. 1:21-cv-11686 |

**JOINT MOTION FOR APPROVAL OF PROPOSED DISCOVERY QUESTIONNAIRES**

Plaintiffs Roberta Lancione et al. ("Plaintiffs") and Defendant Mass General Brigham Incorporated ("MGB") jointly move for this Court's approval of their proposed forms of Questionnaires as permissible written discovery devices in this case, to be governed by the applicable provisions of Fed. R. Civ. P. 26, 33, 34, and 36 and any other applicable federal or local discovery rules. As grounds for this motion, the parties states as follows:

1. On December 17, 2021, after a joint motion by the parties, this Court entered a Scheduling Order providing a phased timetable for the efficient completion of discovery and motion practice. ECF No. 56. Under the Scheduling Order, the parties must serve written discovery requests no later than March 16, 2022. *Id.*, ¶ 4(a).

2. On January 19, 2022, the parties appeared by video for a status conference. ECF No. 62. During the status conference, the Court asked the parties to confer regarding proposals to gain further efficiencies in written discovery.

3. The parties subsequently conferred, per the Court's instruction, to discuss proposals for streamlining written discovery in Phase 1. As a result, the parties have agreed that

in Phase 1 MGB may serve a Plaintiff Questionnaire, to be completed by each plaintiff, which may ask questions and seek documents, shall be completed under oath, and shall be governed by Fed. R. Civ. P. 26, 33, 34 and 36 and any other applicable federal rules.[1]  The parties have further agreed that MGB may also serve in Phase 1 a limited set of interrogatories and document requests to which Plaintiffs will respond collectively.[2]  In turn, the parties have agreed that Plaintiffs may use a questionnaire format for a subset of their requests.  The questionnaire, interrogatories, and requests for production served by either side shall collectively contain no more than a total of 40 requests.  In addition, the parties have agreed that each side may serve up to 10 requests for admission under Fed. R. Civ. P. 36.

4. In accordance with the parties' agreement, MGB has prepared a Plaintiff Questionnaire and Requests for Admission, attached as **EXHIBIT A** hereto.  MGB has endeavored to make these forms easily understandable by a lay person.   MGB will also serve a limited set of interrogatories and document requests on Plaintiffs' counsel.  MGB has shared drafts of the complete set of requests with Plaintiffs' counsel.

5. In accordance with the parties' agreement, Plaintiffs prepared a form of Questionnaire for MGB, attached as **EXHIBIT B** hereto.  Plaintiffs will also serve a limited set of interrogatories, document requests, and requests for admission on Plaintiffs' counsel.  Plaintiffs have shared drafts of the complete set of requests with MGB's counsel.

6. As the Court emphasized at the recent status conference, the instructions on both parties' Questionnaires make clear that the responses shall be made under oath; that they are subject to supplementation; and that the federal and local rules, including Fed. R. Civ. P. 26, 33,

---

[1] Plaintiffs may likewise serve a Defendant Questionnaire.
[2] Plaintiffs may likewise serve a set of document requests and interrogatories.

80256655v.4

34, and 36, as well as the corresponding local rules, apply with full force and effect to these questionnaires (and requests for admission attached to each Questionnaire for Plaintiffs).

7.  The parties agree that responses to the Questionnaires will be due 30 days from service.  Responses to the interrogatories, document requests and requests for admission will be due as the federal and local rules provide.

8.  The parties conferred on March 10, 2022 to reach agreement on this motion.

WHEREFORE, the parties respectfully request that this Court enter an order approving MGB's proposed Plaintiff Questionnaire and Requests for Admission, *see* Ex. A, and Plaintiffs' Proposed Questionnaire, *see* Ex. B, as permissible discovery devices governed by Rules 26, 33, 34, and 36, their local rule counterparts, and all other generally applicable rules of discovery.

**Dated:** March 11, 2022                                Respectfully Submitted,

| | |
|---|---|
| */s/ Ryan P. McLane* | */s/ Lynn A. Kappelman* |
| Ryan P. McLane (BBO# 697464) | Lynn A. Kappelman (BBO# 642017) |
| Lauren Bradford (BBO# 700084) | Katherine E. Perrelli (BBO# 549820) |
| McLane & McLane, LLC | Kristin McGurn (BBO# 559687) |
| 269 South Westfield Street | Dawn Reddy Solowey (BBO# 567757) |
| Feeding Hills, MA 01030 | SEYFARTH SHAW LLP |
| ryan@mclanelaw.com | Seaport East |
| lauren@mclanelaw.com | Two Seaport Lane, Suite 1200 |
| TEL: (413) 789-7771 | Boston, MA 02210-2028 |
| FAX: (413) 789-7731 | kperrelli@seyfarth.com |
| | lkappelman@seyfarth.com |
| COUNSEL FOR PLAINTIFFS | kmcgurn@seyfarth.com |
| | dsolowey@seyfarth.com |
| | TEL: (617) 946-4800 |
| | FAX: (617) 946-4801 |
| | |
| | COUNSEL FOR DEFENDANT |

80256655v.4

## **CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

      I hereby certify pursuant to Local Rule 7.1(a)(2) that on March 10, 2022, we conferred in good faith with opposing counsel, Ryan McLane, by telephone in order to resolve or narrow the issues presented by this motion. The parties agreed to file the instant motion jointly.

      */s/ Lynn A. Kappelman*
      Lynn A. Kappelman

80256655v.4

## **CERTIFICATE OF SERVICE**

      I, Lynn A. Kappelman, certify that on March 11, 2022, I caused a true and accurate copy of the foregoing document to be filed and uploaded to the CM/ECF system.

*/s/ Lynn A. Kappelman*
Lynn A. Kappelman
