UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TYLER ADAMS, et al.<br><br>Plaintiffs<br><br>v.<br><br>MASS GENERAL BRIGHAM INCORPORATED<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 1:21-cv-11686 |

U.S. DISTRICT COURT
DISTRICT OF MASS.
2022 AUG 12 PM 4: 13
FILED
IN CLERKS OFFICE

**PLAINTIFF JAMES D. WINES, JR. MOTION FOR PROTECTIVE ORDER**
(drafted with assistance of an attorney licensed to practice in this Court)

The Plaintiff, James D. Wines, Jr., M.D., M.P.H., respectfully requests a protective order on specific requested discovery disclosures. The requests are as follows.

    1.    <u>Request for Protective Order for Identities of Former Colleagues</u>

No. 8 of the Defendant MGB's questionnaire to all plaintiffs is:

> Please identify any communications you had with MGB employees or any other persons — other than e-mails to or from GBReligiousExemptions@Partners.org, or PHSOHSCovid19@partners.org— about your exemption request(s) by providing: (a) the person with whom you communicated, (b) the date of the communication, (c) the form of communication (e.g., email, phone call, oral conversation), and (d) the substance of the communication. Use the space below for your answer. Attach a copy of any documents that constitute, reflect, or relate to any communications identified in your answer.

As to his response to this request Dr. Wines answered, "This question has not been answered as there will be a protective order request of the court."

Responding to the above Questionnaire #8 requires Dr. Wines to provide names of colleagues who are still employed by MGB. He believes that this information may be used to retaliate against these individuals. This retaliation on the part of MGB could be for activities of

these individuals ranging from something significant, such as providing professional or moral support to any of the plaintiffs in their efforts to obtain an exemption to MGB's vaccination policy or an accommodation, or for something seemingly insignificant such as expressing a negative opinion about the policy.

This retaliation could possibly come in the form of a denial or a delay of deserved promotions (hospital-wide and/or academic appointments) that were worked for for many years, or demotions, or outright terminations, or other forms of retaliatory or unfair treatment. For this reason, Dr. Wines respectfully requests the following protective order.

The first requested protective order is that the identities of any current or former MGB employees, officers, or other agents that are disclosed by Dr. Wines in response to MGB's discovery demands are not to be disclosed to any of MGB's employees, officers, or other agents; said identities to be viewed only by MGB's attorneys, including their in-house attorneys, and said attorneys are not to disclose the said identities to anyone.

2. <u>Request for Protective Order for All Medical Information</u>

The questionnaire that was submitted to all plaintiffs requires disclosure of protected medical information. Question 14 asks:

> If you indicated above that you sought a medical exemption, please provide information about any medical conditions for which you claim to have requested an exemption under the Vaccination Policy by filling out the chart below.

(rest of page intentionally left blank to keep a whole footnote on the same page)

Defendant acknowledges that an employee's vaccination status is private information. See (#50, 12/06/21), p. 11, fn. 11.

### DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

Dr. Wines is very concerned about what he believes were potentially unauthorized disclosures of his private medical information, including his vaccination status. He therefore requests the following protective order:

No medical information disclosed by Dr. Wines shall be disclosed by MGB's attorneys (including MGB's in-house attorneys) to any officers, employees or agents of MGB or to any other person, nor shall said attorneys publish such information anywhere at any time during or after the conclusion of this case.

WHEREFORE, for the foregoing reasons, Plaintiff James D. Wines, Jr. M.D., M.P.H. respectfully requests a protective order barring MGB's attorneys, including in-house attorneys, from disclosing any information and documents containing the identities of any of his former colleagues, whether currently still employed by MGB or formerly so employed, or from disclosing any of his medical information. He also requests any other or further relief that this Court deems just and proper.

---

[1] U.S. Equal Emp. Opportunity Comm'n, What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws: § K.4 (2021), https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws (last accessed May 24, 2022) ("**Is information about an employee's COVID-19 vaccination confidential medical information under the ADA?** Yes. The ADA requires an employer to maintain the confidentiality of employee medical information. Although the EEO laws do not prevent employers from requiring employees to provide documentation or other confirmation of vaccination, this information, like all medical information, must be kept confidential…") (emphasis in original).

(Signature and certificate of service on next page)

Dated: August 12, 2022                           Respectfully submitted,

_____
James D. Wines, Jr., M.D., M.P.H.
Pro se
51 Sea Ave
Quincy, MA 02169
617-755-1087
jamiewines@comcast.net

## CERTIFICATE OF SERVICE

I certify that a true copy of the above document was served on August 10, 2022 upon attorneys for the Defendant via email attachment at the following addresses:

| Lynn A. Kappelman, Esq.<br>Katherine E. Perrelli, Esq.<br>Kristin McGurn, Esq.<br>Dawn Reddy Solowey, Esq.<br>kperrelli@seyfarth.com<br>lkappelman@seyfarth.com<br>kmcgurn@seyfarth.com<br>dsolowey@seyfarth.com | SEYFARTH SHAW LLP<br>Seaport East<br>Two Seaport Lane, Suite 1200<br>Boston, MA 02210-2028<br>TEL: (617) 946-4800<br>FAX: (617) 946-4801 |
|---|---|

_____
James D. Wines, Jr., M.D., M.P.H.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I hereby certify pursuant to Local Rule 7.1(a)(2) that I (via telephone with Attorney Lynn Kappelman on August 10, 2022) and my former counsel, David Kiah, Esq. conferred in good faith with opposing counsel in order to resolve or narrow the issues presented by this motion. Counsel for the parties were unable to narrow the issues presented in this motion.

_____
James D. Wines, Jr., M.D., M.P.H

