**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TYLER ADAMS, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 1:21-cv-11686-FDS |
| MASS GENERAL BRIGHAM INCORPORATED, | |
| Defendant. | |

## DEFENDANT MASS GENERAL BRIGHAM OPPOSITION TO PLAINTIFF WINES'S MOTION FOR PROTECTIVE ORDER

Defendant Mass General Brigham Incorporated ("MGB") files this Opposition to

Plaintiff Wines's Motion for Protective Order (Dkt. 110), and requests that the Court order

Plaintiff Wines to answer Questionnaire questions numbers 8, 14, and 16.

## BACKGROUND

To date, Plaintiff Wines has refused to provide essential discovery information supplied

by the other 160+ plaintiffs who remain in this case, including the other *pro se* Plaintiff.

Specifically, Plaintiff Wines refuses to provide an answer to the following three questionnaire

questions:

8.      Please identify any communications you had with MGB employees or any other persons
        — other than e-mails to or from MGBReligiousExemptions@Partners.org or
        PHSOHSCovid19@partners.org — about your exemption request(s) by providing: (a) the
        person with whom you communicated, (b) the date of the communication, (c) the form of
        the communication (e.g., email, phone call, oral conversation), and(d) the substance of
        the communication. Use the space below for your answer. Attach a copy of any documents
        that constitute, reflect, or relate to any communications identified in your answers.

14.   If you indicated above that you sought a medical exemption, please provide information about any medical conditions for which you claim to have requested an exemption under the Vaccination Policy by filling out the chart below.

16.   Do you contend that any of the medical condition(s) for which you have sought an exemption substantially limits a major life activity (e.g., seeing, hearing, walking, lifting, speaking)? If yes, please explain using the space below. Attach a copy of any documents that support your contentions.

The Court expressly approved all three questions when it approved MGB's Questionnaire. (Dkt. 71, 72).  The Court has also ordered that *pro se* Plaintiffs "**must answer in full** the Questionnaire." (Dkt. 94) (emphasis original).  Rather than answer them, Plaintiff Wines filed the instant motion for protective order and asks the Court to prohibit MGB's counsel from sharing his responses with MGB employees, including MGB witnesses involved in defending the lawsuit.

## ARGUMENT

Despite the other 160+ Plaintiffs (including the other *pro se* Plaintiff) complying with their duty to answer the court-approved questionnaire, Plaintiff Wines refuses to answer simple questions about the most basic facts underlying the case. After separating from two sets of counsel (Dkt. 87, 103), Plaintiff Wines now proceeds *pro se* and seems to think that he alone is somehow not bound by ordinary discovery processes. Plaintiff Wines has no special exemption from discovery. He cannot articulate any basis for his refusal to respond to basic discovery questions.

### I.   There Is No Basis For Plaintiff Wines's Refusal To Answer Questionnaire Question No. 8

First, Plaintiff Wines refuses to answer questionnaire question no. 8 regarding the substance of his communications with MGB employees about his exemption request and the identities of the employees with whom he communicated. The other 160+ plaintiffs have answered the question.

Plaintiff Wines's proposed protective order would serve no purpose other than inhibiting MGB's ability to prepare its case. MGB is entitled to share information about Plaintiff Wines's

84677066v.3

discussions of his requests with its witnesses in order to prepare its defenses. Plaintiff cites no authority as grounds for his refusal to respond to discovery. Instead, he claims "[h]e believes that this information may be used to retaliate against these individuals." Plaintiff Wines's unfounded "belief" that information might be used to retaliate against his former colleagues is not a basis for him to refuse to comply with his discovery obligations. Nor is it based in reality. Plaintiff Wines identifies no basis for his belief that MGB would retaliate against any of his former colleagues other than his own unfounded speculation. Nor does he explain why he alone out of 160+ Plaintiffs harbors such speculation.

## II.    Plaintiff Wines Put His Medical Information At Issue By Filing The Lawsuit And Cannot Refuse To Disclose It

Second, Plaintiff Wines refuses to answer question no. 14 and 16, claiming that MGB should not be entitled to discovery about the basis for his medical exemption request unless MGB agrees not to disclose such information to any MGB employees.

Again, Plaintiff Wines's argument is meritless. Plaintiff Wines sought both medical and religious exemptions, which were denied, and which are now the subject of this lawsuit. In the request for medical exemption that he submitted to MGB, he argued that he should be exempt from the Vaccination Policy because he had had COVID-19.  Plaintiff Wines placed his medical information squarely at issue by filing this lawsuit. MGB is entitled to responses to Questionnaire questions 14 and 16, and to share those responses as needed with MGB witnesses to defend the lawsuit. Plaintiff Wines's request for a protective order must be denied.[1]

---

[1] Plaintiff Wines's reliance on MGB's previous Motion for Protective Order is ill-conceived. In its Motion, MGB asked the Court to issue a protective order protecting from disclosure the identities of members of the Religious Exemption Review Committee. MGB further argued that it anticipated plaintiffs would seek *non-plaintiffs*' medical information, and asked the Court to issue a protective order as to *non-plaintiffs*' medical information in order to protect their privacy interests. While it is true that disclosure of non-plaintiff employees' medical records would unduly invade the privacy of employees who want nothing to do with this case, Plaintiff Wines

### III.     The Court Should Order Plaintiff Wines To Respond to Questionnaire Question Nos. 8, 14, and 16

Plaintiff Wines is required to provide responses to Defendant's questionnaire to Plaintiff Wines. (Relevant excerpts of Plaintiff Wines's responses are attached hereto as Exhibit 1).

Plaintiff Wines has no basis to refuse to answer Court-approved questionnaire question nos. 8, 14, and 16. Those questions ask Plaintiff Wines to identify basic facts central to his contentions. Specifically, he is asked to identify communications he has made about his exemption request (Question 8), identify any medical condition that formed the basis for his request for a medical exemption (Question 14), and explain how his medical condition substantially limits a major life activity (Question 16). Rather than answer, he supplied a series of non-responses and diatribes against vaccine efficacy:

- As to Question 8, Plaintiff Wines flatly refused, as discussed in Section I. *supra*, based on unfounded concerns about retaliation. Ex. 1.

- As to Question 14, rather than identify his medical conditions, Plaintiff Wines responded that he does not want to identify his medical condition, that his objection to the vaccine was based upon "informed consent," and that he never sought "approval by another 'healthcare professional' because no one is more qualified to make informed decisions for [his] treatment than [he is.]" Plaintiff Wines's response to Question 14 is plainly non-responsive. *Id.*

- As to Question 16, Plaintiff Wines again refused to identify any medical condition or substantial limitations on major life activities. Plaintiff Wines instead copied and pasted his answer to Question 14, made argument about his beliefs as to the efficacy of the vaccine, and

---

has placed his medical information at issue by filing this lawsuit. He is not similar to non-party employees and his privacy interests are not the same.

84677066v.3

concluded that he thinks the decision not to get the vaccine is the right decision for him. Yet again, Plaintiff Wines's answer offered nothing responsive to the question asked. *Id.*

Absent a valid objection, a party cannot avoid discovery obligations by providing written responses that ignore the questions posed to them. Plaintiff Wines provided no basis—in his discovery responses or in the instant Motion—for his refusal to answer questionnaire question nos. 8, 14, and 16. Therefore, Plaintiff Wines should be compelled to respond to the Court-approved questionnaire and answer question nos. 8, 14, and 16.

## CONCLUSION

For the foregoing reasons, Plaintiff Wines's motion for protective order should be denied and Plaintiff should be ordered to immediately provide substantive answers to questionnaire questions no. 8 and 14, and 16 in advance of his scheduled deposition on August 24, 2022.

**Dated:**  August 15, 2022                     MASS GENERAL BRIGHAM INCORPORATED

By Its Attorneys,

Respectfully Submitted,

 */s/ Dawn R. Solowey*

Lynn A. Kappelman (BBO# 642017)
Katherine E. Perrelli (BBO# 549820)
Kristin McGurn (BBO# 559687)
Dawn Reddy Solowey (BBO# 567757)
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
kperrelli@seyfarth.com
lkappelman@seyfarth.com
kmcgurn@seyfarth.com
dsolowey@seyfarth.com
TEL: (617) 946-4800
FAX: (617) 946-4801

84677066v.3

**<u>CERTIFICATE OF SERVICE</u>**

I, Dawn R. Solowey, certify that on August 15, 2022, I caused a true and accurate copy of

the foregoing document to be served upon Plaintiff via first class mail postage pre-paid and e-mail

to the following address:

James D. Wines, Jr., M.D., M.P.H
51 Sea Ave.
Quincy, MA 02169
jamiewines@comcast.net

*/s/ Dawn R. Solowey*
Dawn R. Solowey

6

84677066v.3