## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

TYLER ADAMS, et al.,

        Plaintiffs,

  v.

MASS GENERAL BRIGHAM
INCORPORATED,

        Defendant.

Civil Action No. 1:21-cv-11686-FDS

## DEFENDANT MASS GENERAL BRIGHAM'S MOTION TO DISMISS CLAIMS OF PLAINTIFF JAMES WINES WITH PREJUDICE AND INCORPORATED MEMORANDUM

On August 23, 2022, this Court ordered Plaintiff James Wines ("Wines"), who is now *pro se* after separating from two successive sets of attorneys (*see* Dkt. 87, 103), to answer his outstanding responses to Questionnaire question numbers 8, 14, and 16 by Friday, September 2, 2022. Dkt. 115. At the August 23 status conference, this Court further indicated that Defendant Mass General Brigham Incorporated ("MGB") could move to dismiss Wines's claims with prejudice should he fail to comply. On September 2, Wines did not provide any questionnaire responses, and to date he has refused to do so, flouting this Court's Order.[1] Accordingly, per Fed. R. Civ. P. 37(b)(2), MGB moves to dismiss Wines's claims, in their entirety, with prejudice.

---

[1] Though the Court was crystal clear, both verbally on the record, and on the docket, that the Questionnaire responses were due September 2, Plaintiff Wines claimed at the September 6 status conference that he somehow thought they were due September 6. Tellingly, he did not provide them by September 6 either and still has not done so.

## **BACKGROUND**

To date, Wines has refused to provide essential discovery information supplied by the other 160+ plaintiffs who remain in this case, including the other *pro se* Plaintiff. Specifically, Wines refuses to provide an answer to the following three questionnaire questions:

8.    Please identify any communications you had with MGB employees or any other persons — other than e-mails to or from MGBReligiousExemptions@Partners.org or PHSOHSCovid19@partners.org — about your exemption request(s) by providing: (a) the person with whom you communicated, (b) the date of the communication, (c) the form of the communication (e.g., email, phone call, oral conversation), and(d) the substance of the communication. Use the space below for your answer. Attach a copy of any documents that constitute, reflect, or relate to any communications identified in your answers.

14.   If you indicated above that you sought a medical exemption, please provide information about any medical conditions for which you claim to have requested an exemption under the Vaccination Policy by filling out the chart below.

16.   Do you contend that any of the medical condition(s) for which you have sought an exemption substantially limits a major life activity (e.g., seeing, hearing, walking, lifting, speaking)? If yes, please explain using the space below. Attach a copy of any documents that support your contentions.

The Court expressly approved all three questions when it approved MGB's Questionnaire. (Dkt. 71, 72). Wines's responses to the Questionnaire were due on April 20, 2022, more than *four months* ago. The Court has also ordered that *pro se* Plaintiffs "**must answer in full** the Questionnaire." and dismissed with prejudice those pro se Plaintiffs who failed to do so. (Dkt. 94) (emphasis original). Rather than answer them, Plaintiff Wines filed a baseless motion for protective order — which this Court denied at the August 23 status conference. (Dkt. 115). At that same status conference, this Court further ordered Wines to provide his answers to the foregoing questionnaire responses by September 2, 2022. (*Id.*). Despite that this Court had denied his meritless Motion for Protective Order on August 23, 2022, Wines improperly refused to answer questions about his alleged medical condition at his deposition the next day. Wines has refused to comply with the Court's Orders, and consequently he stands in flagrant violation of at least two

orders of this Court compelling him to provide discovery related to his claims under Title VII and the ADA.[2]

## ARGUMENT

"District courts' authority to dismiss an action as a sanction for noncompliance with a discovery order is well established."  *Vallejo v. Santini-Padilla*, 607 F.3d 1, 7 (1st Cir. 2010). "Although dismissal of a case may at times be a harsh sanction, we have routinely recognized that it is an essential tool for district courts' effective exercise of their 'right to establish orderly processes and manage their own affairs.'"  *Id.* (*quoting Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003)).  Disobedience of court orders concerning discovery in and of itself constitutes "extreme misconduct" that "warrants dismissal[.]"  *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002).  Moreover, "[w]here, as here, the court appropriately forewarns a plaintiff of the consequences of future noncompliance with an unambiguous order, the court need not exhaust less toxic sanctions before dismissing a case with prejudice."  *Torres-Vargas v. Pereira*, 431 F.3d 389, 393 (1st Cir. 2005).

A straightforward application of these principles demonstrates that dismissal of Wines's claims with prejudice is warranted.  Despite the other 160+ Plaintiffs (including the other *pro se* Plaintiff) complying with their duty to answer the court-approved questionnaire, Wines continues

---

[2] At the last two status conferences, Wines has made incoherent statements alleging that MGB somehow violated his "informed consent" about his vaccination status.  He is wrong.  MGB did not access Wines's medical records. Employees who were vaccinated at an MGB facility were given an *option* to have the record of their vaccine (and no other medical information) sent to MGB Human Resources, to save the employee the administrative step.  This was irrelevant to Wines, who refused to get vaccinated, and claimed both a religious and a medical exemption.  MGB maintained Human Resources records reflecting which employees had, or had not, received certain vaccinations relevant to their employment, such as COVID and flu vaccinations that were conditions of employment, absent an approved exemption.  MGB discussed employees' non-compliance with the Vaccination Policy as needed to implement the policy.  In any event, this issue is a red herring that has nothing to do with Wines's refusal to abide by Court orders.

86603336v.2

to refuse to answer simple questions about the most basic facts underlying his asserted claims, in violation of a direct court order to do so.[3]

Simply put, MGB is entitled to discovery of Wines's communications with third parties concerning his religious and medical exemption requests (questionnaire item no. 8). He cannot be permitted to pursue religious and disability discrimination claims while flouting Court orders and refusing to provide MGB basic information about discussions he had about such requests -- including any discussions with MGB personnel. The Court ordered him to respond to this question by September 2, 2022, and he failed to comply with that Order.

Likewise, questionnaire item nos. 14 and 16 seek basic information about Wines's claim under the ADA concerning his requested medical exemption — indeed, the information sought therein is essential for Wines to establish a *prima facie* case of disability discrimination. His refusal to provide it is unwarranted, prejudices MGB's defense of his claims, and directly violates this Court's repeated discovery orders. As this Court recognized in its denial of Wines's Motion for Protective Order, Wines has put his medical condition and alleged disability status *directly* at issue by bringing this lawsuit.[4] The Court ordered him to respond to this question by September 2, 2022, and he also failed to comply with that Order.

Under the circumstances, this Court should dismiss Wines's claims with prejudice. *Torres-Vargas*, 431 F.3d at 393 ("Using dismissal as a sanction in such a case recognizes the court's strong interest in maintaining discipline and husbanding scarce judicial resources; after all, such a

---

[3] Wines has also refused to sign the revised modified Protective Order Acknowledgment that this Court approved on August 24, 2022. (Dkt. 116).

[4] Wines's religious exemption request form also relied heavily on medical allegations, including (false) claims that the COVID-19 vaccine caused mass deaths and hospitalization, and a claim that he had had symptomatic COVID-19 that provided "robust long-lasting immunity" equal to or greater than vaccination. Thus, his medical condition is also directly relevant to his purported religious exemption.

sanction not only serves to punish the noncompliant litigant but also acts as a deterrent to those who might be tempted to emulate a bad example.").

It is unjust and prejudicial to MGB -- and to the 160+ other Plaintiffs who have complied their obligations under the rules and this Court's orders -- for Wines to be permitted to flout the rules and Court Orders.   MGB and Plaintiff's counsel have been forced to waste tremendous resources, for many months, chasing Wines for basic discovery.  It is unfair to make the parties continue to do so.  He is merely one Plaintiff out of 160+ but is demanding outsized resources and attention from the parties and the Court, and has shown no respect for the process, rules or Court. He has had numerous chances to come into compliance with the rules and this Court's Orders, and his brazen continued refusal merits dismissal with prejudice.

## <u>CONCLUSION</u>

For the foregoing reasons, MGB respectfully requests that this Court grant the within motion and enter an order dismissing Wines's claims with prejudice.

5

**Dated:** September 8, 2022          MASS GENERAL BRIGHAM INCORPORATED

By Its Attorneys,

Respectfully Submitted,


*/s/ Dawn R. Solowey*
Lynn A. Kappelman (BBO# 642017)
Katherine E. Perrelli (BBO# 549820)
Kristin McGurn (BBO# 559687)
Dawn Reddy Solowey (BBO# 567757)
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
kperrelli@seyfarth.com
lkappelman@seyfarth.com
kmcgurn@seyfarth.com
dsolowey@seyfarth.com
TEL: (617) 946-4800
FAX: (617) 946-4801


## LOCAL RULE 7.1(a)(2) CERTIFICATE

I hereby certify that, pursuant to Local Rule 7.1(A)(2), MGB's counsel, Lynn Kappelman, conferred with Plaintiff telephonically for approximately forty (40) minutes regarding the issues raised in the instant motion in a good faith attempt to resolve or narrow the issues.  The parties were unable to resolve or narrow the issues.

*/s/ Dawn R. Solowey*
Dawn R. Solowey

86603336v.2

## CERTIFICATE OF SERVICE

I, Dawn R. Solowey, certify that on September 8, 2022, I caused a true and accurate copy

of the foregoing document to be served upon Plaintiff via e-mail and  first class mail postage pre-

paid and e-mail to the following address:

> James D. Wines, Jr., M.D., M.P.H
> 51 Sea Ave.
> Quincy, MA 02169
> jamiewines@comcast.net

*/s/ Dawn R. Solowey*
Dawn R. Solowey

7