UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TYLER ADAMS, et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>MASS GENERAL BRIGHAM INCORPORATED,<br><br>    Defendant. | Civil Action No. 1:21-cv-11686-FDS |

**JOINT STATUS REPORT REGARDING PROPOSED SUMMARY JUDGMENT PROCEDURES AND BRIEFING SCHEDULE**

In advance of the status conference scheduled for December 5, 2022, the Parties[1] hereby report that they have reached agreement regarding a proposed briefing schedule, submission format, and procedures in connection with Defendant's forthcoming Motion for Summary Judgment. The Parties set forth their agreed proposals below and ask that the Court enter the Parties' proposal as an Order of the Court.

  I.  Proposed Briefing Schedule

Per this Court's order entered on July 19, 2022, *see* ECF No. 109, dispositive motions are due to be filed on or before March 21, 2023. To facilitate a fulsome presentation to the Court, the Parties propose the following briefing schedule:

- Defendant's Fed. R. Civ. P. 56 motion to be filed on or before March 21, 2023;

---

[1] Defendant and the represented Plaintiffs state that a draft copy of this status report was provided to *pro se* Plaintiff Dr. James Wines on December 1, 2022 by email. Dr. Wines responded by email that same day, writing: "Thank you for your efforts. Unfortunately, to date I have received little, if any, substantive discovery materials from MGB and I do not agree with the proposed Joint Status Report." Counsel for Defendant responded, writing: "Thanks for letting us know. We will indicate that you do not agree to the joint report. MGB has produced much discovery to you, but that's not relevant to this particular joint status report which concerns summary judgment."

- Plaintiffs' opposition to be filed within 30 days of service of any Rule 56 motion; and,

- Defendant's reply brief, if any, to be filed within 21 days of service of the opposition.  Defendant may file a reply without seeking leave of court.

II.   Page Limits and Record Appendix

a.   Page Limits

The Parties propose that the memoranda of law in support of Defendant's opening brief, and Plaintiffs' opposition thereto, shall each be limited to forty (40) pages in length, and that the length of Defendant's reply memorandum be no more than twenty-five (25) pages.

b.   Record Appendix

In view of the voluminous evidentiary record in this case, the Parties agree that their presentations, and the Court's review, will be aided by a departure from the procedure contemplated by Local Rule 56.1.  Specifically, the Parties propose that, rather than submitting separate sets of exhibits, they will cooperate in the preparation of a consecutively-paginated joint record appendix (the "Joint Appendix") similar to that required by Fed. R. App. P. 30. Defendant agrees to bear the clerical responsibility of compiling the Joint Appendix in the first instance, and shall serve on Plaintiff – but not file – a proposed Joint Appendix on the same date as the filing and service of its Motion for Summary Judgment.

On the same date on which they serve and file their Opposition, Plaintiffs shall serve on Defendant – but not file – any additional portions of the record not included in the initial proposed Joint Appendix that they wish to include.  Plaintiffs shall continue the consecutive pagination of the proposed Joint Appendix in their designations.  Defendant shall incorporate Plaintiffs' designated additions to the Joint Appendix into the final document to be filed with the Court.  On or before the deadline for filing its reply brief, Defendant shall file the Joint Appendix.  The Parties shall work cooperatively in preparing the Joint Appendix.

The Joint Appendix shall include an index describing each document or part of the record included therein.

    c.   Statements of Material Facts

The Parties shall cite to the Joint Appendix in their respective statements of material facts.

    III.   Filing of Documents Designated Under Protective Orders

To the extent the Joint Appendix, or any other paper submitted in connection with the Parties' summary judgment briefing, includes documents or deposition testimony that are subject to, or have been designated under, the protective orders in effect in this action, *see* ECF Nos. 60, 67, and 69 (the "Protective Orders"), the Parties shall proceed as follows.

    1. The Parties shall exclude any exhibits or documents (or redact any portion thereof) that are subject to the Protective Orders from their initial summary judgment filings. Any such excluded or redacted materials may be indicated in the publicly-filed summary judgment papers with the words "SUBJECT TO PROTECTIVE ORDER." In order to protect the identities of those who reviewed exemption requests for MGB and who were deposed in this matter, in compliance with the Court's Protective Order (Docket No. 60), the Parties shall refer to the reviewer deponents in the briefing by pseudonyms (e.g., Religious Exemption Reviewers No. 1, 2, etc.) and file under seal a key to those pseudonyms.

    2. On or before the date of filing of the Joint Appendix, the Parties shall submit motions to file under seal any exhibits or documents, or parts thereof, that are subject to the Protective Orders.

3. Following this Court's ruling on any motions to seal, the Parties shall comply with the Court's Instructions for Submitting Sealed Filings Using the Electronic Drop Box (last updated March 29, 2021).

    IV.    <u>Oral Argument</u>

The Parties agree that oral argument will further the Court's consideration of Defendant's Motion for Summary Judgment, and consequently the Parties jointly request oral argument in connection with that motion.

**Dated:** December 2, 2022                                    Respectfully Submitted,

| | |
|---|---|
| */s/ Ryan P. McLane*_____<br>Ryan P. McLane (BBO# 697464)<br>Lauren Bradford (BBO# 700084)<br>McLane & McLane, LLC<br>269 South Westfield Street<br>Feeding Hills, MA 01030<br>ryan@mclanelaw.com<br>lauren@mclanelaw.com<br>TEL: (413) 789-7771<br>FAX: (413) 789-7731<br><br>COUNSEL FOR THE<br>REPRESENTED PLAINTIFFS | */s/ Dawn R. Solowey*_____<br>Lynn A. Kappelman (BBO# 642017)<br>Katherine E. Perrelli (BBO# 549820)<br>Kristin McGurn (BBO# 559687)<br>Dawn Reddy Solowey (BBO# 567757)<br>SEYFARTH SHAW LLP<br>Seaport East<br>Two Seaport Lane, Suite 1200<br>Boston, MA 02210-2028<br>kperrelli@seyfarth.com<br>lkappelman@seyfarth.com<br>kmcgurn@seyfarth.com<br>dsolowey@seyfarth.com<br>TEL: (617) 946-4800<br>FAX: (617) 946-4801<br><br>COUNSEL FOR DEFENDANT |

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 2, 2022.

                                      */s/ Dawn R. Solowey*
                                      Dawn R. Solowey

89739658v.2