UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TYLER ADAMS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MASS GENERAL BRIGHAM )<br>INCORPORATED, )<br>)<br>Defendant. )<br>) | Civil Action No.<br>21-11686-FDS |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS CLAIMS OF PLAINTIFF JAMES WINES WITH PREJUDICE

**SAYLOR, C.J.**

This is a dispute arising from a mandatory COVID-19 vaccination policy at a major hospital network. Defendant Mass General Brigham Incorporated ("MGB") adopted a policy in June 2021 that required all of its employees to be vaccinated against COVID-19 by October 15, 2021, with provisions for medical or religious exemptions under certain circumstances. More than a hundred MGB employees file suit, alleging violations of the Americans with Disability Act, 42 U.S.C. § 12132, and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*. According to the complaint, MGB failed to provide reasonable accommodations in the form of exemptions to the policy.

One of the plaintiffs is Dr. James Wines, a psychiatrist. Dr. Wines is proceeding *pro se*.

MGB has moved to dismiss the claims of Dr. Wines with prejudice as a sanction for failure to make discovery, pursuant to Rule 37 of the Federal Rules of Civil Procedure. It contends that he has neither answered court-authorized questionnaires sent by MGB as part of

the discovery process nor signed a protective order governing discovery. Dr. Wines contends that he has substantially complied with all discovery requests and that MGB has been uncooperative in his own discovery efforts.

For the following reasons, the motion to dismiss will be granted.

## I.    **Background**

Except where noted, the court relies on the corrected amended complaint and the parties' documentary evidence and oral argument. The court also relies on its earlier factfinding from *Together Emps. v. Mass Gen. Brigham Inc.*, 573 F. Supp. 3d 412 (D. Mass 2021).

### A.    **Factual Background**

Dr. James Wines is a psychiatrist who was employed by MGB during the events described in the amended complaint. It appears that he is no longer employed by MGB.[1]

Defendant Mass General Brigham Incorporated is a Massachusetts corporation with a principal place of business in Massachusetts. MGB owns and operates hospitals and other facilities throughout the Commonwealth of Massachusetts. (Klompas Decl. ¶¶ 5-7). Among other activities, it owns and operates Massachusetts General Hospital; Brigham and Women's Hospital; Faulkner Hospital; McLean Hospital; Massachusetts Eye and Ear Hospital; Newton-Wellesley Hospital; Cooley Dickinson Hospital; and Spaulding Rehabilitation Hospital. Each year, MGB provides medical care for 1.5 million patients. (*Id.* ¶ 6).

#### 1.    **COVID-19 Pandemic**

COVID-19 is a contagious viral disease that can cause serious illness and death. (*Id.* ¶ 19). As of this writing, approximately 1,000,000 Americans have died from the disease. CTRS.

---

[1] The parties have not explicitly referred to Dr. Wines's employment status since the filing of the amended complaint. Dr. Wines refers to "colleagues who are still employed by MGB" in his motion for a protective order. (Wines Mot. Protective Order at 1). MGB refers to Dr. Wines's "former colleagues" presently employed by MGB. (Def. Opp. Wines Mot. Protective Order at 3).

FOR DISEASE CONTROL & PREVENTION, COVID-19 MORTALITY OVERVIEW: PROVISIONAL DEATH COUNTS FOR CORONAVIRUS DISEASE 2019 (2022) (last updated Nov. 26, 2022). In the summer of 2021, after several months of declining infection rate, the highly contagious Delta variant of the virus caused a significant further outbreak.

In 2020 and early 2021, three COVID-19 vaccines were approved by the Food and Drug Administration as safe and effective. The three vaccines were developed and produced by Pfizer, Moderna, and Johnson & Johnson. U.S. FOOD & DRUG ADMIN., COVID-19 VACCINES (2022) (last updated Oct. 21, 2022). The Pfizer and Moderna vaccines employ messenger RNA (mRNA) technology; the Johnson & Johnson vaccine does not. (*See id.*). Both the federal and Massachusetts state governments prioritized the early vaccination of all hospital workers, recognizing the importance of protecting the healthcare workforce during the pandemic. (Klompas Decl. ¶ 25).

### 2.  MGB's COVID-19 Vaccination Policy

In June 2021, MGB announced it would require its employees to obtain a COVID-19 vaccination. In light of the outbreak of COVID-19 caused by the Delta variant, MGB determined that such a vaccination policy was critical to keeping safe its medically vulnerable patient population, employees, and visitors. (Klompas Decl. ¶¶ 20-21, 27). MGB required that employees receive the COVID-19 vaccine by October 15, 2021. (*Id.* ¶ 13). Employees were told that noncompliance with the policy would result in unpaid leave, and ultimately, termination. The announcement also explained that certain exemptions would be available for medical or religious reasons. (*Id.*).

Employees seeking a religious exemption were required to fill out an online form. (*Id.*). The form asked several questions and contained a text box stating:

In the space provided, please (1) identify your sincerely held religious belief,

>practice or observance and (2) explain why it prevents you from receiving a COVID-19 vaccine.  Please note that you may be required to provide additional information or supporting documentation to support your request for an exemption.

(Pl. Ex. C).  The online form did not provide an option to attach supporting documentation.  However, the text box response field did not have a character limit, and the instructions noted that "the text box would expand as needed."  (Nichols Decl. ¶ 9).  The online form advised employees that they "may be required to provide additional information or supporting documentation to support [their] request for an exemption."  (*Id.* ¶ 8).

Employees seeking a medical exemption were provided a form to be completed by a physician.  (Hashimoto Decl. ¶ 6).  The exemption form contained several check boxes to be filled by the employee's physician to indicate whether the employee had one of several conditions indicated by the Centers for Disease Control (CDC) that might merit a deferral of vaccination.  (*Id.* ¶ 7).  One of the check boxes asked the physician to identify "other medical reasons," and instructed the physician to explain his or her reasoning elsewhere on the form.  (*Id.* ¶ 11).

MGB created two separate committees to review requests for exemption.  The first committee, the Religious Exemption Review Committee, was "led by a senior attorney in MGB's Office of the General Counsel and comprised of trained Human Resources professionals."  (Nichols Dep. ¶¶ 11, 19).  The members of the committee were "trained in responding to accommodation requests and given additional training in responding to religious exemption requests."  (*Id.* ¶¶ 10, 19).  Employees who raised "substantive religious objection[s]" to the vaccination policy received follow-up questions from the committee, often individualized to the particular objection of the employee.  (*Id.* ¶¶ 25-28).  Employees who received follow-up questions were directed to send their responses to a dedicated MGB e-mail box and were free to

4

submit whatever supporting documentation they wanted.  (*Id.* ¶ 29).  In some cases, the committee sent additional follow-up questions to employees after determining more information was needed.  (*Id.* ¶ 31).

The second committee, the Medical Exemption Review Committee, was directed by Dr. Dean Hashimoto, the Chief Medical Officer for Workplace Health and Wellness.  (Hashimoto Decl. ¶ 3).  MGB assembled two panels to review these requests:  one focused on occupational health, and the other focused on infection control.  (*Id.* ¶¶ 13-15).  The Occupational Health Clinical Panel was comprised of three nurse practitioners serving as occupational health clinical directors.  (*Id.* ¶ 14).  The Infection Control Panel was comprised of five physicians with expertise in infection control and disease.  (*Id.* ¶ 15).  The two panels worked together with Dr. Hashimoto to develop an interactive process.  (*Id.* ¶¶ 24-26).  The Occupational Health Clinical Panel would review exemption requests with Human Resources when accommodation issues arose, and would consult as needed with medical experts at MGB.  (*Id.* ¶¶ 25, 28).  When the panels had additional questions for employees or their physicians, they would solicit additional information by e-mail.  (*Id.* ¶¶ 30-31).

### B.     **Procedural Background**

On October 17, 2021, plaintiffs brought this suit against MGB.  They were represented by attorneys Ryan McLane and Lauren Bradford.  The initial complaint asserted claims for violation of the Americans with Disabilities Act, religious discrimination in violation of Title VII, and unlawful retaliation.

On December 17, 2021, plaintiffs filed an amended complaint.  The amended complaint kept the ADA and Title VII claims, but dropped the retaliation claim.  More than one hundred

5

new plaintiffs joined the action, including Dr. Wines.[2]

On December 22, 2021, the court entered a protective order in response to a motion by MGB.  The court found that MGB had a legitimate concern that members of its exemption committee might be subject to threats or harassment, and ordered various protective measures. First, the order allowed plaintiffs' counsel to receive identifying information concerning the members of MGB's exemption committees, but prohibited counsel from using or disclosing that information for any purpose other than litigation of the action.  Second, it allowed individual plaintiffs to receive identifying information only as to members of the exemption committee who reviewed their specific applications.  It prohibited individual plaintiffs from discussing identifying information with anyone other than counsel and from disseminating that identifying information.  Third, it required any individual plaintiff seeking to learn identifying information about a member of the exemption committee to sign an acknowledgement that he or she would comply with the protective order.  Fourth, it allowed plaintiffs' counsel to receive the identities of other MGB employees who had received medical or religious exemptions, where relevant and discoverable.  It prohibited dissemination or disclosure of such information to any individual named plaintiff without a court order.  Finally, it ordered the parties not to disclose identifying information concerning exemption committee members or employees who had received an exemption in any public court filings, absent further court order.

On March 15, 2022, the court granted a joint motion by the parties to use questionnaires as part of phased discovery.  The parties and the court agreed that the questionnaires are, in substance, interrogatories and requests for production of documents, and would be governed by Rules 26, 33, and 34 of the Federal Rules of Civil Procedure.

---

[2] On January 14, 2022, plaintiffs filed a corrected amended complaint.

Among other things, the MGB questionnaire for individual plaintiffs asked about (1) communications between the individual plaintiff and MGB employees about his or her exemption requests; (2) the individual plaintiff's medical condition (if he or she had requested a medical exemption) for which he or she had requested a medical exemption; and (3) whether the individual plaintiff's medical condition (if he or she had requested a medical exemption) substantially limits a major life activity.

On April 20, 2022, attorney McLane and attorney Bradford moved to withdraw from representation of thirteen individual plaintiffs, citing a lack of responsiveness or breakdown of the attorney-client relationship for each plaintiff named in the motion.

On April 29, 2022, David Kiah filed an appearance as an attorney for Dr. Wines. Attorney McLane and attorney Bradford filed a notice of withdrawal as his attorney on May 4, 2022.

On May 4, 2022, attorney McLane and attorney Bradford moved to withdraw from representation of four more individual plaintiffs, citing a lack of responsiveness or breakdown of the attorney-client relationship for each plaintiff named in the motion. On the same day, the parties also stipulated to the dismissal of the claims of eight individual plaintiffs.

On May 16, 2022, the court granted the motions to withdraw. The court ordered that plaintiffs now without counsel notify the court and answer MGB's questionnaire and requests for admission.

On June 10, 2022, the court dismissed the claims of fifteen plaintiffs from the action because of their failure to answer MGB's questionnaire and requests for admission.

On June 20, 2022, attorney Kiah moved to withdraw as attorney for Dr. Wines, citing Dr. Wines's desire to proceed *pro se*. The same day, Dr. Wines filed a notice of intention to proceed

7

*pro se*.  The court granted attorney Kiah's motion to withdraw on July 6, 2022.

On July 19, 2022, the court granted the parties' joint motion to extend the first phase of fact discovery and non-expert depositions to October 1, 2022.

On August 12, 2022, Dr. Wines filed a motion requesting a protective order, taking issue with two elements of MGB's questionnaire.  First, he contended that providing details of his communications with MGB employees about his exemption request could allow MGB to retaliate against his colleagues still employed at MGB.  Second, he contended that his vaccination status is protected private information.  He requested a protective order preventing MGB attorneys from disclosing information about the identity of his former colleagues and his vaccination status.

On the same day, Dr. Wines filed a motion requesting additional discovery.  He contended that the discovery conducted by attorney McLane and attorney Bradford—who had represented him for most of the relevant time—was insufficient to the needs of his individual claims.  He requested that the court allow him to conduct additional discovery, including service of interrogatories and requests for admission on MGB, and to take depositions.

At a status conference on August 23, 2022, the court denied the motions of Dr. Wines for a separate protective order and for additional discovery.  The court directed counsel for MGB to provide certain requested discovery to Dr. Wines.  The court further ordered Dr. Wines to complete his answers to MGB's questionnaire by September 2, 2022.

On the same day, MGB moved to modify the earlier, agreed-to protective order as to Dr. Wines.  The modified protective order would require Dr. Wines to acknowledge that he will not disseminate identifying information about members of MGB's exemption panels, that he may learn the identities of exemption panel members from MGB's counsel, that he may be subject to

sanctions for violating the protective order, that he not copy or use identifying information except for the action, and that he submit himself to the court's jurisdiction to enforce the protective order.

On August 24, 2022, the court granted MGB's motion to modify the protective order.

On September 6, 2022, the represented plaintiffs and MGB submitted a joint status report to the court. The parties noted that Dr. Wines had failed to produce responses to the questionnaire and that he had not signed the modified protective order acknowledgement form. The parties also noted that MGB had produced certain discovery to Dr. Wines on September 2, 2022. Finally, the parties noted that Dr. Wines had been deposed on August 24, 2022, and that he had refused to answer questions about the condition for which he sought a medical exemption.

On September 8, 2022, MGB moved to dismiss the claims of Dr. Wines with prejudice. MGB contends that Dr. Wines has refused to answer three questionnaire items concerning (1) communications with other MGB employees about his requested exemptions, (2) the condition for which he sought a medical exemption, and (3) whether his medical condition substantially limits a major life activity. MGH further contends that Dr. Wines has refused to answer questions about his alleged medical condition in a deposition.

On October 4, 2022, the court allowed Dr. Wines an extension of time to file an opposition to the motion to dismiss.

On October 14, 2022, Dr. Wines filed three matters on the docket. First, he filed a request for judicial notice, asking the court to acknowledge a statement made by the director of the CDC on CNN regarding the efficacy of vaccines.[3] Second, he moved that the court compel

---

[3] The Court will not take notice of this statement, because—among other reasons—it is not relevant to any pending motion.

MGB to produce additional discovery. Third, he opposed MGB's motion to dismiss, arguing that the protective order was "defective and highly prejudicial."

## II.     Standard of Review

Under Rule 37 of the Federal Rules of Civil Procedure, a district court may dismiss an action with prejudice for failure to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v); *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 641-43 (1976). A district court has substantial discretion to sanction parties for failure to comply with a discovery order because of its strong interest in "maintaining discipline and husbanding scarce judicial resources." *Torres-Vargas v. Pereira*, 431 F.3d 389, 393 (1st Cir. 2005). Factors that a district court may consider include the severity of a party's violation, the legitimacy of their excuse, repetition of violations, mitigating excuses, prejudice to the other party, the adequacy of lesser sanctions, and whether the offending party was given sufficient notice and opportunity to explain its noncompliance. *Vallejo v. Santini-Padilla*, 607 F.3d 1, 8 (1st Cir. 2010).

## III.    Analysis

MGB contends that the claims of Dr. Wines should be dismissed for failure to provide discovery—specifically, because he has failed to sign the modified protective order and respond to three items in MGB's questionnaire.[4] Dr. Wines contends that MGB itself has not provided discovery materials and that the protective order is "defective and highly prejudicial" and has been "drastically altered."

As noted, this action includes hundreds of claims against a large health-care provider.

---

[4] MGB has not moved to dismiss on the independent ground that Dr. Wines refused to answer questions about his alleged medical condition in his deposition. Nonetheless, his refusal to answer questions about his alleged medical condition in his August 24, 2022, deposition is one factor that the court considers in evaluating his noncooperation in the discovery process.

Scheduling orders and protective orders are "essential tools" to manage a complex civil action. *Tower Ventures, Inc. v. City of Wakefield*, 296 F.3d 43, 46 (1st Cir. 2002). A court-approved questionnaire (which essentially embodies interrogatories and requests for production of documents) and a protective order (which is a predicate for discovery of sensitive information) are not simple requests that may declined. They are part of the civil discovery process enforced by the court. "[A] party's disregard of a court order is a paradigmatic example of extreme misconduct." *Torres-Vargas*, 431 F.3d at 393.

This court's directives to Dr. Wines have been unambiguous. On August 23, 2022, the court ordered Dr. Wines to respond to MGB's questionnaire in full. He failed to do so. On August 24, 2022, the court entered a protective order that had been modified for Dr. Wines, requiring him to acknowledge limits on dissemination of information received through discovery. He failed to do so.[5] Accordingly, Dr. Wines has "repeatedly missed court-mandated deadlines." *Vallejo*, 607 F.3d at 8. Furthermore, the court has provided notice to Dr. Wines of the possibility of dismissal of his claims for failure to produce discovery.[6]

Nor has Dr. Wines offered valid excuses for his delays or his refusal to participate in discovery. First, he contends that the modified protective order is "defective and highly prejudicial." His opposition to the motion to dismiss does not elaborate further. The court already denied his motion for his own, separate protective order, which contended that the questionnaire would require disclosure of protected medical information and allow retaliation against MGB employees. Dr. Wines may well believe that the questionnaire is problematic, but

---

[5] He also failed to file his opposition to MGB's motion to dismiss in time, only doing so after the court's extension of his deadline.

[6] *See* Tr. at 21:19-24, Aug. 23, 2022 ("Dr. Wines can answer how he chooses to answer, but he will risk sanctions up to and including dismissal of his claims for failure to make discovery.").

the court is the arbitrator of discovery disputes, not the litigants. Second, Dr. Wines contends that he "did not in any way assent" to the protective order. The court has ordered him to comply with the protective order. His assent is therefore irrelevant. Third, Dr. Wines contends that the modified protective order has been "drastically altered" through the word "communicator." Whether the order has been altered—drastically or otherwise—is irrelevant. The court found good cause to enter the order, and Dr. Wines must comply if he wishes to maintain this action.

Finally, Dr. Wines contends that MGB has not provided "ANY substantive discovery materials." It appears that MGB has provided certain documents to Wines as part of discovery. (Def. Reply at 4). MGB contends that Dr. Wines's refusal to sign the protective order is the basis of its unwillingness to provide additional discovery. *Id.* In any event, even if Dr. Wines were correct, MGB's discovery conduct would not alter his own discovery obligations, which he has not satisfied.

Dr. Wines has chosen to refuse to provide relevant discovery in this matter. He can elect to refuse to provide it, but he cannot do so and still maintain his action in this court. Accordingly, his failure to comply with his discovery obligations makes dismissal under Rule 37 appropriate.

**IV.     Conclusion**

For the foregoing reasons, the motion of defendant Mass General Brigham Incorporated to dismiss with prejudice the claims of Dr. James Wines is GRANTED.

**So Ordered.**

                                              /s/ F. Dennis Saylor IV
                                              F. Dennis Saylor IV
Dated: December 15, 2022                 Chief Judge, United States District Court