**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|                                          |                                      |
|------------------------------------------|--------------------------------------|
| TYLER ADAMS, et al.,                     |                                      |
|     Plaintiffs,      |                                      |
|   v.                           | Civil Action No. 1:21-cv-11686-FDS   |
| MASS GENERAL BRIGHAM INCORPORATED,       |                                      |
|     Defendant.       |                                      |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56, Defendant Mass General Brigham Incorporated ("MGB") moves for the entry of summary judgment dismissing this action in its entirety and with prejudice.

As set forth in the accompanying Memorandum of Law and Statement of Undisputed Facts, and the forthcoming Joint Record Appendix,[1] MGB—the Commonwealth's largest healthcare provider and employer—implemented a policy in 2021 requiring all staff to be vaccinated absent an approved medical or religious exemption (the "Vaccination Policy"). Plaintiffs are former MGB employees who sought such exemptions from the Vaccination Policy. MGB determined that they did not meet its lawful and rigorous criteria for exemption and consequently did not approve their requests.

---

[1] At a status conference on December 5, 2022, this Court adopted the parties' stipulation regarding summary judgment procedures (the "Summary Judgment Procedures"). The Summary Judgment Procedures include certain departures from the normal practice under Local Rule 56.1 (*see* Dkt. Nos. 136, 138). In particular, to assist the Court in viewing the record evidence, the parties have agreed to the filing of a Joint Appendix similar to that required by Fed. R. App. P. 30. *See* Dkt. No. 136 at 2. The Summary Judgment Procedures provide that MGB shall serve on Plaintiffs–but not file–a proposed Joint Appendix on the same date as the filing and service of its Motion for Summary Judgment. Contemporaneously with the service and filing of their Opposition, Plaintiffs shall serve, but not file, any additional portions of the record not included in the initial proposed Joint Appendix that they wish to include. In accordance with the Summary Judgment Procedures, MGB will file the final Joint Appendix on or before the date on which it files its reply brief. *Id.*

In Section I of its Memorandum of Law, MGB shows that, as a matter of law, granting Plaintiffs' requested exemptions was an undue hardship. The Vaccination Policy was the product of the collective judgment of MGB's senior leadership, including world-renowned experts in infectious disease. It was supported by MGB's clinical experience and abundant scientific evidence demonstrating the safety and efficacy of the COVID vaccine. There is no dispute that MGB determined its health and safety priorities required legally compliant but rigorous exemption processes, and that a more permissive policy would have unacceptably increased the risk of COVID infection, negatively impacted patient care, and undermined the public's confidence in the safety of MGB facilities. MGB considered, and rejected, alternative infection control measures because they would have imposed substantial safety risks and financial and administrative burdens on its operations in the midst of an unprecedented global pandemic.

As further demonstrated in the materials accompanying this motion, MGB determined that every workforce member—including every Plaintiff in this case—had a role in supporting patient care in some capacity. Failing to protect them and their colleagues from illness, even if they lacked a regular on-site presence, would thus adversely impact MGB's workforce and hurt patient care. Every MGB employee was subject to being called in to the hospital or other clinical sites at any time, including being redeployed to a patient-facing role in the pandemic emergency; indeed, the record shows that many employees *were*, in fact, redeployed to patient-facing roles.

Because the consequence of allowing Plaintiffs' requested exemptions was literally life or death, MGB has established that granting them would have imposed an undue hardship as a matter of law. As a result, all of Plaintiffs' claims under Title VII and the Americans with Disabilities Act ("ADA") fail as a matter of law, and MGB is entitled to summary judgment as to all claims and all counts of the operative Complaint.

In Section II of the accompanying Memorandum of Law, MGB demonstrates why the claims of the 22 Plaintiffs who sought medical exemptions fail for the additional, independent reason that they cannot establish a prima facie case as a matter of law. At least nine cannot show that they were "disabled." None can show that they were "qualified" disabled persons, because they posed a direct threat to others under the ADA as a matter of law. None can show that exempting them from the Vaccination Policy was a reasonable accommodation as a matter of law.

WHEREFORE, for these reasons as well as those set forth in the accompanying Memorandum of Law, MGB respectfully requests that this Court grant its Motion for Summary Judgment and enter an order dismissing this action in its entirety and with prejudice.

MASS GENERAL BRIGHAM INCORPORATED
By Its Attorneys,
Respectfully Submitted,


*/s/ Dawn R. Solowey*
Lynn A. Kappelman (BBO# 642017)
Katherine E. Perrelli (BBO# 549820)
Kristin McGurn (BBO# 559687)
Dawn Reddy Solowey (BBO# 567757)
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
kperrelli@seyfarth.com
lkappelman@seyfarth.com
kmcgurn@seyfarth.com
dsolowey@seyfarth.com
TEL: (617) 946-4800
FAX: (617) 946-4801

Date: February 17, 2023

## LOCAL RULE 7.1(a)(2) CERTIFICATE

I hereby certify that, on February 17, 2023, I conferred telephonically with Plaintiffs' counsel in a good faith effort to resolve or narrow the areas of disagreement in connection with Defendant's Motion for Summary Judgment.

*/s/ Dawn R. Solowey*
Dawn R. Solowey

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). *Pro se* Plaintiff Laina Frazier was served a true and accurate copy of this document by e-mail on February 17, 2023.

*/s/ Dawn R. Solowey*
Dawn R. Solowey