# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TYLER ADAMS, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>MASS GENERAL BRIGHAM INCORPORATED,<br><br>        Defendant. | Civil Action No. 1:21-cv-11686 |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF LAINA FRAZIER FOR FAILURE TO PROSECUTE
## (UNOPPOSED BY ALL COUNSEL FOR THE REPRESENTED PLAINTIFFS)

Pursuant to Fed. R. Civ. P. 37(d) and Fed. R. Civ. P. 41(b), Defendant Mass General Brigham Incorporated ("MGB") files this Motion to Dismiss Pro Se Plaintiff Laina Frazier, with prejudice, for failure to respond to a court-ordered Phase 2 Questionnaire and for failure to prosecute her claims.

## RELEVANT BACKGROUND

1. On October 20, 2023, the Court entered the Phase 2 Scheduling Order (Dkt. 176-1) and directed Plaintiffs to submit written responses to MGB's Phase 2 Questionnaire within 30 days of service. Dkt. 178.

2. MGB served the Phase 2 Questionnaire on Plaintiff Frazier on December 28, 2023 by first-class mail and email. *See* Exhibit ("Exh.") A.

3. Pursuant to the Court's Order at Dkt. 178, Plaintiff Frazier's completed Phase 2 Questionnaire was due to MGB on January 29, 2024, and MGB notified Plaintiff Frazier of that due date in its correspondence to her on December 28, 2023. *See* Exh. A.

4. To date, Plaintiff Frazier has failed to respond <u>at all</u> to MGB's Phase 2 Questionnaire or to produce any of the attendant responsive documents.

5. Plaintiff Frazier never opposed MGB's Phase 1 Motion for Summary Judgment (Dkt. 148).

**ARGUMENT**

Plaintiff Frazier willfully refuses to respond to discovery requests or to prosecute her case. Dismissal of Plaintiff Frazier's claims is appropriate pursuant to both Fed. R. Civ. P. 37(d) and Rule 41(b). Rule 37 authorizes the Court to order sanctions for failure to serve answers to discovery requests. "In determining the appropriate sanction, if any, a court should 'consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation.'" *United States v. Pfizer, Inc.*, 188 F. Supp. 3d 122, 136 (D. Mass. 2016) (quoting *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003)). Pursuant to their "wide discretion in choosing sanctions for discovery violations," district courts frequently use dismissal "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 36 (1st Cir. 2012); *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

Rule 41 further reinforces the Court's "'inherent power to dismiss case[s] *sua sponte* for failure to prosecute,' so as to facilitate 'the efficient and expedient resolution of cases.'" *Brown v. CitiMortgage, Inc.*, 2016 WL 9224077, at *1 (D. Mass. Aug. 25, 2016) (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016)). "[The First Circuit] has long recognized that dismissal either for failure to comply with discovery orders or lack of prosecution is a matter within the discretion of the district court…" *Damiani v. Rhode Island Hosp.*, 704 F.2d 12, 17 (1st Cir. 1983) ("[T]he claim

of abuse of discretion [in cases dismissed on these grounds] has not received a sympathetic ear from us. In fact, since 1964 we have upheld dismissals in all cases but one."); *Otolo v. Potter*, 2011 WL 13248446, at *1 (D. Mass. July 12, 2011) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of her failure to prosecute is well-established and is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Notably, "[t]here is nothing in [Rule 37(d)] that states or suggests that the sanction of dismissal can be used only after all other sanctions have been considered or tried." *Damiani,* 704 F.2d at 15 ("Dismissal would also encourage other parties to take their discovery obligations seriously."); *see also Corchado v. Puerto Rico Marine Mgmt., Inc.*, 665 F.2d 410, 413 (1st Cir. 1981), *cert. denied* 459 U.S. 826 (1982) (dismissing claims due to several missed discovery deadlines and failure to attend a pretrial conference, noting, "A District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting.") (quoting *Link v. Wabash R.R. Co*., 370 U.S. 626, 633 (1962).

     Dismissal is the appropriate sanction here. Plaintiff Frazier has stopped prosecuting her claims. She did not oppose MGB's Phase 1 Motion for Summary Judgment, and now she has not responded at all to MGB's Phase 2 Questionnaire. MGB has been prejudiced by Plaintiff Frazier's delinquency because it cannot defend itself fully against her claims or prepare to take her deposition because she has refused to produce information and documentation to which MGB is entitled under the Rules. The Court should dismiss Plaintiff Frazier's claims with prejudice. *See Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc*., 848 F.2d 315, 316 (1st Cir. 1988) (Rule 41(b) "authorizes a district court to dismiss a case with prejudice to punish a plaintiff for failure to prosecute."); *Humphrey v. Comoletti*, Civ. A. No. 15-cv-14170-ADB, 2018 WL 2709205, at *3

308021263v.2

(D. Mass. June 5, 2018) (dismissing complaint with prejudice for failure to prosecute and failure to timely respond to discovery or comply with discovery orders).

## CONCLUSION

For the reasons stated above, MGB respectfully requests that the Court dismiss Plaintiff Frazier's claims, in their entirety, with prejudice, and grant such other relief as the Court deems just and proper.

|  |  |
|---|---|
| **Dated:** February 13, 2024 | MASS GENERAL BRIGHAM INCORPORATED |
|  | By Its Attorneys, |
|  | Respectfully Submitted, |
|  | */s/ Lynn A. Kappelman* <br> Lynn A. Kappelman (BBO# 642017) <br> Katherine E. Perrelli (BBO# 549820) <br> Kristin McGurn (BBO# 559687) <br> Dawn Reddy Solowey (BBO# 567757) <br> SEYFARTH SHAW LLP <br> Seaport East <br> Two Seaport Lane, Suite 1200 <br> Boston, MA 02210-2028 <br> kperrelli@seyfarth.com <br> lkappelman@seyfarth.com <br> kmcgurn@seyfarth.com <br> dsolowey@seyfarth.com <br> TEL: (617) 946-4800 <br> FAX: (617) 946-4801 |

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

I hereby certify pursuant to Local Rule 7.1(a)(2) that, on February 12, 2024, counsel for Defendant attempted to confer with Plaintiff Frazier by email and phone in order to resolve or narrow the issues presented in this motion, but she did not answer or respond. On February 11, 2024, counsel for Defendant conferred in good faith with Plaintiffs' counsel, Ryan McLane, and Attorney McClane indicated that he will not oppose this motion. On February 12, 2024, counsel for Defendant conferred in good faith with counsel for Plaintiffs Orfanos and Saccoccio, Richard Chambers, and Attorney Chambers indicated that he will not oppose this motion.

                                             */s/ Lynn A. Kappelman*
                                             Lynn A. Kappelman

**CERTIFICATE OF SERVICE**

I, Lynn A. Kappelman, certify that on February 13, 2024, I caused a true and accurate copy of the foregoing document to be filed and uploaded to the CM/ECF system, and I further caused a copy to be served upon Plaintiff Laina Frazier by email and first-class mail.

                                             */s/ Lynn A. Kappelman*
                                             Lynn A. Kappelman

308021263v.2