# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

TYLER ADAMS, KATHLEEN FUSCO,
ROBIN MEADOWS, MICHAEL
SACCOCCIO, MICHELLE ORFANOS,
ROSEANN McNAMARA, JAMIE
STEVERMAN, and SARAH SHULMAN,

        Plaintiffs,

        v.

MASS GENERAL BRIGHAM
INCORPORATED,

        Defendant.

Civil Action No. 1:21-cv-11686-FDS

## JOINT MOTION FOR ENTRY OF AMENDED SCHEDULING ORDER REGARDING PHASE TWO OF FACT DISCOVERY, EXPERT DISCOVERY AND PHASE TWO DISPOSITIVE MOTIONS

Plaintiffs Robin Meadows, Kathleen Fusco, and Michael Saccoccio (the "Represented

Plaintiffs") and Defendant, Mass General Brigham Incorporated (collectively, the "Parties"),

submit this Joint Motion for Entry of an Amended Scheduling Order Regarding Phase Two of

Fact Discovery, Expert Discovery and Phase Two Dispositive Motions.  In the interests of a fair,

balanced, and efficient resolution of this action, and in recognition of the intervening

developments that have occurred since this Court's entry of the initial Phase Two Scheduling

Order, *see* ECF No. 178, the Parties jointly move the Court to adopt the following Proposed

Amended Scheduling Order.

315851947v.2

## I.      DEPOSITIONS

a.      Absent agreement in writing of both the deponent and Defendant to conduct a remote proceeding, all depositions noticed by Defendant shall take place in person, and each deposition shall be limited to seven (7) hours.

b.      Defendant may, without leave of Court, take the deposition of each remaining Plaintiff to this action who has not yet given a deposition during Phase 2 of discovery.

c.      Any Plaintiff who wishes to attend a deposition that he or she did not notice shall provide Defendant's counsel with reasonable notice of his or her intent to attend, and in no case shall such Plaintiff provide fewer than three days' notice of his or her attendance.

d.      The parties' positions differ as to whether the Represented Plaintiffs can notice additional depositions of MGB, apart from those Plaintiffs conducted during Phase 1 of discovery in this action.  The parties have conferred on this issue and anticipate they will be able to come to a reasonable agreement on the issue.  Should the Represented Plaintiffs seek to notice any such depositions, Represented Plaintiffs' counsel shall promptly so advise Defendant's counsel, and the parties shall confer in a good faith attempt to reach agreement concerning the proposed deposition(s).  If the parties reach an impasse, then any party may thereafter file a motion pursuant to Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 37 as appropriate.  No depositions, other than those discussed and expressly permitted herein, are allowed without leave of Court.  Represented Plaintiffs' failure to file a motion under this section prior to the close of non-expert discovery may result in denial of leave to take the requested deposition(s).

The claims of Plaintiffs who fail to reasonably cooperate in the scheduling of their depositions, or fail to appear without at least 24 hours' prior notice or without good cause, shall be subject to prompt dismissal with prejudice.  *See* Fed. R. Civ. P. 37(b)(2).  A party who fails to provide full and complete written responses, produce requested documents, or seasonably

2

supplement prior discovery responses shall be subject to prompt dismissal with prejudice; no additional warnings or motion practice shall be required.  The Parties shall jointly report to the Court if one or more Plaintiffs are not in compliance with this portion of the Order and thereafter any party may request dismissal with prejudice.

## II.    NON-EXPERT DISCOVERY DEADLINE

All non-expert discovery shall be completed by May 30, 2025.

## III.    EXPERT DISCOVERY

All expert discovery shall be completed by August 29, 2025.  The following deadlines shall govern expert discovery:

a.    The Parties' expert disclosures and reports, if any, shall be served on or before June 13, 2025.

b.    The Parties' rebuttal experts and reports, if any, shall be served on or before July 18, 2025.

c.    Expert depositions shall be completed by August 29, 2025.

## IV.    PHASE 2 SUMMARY JUDGMENT AND *DAUBERT* MOTIONS

a.    Phase 2 dispositive motions, such as motions for summary judgment or partial summary judgment, and any related motions, *e.g.*, *Daubert* motions, shall be filed by October 3, 2025.

b.    Oppositions to dispositive and any related motions shall be filed within 30 days after service of the motion(s).

c.    Reply briefs shall be filed within 21 days after service of any Opposition, and may be filed without leave of Court.

315851947v.2

d.      No later than the deadline for completion of expert discovery, the Parties shall submit a joint proposal outlining any additional procedures that they propose to govern the briefing of Phase 2 dispositive and related motions.  Counsel for the Parties shall confer no fewer than fourteen (14) days in advance of the expert discovery deadline regarding their proposals for briefing of summary judgment, and whether the Parties anticipate the filing of any *Daubert* motions in connection with Phase 2 summary judgment.   To the extent areas of disagreement remain after conferral, the Parties shall set forth their respective positions in the joint submission.

e.      Within seven (7) days of service of the Parties' joint submission regarding summary judgment procedures, any self-represented Plaintiff who objects thereto, in whole or in part, may serve and file a submission that clearly and succinctly states the self-represented party's areas of disagreement with the Parties' proposed Phase 2 summary judgment procedures. After consideration of all proposals timely submitted, the Court will issue an appropriate order.

## V.      PROCEDURAL PROVISIONS

Unless otherwise stated in the Court's Order, the procedural provisions of this Court's December 17, 2021 Scheduling Order, *see* ECF No. 56, shall remain in effect.

315851947v.2

**Dated:** January 28, 2025                     Respectfully Submitted,


*/s/Jack R. Spitz*                                */s/ Dawn R. Solowey*
Jack R. Spitz (*Pro hac vice*)                    Lynn A. Kappelman (BBO# 642017)
jspitz@sirillp.com                                Katherine E. Perrelli (BBO# 549820)
Christina Xenides                                 Kristin McGurn (BBO# 559687)
cxenides@sirillp.com                              Dawn Reddy Solowey (BBO# 567757)
Siri & Glimstad LLP                               SEYFARTH SHAW LLP
1005 Congress Ave., Ste. 925-C36                  Seaport East
Austin, TX 78701                                  Two Seaport Lane, Suite 1200
Tel.: (224) 263-7422                              Boston, MA 02210-2028
Fax: (646) 417-5967                               kperrelli@seyfarth.com
                                                  lkappelman@seyfarth.com
COUNSEL FOR ROBIN MEADOWS and                     kmcgurn@seyfarth.com
KATHLEEN FUSCO                                    dsolowey@seyfarth.com
                                                  TEL: (617) 946-4800
                                                  FAX: (617) 946-4801


*/s/Richard Chambers*
Richard Chambers (BBO# )
richard@chamberslaw.com                           COUNSEL FOR DEFENDANT
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Tel.:
Fax:

COUNSEL FOR MICHAEL SACCOCCIO

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2025 this document was filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Dawn R. Solowey
Dawn R. Solowey

315851947v.2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TYLER ADAMS, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 1:21-cv-11686-FDS |
| MASS GENERAL BRIGHAM INCORPORATED, | |
| Defendant. | |

**[PROPOSED] AMENDED SCHEDULING ORDER REGARDING PHASE TWO OF FACT DISCOVERY, EXPERT DISCOVERY, AND PHASE TWO DISPOSITIVE MOTIONS**

**SAYLOR, C. J.**

This Amended Scheduling Order is intended to provide a reasonable timeframe for completion of remaining Phase 2 of discovery and dispositive motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

**Timetable for Phase Two Discovery and Motion Practice**

It is hereby ORDERED as follows:

**I.    Depositions.** All Phase 2 depositions that have not taken place as of the date of the entry of this Order, other than expert depositions, must be completed by May 30, 2025.

a.    Absent agreement in writing of both the deponent and Defendant to conduct a remote proceeding, all depositions noticed by Defendant shall take place in person, and each deposition shall be limited to seven (7) hours.

b.    Defendant may, without leave of Court, take the deposition of each remaining Plaintiff to this action who has not yet given a deposition during Phase 2 of discovery.

c.    Should the Represented Plaintiffs seek to notice any depositions, Represented Plaintiffs' counsel shall promptly so advise Defendant's counsel, and the parties shall confer in a

7

315851947v.2

good faith attempt to reach agreement concerning the proposed deposition(s).  If the parties reach an impasse, then any party may thereafter file a motion pursuant to Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 37 as appropriate.  No depositions, other than those discussed and expressly permitted herein, are allowed without leave of Court.  Represented Plaintiffs' failure to file a motion under this section prior to the close of non-expert discovery may result in denial of leave to take the requested deposition(s).

        d.    Any Plaintiff who wishes to attend a deposition that he or she did not notice shall provide counsel for the noticing party with reasonable notice of his or her intent to attend, and in no case shall such Plaintiff provide fewer than three days' notice of his or her attendance.

        e.    No other depositions are permitted without leave of Court, and only for good cause shown.

        **II.**    **Sanctions for Failure to Provide Deposition or Supplement Discovery.**  The claims of Plaintiffs who fail to reasonably cooperate in the scheduling of their depositions, or fail to appear without at least 24 hours' prior notice or without good cause, shall be subject to prompt dismissal with prejudice.  *See* Fed. R. Civ. P. 37(b)(2).  A party who fails to provide full and complete written responses, produce requested documents, or seasonably supplement prior discovery responses shall be subject to prompt dismissal with prejudice; no additional warnings or motion practice shall be required.  The Parties shall jointly report to the Court if one or more Plaintiffs are not in compliance with this portion of the Order and  thereafter any party may request dismissal of the non-compliant party with prejudice.

        **III.**    **Close of Phase 2 of Fact Discovery.**  All non-expert discovery shall be completed by May 30, 2025.

        **IV.**    **Expert Discovery.** All expert discovery shall be completed by August 29, 2025.

        a.    The Parties' expert disclosures and reports, if any, shall be served on or before June 13, 2025.

        b.    The Parties' rebuttal experts and reports, if any, shall be served on or before July 18, 2025.

        c.    Expert depositions shall be completed by August 29, 2025.

        **V.**    **Phase 2 Summary Judgment and *Daubert* Motions.**

        a.    Phase 2 dispositive motions, such as motions for summary judgment or partial summary judgment, and any related motions, *e.g.*, *Daubert* motions, shall be filed by October 3, 2025.

        b.    Oppositions to dispositive and any related motions shall be filed within 30 days after service of the motion(s).

315851947v.2

c.      Reply briefs shall be filed within 21 days after service of any Opposition, and may be filed without leave of Court.

d.      No later than the deadline for completion of expert discovery, the Parties shall submit a joint proposal outlining any additional procedures that they propose to govern the briefing of Phase 2 dispositive and related motions.  Counsel for the Parties shall confer no fewer than fourteen (14) days in advance of the expert discovery deadline regarding their proposals for briefing of summary judgment, and whether the Parties anticipate the filing of any *Daubert* motions in connection with Phase 2 summary judgment.   To the extent areas of disagreement remain after conferral, the Parties shall set forth their respective positions in the joint submission.

e.      The Parties shall serve a copy of their joint submission for Phase 2 summary judgment procedures on all self-represented Plaintiffs who are not registered for electronic filing in this matter.  Within seven (7) days of service of the Parties' joint submission regarding summary judgment procedures, any self-represented Plaintiff who objects thereto, in whole or in part, may serve and file a submission that clearly and succinctly states with specificity the self-represented party's areas of disagreement with the Parties' proposed Phase 2 summary judgment procedures.  After consideration of all proposals timely submitted, the Court will issue an appropriate order.

**VI.     Procedural Provisions.**  Unless otherwise stated in this Order, the procedural provisions of this Court's December 17, 2021 Scheduling Order, *see* ECF No. 56, shall remain in effect.

By the Court,

_____
F. Dennis Saylor IV

Dated:

9

315851947v.2