## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TYLER ADAMS; SARAH SHULMAN; MICHELLE ORFANOS, ROSEANN McNAMARA; AND JAMIE STEVERMAN, **Plaintiffs,** v. MASS GENERAL BRIGHAM, INC., **Defendant.** | )<br>)<br>)<br>)<br>)<br>) **Civil Action No.  21-cv-11686 - FDS**<br>)<br>)<br>)<br>)<br>)<br>) |

## *PRO SE* PLAINTIFFS' EMERGENCY MOTION FOR A PROTECTIVE ORDER, AND TO ALLOW PLAINTIFF ADAMS'S DEPOSITION TO BE CONDUCTED REMOTELY

Pursuant to Federal Rules of Civil Procedure 26(c) and 37(a), Plaintiffs respectfully request that the Court enter:

(i)     a protective order pursuant to Fed. R. Civ. P. 26(c) prohibiting further depositions of the Plaintiffs until the Court rules on Plaintiffs' Motion for Leave to File a Second Amended Complaint, to be filed on March 18, 2025; and

(ii)     an order allowing *pro se* Plaintiff Tyler Adams, a working single mother who lives in South Carolina, to be deposed remotely, rather than in-person in Massachusetts.

As grounds therefore, Plaintiffs state as follows:

1.      In the interest of efficiency and fairness to all parties, the *pro se* plaintiffs are entitled to a protective order prohibiting the depositions of Michelle Orfanos, Jamie Steverman, and Tyler Adams, currently noticed for March 19, 2025, March 20, 2025, and March 26, 2025, respectively, until *after* the Court has ruled on Plaintiffs Motion for Leave to File a Second Amended Complaint. The proposed Second Amended Complaint will contain new allegations based on changed circumstances, new causes of action, and possibly an additional defendant.

2.      The *pro se* Plaintiffs are in the process of obtaining legal counsel, but will not be able to do so before their Motion for Leave to File a Second Amended Complaint is filed on March 18th.

3.      There is a pending Joint Motion for Entry of Amended Scheduling Order regarding Phase Two of Fact Discovery, Expert Discovery and Phase Two Dispositive Motions by Mass General Brigham, Inc. (Docket No. 265), as to which the five *pro se* Plaintiffs did not consent, and to which they have filed an Opposition (Docket No. 270). The *pro se* Plaintiffs intend to file a motion for a revised scheduling order extending discovery which, if granted, will eliminate any prejudice to the Defendant caused by postponing the Plaintiffs' depositions.

4.      The currently noticed deposition dates conflict with the Plaintiffs' schedules.

5.      *Pro se* Plaintiff Adams is a working single mother who resides in South Carolina, where she was able to find work after she was fired by the Defendant.  Arranging for child care, and taking multiple days off from work to travel to Boston places an undue burden on her when her deposition is able to be conducted remotely.

6.      This request is made in good faith and not for the purpose of undue delay or prejudice to any party.

7.      Plaintiffs have attempted to resolve the dispute over the timing and manner of the depositions with Defendant's counsel, but without success.

WHEREFORE, the *pro se* Plaintiffs respectfully request that this Court grant their Emergency Motion for a Protective Order and to Allow Plaintiff Adams's Deposition To Be Conducted Remotely.

Dated: March 11, 2025                          Respectfully submitted,

*/s/ Tyler Adams*

TYLER ADAMS (*Pro se*)

*/s/ Roseann McNamara*

ROSEANN MCNAMARA (*Pro se*)

*/s/ Michelle Orfanos*

MICHELLE ORFANOS (*Pro se*)

*/s/ Sarah Shulman*

SARAH SHULMAN (*Pro se*)

*/s/ Jamie Steverman*

JAMIE STEVERMAN (*Pro se*)

## CERTIFICATE OF SERVICE

We hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper and electronic copies will be sent to those indicated as non-registered participants on March 11, 2025.

/s/ *Tyler Adams*

TYLER ADAMS (*Pro se*)

/s/ *Rosann McNamara*

ROSEANN MCNAMARA (*Pro se*)

/s/ *Michelle Orfanos*

MICHELLE ORFANOS (*Pro se*)

/s/ *Sarah Shulman*

SARAH SHULMAN (*Pro se*)

/s/ *Jamie Steverman*

JAMIE STEVERMAN (*Pro se*)