# Exhibit A

Exhibit A

1

```
 1                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS
 2

 3

    TYLER ADAMS, et al.,              )
 4                                    )
                       Plaintiffs     )  Civil Action
 5                                    )
                                      )  No. 21-11686-FDS
 6  vs.                               )
                                      )
 7  MASS GENERAL BRIGHAM, INC.,       )
                       Defendant      )
 8

 9
    BEFORE:   CHIEF JUDGE F. DENNIS SAYLOR, IV
10

11
                        STATUS CONFERENCE
12

13

14
          John Joseph Moakley United States Courthouse
15                       Courtroom No. 10
                         1 Courthouse Way
16                       Boston, MA 02210

17
                         February 18, 2025
18                          2:04 p.m.

19

20

21

22

23            Valerie A. O'Hara, FCRR, RPR
                    Official Court Reporter
24        John Joseph Moakley United States Courthouse
                         1 Courthouse Way
25                       Boston, MA 02210
                    E-mail: vaohara@gmail.com
```

```
 1    APPEARANCES:

 2    For The Plaintiffs:

 3         Chambers Law Office, by RICHARD CULLIN CHAMBERS, JR.,
      ESQ., and JOSEPH C. SPINALE, ESQ., 220 Broadway, Suite 404,
 4    Lynnfield, Massachusetts 01940;

 5         Siri & Glimstad, LLP, by JACK RYAN SPITZ, ESQ.,
      8 Campus Drive, Suite 105 PMB#161, Parsippany, New Jersey
 6    07054;

 7    Tyler Adams, pro se;

 8    Michelle Orfanos, pro se;

 9    Sarah Shulman, pro se;

10    Jamie Steverman, pro se;

      Roseann McNamara, pro se;

      For the Defendant:

           Seyfarth Shaw, LLP, by DAWN REDDY SOLOWEY, ATTORNEY,
      Two Seaport Lane, Suite 1200, Boston, Massachusetts 02210.
```

        MS. ADAMS: Your Honor, as far as I'm aware, all the pro se plaintiffs have been deposed in Phase I discovery. I may be incorrect, but I was under the impression we have all been deposed.

        THE COURT: Ms. Solowey.

        MS. SOLOWEY: Your Honor, there still are pro se depositions to take in Phase II.

        THE COURT: Not as to all topics, is that the idea?

02:17PM         MS. SOLOWEY: If you recall, there's a phased scheduling order, and so only a small group of representative plaintiffs were deposed in Phase I, so that does include some of the pro ses, but every plaintiff needs to be deposed in Phase II, so there's just a few of those that still need to get taken care of, and we do intend as soon as we have clarity from the court as to, you know, kind of the scheduling order as to the pro se plaintiffs, we do intend to get those notices out for in-person videotaped depositions.

02:17PM         THE COURT: Did anyone else have any questions? And I'll let the lawyers weigh in as well.

        MS. ORFANOS: Yes. Your Honor, it's Michelle Orfanos, pro se.

        THE COURT: Yes.

        MS. ORFANOS: There are some things that we would

saying the deposition shouldn't go forward or should only go forward in part, and I will deal with that in due course. Again, you don't get to ask the same questions over and over again. Yes, Ms. Solowey.

MS. SOLOWEY: Your Honor, a couple of points. One is I understand that your Honor is still working on the motion for scheduling order and whether to approve that as is or to modify it.

THE COURT: Yes.

02:48PM

MS. SOLOWEY: Is there any constraint on us going ahead and noticing the plaintiff's depositions in the meantime?

THE COURT: No, that's why I said that either party going forward can certainly depose people, and the current deadline is May 30th.

MS. SOLOWEY: Okay. For clarification, can we have an order sequencing the depositions so that the plaintiffs's depositions go first? And I ask that for a couple of reasons. One is just so that we don't have to

02:48PM kind of relitigate that issue with the pro ses but also, as I said, we agree with Mr. Spitz that we will take the plaintiffs's depositions and then pursue a mediation avenue.

We would suggest the same with the plaintiffs, and so if it makes sense to the Court, we would ask that the