# EXHIBIT B

# DECLARATION OF TYLER ADAMS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TYLER ADAMS, ROSEANN MCNAMARA, MICHELLE ORFANOS, DR. SARAH SHULMAN, AND JAMIE STEVERMAN,<br><br>    Plaintiffs,<br><br>v.<br><br>MASS GENERAL BRIGHAM, INC. and<br>    Defendant. | Civil Action No. 1:21-11686-FDS |

## DECLARATION OF TYLER MARIE ADAMS

In support of their "*PRO SE* PLAINTIFFS' MOTION TO DECONSOLIDATE CASES AND SEPARATE FROM THE REPRESENTED PLAINTIFFS" and "PRO SE PLAINTIFFS' 2ndAMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT" against MASSGENERAL BRIGHAM, INC. ("the defendant"), Tyler Marie Adams submits this affidavit as testimony in this case.

I, Tyler Adams, hereby declare under penalty of perjury that the following facts are true to the best of my knowledge, belief, and recollection:

**Personal Information:**

1. I am over the age of eighteen and am a citizen of the United States of America and of the State of South Carolina.

**Employment History with Mass General Brigham (MGB):**

2. I began employment with Mass General Brigham at North Shore Physicians Group in Rowley, MA, in March of 2018.

3. On or about November , 2018 I received my first promotion.

4. Between 2018 and 2021, I received four salary increases for my performance.

5. I was chosen by leadership to participate in a Rapid Process Improvement workshop in March of 2019.

6. I received a certificate for recognition of my valuable contributions, as well as over a dozen "Made Someone's Day" certificates for my excellent commitment to service between 2018 and 2020.

7.On June 16, 2020, I provided Office Manager Maryellen Percival a letter from my primary care provider confirming an allergic reaction to medical-grade surgical masks.

8. On August 25, 2020, I emailed my manager, Maryellen Percival, and MGB Occupational Health a letter from my dermatologist, Kim Comeau PA-C, which included test results verifying my severe allergy to compounds found in surgical masks and N95 masks. The letter stated that I should avoid all N95 and surgical masks due to this severe allergy.

9. On or about October 5, 2020, I was provided a PAPR apparatus by Occupational Health due to my allergic reaction to masks.

10. On October 7, 2020, I sent an email to Human Resources (HR) Sandra Rossetti and others detailing the challenges of wearing the PAPR.

11. On or about October 8, 2020, I had a meeting with my manager, Maryellen Percival, and HR, Sandra Rossetti, to discuss alternatives to the PAPR, including the use of a CAPR, a remote position, or applying for FMLA.

12. On or about October 12, 2020, I was provided a CAPR to use, which was unsuccessful.

13. On October 21, 2020, I was granted and began a full-time remote position as a New Patient Intake Clinical Navigator.

**Mortgage Loan and Knowledge of COVID Vaccine Mandates:**

14. In late February 2021, I applied for a mortgage loan to purchase property. There was a question on one of the forms submitted to MGB HR in March 2021 asking about the probability of continued employment (whether the employer planned on terminating the applicant within the next year or two). During review of depositions I received on December 23, 2024, defense counsel's agents testified that MGB knew by late 2020 that COVID-19 vaccine mandates were coming in 2021.

15. On April 5, 2021, I closed on the property I had applied for in February 2021.

**COVID-19 Vaccine Exemption Process:**

16. On August 23, 2021, I submitted my medical exemption form for the COVID-19 vaccine, stating that I am allergic to MiraLAX (the brand name for PEG). This is a CDC contraindication to the COVID vaccine.

17. On August 30, 2021, I received an email from the medical exemption committee denying my request, despite my status as a full-time work-from-home employee (100% off-site). The denial stated, "The medical information you provided does not demonstrate sufficient medical reasons or contraindication to support an exemption."

18. On September 2, 2021, I sent Occupational Health a letter from my primary care physician, Dr. Guy Navarra, verifying my medical exemption due to a history of multiple severe allergies, including an allergy to MiraLAX (PEG), Cipro, and a history of thrombophilia.

19. On September 16, 2021, I received a second email from the medical exemption committee again denying my request, despite MGB having three letters from my doctors confirming my medical history and allergic reactions. The committee recommended that I consult an MGB allergist.

20. On or about early September 2021, HR began emailing employees daily, instructing them to receive the COVID-19 vaccination by October 15, 2021, or face termination from employment.

21. On October 4, 2021, I communicated with HR business partner Sandy Rosetti regarding my exemption denial, to which I was only informed that my medical exemption had been denied after being reviewed by MBG "clinical experts", despite the medical advice and decision made by my primary care physician and my employment status being fully remote. I was advised that if I did not comply, my employment would end regardless of the facts I presented.

**Termination and Unemployment Benefits:**

22. On November 10, 2021, I was terminated from my position for "failing to comply with the COVID-19 vaccine mandate"

23. On November 10, 2021, I applied for unemployment compensation, which I received until May 23, 2022. I began a part-time job as a massage therapist in June 2022.

**Pursuit of Legal Action and Concerns About Representation:**

24. On October 5, 2021, I retained Attorney Ryan McLane for legal representation, joining a large group of plaintiffs suing MGB for discrimination related to the COVID-19 vaccine exemption process.

25. Throughout the case, communication with Attorney McLane was primarily through his assistant and Zoom calls, which did not allow questions from plaintiffs. On one occasion, Attorney McLane became belligerent when questioned about the handling of case funds.

26. On or about August 2024, I was told that the case was on hold due to final negotiations for a settlement. Despite my repeated inquiries regarding the settlement's fairness, Attorney McLane indicated that MGB would only accept a settlement with at least 80 plaintiffs.

27. On or about October 2024, I attempted to obtain discovery materials from Attorney McLane but was told to get them from the defendant. When I contacted the Court, I was instructed to get the materials from Attorney McLane or file a subpoena.

28. On or about December 2024, I discovered instances of disparate treatment, including the reversal of vaccine exemption denials for other employees, including the assistant to Dr Hashimoto. During this time, I also discovered that another employee was granted a vaccine exemption due to an allergy which again was not afforded to me despite my diagnosis being exactly the same.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed this 17 day of March, 2025.

/s/ *Tyler Adams*

TYLER ADAMS (*Pro se*)
Declarant