## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TYLER ADAMS, KATHLEEN FUSCO, ROSEANN MCNAMARA, ROBIN MEADOWS, MICHELLE ORFANOS, MICHAEL SACCOCCIO, SARAH SHULMAN, AND JAMIE STEVERMAN, | |
| Plaintiffs, | Civil Action No. 1:21-cv-11686-FDS |
| v. | |
| MASS GENERAL BRIGHAM INCORPORATED, | |
| Defendant. | |

## JOINT MOTION TO STRIKE *PRO SE* PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND EXHIBITS B THROUGH F THERETO

### INTRODUCTION

Plaintiffs Robin Meadows, Kathleen Fusco, and Michael Saccoccio, by and through their counsel; Attorney Ryan McLane, on behalf of the former represented Plaintiffs; and, Mass General Brigham Incorporated ("MGB") (collectively, the "Represented Parties"), respectfully move for an order striking (1) the Memorandum of Law in Support of *Pro Se Plaintiffs'* Motion for Leave to File Second Amended Complaint (the "MOL"), ECF No. 284, and (2) Exhibits B through F thereto (declarations of *pro se* Plaintiffs Adams, McNamara, Orfanos, Shulman, and Steverman), ECF Nos. 285-2 through 285-5. This relief is warranted for two reasons. First, these documents are replete with improper, and inadmissible, alleged descriptions of the parties' confidential settlement communications. Second, the filings are also replete with discussions of alleged privileged joint communications between the Represented Parties and their former counsel—a privilege that the *pro se* Plaintiffs have no right to unilaterally waive.

**ARGUMENT**

**I.    The *Pro Se* Plaintiffs' Filings Contain Numerous Discussions of Settlement Offers and Negotiations That are Inadmissible Under Fed. R. Evid. 408.**

The *pro se* Plaintiffs' filings contain numerous, detailed descriptions of parties' settlement discussions throughout this three year old case, including the conduct of settlement negotiations and specific monetary offers and amounts.  *See, e.g.*, ECF No. 284 at 17-18 (describing conduct of settlement negotiations);  ECF No. 285-1 at ¶¶ 26-27; ECF No. 285-2 at ¶¶ 26, 28, 30 (disclosing settlement discussions and specific settlement amounts); ECF No. 285-4 at ¶¶ 38-40 (conduct of settlement negotiations and characterizing amount of settlement offers).  The parties' settlement discussions have no relevance to any claim or defense asserted in this case, nor are they relevant to an analysis of the propriety of leave to amend under Fed. R. Civ. P. 15. This Court accordingly can, and should, strike these improper and inadmissible references to settlement negotiations and amounts offered in settlement.  *See Jones v. Metro. Life Ins. Co.*, No. C-08-03971-JW DMR, 2010 WL 4055928, at *14 (N.D. Cal. Oct. 15, 2010) (District Courts have the "inherent power to strike portions of documents that are improperly part of the record" and may "strike  a paragraph from a case management document that discloses confidential settlement negotiations"); *Low-Iacovino v. Benefit Plan Comm. of Nonbargained Program of AT&T Benefit Plan*, No. CV1606614ABGJSX, 2018 WL 6984850, at *5 (C.D. Cal. June 20, 2018) ("based on its inherent powers, a court may strike material from the docket, and numerous courts have stricken similar references to confidential [settlement] communications"); *Sharestates Investments, LLC v. WFG Nat'l Title Ins. Co.*, No. 1:23-CV-01416-JMC, 2023 WL 8436159, at *3 (D. Md. Dec. 5, 2023) ("granting a motion to strike a plaintiff's references to the parties' settlement discussions is appropriate where a plaintiff offers those discussions in violation of Federal Rule of Evidence 408").

## II.    The *Pro Se* Plaintiffs' Filings are Replete With Discussions of Privileged Communications Between Jointly Represented Plaintiffs and Their Lawyers.

The *pro se* Plaintiffs' filings repeatedly describe, in great and improper detail, alleged confidential and privileged communications between the jointly represented Plaintiffs and Attorney McLane, their then-counsel, while the *pro se* Plaintiffs were among Attorney McLane's firm's jointly represented clients.[1]  *See, e.g.*, ECF No. 284 at 17; ECF No. 285-1 at ¶ 25; ECF No. 285-2 at ¶¶ 24, 26, 28, 29; ECF No. 285-4 at ¶¶ 36, 38, 39.  The *pro se* Plaintiffs have no right to unilaterally waive privilege with respect to alleged communications that occurred with co-Plaintiffs while they were jointly represented by the same attorneys.  *See Hudson-RPM Distributors, LLC v. Bowditch & Dewey, LLP*, No. 4:19-CV-40095-TSH, 2021 WL 9649662, at *4 (D. Mass. Feb. 12, 2021) ("[A] client may unilaterally waive the privilege as to its own communications with a joint attorney so long as those communications concern *only* the waiving client ... [and] may not ... unilaterally waive the privilege as to any of the other joint clients' communications or as to any of its communications that relate to other joint clients.") (emphasis added), *quoting In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 363 (3d Cir. 2007).  The Court should therefore strike these disclosures of alleged privileged communications.  *See Low-Iacovino*, 2018 WL 6984850, at *5 (courts have inherent power to strike materials that improperly disclose confidential communications).[2]

---

[1] The Represented Parties note that the *pro se* Plaintiffs are careful to distinguish when their purported waivers of privilege pertain to discussions they had "individually" with Attorney McLane.  *See* ECF No. 284 at 17.  The *Pro Se* Plaintiffs' filings otherwise leave no doubt that the communications described occurred in the presence of other jointly represented Plaintiffs, who have not waived the privilege.  *See, e.g.*, ECF No. 285-1, ¶ 25 (alleging that communications with counsel "primarily" occurred through collective Zoom calls).

[2] Plaintiffs Meadows and Fusco, and Plaintiff Saccoccio, through their counsel, join in this motion to the extent that any attorney-client privilege as to their communications with predecessor counsel has been waived by virtue of the filings the Represented Parties seek to have stricken.

## CONCLUSION

For these foregoing reasons, the Represented Parties respectfully jointly request that this Court (1) grant the instant motion and (2) enter an order striking ECF Nos. 284 and 285-2 through 285-5.

**Dated:** March 26, 2025

MASS GENERAL BRIGHAM INCORPORATED

By Its Attorneys,

Respectfully Submitted,

_/s/ Dawn R. Solowey_
Lynn A. Kappelman (BBO# 642017)
Katherine E. Perrelli (BBO# 549820)
Kristin McGurn (BBO# 559687)
Dawn Reddy Solowey (BBO# 567757)
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
kperrelli@seyfarth.com
lkappelman@seyfarth.com
kmcgurn@seyfarth.com
dsolowey@seyfarth.com
TEL: (617) 946-4800
FAX: (617) 946-4801

_/s/ Jack Spitz_
Jack R. Spitz (_Pro hac vice_)
jspitz@sirillp.com
Christina Xenides (BBO# 677603)
cxenides@sirillp.com
Siri & Glimstad LLP
1005 Congress Ave., Ste. 925-C36
Austin, TX 78701
Tel.: (224) 263-7422
Fax: (646) 417-5967

COUNSEL FOR ROBIN MEADOWS and
KATHLEEN FUSCO

4

*/s/ Richard Chambers*

Richard Chambers (BBO# 651251)
richard@chamberslaw.com
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Tel.: (781) 581-2031
Fax: (781) 581-8449

COUNSEL FOR MICHAEL SACCOCCIO

*/s/ Ryan McLane*

Ryan P. McLane (BBO# 697464)
Lauren Bradford (BBO# 700084)
McLane & McLane, LLC
269 South Westfield Street
Feeding Hills, MA 01030
ryan@mclanelaw.com
lauren@mclanelaw.com
TEL: (413) 789-7771
FAX: (413) 789-7731

COUNSEL FOR THE
FORMER REPRESENTED PLAINTIFFS

5

## LOCAL RULE 7.1 CERTIFICATE

I, Dawn R. Solowey, certify that on March 26, 2025, this office conferred with the *pro se* Plaintiffs regarding the relief requested in this motion.  Ms. Orfanos, on behalf of the five *pro se* Plaintiffs, indicated that they are willing to withdraw the filings that are the subject of this motion and re-file after removing the improper references to privileged and confidential settlement and attorney-client communications.  The *pro se* Plaintiffs did not specifically indicate whether they oppose the instant motion, but instead requested that MGB's counsel provide them with a list of specific "lines" that the Represented Parties request to be removed.  MGB's counsel indicated that, given the importance of obtaining prompt relief, the Represented Parties would proceed to file the instant motion.  Nonetheless, MGB's counsel offered to confer further with the *pro se* Plaintiffs regarding the specific references that, in the view of the Represented Parties, ought to be removed before their papers are re-filed.

*/s/ Dawn R. Solowey*
Dawn R. Solowey

## CERTIFICATE OF SERVICE

I, Dawn R. Solowey, certify that on March 26, 2025, a true and accurate copy of the foregoing document to be filed and uploaded to the CM/ECF system.

*/s/ Dawn R. Solowey*
Dawn R. Solowey

316916969v.1