UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ADAMS et al, <br>         Plaintiffs, <br><br> v. <br><br> MASS GENERAL BRIGHAM, INC., <br>         Defendants. | Civil Action No. 1:21-11686-FDS |

## *PRO SE* PLAINTIFFS' MEMORANDUM IN OPPOSITION (IN PART) TO DEFENDANT'S AND REPRESENTED PLAINTIFFS' MOTION TO STRIKE *PRO SE* PLAINTIFFS' MOTION FOR LEAVE TO AMEND

### INTRODUCTION

Plaintiffs Adams, Orfanos, McNamara, Shulman, and Steverman ("*Pro Se* Plaintiffs") respectfully submit this memorandum opposing the overreaching motion to strike entire documents, while only a few paragraphs need to be stricken.

The overarching issue remains the defendant's continual breach of Local Rule 7.1(a)(2), "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Docket entries including motions and oppositions continue to be filed in this case due to the refusal of defense counsel to earnestly confer in "good faith" to narrow the issues per Local Rule 7.1(a)(2).

The Court may think the *Pro Se* Plaintiffs fail to grasp civil procedure and are making mistakes. However, the Court should know that the *Pro Se* Plaintiffs earnestly tried to confer with the defense counsel to narrow each issue. Defense counsel refused to earnestly confer

regarding the protective orders issue that never should have resulted in multiple docket entries. And now, defense counsel refused to confer to narrow the issues regarding the privileged settlement negotiations in the recent filings, the same information that Attorney McLane posted publicly on social media platforms including Facebook and Instagram since January, and still is posted publicly as of this writing.

In the corporate business environment, even NDA language is narrowed through a few rounds of communication between counsels for the parties. Is that not the purpose of Local Rule 7.1(a)(2)? This Court's time and our time are being wasted on docket entries and filings, while defense counsel accrues billable hours for documents that could have been avoided with a 5-minute phone call. Judicial economy begs that the parties be held to the "good faith" standard expressed in Local Rule 7.1(a)(2). The convenient thought, though errant in this case, is to blame *Pro Se* litigants for such failures. Defense counsel and current plaintiffs' counsel obviously confer on scheduling and other items. Why does defense counsel not confer with the *Pro Se* Plaintiffs, then misrepresent communications as earnest in status conferences?

### **FACTS**

1. On September 12, 2024, at the status conference, *Pro Se* Plaintiff Orfanos requested to be involved in the settlement discussions between Attorney McLane and MGB to which the defendant refused. The court then stated Attorney McLane would negotiate the settlement and extend the offer to *Pro Se* Plaintiff Orfanos.

2. On or about October, 2024 Attorney Steinberg, Defendant counsel, offered *Pro Se* Plaintiff Orfanos the settlement amount with no discussion of confidentiality or NDA.

3.   On October 21, 2024, Docket No. 239 is a STIPULATION of Dismissal was entered for ~180 plaintiffs in this case.



4.   On January 16, 2025, Facebook profile name "McLane & McLane Attorneys at Law" publicly posted, "Religious Discrimination Settlement" in white italic font on grey background and the total amount of the settlement in green italic font.

The *Pro Se* Plaintiffs thought that the settlement information was public information due to Attorney McLane's public post on social media from which even children can do simple division to determine roughly where the settlement ended up. The *Pro Se*

    Plaintiffs apologize to the Court and the defendant for not understanding that Attorney McLane should not have publicly posted the information.

5. On March 18, 2025, the *Pro Se* Plaintiffs filed a motion for leave to amend, memorandum in support thereof, proposed second amended complaint, and exhibits including plaintiffs' declarations.

6. On March 26, 2025 at 2:42PM, eight days after the *Pro Se* Plaintiffs' filing, defense counsel contacted the *Pro Se* Plaintiffs via email with an ultimatum to agree to their motion to strike by 5PM, else their motion would be filed anyway.

7. On March 26, 2025, there subsequently ensued a few emails back and forth between defense counsel and some of the *Pro Se* Plaintiffs. Plaintiff Orfanos asked which lines in the documents that defense counsel objected to and wanted removed. Defense counsel never answered the question and only stated that the documents would be stricken and that the *Pro Se* Plaintiffs can refile them without the offending paragraphs. But how do the *Pro Se* Plaintiffs know which paragraphs are offensive to the defendant?

## **ARGUMENT**

From the defendant's motion to strike,

> "*See Jones v. Metro. Life Ins. Co.*, No. C-08-03971-JW DMR, 2010 WL 4055928, at *14 (N.D. Cal. Oct. 15, 2010) (District Courts have the "inherent power to strike portions of documents that are improperly part of the record" and may "strike a paragraph from a case management document that discloses confidential settlement negotiations")…"

The *Pro Se* Plaintiffs are amenable to withdrawing the documents and refiling them without the offending prose, if the defendant will tell them what, beyond the settlement amount included in two declarations, they want removed.

In the alternative, by their own citation *supra*, the court can strike a few paragraphs as agreed upon by the parties, again if defense counsel will simply communicate those paragraphs to the *Pro Se* Plaintiffs as they would with a represented party.

## **CONCLUSION**

The *Pro Se* Plaintiffs apologize to the Court and the defendant for thinking that Attorney McLane's post in social media meant that the settlement amount had become public information.

The Pro Se Plaintiffs are ready and willing to confer earnestly and in "good faith" to solve the small issues resulting in needless and multiple docket entries.

Dated: March 27, 2025


Respectfully submitted,

/s/ *Tyler Adams*

TYLER ADAMS (*Pro se*)

/s/ *Roseann McNamara*

ROSEANN MCNAMARA (*Pro se*)

/s/ *Michelle Orfanos*

MICHELLE ORFANOS (*Pro se*)

/s/ *Sarah Shulman*

SARAH SHULMAN (*Pro se*)

/s/ *Jamie Steverman*

JAMIE STEVERMAN (*Pro se*)

## CERTIFICATE OF SERVICE

I hereby certify that this document was sent via ECF to the counsel for MGB.

*/s/ Tyler Adams*

TYLER ADAMS (*Pro se*)

*/s/ Roseann McNamara*

ROSEANN MCNAMARA (*Pro se*)

*/s/ Michelle Orfanos*

MICHELLE ORFANOS (*Pro se*)

*/s/ Sarah Shulman*

SARAH SHULMAN (*Pro se*)

*/s/ Jamie Steverman*

JAMIE STEVERMAN (*Pro se*)

Dated: March 27, 2025