UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TYLER ADAMS, et al., )<br>　)<br>　Plaintiffs, )<br>　)<br>　v. )<br>　)<br>MASS GENERAL BRIGHAM )<br>INCORPORATED, )<br>　)<br>　Defendant. )<br>　) | Civil Action No.<br>21-11686-FDS |

### ORDER ON JOINT MOTION TO STRIKE

**SAYLOR, C.J.**

On March 18, 2025, *pro se* plaintiffs filed a motion for leave to file a second amended complaint along with a memorandum and set of exhibits in support.

Defendant and plaintiffs represented by counsel have moved jointly to strike the *pro se* plaintiffs' memorandum (ECF No. 284) and several of the filed exhibits (ECF Nos. 285-1 through 285-5),[1] because those filings contain numerous disclosures of alleged settlement discussions and other privileged communications that *pro se* plaintiffs are not entitled to disclose unilaterally.

"[B]ased on its inherent powers, a court may strike material from the docket, and numerous courts have [struck] . . . references to confidential communications." *Low-Iacovino v.*

---

[1] In their introduction, movants request "an order striking . . . Exhibits B through F . . . (declarations of *pro se* plaintiffs Adams, McNamara, Orfanos, Shulman, and Steverman, ECF Nos. 285-2 through 285-5." (Mot. at 1). While they cite five exhibit letters and five declarations, they only cite four ECF numbers. In body of their memorandum, movants also cite to ECF No. 285-1, the docket number that appears to be missing from their request. The Court will read the ECF numbering as a mistake and treat the motion as being directed at the declarations of all five *pro se* plaintiffs.

*Benefit Plan Comm. of Nonbargained Program of AT&T Benefit Plan*, 2018 WL 6984850, at *5 (C.D. Cal. June 20, 2018).  Such confidential communications include settlement discussions that would be inadmissible under Federal Rule of Evidence 408 and privileged attorney-client communications.

Rule 408 permits evidence of settlement communications for the purpose of "negating a contention of undue delay."  Fed. R. Evid. 408(b).  Thus, the fact that settlement discussions were taking place may be relevant to *pro se* plaintiffs' contention that they are not unduly delayed in seeking leave to file an amended complaint.  However, the details and content of those discussions are not relevant, would not be admissible, and will therefore be struck.  Examples of such content can be found throughout *pro se* plaintiffs' memorandum and exhibits.  *See, e.g.*, (ECF No. 284 at 17-18; ECF No. 285-1 ¶ 26; ECF No. 285-2 ¶¶ 26, 28, 30; ECF No. 285-4 ¶¶ 38, 39-40; ECF No. 285-5 ¶¶ 24-26).

*Pro se* plaintiffs' filings also disclose alleged communications that are protected by the attorney-client privilege.  "[A] client may unilaterally waive the privilege as to its own communications with a joint attorney, so long as those communications concern only the waiving client; it may not, however, unilaterally waive the privilege as to any of the other joint clients' communications or as to any of its communications that relate to other joint clients." *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 363 (3d Cir. 2007).  Thus, *pro se* plaintiffs may choose to waive their own privilege as to communications concerning matters related to them alone that were made between attorney McLane and themselves individually.  However, their disclosure of communications allegedly made by McLane to all of his jointly represented clients, or communications made relating to his joint representation, cannot be waived by *pro se* plaintiffs unilaterally.  Therefore, references to such communications amount to improper

disclosures of confidential information and will be struck. *See, e.g.*, (ECF No. 284 at 17; ECF No. 285-1 ¶ 25; ECF No. 285-2 ¶¶ 24, 26, 28, 29; ECF No. 285-4 ¶¶ 36, 38, 39; ECF No. 285-5 ¶¶ 24, 26).

While movants requested that ECF No. 285-3 be struck, they did not cite to any problematic content in that declaration and the Court was unable to locate in the document any references to settlement discussions or privileged attorney-client communications. Accordingly, that document will not be struck.

Rather than attempt to perform a line-by-line edit, the Court will strike the problematic filings in their entireties and grant leave to plaintiffs to make amended filings consistent with this order. Accordingly, the motion to strike is GRANTED as to ECF Nos. 284, 285-1, 285-2, 285-4, and 285-5, and those filings are hereby STRUCK, with leave to refile amended versions in accordance with this Order within 14 days (that is, by April 16, 2025). The motion to strike is DENIED without prejudice as to ECF No. 285-3.

The struck materials shall be placed under seal pending further order of the Court.

**So Ordered.**

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Dated: April 2, 2025                     Chief Judge, United States District Court