## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

TYLER ADAMS, et al.,

        Plaintiffs,

    v.

MASS GENERAL BRIGHAM
INCORPORATED,

        Defendant.

Civil Action No. 1:21-cv-11686-FDS

### DEFENDANT'S OPPOSITION TO PLAINTIFF ROSEANN MCNAMARA'S MOTION FOR DETERMINATION OF ATTORNEYS' FEES AND COSTS

Defendant Mass General Brigham Incorporated ("MGB") opposes Plaintiff Roseann McNamara's Motion for Determination of Attorneys' Fees and Costs (the "Motion") (ECF No. 422). On February 10, 2026, Plaintiff McNamara accepted MGB's Rule 68 Offer of Judgment. ECF No. 377. In its offer, MGB agreed to pay Plaintiff McNamara's pre-offer fees and costs either in an amount agreed to by the Parties, or if the Parties could not reach such agreement, in an amount to be determined by the Court to be reasonable. ECF No. 377-1. The Parties were not able to reach agreement.

The fees sought by Plaintiff McNamara should be reduced in the following manner: (1) all entries reflecting work performed on behalf of all Plaintiffs prior to October 17, 2025 should be divided by five instead of four because, during that time period, counsel represented five Plaintiffs (not four); (2) all entries that reflect work performed on behalf of multiple plaintiffs should be reduced to reflect Plaintiff McNamara's appropriate share; (3) all entries related to Plaintiffs' attempts to amend their Complaint should be stricken because those efforts failed entirely as to Plaintiff McNamara and because, where the Court allowed (only) Orfanos' motion in part, Orfanos flouted the Court's Order and opted to forum shop instead; (4) all entries related to the Plaintiff

McNamara's unsuccessful mediation attempts should be stricken as unproductive, particularly where Plaintiff McNamara caused MGB to expend substantial resources preparing for a second day of mediation only to back out fewer than three days before the second session which had been scheduled for more than two months; and (5) the Court should reduce the overall award by ten percent (10%) because of deficiencies in counsel's billing entries, including repeated block billing and vague descriptions.

For the reasons outlined below, MGB respectfully requests that the Court reduce Plaintiff McNamara's fee petition by $28,988.00 and award her fees and costs in the amount of **$14,245.60**.

## ARGUMENT

Courts in this Circuit use the "lodestar method" to calculate reasonable attorneys' fees, a method that includes multiplying the "hours appropriately worked" on the litigation by a reasonable hourly rate. *Hutchinson ex rel. Julien v. Patrick*, 636 F.3d 1, 13 (1st Cir. 2011). "The party seeking the award has the burden of producing materials that support the request," including "counsel's contemporaneous time and billing records, **suitably detailed**." *Hutchinson*, 636 F.3d at 13 (emphasis added). The Court will "subtract duplicative, unproductive, or excessive hours." *Id.*

MGB does not dispute that Plaintiff McNamara is entitled to her reasonable attorneys' fees up until the time when she accepted MGB's offer of judgment on February 10, 2026, and it does not oppose the hourly rates sought by counsel or their legal staff. MGB challenges, however, the number of hours attributed to work performed on behalf of Plaintiff McNamara, counsel's request for fees related to Plaintiff McNamara's failed attempt to amend her complaint, and counsel's request for fees related to Plaintiff McNamara's failed mediation attempts (particularly where Plaintiff McNamara withdrew from the long-scheduled second day of mediation fewer than three

2

days before the mediation was to occur). MGB further argues that the Court should reduce the overall fee petition by ten percent (10%) because of global deficiencies in counsel's billing entries, including repeated block billing and impossibly vague descriptions of the work performed, both of which prevent MGB from evaluating the reasonableness of the time allotted to particular tasks.

I.     **All Entries Reflecting Work Performed on Behalf of All Plaintiffs Prior to October 17, 2025 Should Be Divided By <u>Five</u> Instead of Four Because Plaintiffs' Counsel Represented Five Plaintiffs At That Time**

First, the Court should reduce Plaintiff McNamara's fee petition by **$1,465.00** to reflect that all entries reflecting work performed on behalf of all Plaintiffs prior to October 17, 2025 should be divided by <u>five</u> instead of four because, at that time, counsel represented five Plaintiffs.

On May 27, 2025, Sujata Gibson filed a motion for leave to appear pro hac vice on behalf of Plaintiffs (1) Tyler Adams; (2) Roseann McNamara; (3) Michelle Orfanos; (4) Sarah Sulman; and (5) Jamie Steverman, and the Court granted Ms. Gibson's motion the following day. ECF No. 327-28. MGB and Plaintiff Shulman resolved her case on October 17, 2025. ECF No. 339. Because of that, the entries at lines 1, 3-6, 8, 12, and 16-23 should reflect that the work performed on behalf of Plaintiff McNamara was one-fifth (20%) of the total hours instead of one-fourth (25%) as presently reflected. MGB provides this detailed breakdown of the appropriate adjusted allocations which would reduce Plaintiff McNamara's fee petition by **$1,465.00**:

| Line No.[1] | Total Hours | Rate | Current Allocation | Revised Allocation | Reduction |
|---|---|---|---|---|---|
| 1 | 4.4 | $100 | 1.1 [$110] | .9 [$90] | $20 |
| 3 | .4 | $850 | .1 [$85] | .1 [$85] | - |
| 4 | 1.2 | $850 | .3 [$255] | .2 [$170] | $85 |

---

[1] MGB annotated Exhibit B to the Motion to add line numbers for ease of reference. *See* **Exhibit 1** (annotated version of Ex. B to Motion).

| Line No.[1] | Total Hours | Rate | Current Allocation | Revised Allocation | Reduction |
|---|---|---|---|---|---|
| 5 | .4 | $850 | .1 [$85] | .1 [$85] | - |
| 6 | 1.2 | $850 | .3 [$255] | .2 [$170] | $85 |
| 8 | .5 | $850 | .1 [$85] | .1 [$85] | - |
| 12 | 8.7 | $850 | 2.2 [$1,870] | 1.7 [$1,445] | $425 |
| 16 | 4.6 | $850 | 1.2 [$1,020] | .9 [$765] | $255 |
| 17 | 1.3 | $850 | .3 [$255] | .3 [$255] | - |
| 18 | .9 | $850 | .2 [$170] | .2 [$170] | - |
| 19 | 1.5 | $850 | .4 [$340] | .3 [$255] | $85* |
| 20 | 2 | $850 | .5 [$425] | .4 [$340] | $85* |
| 21 | 2 | $850 | .5 [$425] | .4 [$340] | $85 |
| 22 | 4.8 | $850 | 1.2 [$1,020] | 1.0 [$850] | $170* |
| 23 | 3.1 | $850 | .8 [$680] | .6 [$510] | $170* |
| **TOTAL** | | | | | **$1,465.00** |

\* Denotes that MGB argues that these entries should be excluded altogether in Section IV, *infra*. If the Court grants the relief that MGB seeks in Section IV, then the total relief sought in this section would be reduced to **$955.00**.

## II.    All Entries Reflecting Work Performed on Behalf of Multiple Plaintiffs Should Be Reduced To Reflect Plaintiff McNamara's Appropriate Share

Second, in at least four entries, Plaintiff McNamara appears to seek fees for work performed on behalf of other Plaintiffs. All entries reflecting work performed on behalf of multiple plaintiffs should be reduced to reflect only Plaintiff McNamara's appropriate share. This includes the following:

4

| Line No. | Total Hours | Rate | Current Allocation | Revised Allocation | Reduction |
|---|---|---|---|---|---|
| 25 | 2.0 | $150 | 2.0 [$300] | .5 [$75] | $225* |
| 27 | 1.5 | $150 | 1.5 [$225] | 0.4 [$60] | $165* |
| 28 | 2.6 | $850 | 2.6 [$2,210] | 1.3$^2$ [$1,105] | $1,105* |
| 33 | 0.8 | $850 | .2 [$170] | .2 [$170] | - |
| TOTAL | | | | | $1,495.00 |

\* Denotes that MGB argues that these entries should be excluded altogether in Section IV, *infra*. If the Court grants the relief that MGB seeks in Section IV, then the total relief sought in this section would be reduced to **$0.00**.

### III.    All Entries Reflecting Plaintiff McNamara's Unsuccessful Attempt to Amend Her Complaint Should Be Stricken

All entries related to Plaintiffs' attempts to amend their Complaint should be stricken because, as to Plaintiff McNamara, those efforts failed in their entirety, and after the Court allowed Orfanos' motion in part, Orfanos flouted the Court's Order, affirmatively chose not to amend in this Court, and forum shopped instead. (*See* ECF No. 421, p. 4 for a further description of the forum shopping.) "A court may adjust the lodestar upward or downward if the circumstances call for it. Among relevant factors, the Supreme Court has identified the 'degree of success obtained' as the 'most critical factor.' [*Hensley v. Eckerhart*, 461 U.S. 424, 436, 440 (1983)] [] ('[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.')." *Garcia v. State Ins. Fund Corp.*, 169 F.4th 13, 29 (1st Cir. 2026). Plaintiff McNamara's failed attempt to amend her complaint had no bearing on MGB's Offer of Judgment to her, and the Court should not award her any fees for that unsuccessful and wasteful detour. (As it is, MGB was forced to expend its own resources on that

---

[2] Because this entry makes reference only to Plaintiffs McNamara and Orfanos, the fee should be divided by two instead of four.

5

326171787v.1

meritless detour.) The entries at Lines 31, 34, 41, and 47 reflect work performed in service of the unsuccessful motion to amend, and the Court should not award the fees sought at those entries (totaling **$3,145**).[3]

### IV. All Entries Reflecting Plaintiff McNamara's Failed Mediations Should Be Stricken Because Plaintiff McNamara Engaged In Gamesmanship When She Withdrew From The Second Day Of Mediation Fewer Than Three Days Before The Long-Scheduled Mediation

All time attributed to the Parties' failed mediation attempts with respect to McNamara should be stricken. This includes entries at Lines 15, 18-20, 22-30, and 35, totaling **$23,520**.[4] MGB and Plaintiff McNamara attempted mediation on Monday, October 27, 2025. ECF No. 350. On November 14, 2025, Plaintiff McNamara agreed to continue the mediation more than two months later on January 23, 2026. ECF No. 356. Instead, after MGB had fully prepared for the second day of mediation, Plaintiff McNamara withdrew from the second day of mediation on the afternoon of January 20, 2026. *See* **Exhibit 2** (email from Attorney Gibson memorializing McNamara's withdrawal from the second day of mediation). Because the mediation was unsuccessful—and because McNamara engaged in gamesmanship by requiring MGB to prepare for a second day of mediation before withdrawing fewer than three days prior to the mediation—the Court should not award counsel their fees for the unproductive time that Plaintiff McNamara's counsel spent on those unsuccessful mediations. *Alfonso v. Aufiero*, 66 F. Supp. 2d 183, 193 (D. Mass. 1999) (refusing to award attorneys' fees for time spent on unsuccessful mediation on grounds that the time spent was unproductive or unnecessary).

---

[3] While the narrative entry at Line 41 is nearly unintelligible, MGB interprets it as related to Plaintiffs' failed motion to amend to add claims under M.G.L. c. 151B.

[4] While the entries at Lines 20, 22, 23, and 28 are vague, not "suitably detailed," and do not specify whether the work performed was related to the October 27, 2025 mediation, because the docket does not reflect counsel filing any other "letter" or "memo" on Plaintiff McNamara's behalf until February 2026, and given the timing in the weeks leading up to Plaintiff McNamara's first mediation session, these entries appear to reflect work performed ahead of the unproductive and unsuccessful mediations.

326171787v.1

## V.    The Court Should Reduce The Overall Fee Petition By Ten Percent (10%) Because Of Deficiencies In Counsel's Billing Entries

Finally, the Court should reduce the overall fee award by ten percent (10%) because of deficiencies in counsel's billing entries, including repeated block billing and vague descriptions of the work performed. *See Insulet Corp. v. EOFlow Co.*, 819 F. Supp. 3d 30, 43 (D. Mass. 2026) (reducing overall fee award by ten percent "based on plaintiff's failure to provide useful summaries or other descriptions concerning its billing records.").

MGB provides the following illustrative examples of deficiencies endemic to the invoice:

- At Line 7, Attorney Gibson attributes 1.4 hours on July 26, 2025 to "Review McNamara Damages and missing information." That entry reveals nothing about the actual work that Attorney Gibson performed, including that it does not identify the documents she purportedly reviewed, nor does it explain how she paradoxically reviewed "missing information."[5]

- At Line 22, Attorney Gibson attributes 4.8 hours on October 10, 2025 to "Legal research for letter to judge re legal framework. Draft sections of letter." (As MGB explains in n. 5, *supra*, it surmises that this entry is related to Plaintiff McNamara's unproductive October 27, 2025 mediation, though she fails to identify the subject of the purported research or the nature of the "letter" referenced in the entry.)

- At Line 32, Attorney Gibson attributes 3.6 hours to "Docket research."

- At Line 44, Attorney Gibson attributes 1.2 hours on December 12, 2025 to "Attend conference and follow up with plaintiffs and co-counsel re next steps." While this entry may have been fine on its own (though it still constitutes block billing), it appears duplicative of work purportedly performed in the block-billed entry at Line 45. At Line 45, Attorney Gibson attributes 6.4 hours on December 12, 2025 to "Prep for conference with clients. Review Rule 16 motion, review files to consider what issues to press. Zoom with clients. Follow up calls with co-counsel and plaintiffs. Prepare for court conference. Outline timeline and issues and discuss." (MGB highlights a portion that appears to account for identical work.) Finally, in addition to the duplicative nature of these two entries, the extent of the block billing at Line 45 is facially unreasonable and improper.

---

[5] While Plaintiffs have complained incessantly that they have been "deprived of access to [] discovery" (*see* i.e. ECF No. 414, p. 18), MGB notes that counsel's paralegal attributes 6.9 hours to organizing and reviewing discovery on November 20, 2025. *See* Line 39.

Because the descriptions of the work purportedly performed is not "suitably detailed," and because the block billing makes it impossible for MGB to challenge the amount of time counsel claims to have spent on particular tasks, MGB asks that the Court reduce the overall fee award by ten percent.

If the Court grants the relief sought in Sections I-IV, the remaining total fees (not costs) would be $13,680.00. Applying the relief sought in Section IV, a ten percent (10%) reduction of the total fees (not costs), the total fees would be reduced to $12,312, and adding costs, the total award would be **$14,245.60**.

## CONCLUSION

For the foregoing reasons, MGB respectfully requests that the Court reduce Plaintiff McNamara's fee petition by $28,988.00 and award her fees in the amount of **$14,245.60**.


DATED: May 27, 2026                          Respectfully submitted,

                                             MASS GENERAL BRIGHAM
                                             INCORPORATED

                                             By Its Attorneys,


                                             /s/ *Dawn R. Solowey*
                                             Kristin G. McGurn (BBO# 559687)
                                             kmcgurn@seyfarth.com
                                             Dawn R. Solowey (BBO# 567757)
                                             dsolowey@seyfarth.com
                                             Michael Steinberg (BBO# 690997)
                                             msteinberg@seyfarth.com
                                             SEYFARTH SHAW LLP
                                             Seaport East
                                             Two Seaport Lane, Suite 1200
                                             Boston, Massachusetts  02210-2028
                                             Telephone:  (617) 946-4800
                                             Facsimile:   (617) 946-4801

326171787v.1

9

## CERTIFICATE OF SERVICE

I, Dawn R. Solowey, certify that on May 27, 2026, a true and accurate copy of the foregoing

document to be filed and uploaded to the CM/ECF system.

*/s/ Dawn R. Solowey*
Dawn R. Solowey

326171787v.1