**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

------------------------------------------------------------------------- x

TYLER ADAMS, MICHELLE ORFANOS and JAMIE
STEVERMAN,

Plaintiffs,

- against -

MASS GENERAL BRIGHAM, INCORPORATED,

Case No. 1:21-cv-11686-FDS

Defendant.

------------------------------------------------------------------------- x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF**
**ROSEANN McNAMARA'S MOTION FOR DETERMINATION OF**
**ATTORNEY'S FEES AND COSTS**

**Gibson Law Firm, PLLC**
SUJATA S. GIBSON
120 E. Buffalo St, Suite 2
Ithaca, NY 14850
(607) 327-4125
Email: sujata@gibsonfirm.law

*Counsel for Plaintiff Roseann McNamara*

2

## **TABLE OF CONTENTS**

**I.      All Entries reflecting Plaintiff McNamara's Mediation are confidential and should be stricken but significantly contributed and produced the $350,100 judgment………..3**

**II.     This Honorable Court should not reduce the overall fee by 10% because of alleged deficiencies in counsel's billing entries…………………………………………….4**

**CONCLUSION…………………………………………………………………………5**

**I.    All Entries reflecting Plaintiff McNamara's Mediation are confidential and should be stricken but significantly contributed and produced the $350,100 judgment**

Judge Dein had instructed the parties that the mediation process was strictly confidential and was not to be shared with the assigned trial judge. It is absolutely outrageous and shameful that Defendant's counsel would mention what transpired in Plaintiff McNamara's mediation. Plaintiff respectfully requests that this Honorable Court strike Section IV of Defendant's argument which references confidential information regarding Ms. McNamara's mediation.

Defendant is contending that counsel fees should be reduced by a staggering $23,520 because of the alleged "failed" mediation attempts. Plaintiff McNamara would not consider this a failure because the preparation for the mediation and the many consultations with counsel in preparation for the mediation effectuated the acceptance of the Rule 68 Offer of Judgment, just days after the January 23, 2026 scheduled mediation.

Counsel had to review thousands of pages of pleadings and transcripts, search for and try to reconstruct missing discovery, prepare a mediation statement and prepare for a lengthy mediation. This work directly produced the $350,100 judgment.

The total fees and costs requested—$43,233.60—represent less than 12.4% of the $350,100 judgment Plaintiff secured. This ratio reflects efficient, targeted representation: counsel entered a years-old, multi-plaintiff federal litigation, rapidly acquired command of a complex record, prepared and attended an individual mediation, directed an expert engagement, and produced an excellent individual recovery. The lodestar amount is presumptively reasonable and should be awarded.

3

**II.    This Honorable Court Should Not Reduce the Overall Fee by 10% Because of Alleged Deficiencies in Counsel's Billing Entries**

All of the entries submitted reflect work that was genuinely necessary to Ms. McNamara's representation. The Court must consider the state of the case when counsel was retained. By the time the Gibson Law Firm was retained in May 2025, the case encompassed more than 300 docket entries, multiple phases of fact discovery, extensive motion practice and lead counsel was required to assimilate this record immediately and represent Ms. McNamara actively. Both attorneys billed at rates 15-20% below the prevailing market rate according to the *Laffey Matrix.*

Plaintiff notes in this regard that the burden of demonstrating unreasonableness rests with the opposing party. *Torres-Rivera,* 524 F.3d at 340. General objections to the fee request, without specific, documented evidence of unreasonableness, are insufficient to justify a reduction. *See Brewster,* 3 F.3d at 492.

For example, Defendant in its Opposition contends that the following entry is unreasonable.

At Line 32, Attorney Gibson attributes 3.6 hours to "Docket research."

It was also established that Counsel inherited over 300 docket entries and spending 3.6 hours to research up to 300 docket entries is certainly reasonable.

Defendant has made general objections to the fee request without any specific, documented evidence of unreasonableness. This is not sufficient to justify a reduction. See, e.g., *Brewster v. Dukakis,* 3 F.3d 488, 492 (1st Cir. 1993).

Plaintiff is prepared to provide supplemental documentation or appear at a hearing at the Court's direction.

## CONCLUSION

For the foregoing reasons, Plaintiff Roseann McNamara respectfully requests that this

Court enter an order awarding attorney's fees of $41,300.00 and costs of $1,933.60, for a total of

$43,233.60, pursuant to the terms of the accepted Rule 68 Offer of Judgment.

Dated: June 2, 2026
   Ithaca, New York


        Respectfully submitted,

        */s/ Sujata S. Gibson*
        **Sujata S. Gibson, Esq.**
        GIBSON LAW FIRM, PLLC
        120 E. Buffalo Street, Suite 2
        Ithaca, New York 14850
        (607) 327-4125
        sujata@gibsonfirm.law

        *Counsel for Plaintiff Roseann McNamara*


## CERTIFICATE OF SERVICE

I, Sujata S. Gibson, hereby certify that on June 3, 2026, a copy of the foregoing Reply was served on all counsel of record via the Court's CM/ECF system.

       */s/ Sujata S. Gibson*
       Sujata S. Gibson, Esq.