**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TYLER ADAMS, MICHELLE ORFANOS, AND JAMIE STEVERMAN, <br><br> Plaintiffs, <br><br> v. <br><br> MASS GENERAL BRIGHAM INCORPORATED, <br><br> Defendant. | Civil Action No. 1:21-cv-11686-FDS |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF STEVERMAN'S CLAIM

Pursuant to Fed. R. Civ. P. 56, Defendant Mass General Brigham Incorporated ("MGB") moves for summary judgment, and respectfully requests that this Court enter an order dismissing the claim of Plaintiff Jamie Steverman ("Plaintiff") with prejudice.

MGB is one of the world's premier health care systems, serving 1.5 million patients a year, including those with some of the most medically complicated conditions in the world. In the height of the global COVID-19 (COVID) pandemic, to protect its vulnerable patient population, staff, visitors, and the public from COVID infection, MGB relied on public health guidance, scientific data, and the clinical judgment of its world-renowned experts to implement a policy in 2021 requiring all staff to be vaccinated against COVID absent an approved medical or religious exemption (the "Vaccination Policy"). It did so for compelling reasons including: despite its extensive precautions, the virus was still spreading in hospitals; patients were deferring care for fear of contracting COVID; and public health guidance and clinical data showed that the COVID vaccines were safe and effective. Failing to protect MGB's employees, patients, and visitors from illness amid a global pandemic would adversely impact MGB's workforce and hurt patient care.

This case arises out of MGB's enforcement of its Vaccination Policy with respect to Plaintiff Jamie Steverman, who worked as a Registered Nurse at Massachusetts General Hospital and applied for a religious exemption. The undisputed evidence shows that Plaintiff worked in MGH's Emergency Department, providing care to elderly and medically vulnerable patients in a role requiring constant in-person interaction with patients, colleagues, and visitors during the height of the pandemic. As a matter of law, allowing Plaintiff to remain in her position unvaccinated would have imposed an undue hardship on MGB's operations.

For all of these reasons and those set forth in the accompanying Memorandum of Law, Defendant respectfully requests that this Court: (1) grant the instant motion, and (2) enter an order dismissing the claim of Plaintiff Steverman with prejudice. In support of this motion, Defendant relies on the accompanying Memorandum of Law, its Phase I Statement of Undisputed Facts (Doc. 150) ("SOUF I"), its Phase II Statement of Undisputed Facts as to Plaintiff Steverman ("SOUF II"), exhibits, and declarations filed with this Motion.

## **REQUEST FOR ORAL ARGUMENT**

MGB requests in-person oral argument per Local Rule 7.1(d).

326522222v.1

DATED: June 11, 2026

Respectfully submitted,

By Its Attorneys,


*/s/ Dawn R. Solowey*

Kristin G. McGurn (BBO# 559687)
kmcgurn@seyfarth.com
Dawn R. Solowey (BBO# 567757)
dsolowey@seyfarth.com
Michael E. Steinberg (BBO# 690997)
msteinberg@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210-2028
Telephone:   (617) 946-4800
Facsimile:    (617) 946-4801


Counsel for Defendant

3

## LOCAL RULE 7.1(a)(2) CERTIFICATE

I certify that, pursuant to Local Rule 7.1(a)(2), on May 27 and May 28, 2026, I conferred with Plaintiff's counsel in a good faith attempt to resolve or narrow areas of disagreement with respect to this motion.

*/s/ Dawn R. Solowey*
Dawn R. Solowey

## CERTIFICATE OF SERVICE

I hereby certify that, on June 11, 2026, this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Dawn R. Solowey*
*Dawn R. Solowey*

4

326522222v.1