**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

TYLER ADAMS, MICHELLE ORFANOS,
AND JAMIE STEVERMAN,

      Plaintiffs,

      v.

MASS GENERAL BRIGHAM
INCORPORATED,

      Defendant.

Civil Action No.  1:21-cv-11686-FDS

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
ON THE CLAIM OF PLAINTIFF ADAMS**

Pursuant to Fed. R. Civ. P. 56, Defendant Mass General Brigham Incorporated ("MGB") moves for summary judgment, and respectfully requests that this Court enter an order dismissing the claim of Plaintiff Tyler Adams ("Plaintiff") with prejudice.

MGB is one of the world's premier health care systems, serving 1.5 million patients a year, including those with some of the most medically complicated conditions in the world. In 2021, to protect its vulnerable patient population, staff, visitors, and the public from COVID-19 ("COVID") infection amid a global pandemic, MGB relied on public health guidance, scientific data, and its world-renowned experts' clinical judgment to implement a policy requiring all staff to be vaccinated against COVID absent an approved medical or religious exemption (the "Vaccination Policy"). Against this backdrop and with MGB's unwavering commitment to patient care at the forefront, MGB constructed a fair, rigorous, legally compliant process for reviewing exemption requests and worked around the clock to review individually thousands of requests. In accordance with the Vaccination Policy, MGB terminated those employees whose exemption requests did not meet MGB's criteria and who refused vaccination. It did so to protect human lives and ensure

continued delivery of state-of-the-art care to its patients.

This case arises out of MGB's enforcement of its Vaccination Policy with respect to Plaintiff Adams, who was one of approximately 2,400 MGB employees who applied for medical and/or religious exemptions from the Vaccination Policy when it was rolled out in 2021. Plaintiff requested only a medical exemption. After a careful review process, her medical exemption request was not approved because it failed to demonstrate a contraindication to the COVID vaccine or any other sufficient medical reason necessitating an exemption. Plaintiff was informed that her request was not approved, and that she needed to comply with the Vaccination Policy or face termination. She refused to get vaccinated, and MGB terminated her employment in November 2021 for her failure to comply with the Vaccination Policy.

Plaintiff asserts a single claim for failure to accommodate under the Americans with Disabilities Act ("ADA"). Plaintiff's failure to accommodate claim fails as a matter of law for at least two independent reasons. First, Plaintiff cannot establish, as she must for the third prong of the *prima facie* case, that her requested accommodation—exemption from the Vaccination Policy—was reasonable, because she did not submit medical documentation demonstrating that she suffered from a medical condition that was a contraindication under Centers for Disease Control and Prevention ("CDC") guidance to any, much less all, COVID vaccines. Specifically, Plaintiff's medical documentation did not demonstrate a contraindication to vaccination because (a) the documentation failed to put MGB on notice of her specific alleged allergies, as it made no mention of PEG or PS80 and did not state that she had a diagnosed allergy to either of those substances; (b) allergies to PEG and PS80 were not contraindications to any vaccines under the Vaccination Policy and CDC guidance unless they were severe or immediate—which nothing in her documentation indicated; (c) thrombophilia was not a contraindication to any COVID vaccine;

2

and (d) even if Plaintiff's medical documentation were sufficient to establish that she had a diagnosed severe or immediate PEG allergy (it was not), nothing she submitted even arguably indicated a severe or immediate allergy to PS80, and thus her submissions did not demonstrate a contraindication to the J&J non-mRNA vaccine, which did not contain PEG and which Plaintiff was offered—this was a reasonable accommodation as a matter of law.  Second, her claim further fails on the third prong of the *prima facie* case because (a) she failed to provide medical documentation from an appropriate treating provider with relevant expertise to substantiate her claimed need for an accommodation; and (b) she was responsible for the breakdown in the interactive process by refusing to see an allergist after her exemption request was denied.

For all of these reasons and those set forth in the accompanying Memorandum of Law, MGB respectfully requests that this Court: (1) grant the instant motion, and (2) enter an order dismissing the claim of Plaintiff Adams with prejudice.  In support of this motion, Defendant relies on the accompanying Memorandum of Law, its Phase I Statement of Undisputed Facts (Doc. 150) ("SOUF I"), its Phase II Statement of Undisputed Facts as to Plaintiff Adams ("SOUF II"), exhibits, and declarations filed with this Motion.

**<u>REQUEST FOR ORAL ARGUMENT</u>**

MGB requests in-person oral argument per Local Rule 7.1(d).

326552560v.2

DATED: July 2, 2026

Respectfully submitted,

By Its Attorneys,


*/s/ Dawn R. Solowey*
Kristin G. McGurn (BBO# 559687)
kmcgurn@seyfarth.com
Dawn R. Solowey (BBO# 567757)
dsolowey@seyfarth.com
Michael E. Steinberg (BBO# 690997)
msteinberg@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210-2028
Telephone:   (617) 946-4800
Facsimile:    (617) 946-4801


Counsel for Defendant


## LOCAL RULE 7.1(a)(2) CERTIFICATE

I certify that, pursuant to Local Rule 7.1(a)(2), on May 27 and May 28, 2026, I conferred with Plaintiff's counsel in a good faith attempt to resolve or narrow areas of disagreement with respect to this motion.


*/s/ Dawn R. Solowey*
Dawn R. Solowey


## CERTIFICATE OF SERVICE

I hereby certify that, on July 2, 2026, this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.


*/s/ Dawn R. Solowey*
*Dawn R. Solowey*


4

326552560v.2