IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TYLER ADAMS, MICHELLE ORFANOS, AND JAMIE STEVERMAN,<br><br>Plaintiffs,<br><br>v.<br><br>MASS GENERAL BRIGHAM INCORPORATED,<br><br>Defendant. | Civil Action No.   1:21-cv-11686-FDS |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE
THE DECLARATIONS OF KEVIN MCKERNAN, JESSICA ROSE,
AND DR. RICHARD AMERLING AND RELATED MATERIAL**

Defendant Mass General Brigham Incorporated ("MGB") submits this memorandum of law in support of its Motion to Strike the Declarations of Kevin McKernan, Jessica Rose, and Dr. Richard Amerling (the "Purported Experts"), their accompanying CVs, and all material in Plaintiff Steverman's Opposition to MGB's Motion for Summary Judgment that relies on information contained in those Purported Experts' Declarations. Plaintiff Jamie Steverman submitted the declarations of the three Purported Experts to the Court on Thursday, July 2, 2026 as exhibits to her opposition to MGB's motion for summary judgment despite having never disclosed them as supposed experts ("Steverman Opposition" at ECF No. 451). Plaintiff Steverman's submission of these declarations is an audacious violation of the Federal Rules of Civil Procedure regarding expert disclosures, and of this Court's express directives that expert discovery would not occur until *after* summary judgment and that the Plaintiffs would not be heard to present expert evidence on COVID-19 vaccine safety or efficacy.[1]

---

[1] The declarants are also not fact witnesses and were not disclosed to MGB at any point during this litigation as individuals with relevant knowledge pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i). *See Harriman*

326965349v.3

MGB asks the Court further to Order that Plaintiffs may not otherwise rely on information contained in those Declarations in this action unless and until this matter proceeds to expert discovery and Plaintiffs comply with the Scheduling Order and all relevant procedural rules for disclosure of expert identities and opinions.

## **RELEVANT BACKGROUND**

In its March 16, 2022 interrogatories to Plaintiffs, MGB asked Plaintiffs to:

9.   Please identify all expert witnesses with whom you have consulted or whom you intend to call or may call at the trial of this matter, including in your answer the subject matter on which the expert was consulted or is expected to testify.

10.   Please identify each witness whom you intend to call or may call at trial in this matter, and for each witness, state his or her name and last known residential and business address.

*See* ECF No. 161-25, pp. 30-31 (Plaintiffs' Answers to MGB's First Set of Interrogatories). Plaintiffs did not disclose Mr. McKernan, Ms. Rose, or Dr. Amerling in response to either of these requests. *Id.*

At the January 27, 2026 status conference, after hearing from the Parties about their anticipated expert discovery needs in this case, the Court stated: "I want to set a timetable for the filing of summary judgment motions, which I think ought to occur before expert discovery." *See* Exhibit A (Transcript of January 27, 2026 Status Conference), p. 13.

At the March 26, 2026 status conference, the Court set a briefing schedule for dispositive motions, noting explicitly that it was "not going to set an expert deposition timetable just yet." *See* Exhibit B (Transcript of March 26, 2026 Status Conference), p. 11. Addressing Plaintiffs' counsel, the Court continued: **"[F]or what it's worth, I'm not going to permit expert testimony at any trial or otherwise that the vaccines are ineffective or unsafe or anything to**

---

*v. Hancock Cnty.*, 627 F.3d 22, 29 (1st Cir. 2010) (affirming decision to strike affidavits from late-disclosed fact witnesses submitted with opposition to motion for summary judgment).

**that effect. So if that's part of the plan, I'm simply not going to permit it."** *Id.* (emphasis

added). When counsel (impertinently) challenged the Court to state "the basis for that," the Court

continued:

> **I'll leave it this way: If you want to move to permit it, I'll let you file that motion because I'm not interested in wasting time. This is either a disability discrimination case or a religious discrimination case… It's not a trial about whether or not these vaccines are safe. There's overwhelming evidence, of course, that they are safe. We're not going to decide that. That's not what this case is about. It's about discrimination, whether or not it occurred, and that's how we're going to try the case.**

*Id.* (emphasis added).  Plaintiffs filed no such motion.[2]

Ignoring the Court's express direction, and the relevant federal rules, and without any

notice to the Court or to MGB, on July 2, 2026, Plaintiff Steverman submitted the following

three documents as exhibits to her Opposition to MGB's Motion for Summary Judgment:

- Exhibit 11 (ECF No. 453-11) – "Declaration of Kevin McKernan Refuting Claims of Substantial and Durable Reductions in SARS-CoV-2 Shedding or Transmission After COVID-19 Vaccination (As of Summer 2021 Data and Testimony)"

- Exhibit 20 (ECF No. 453-20) – "Declaration of Jessica Rose Refuting Claims of Substantial and Durable Reductions in SARS-CoV-2 Shedding or Transmission After COVID-19 Vaccination (As of Summer 2021 Data and Testimony)"

- Exhibit 22 (ECF No. 453-22) – "Declaration of Richard Amerling Refuting Claims of Substantial and Durable Reductions in SARS-CoV-2 Shedding or Transmission After COVID-19 Vaccination (As of Summer 2021 Data and Testimony)"

---

[2] The Federal Rules, of course, require a specific process for disclosure of expert witness and their reports.  See Fed. R. Civ. P. 26(a)(2). As discussed more fully below, Plaintiff Steverman did not follow that process at all.

326965349v.3

Apart from introductory paragraphs attempting to credential the declarants, the substantive paragraphs of each declaration are identical. *Compare* McKernan Declaration (ECF No. 453-11): ¶¶10-18, *with* Rose Declaration (ECF No. 453-20) ¶¶7-15 and Amerling Declaration (ECF No. 453-22) ¶¶10-18. Plaintiff Steverman further attached each declarant's *curriculum vitae* to their declaration. *See* ECF Nos. 453-12 (McKernan CV); 453-21 (Rose CV); 453-23 (Amerling CV).

Remarkably, in her Opposition, Plaintiff Steverman admits that "**this Court strictly mandated that summary judgment practice occur *prior* to expert disclosures…**" ECF No. 451, p. 16, n. 9 (italics in original).[3] And yet, in her "Concise Statement of Material Facts" in support of her Opposition, citing solely to the three declarations of the Purported Experts, Plaintiff Steverman writes: "The scientific consensus at the time that MGB imposed its vaccine mandate is that the COVID vaccine did not prevent transmission." ECF No. 452, p. 27 at ¶ 150.

## ARGUMENT

**I.   PLAINTIFF'S SUBMISSION OF THE PURPORTED EXPERTS VIOLATES THIS COURT'S DIRECTIVES – AND SHE ADMITS IT**

Plaintiff Steverman openly concedes that the Court "strictly mandated that summary judgment practice occur *prior* to expert disclosures"—but she nevertheless attempts to submit "expert" evidence with her Opposition. ECF No. 451, p. 16, n. 9 (italics in original).

The Court could not have been more crystal clear.  The Court specifically stated that expert discovery would be *after* summary judgment:  "I want to set a timetable for the filing of

---

[3] Plaintiff Steverman incorrectly identifies Dr. Michael Klompas, Hospital Epidemiologist at MGB, as an expert in this case. *See* ECF No. 451, p. 16, n. 9. It is well established, however, that Dr. Klompas and other MGB employees who submitted declarations or otherwise gave testimony during discovery in this case have done so as *fact* witnesses with personal knowledge of the Vaccination Policy and its implementation and not as expert witnesses. Indeed, this Court already held as such as to Dr. Klompas in particular. *See* ECF No. 173, p. 5, n. 4 ("Plaintiffs request that some of Dr. Klompas's opinion be struck as premature expert testimony. (Pls.' SMF ¶ 23). **However, Dr. Klompas testified to his direct observations on the spread of COVID-19 in MGB facilities, and was not testifying as an expert**.") (emphasis added).  Plaintiff Steverman ignores that holding of the Court too.

4

summary judgment motions, which I think ought to occur before expert discovery." *See* Exhibit A, p. 13.  And the Court was very clear that it would not entertain expert testimony on whether vaccines were safe or effective:  "**I'm not going to permit expert testimony at any trial or otherwise that the vaccines are ineffective or unsafe or anything to that effect. So if that's part of the plan, I'm simply not going to permit it.**" Exhibit B, p. 11 (emphasis added). Plaintiff Steverman unblushingly ignored both directives from the Court.

If Plaintiff Steverman wished to change the sequence of the Scheduling Order to allow expert discovery prior to summary judgment, she had to file a motion.  If she wished to challenge the Court's directive barring expert opinions on the topics of vaccine efficacy, she had to file a motion, as the Court told her counsel directly.  She did neither.

The Court's directives are binding on the parties, and were well-reasoned. As the Court aptly noted, this is not a case about vaccine safety or efficacy—it is a religious accommodation case.  The Purported Experts' 2026 hindsight views about vaccine efficacy are irrelevant. It is undisputed that in creating and implementing its Vaccination Policy, MGB relied on the overwhelming medical and scientific evidence at the time that showed vaccines were safe and effective, and multiple federal appellate courts including the First Circuit have taken judicial notice of the public health guidance to this effect.  *See e.g.* Doc. 437 at 8-13, and 9 n.3.

## II.    PLAINTIFF'S SUBMISSION OF THE PURPORTED EXPERTS VIOLATES THE FEDERAL RULES AROUND EXPERT DISCLOSURES AND REPORTS

Fed. R. Civ. P. 26(a)(2) describes in detail the required contents and timing for disclosing expert identities and the required reports. These requirements include making the disclosure "at the times and in the sequence that the court orders" and that the attendant expert report include, among other items, "a complete statement of all opinions the witness will express and the basis and reasons for them," "the facts of data considered by the witness in forming them," "a list of

all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition," and "a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).

Under Federal Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The "baseline rule is that the required sanction in the ordinary case is mandatory preclusion." *Santiago-Diaz v. Laboratoria Clinico Y De Referencia Del Este and Sara Lopez, M.D.*, 456 F.3d 272, 276 (1st Cir. 2006) (affirming preclusion of plaintiff's expert evidence as sanction for failure to follow appropriate procedure for disclosing expert); *see also Gonzalez-Rivera v. Centro Medico Del Turabo, Inc.*, 931 F.3d 23, 29 (1st Cir. 2019) (affirming exclusion of the plaintiff's expert because of untimely production of expert report); *Pena–Crespo v. Puerto Rico*, 408 F.3d 10, 13 (1st Cir. 2005) (affirming exclusion of plaintiff's expert's testimony as sanction for failure to provide expert report in accordance with federal rules, holding that "exclusion of evidence is a standard sanction for a violation of the duty of disclosure under Rule 26(a)") (quotation omitted).

Plaintiff Steverman did not comply with *any* of the notice or report strictures of Fed. R. Civ. P. 26(a)(2) when she attached the declarations of the Purported Experts to her Opposition without any notice to the Court or MGB. For that reason alone, the Court should strike the Declarations, CVs, and all related information and argument. In considering whether or not exclusion is the appropriate sanction for a failure to timely disclose experts, courts "consider the totality of the circumstances, including the overall history of the litigation, the importance of the precluded evidence, the justification (or lack of justification) for the delay, the nature and extent

326965349v.3

of prejudice to the other side, and the impact of the failure to comply with the discovery deadline on the district court's docket." *Genereux v. Raytheon Co.*, 754 F.3d 51, 60 (1st Cir. 2014) (affirming district court decision to strike late expert declaration, holding that lower court could have excluded late declaration for multiple independent reasons, including that the plaintiffs "proffer[ed] no explanation at all for the late submission," noting that "[t]aking new depositions and reinterviewing experts would undoubtedly increase [the defendant's] expenses, a circumstance that can be considered as part of the prejudice calculus," and finally, because "the district court has the right—indeed, the duty—to ensure that such litigation proceeds in an orderly manner. Holding the parties to the strictures of a scheduling order helps to achieve that goal.").

Here, there was no disclosure whatsoever of the Purported Experts and not even an attempt to follow any of the rules regarding experts.

Plaintiff Steverman failed to disclose any of the three Purported Experts in response to relevant discovery requests (*see* i.e. Plaintiffs' Answers to Interrogatories 9-10)—and Plaintiff Steverman never supplemented those responses to add any of the three declarants. Plaintiff Steverman did not even attempt to supplement her disclosures or discovery responses before she appended the declarations to her Opposition. MGB had no opportunity to seek the deposition of each of the three declarants to interrogate—as is its right under Fed. R. Civ. P. 26—the opinions each lays out in their declaration or to bring a motion to exclude the Purported Experts.

As it stands, the Court scheduled oral argument on MGB's Motion for Summary Judgment as to Plaintiff Jamie Steverman's claims for July 14, 2026. *See* ECF No. 433. The Motion will be fully briefed before then.[4]  That hearing should go forward, and the improper

---

[4] MGB will file its Reply early to ensure that the Court has the benefit of it prior to argument.

326965349v.3

submission of these "expert" declarations should not delay the adjudication of MGB's Motion for Summary Judgment as to Plaintiff Jamie Steverman's claims.  Neither the Court nor MGB should be compelled to spend any additional time or resources on the improperly submitted material regarding the Purported Experts.

In determining the remedy for Plaintiff Steverman's infraction, the Court may also consider that the improper actions at issue in this motion are part of a pattern by Plaintiffs as represented by current counsel.  *See*  ECF No. 450 (MGB's Motion to Show Cause) (pending).

### III.    MGB IS ENTITLED TO ITS FEES IN BRINGING THIS MOTION

Plaintiff Steverman's action in submitting the Purported Experts' materials is an audacious violation of the Court's orders and the rules. Because of Plaintiff Steverman's actions, MGB was forced to expend yet more time and resources litigating an issue that never should have reached the Court. As a sanction and a deterrent, particularly where this is only the first of three summary judgment motions this Court will be asked to adjudicate in this matter over the coming weeks, MGB respectfully requests that the Court grant it the fees it incurred in filing this motion.

### CONCLUSION

For all of these reasons, MGB respectfully requests that this Court (i) strike the declarations of Kevin McKernan, Jessica Rose, and Dr. Richard Amerling, including their accompanying CVs, and all material in Plaintiff Steverman's Opposition and accompanying materials that relies on information contained in those Declarations, (ii) Order that Plaintiffs may not otherwise rely on information contained in those Declarations in this action (including in response to the now-pending Motion for Summary Judgment as to Plaintiff Adams (ECF No. 446) and forthcoming Motion for Summary Judgment as to Plaintiff Orfanos) until this matter

326965349v.3

proceeds to expert discovery and Plaintiffs comply with the procedure for disclosing expert identities and opinions; and (iii) enter such further relief as may be just and proper.

**Dated:** July 6, 2026

MASS GENERAL BRIGHAM INCORPORATED

By Its Attorneys,
Respectfully Submitted,

 /s/ Dawn R. Solowey

Kristin McGurn (BBO# 559687)
Dawn Reddy Solowey (BBO# 567757)
Michael Steinberg (BBO# 690997)
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
kmcgurn@seyfarth.com
dsolowey@seyfarth.com
msteinberg@seyfarth.com
TEL: (617) 946-4800
FAX: (617) 946-4801

## CERTIFICATE OF SERVICE

I, Dawn R. Solowey, certify that on July 6, 2026, a true and accurate copy of the foregoing document to be filed and uploaded to the CM/ECF system.

/s/ Dawn R. Solowey
Dawn R. Solowey

9

326965349v.3