## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

**TYLER ADAMS,**                                )
**MICHELLE ORFANOS,**                            )
**JAMIE STEVERMAN,**                             )
      Plaintiffs                         )
vs.                                              )          **Civil Action No.  1:21-CV-11686-FDS**
                                                 )
**MASS GENERAL BRIGHAM, INC.**                   )
      Defendant.                         )
_____ )

### Plaintiff Jamie Steverman's Opposition to
### Mass General Brigham's Motion To Strike Expert Declarations

Plaintiff Jamie Steverman, ("Steverman") respondent in Defendant Mass. General

Brigham's ("MBG") recent *Motion For Summary Judgment*, (ECF 437) opposes MGB's motion

to strike three expert declarations included as exhibits in her opposition (ECF 454), and requests

that the motion be denied.

As reason for this opposition, plaintiff states that MGB made the issue of effectiveness of

the COVID vaccine in stopping transmission of the disease the centerpiece of its *Motion For*

*Summary Judgment* against Steverman. From the first page of its *Memorandum of Law,* it cited

the opinion of "world renowned experts", with over twenty more such references to effectiveness

of the COVID vaccine in the following pages.

Federal Rule Civ. Proc. 56 and Local Rule 56.1 state that any facts asserted by the

moving party in a motion for summary judgment which are unrebutted with admissible evidence

by the respondent, become established. Thus, Steverman was obliged to provide such evidence in

the form of expert declarations containing medical and scientific facts.

MGB's motion for summary judgment is structured primarily around vaccine safety and

effectiveness as related to Steverman, a former nurse with a patient-facing role at the time. It emphasized this issue despite the court's request to the parties not to do so. When presented with this motion for summary judgment, which focused on the effectiveness of the vaccine and transmission of the virus in Steverman's employment at MGB, her counsel had to then assemble rebuttal evidence for an issue they thought had been placed off limits by the court.

The three declarations included in the Steverman opposition are proper rebuttal evidence, responding to MGB's own extensive safety and transmission arguments in its summary judgment motion, detailed below. They are not affirmative expert testimony on vaccine safety/efficacy that the Court prohibited, and MGB opened the door to this response. Rule 37 is inapposite here.

## Legal Argument

MGB's motion to strike Steverman's three expert declarations mischaracterizes them as an "audacious violation" of discovery rules and Court orders. (ECF 454, p. 1) In reality, the declarations are a narrow rebuttal to MGB's repeated assertions in its summary judgment memorandum that an unvaccinated employee like Steverman would create a serious transmission risk and that vaccination was necessary for patient safety.

MGB seeks to strike evidence submitted in response to summary judgment and to implicitly extend that ruling to other plaintiffs before expert discovery has even commenced. The Court's scheduling orders did not constitute a blanket exclusion of expert declarations. The Court discussed sequencing and invited a motion if the issue later arose; but it did not enter an order under Rule of Evidence 702 or a *Daubert* ruling.

MGB made medical and scientific claims without any plaintiff-specific evidence or individualized assessment, and no reference in the record to medical or scientific evidence, as

required under Local Rule 56.1. See ECF 437 at pp. 12-13 ("Plaintiff posed a compounding and exponential risk of transmission to everyone around her"); P. 13 (citing Dr. Ron Walls on "exponentially" increased risk); p. 16 ("the threat that Plaintiff posed as a patient-facing nurse"); PP. 4, 9, 11, 17, 19-20 (References to safety, transmission, and risk from unvaccinated staff).

For example, on page ten of its *Memorandum of Law*, MGB asserts:

> Given the frequency, duration, and volume of these close- contact interactions, Plaintiff posed a compounding and exponential risk of transmission to everyone around her. Each time she interacted up close with a vulnerable patient who had come to the Emergency Department to get well, she risked transmitting to them a potentially fatal disease. There is not a shred of evidence in the record to the contrary.

> Applying controlling case law to the undisputed record evidence compels a finding of undue hardship as a matter of law. The record demonstrates that the only accommodation Plaintiff sought—to remain in her position as a hospital nurse while unvaccinated against COVID—would have required MGB to place Plaintiff's patients, other patients, fellow hospital staff, visitors, and members of the public at an unacceptable increased risk of danger from infection with a potentially fatal disease.

These statements are unsupported with references to medical or scientific data in the record, as required by Rule 56 and Local Rule 56.1. Steverman, as the opposing party, bears the burden of producing evidence sufficient to preclude summary judgment under Rule 56. *Certain Interested Underwriters at Lloyd's, London v. Stolberg*, 680 F.3d 61, 65 (1st Cir. 2012).

Fed. Rule Civ. Proc. 56 ( c ) requires that a party disputing a fact must cite to admissible evidence in the record. It does not distinguish whether that fact is raised in the concise statement of facts required under Local Rule 56.1 or not. Here, the vaccine and COVID related facts appear almost entirely in the *Memorandum of Law*. Local Rule 56.1, following and supporting Rule 56 (e), asserts that, "Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties."

MGB shifted most of its proposed facts about the effectiveness of COVID vaccines in stopping transmission into its *Memorandum of Law*, rather than placing them forthrightly in its concise statement of facts, as required by Local Rule 56.1. Placement of facts in the memorandum of law, however, did not obviate the need for Steverman to oppose them. MGB may have assumed the court should take judicial notice of these facts per Fed. Rule of Evidence 201, rather than provide scientific and medical support for them. However, such highly controverted facts could never be the subject of judicial notice.

The three declarations attached to the Steverman opposition respond directly to these assertions with data available in 2021, including the Moderna Phase 3 trial limitations (for which MGB's own Dr. Lindsey Baden was a principal investigator) and statements from MGB's own experts. They are not an attempt to turn this into a vaccine safety trial — they are rebuttal to MGB's choice to make safety the centerpiece of its hardship defense.

MGB itself opened the door to this rebuttal evidence. It should not complain about evidence responding to claims it injected into the summary judgment briefing, especially knowing the court had forbidden it. Federal courts routinely allow rebuttal when the opposing party "opens the door." See *United States v. Land*, 94 F.3d 949, 952 (5th Cir. 1996) (party cannot complain about rebuttal to its own evidence). Courts in the First Circuit routinely allow such evidence when the opposing party opens the door. See, e.g., *Genereux v. Raytheon Co.*, 754 F.3d 51 (1st Cir. 2014) (considering totality of circumstances)

Since MGB's *Memorandum of Law* contains so many generalized safety and transmission assertions, as cited above, it should not ask the court to preclude plaintiff Steverman from responding with evidence of her own showing that the foundational premise of its hardship defense lacked scientific support at the time.

The Court's prior comments at status conferences must be read in context. The Court stated it would not permit expert testimony turning the case into a broad vaccine safety trial. See March 26, 2026 Transcript at p. 11. However, the Court did not bar rebuttal to MGB's own safety claims, which appear to have been raised improperly. The three Steverman declarations are narrowly tailored to address MGB's assertions in ECF 437 and should therefore stand.

These declarations are not general opinions on vaccine safety. They specifically refute MGB's transmission risk claims by citing contemporaneous 2021 data, including:

- The Moderna Phase 3 trial (Baden et al., NEJM 2021): ("Although mRNA-1273 is highly efficacious in preventing symptomatic COVID-19, there is not yet enough available data to draw conclusions as to whether the vaccine can impact SARS-CoV-2 transmission.")

- MGB's own Dr. Michael Klompas's statements (August 10, 2021 Brigham Bulletin and deposition): Viral burden "is the same" in vaccinated and unvaccinated individuals during the Delta wave.

- CDC Director Rochelle Walensky's August 5, 2021 statement that vaccines "can't prevent transmission" of the Delta variant of COVID. See Exh. 10 to Steverman's opposition to MGB's summary judgment motion.

- Exhibit 4 of MGB's *Motion For Summary Judgment* contains the expert opinion of Anne. Klibanski, M.D., that: "Based on the research, data and trends, we have made the decision that we will require that all Mass General Brigham employee be vaccinated against COVID-19 once the FDA has granted approval of one of the three vaccines. . ."

These are not new opinions, but direct responses to MGB's evidence, all of which were known prior to the MGB vaccine mandate. Plaintiff Steverman properly submitted them as rebuttal exhibits.

In its motion to strike, MGB invokes Fed. Rule Civil Proc. 37 as precluding inclusion of expert rebuttal. That is a misuse and misapplication of that rule, which is intended to avoid an ambush by an expert at trial or in a motion after the party was obliged to make appropriate expert disclosures and failed to do so. That is not remotely the situation here.  Even assuming a technical Rule 26(a)(2) issue, exclusion is not warranted under Rule 37(c)(1), since it allows use of the evidence if the failure is "substantially justified or is harmless."

Other facts, omitted by MGB in its concise statement of facts, undercut its argument as well. After Steverman was terminated as an employee by MGB for refusing the COVID vaccination, she was hired by New England Life Center ("NELC"), a collaborative owned in part by the MGB hospitals along with other hospitals in New England. In her new position, she was given an exemption from the vaccination, and was sent back to work as an infusion/teach nurse in close patient-facing positions in four MGB facilities, including Mass. General, Brigham and Women's, Newton-Wellesley, and Faulkner. Steverman worked for two years in these MGB facilities without interference, without incident, and without causing any patient illness. See Plaintiffs SOF, Par. Nos. 79-95.

### Conclusion

This response to MGB's *Motion To Strike* is not intended to be a referendum on whether COVID vaccines were "safe" or "effective." It is about procedure, fairness, and materiality. The Court has already indicated it does not want the case to become a general debate over vaccine science, yet MGB's motion was centered on that. MGB relied on scientific assertions to establish undue hardship, and now plaintiff Steverman, and the other two plaintiffs who will be the subject of similar summary judgment motions, should not be prevented from offering responsive evidence while that issue remains relevant to summary judgment.

**WHEREFORE**, Plaintiff Steverman respectfully requests the following relief:

A.  That the Court deny MGB's *Motion to Strike* in its entirety and deny any award of attorneys fees;

B.  Award attorneys fees to Plaintiff Steverman's counsel, as MGB's motion appears to have been submitted in bad faith, in that itself was the provocateur on raising the vaccine issue in its motion for summary judgment against court guidance and also failed to set out its facts properly and support them in the record per court rules;

C.  In the alternative, Plaintiff requests leave to file a supplemental brief addressing any specific portions and/or to allow the material as proper rebuttal evidence;

D.  Any other relief as seems just.

<div style="margin-left:50%">

Respectfully submitted,
The Plaintiffs,
By co-counsel,

</div>

Dated: July 7, 2026

<div style="margin-left:50%">

/s/ Gregory Hession
Gregory A. Hession, J.D.
93 Summer Street
P.O.. Box 543
Thorndike, MA 01079
(413) 746-3333
B.B.O. No. 564457
hession@crocker.com

</div>

### Certificate of Service

I, Gregory A. Hession, counsel for plaintiffs, hereby certify that I have served the foregoing paper to counsel for defendant, Kristin G. McGurn, Dawn R. Solowey, and Michael E. Steinberg, at SEYFARTH SHAW LLP, Seaport East, Two Seaport Lane, Suite 1200, Boston, MA 02210-2028, via ECF filing on July 7, 2026.

<div style="margin-left:50%">

/s/ Gregory Hession
Gregory A. Hession, J.D.

</div>