Exhibit D

# Exhibit D

**From:** Gregory Hession <hession@crocker.com>
**Sent:** Wednesday, July 22, 2026 3:55 PM
**To:** Solowey, Dawn
**Cc:** Steinberg, Michael; McGurn, Kristin; Sujata Gibson; James Mermigis
**Subject:** RE: Motion and discovery motion conference

**This Message Is From an External Sender**
This message came from outside your organization.

From the **June 8, 2026 status conference**, Judge Saylor made several statements either expressly directing counsel to file a motion or explaining that relief required a motion. These are the strongest references, with the transcript timestamps and page citations.

#### 1. "There's no motion pending before me."

This was the Court's explanation for why it would not order broader discovery at that time.

> **THE COURT:** "Likewise, there's **no motion pending before me** as to what you seek, whether you're entitled to it, whether it's appropriate under the circumstances or not."

**Transcript location:**

- **Time:** approximately **03:42–03:43**
- **Page: 9**

---

#### 2. Express instruction to file a motion for additional discovery

This is the clearest directive in the transcript.

> **THE COURT:**
> "I think you're entitled to something, **put it in writing, file a motion, let Miss Solowey respond. Let me read it, think about it.** I'm not trying to be unreasonable here but... just because you say you want it doesn't mean you get it. There's a whole lot more that has to be shown."

**Transcript location:**

- **Time:** approximately **03:45**
- **Pages: 10–11**

This was made in response to Attorney Hession's request for broader **pattern-and-practice/corporate process discovery** beyond the files of the three remaining plaintiffs.

---

#### 3. Court explains the required showing before additional discovery

Immediately preceding the above instruction, Judge Saylor explained that broader discovery requires a motion supported by evidence.

> **THE COURT:**
> "You have to convince me that you're entitled to something more here and to focus your efforts and say, in fairness, we require X. Things at the corporate level are going to be different, of course, than the records of other individuals."

**Transcript location**

- **Time:** approximately **03:44**
- **Page: 10**

---

#### 4. Court states it only acts when a party requests relief

When defense counsel raised concerns regarding the McLane affidavit, Judge Saylor again emphasized that the Court acts only upon a properly filed request.

> **THE COURT:**
> "There's nothing pending before me. So I have the ultimate passive job in many ways. **I only act when people ask me to act.**"

**Transcript location**

- **Time:** approximately **03:40**
- **Pages: 7–8**

---

#### 5. Court invites future motions on unresolved issues

At the conclusion of the conference, Judge Saylor anticipated that unresolved matters would be presented through motions.

> **THE COURT:**
> "Again, **to the extent that there are issues that have not been resolved between today and July 14th, pending motions, we should be prepared to take those up at the status conference.**"

**Transcript location**

- **Time:** approximately **03:59**
- **Page: 22**

--- Original message ---
**Subject:** RE: Motion and discovery motion conference
**From:** "Solowey, Dawn" <DSolowey@seyfarth.com>
**To:** Gregory Hession <hession@crocker.com>
**Cc:** "Steinberg, Michael" <MSteinberg@seyfarth.com>, "McGurn, Kristin" <KMcgurn@Seyfarth.com>, Sujata Gibson <sujata@gibsonfirm.law>, James Mermigis <james@mermigislaw.com>
**Date:** Wednesday, 22/07/2026 3:52 PM

Greg,

Nothing that Judge Saylor has said, in a status conference or otherwise, in any way permits you to file the baseless, improper and untimely motions you allude to in your email.

Our position is clear and is stated below. If you choose to file these frivolous motions, you may represent to the Court that we have conferred and that MGB will oppose and / or move to strike, and pursue all other available remedies as outlined below.

Sincerely,

Dawn

**Dawn R. Solowey** | Partner | Seyfarth Shaw LLP
Seaport East | Two Seaport Lane, Suite 1200 | Boston, Massachusetts 02210-2028
Direct: +1-617-946-4985 | Fax: +1-617-439-3675
DSolowey@seyfarth.com | www.seyfarth.com
[ Image ]
[ Image ]

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Gregory Hession <hession@crocker.com>
**Sent:** Wednesday, July 22, 2026 3:35 PM
**To:** Solowey, Dawn <DSolowey@seyfarth.com>
**Cc:** Steinberg, Michael <MSteinberg@seyfarth.com>; McGurn, Kristin <KMcgurn@Seyfarth.com>; Sujata Gibson <sujata@gibsonfirm.law>; James Mermigis <james@mermigislaw.com>
**Subject:** RE: Motion and discovery motion conference

Do you not remember the judge at a recent status conference saying we could file such a motion if you did not give us the promised discovery?

--- Original message ---
**Subject:** RE: Motion and discovery motion conference
**From:** "Solowey, Dawn" <DSolowey@seyfarth.com>

**To:** Gregory Hession <hession@crocker.com>, "Steinberg, Michael" <MSteinberg@seyfarth.com>, "McGurn, Kristin" <KMcgurn@Seyfarth.com>
**Cc:** Sujata Gibson <sujata@gibsonfirm.law>, James Mermigis <james@mermigislaw.com>
**Date:** Wednesday, 22/07/2026 3:05 PM

Greg,

That you would even propose such absurd motions at this moment is baffling. This latest is part of an egregious and unrepentant pattern of ignoring the Court's rulings, the rules and the scheduling orders and wasting MGB and the Court's resources with frivolous filings.

To state the obvious, the motion would be baseless and improper for myriad reasons, including but not limited to: There are motions for summary judgment pending with respect to Steverman and Adams, and imminent with respect to Orfanos. Discovery is over. The deadline for discovery motions has long since passed. Your statements in the first and second bullets below are incoherent. They bear no relationship to the undisputed facts or the Court's rulings in this case. Your clients have repeatedly, and baselessly, tried to modify the protective orders, and failed every single time. There is no basis to seek to modify them again now.

We wish to be very clear: If you file any of these frivolous motions, we will oppose and / or move to strike and we reserve all rights to seek all available remedies including but not limited to attorneys' fees and costs, other sanctions, and revocation of pro hac vice status. We note that the Court has already taken under advisement whether to grant MGB attorneys' fees for our successful motion to strike plaintiffs' "experts," and that there is already a pending Motion to Show Cause.

Finally, we note that a very short time ago, you sought our assent to extensions of time on actual, substantive pending motions for summary judgment and on our order to show cause until August 3 and July 30 respectively, on the express representation that your team did not have the bandwidth to complete the oppositions due to illness. We assented in reliance on those representations. And yet you seem to have time to waste with utterly frivolous new motions at the very same time you were allegedly unable to complete the oppositions. We will not hesitate to alert the Court to the discrepancy.

Sincerely,

Dawn

**Dawn R. Solowey** | Partner | Seyfarth Shaw LLP
Seaport East | Two Seaport Lane, Suite 1200 | Boston, Massachusetts 02210-2028
Direct: +1-617-946-4985 | Fax: +1-617-439-3675
DSolowey@seyfarth.com | www.seyfarth.com
[ Image ]
[ Image ]

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Gregory Hession <hession@crocker.com>
**Sent:** Wednesday, July 22, 2026 12:29 PM
**To:** Solowey, Dawn <DSolowey@seyfarth.com>; Steinberg, Michael <MSteinberg@seyfarth.com>; McGurn, Kristin <KMcgurn@Seyfarth.com>
**Cc:** Sujata Gibson <sujata@gibsonfirm.law>
**Subject:** Motion and discovery motion conference

Good afternoon all:

This is a request to have a Local Rule 37.1 and Rule 7.1 conference, which must be by phone, to discuss plaintiffs filing a motion to request the following relief:

- That MBG would produce discovery that contains the complete reviewer-level decision records that MGB's databases contain;

- That plaintiffs be allowed to file discovery requests based on the disclosure of this reviewer information; and

- That the court would modify the existing protective orders, as unneeded and obstructive of efficient litigation.

I hope that MGB would assent to each of these without the need for a motion.

I'm here this afternoon and tomorrow afternoon and all day Friday.

Respectfully,

Greg Hession