Exhibit E

# Exhibit E

**From:** Steinberg, Michael
**Sent:** Wednesday, July 22, 2026 4:49 PM
**To:** Gregory Hession; Solowey, Dawn
**Cc:** McGurn, Kristin; Sujata Gibson; James Mermigis
**Subject:** RE: Motion and discovery motion conference

Greg,

Please stop flooding our inboxes with seriatim emails. The below note was sent less than an hour after a prior email regurgitating error-rife AI readouts of decontextualized snippets from a status conference at the beginning of June. We have already given you our position on the issues raised in your email. You can consider the conferral to have occurred. Given the number and severity of the inaccuracies and flat-out misrepresentations in your below email, we are not going to waste our or our client's time or resources continuing to engage. You may represent to the Court that we have conferred.

Michael

**Michael Steinberg** (he/him/his) | Partner
Boston | Extension: 728316 (+1-617-946-8316) | MSteinberg@seyfarth.com

---

**From:** Gregory Hession <hession@crocker.com>
**Sent:** Wednesday, July 22, 2026 4:37 PM
**To:** Solowey, Dawn <DSolowey@seyfarth.com>
**Cc:** Steinberg, Michael <MSteinberg@seyfarth.com>; McGurn, Kristin <KMcgurn@Seyfarth.com>; Sujata Gibson <sujata@gibsonfirm.law>; James Mermigis <james@mermigislaw.com>
**Subject:** RE: Motion and discovery motion conference

**This Message Is From an External Sender**
This message came from outside your organization.

Hello Dawn:

To address the timing of this proposed motion which you raised, which is a legitimate concern:

We have had this motion prepared for quite a while, long before the summary judgments were filed, but had to wait until the judge ruled on discovery AND we took the allowed two depositions. Nothing has been delayed because of it.

Turns out both deponents were evasive, secretive, had bad memories, and avoided every question they could. But....they did identify some other information sources that MGB had hidden that we could not have known about before. So, we need it.

Also, it was clear from how you all wielded that protective order in a way never intended and even filed a "show cause" motion about it, it needs to go, pronto.

Everyone knew about RERC 5 in 2021 prior to the protective order because she had identified herself by name in an email to Jamie Steverman early on. So then everyone knew who she was after that. And, of course, no plaintiffs have threatened her, have they?

Michelle Orfanos also knew about Med2, including what he looked like, because he and Michelle discussed her second request for religious exemption, so there was no need for secrecy there. And no plaintiffs have threatened him, have they?

You all know this stuff, and yet make these emotionally-laden arguments about it anyway. You also know that no one on the plaintiff side has ever threatened any MGB employee or committed any crime against one in the entire five years.

So, given the judge's explicit invitation that I just sent you in the last email, and the timing, and the revelations at the depositions, and the misuse of the protective order, seems like the right time for a motion. I agree it is inconvenient amidst summary judgments. So is answering three summary judgments, but we're just doing it.

Hence my current request.

I've just set out above a lot of what I would have discussed with you about the need for the motion.

One more thing - the bullying is very unbecoming, and the threats to retaliate are not effective. I have to do the right thing here.

Can we discuss the merits of what I raised, without the threats?

Sincerely,

Greg Hession

--- Original message ---
**Subject:** RE: Motion and discovery motion conference
**From:** "Solowey, Dawn" <DSolowey@seyfarth.com>
**To:** Gregory Hession <hession@crocker.com>
**Cc:** "Steinberg, Michael" <MSteinberg@seyfarth.com>, "McGurn, Kristin" <KMcgurn@Seyfarth.com>, Sujata Gibson <sujata@gibsonfirm.law>, James Mermigis <james@mermigislaw.com>
**Date:** Wednesday, 22/07/2026 3:52 PM

Greg,

Nothing that Judge Saylor has said, in a status conference or otherwise, in any way permits you to file the baseless, improper and untimely motions you allude to in your email.

Our position is clear and is stated below. If you choose to file these frivolous motions, you may represent to the Court that we have conferred and that MGB will oppose and / or move to strike, and pursue all other available remedies as outlined below.

Sincerely,

Dawn

**Dawn R. Solowey** | Partner | Seyfarth Shaw LLP
Seaport East | Two Seaport Lane, Suite 1200 | Boston, Massachusetts 02210-2028
Direct: +1-617-946-4985 | Fax: +1-617-439-3675
DSolowey@seyfarth.com | www.seyfarth.com
[ Image ]
[ Image ]

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Gregory Hession <hession@crocker.com>
**Sent:** Wednesday, July 22, 2026 3:35 PM
**To:** Solowey, Dawn <DSolowey@seyfarth.com>
**Cc:** Steinberg, Michael <MSteinberg@seyfarth.com>; McGurn, Kristin <KMcgurn@Seyfarth.com>; Sujata Gibson <sujata@gibsonfirm.law>; James Mermigis <james@mermigislaw.com>
**Subject:** RE: Motion and discovery motion conference

Do you not remember the judge at a recent status conference saying we could file such a motion if you did not give us the promised discovery?

--- Original message ---
**Subject:** RE: Motion and discovery motion conference
**From:** "Solowey, Dawn" <DSolowey@seyfarth.com>
**To:** Gregory Hession <hession@crocker.com>, "Steinberg, Michael" <MSteinberg@seyfarth.com>, "McGurn, Kristin" <KMcgurn@Seyfarth.com>
**Cc:** Sujata Gibson <sujata@gibsonfirm.law>, James Mermigis <james@mermigislaw.com>
**Date:** Wednesday, 22/07/2026 3:05 PM

Greg,

That you would even propose such absurd motions at this moment is baffling. This latest is part of an egregious and unrepentant pattern of ignoring the Court's rulings, the rules and the scheduling orders and wasting MGB and the Court's resources with frivolous filings.

To state the obvious, the motion would be baseless and improper for myriad reasons, including but not limited to: There are motions for summary judgment pending with respect to Steverman and Adams, and imminent with respect to Orfanos. Discovery is over. The deadline for discovery motions has long since passed. Your statements in the first and second bullets below are incoherent. They bear no relationship to the undisputed facts or the Court's rulings in this case. Your clients have repeatedly, and baselessly, tried to modify the protective orders, and failed every single time. There is no basis to seek to modify them again now.

We wish to be very clear: If you file any of these frivolous motions, we will oppose and / or move to strike and we reserve all rights to seek all available remedies including but not limited to attorneys' fees and costs, other sanctions, and revocation of pro hac vice status. We note that the Court has already taken under advisement whether to grant MGB attorneys' fees for our successful motion to strike plaintiffs' "experts," and that there is already a pending Motion to Show Cause.

Finally, we note that a very short time ago, you sought our assent to extensions of time on actual, substantive pending motions for summary judgment and on our order to show cause until August 3 and July 30 respectively, on the express representation that your team did not have the bandwidth to complete the oppositions due to illness. We assented in reliance on those representations. And yet you seem to have time to waste with utterly frivolous new motions at the very same time you were allegedly unable to complete the oppositions. We will not hesitate to alert the Court to the discrepancy.

Sincerely,

Dawn

**Dawn R. Solowey** | Partner | Seyfarth Shaw LLP
Seaport East | Two Seaport Lane, Suite 1200 | Boston, Massachusetts 02210-2028
Direct: +1-617-946-4985 | Fax: +1-617-439-3675
DSolowey@seyfarth.com | www.seyfarth.com
[ Image ]
[ Image ]

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Gregory Hession <hession@crocker.com>
**Sent:** Wednesday, July 22, 2026 12:29 PM
**To:** Solowey, Dawn <DSolowey@seyfarth.com>; Steinberg, Michael <MSteinberg@seyfarth.com>; McGurn, Kristin <KMcgurn@Seyfarth.com>

**Cc:** Sujata Gibson <sujata@gibsonfirm.law>
**Subject:** Motion and discovery motion conference

Good afternoon all:

This is a request to have a Local Rule 37.1 and Rule 7.1 conference, which must be by phone, to discuss plaintiffs filing a motion to request the following relief:

- That MBG would produce discovery that contains the complete reviewer-level decision records that MGB's databases contain;

- That plaintiffs be allowed to file discovery requests based on the disclosure of this reviewer information; and

- That the court would modify the existing protective orders, as unneeded and obstructive of efficient litigation.

I hope that MGB would assent to each of these without the need for a motion.

I'm here this afternoon and tomorrow afternoon and all day Friday.

Respectfully,

Greg Hession