**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **TYLER ADAMS, et al.,**<br>**Plaintiffs,**<br>**v.**<br>**MASS GENERAL BRIGHAM, INC.,**<br>**Defendant.** | **Civil Action No. 21-11686-FDS** |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION**
**TO STRIKE EXPERT DECLARATIONS AND RELATED MATERIAL**

**SAYLOR, J.**

This is an action arising out of a mandatory COVID-19 vaccination policy. Defendant Mass General Brigham, Inc. ("MGB"), is a Massachusetts corporation and major hospital and healthcare network that operates, among other facilities, Massachusetts General Hospital and Brigham and Women's Hospital in Boston. Out of 237 original plaintiffs, three plaintiffs remain: Tyler Adams, Jamie Steverman, and Michelle Orfanos. Adams asserts a disability-discrimination claim under the Americans with Disabilities Act, while Steverman and Orfanos assert religious-discrimination claims under Title VII of the Civil Rights Act of 1964.

MGB has moved for summary judgment as to the claims of the three remaining plaintiffs. In her opposition to that motion, plaintiff Steverman submitted declarations from Kevin McKernan, Jessica Rose, and Dr. Richard Amerling, together with their CVs and certain additional material. All three witnesses are expert, not fact, witnesses. All three offer statements purporting to show that the COVID-19 vaccines are ineffective in preventing or reducing the transmission or severity of the COVID-19 virus.

As the Court has indicated on multiple occasions, this case concerns alleged discrimination on the basis of religion (the claims of plaintiffs Steverman and Orfanos) or disability (the claim of plaintiff Adams). Plaintiffs' attempts to inject issues concerning the safety and efficacy of the vaccines—in the face of overwhelming evidence to the contrary—constitute a waste of time at best, as those issues are not legally relevant to any of the asserted claims. Furthermore, the Court is disinclined to allow plaintiffs to use this litigation as a platform to spread information of dubious scientific merit.

In any event, the filings clearly violate both the schedule set by the Court and the Federal Rules of Civil Procedure, and will be struck on that basis. First, the Court clearly stated on the record at status conferences on January 27 and March 26, 2026, that expert disclosures and discovery were to occur after dispositive motions (such as motions for summary judgment) had been resolved. The declarations were filed on July 2, 2026, in contravention of that order.

Furthermore, the filings violate Rule 26. Fed. R. Civ. P. 26(a)(2) describes the required contents and timing for disclosing expert identities and reports. Those requirements include making the disclosure "at the times and in the sequence that the court orders" and that expert reports include, among other items, "a complete statement of all opinions the witness will express and the basis and reasons for them"; "the facts of data considered by the witness in forming them"; "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition"; and "a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).

Under Federal Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was

substantially justified or is harmless." The "baseline rule is that the required sanction in the ordinary case is mandatory preclusion." *Santiago-Diaz v. Laboratoria Clinico Y De Referencia Del Este and Sara Lopez, M.D.*, 456 F.3d 272, 276 (1st Cir. 2006) (affirming preclusion of plaintiff's expert evidence as sanction for failure to follow appropriate procedure for disclosing expert).

It is beyond dispute that plaintiff Steverman did not comply with the requirements of Rule 26(a) or (e). She nonetheless submitted the expert evidence in connection with an opposition to a motion for summary judgment. Her failure to comply with the rules was not substantially justified and is not harmless. Accordingly, preclusion of the declarations is required under Rule 37.

MGB seeks its reasonable attorneys' fees in connection with the filing of this motion. Under the circumstances, that sanction is warranted.

Accordingly, and for the foregoing reasons, the motion of defendant Mass General Brigham, Inc. to strike expert declarations and related materials (Dkt. No. 454) is GRANTED. MGB may file a motion for fees, with appropriate supporting evidence, within 21 days of this order.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: November 25, 2026