UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **TYLER ADAMS, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**MASS GENERAL BRIGHAM, INC.,**<br><br>**Defendant.** | **Civil Action No.**<br>**21-11686-FDS** |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO STRIKE ORFANOS AND STEVERMAN'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

**SAYLOR, J.**

This is an action arising out of a mandatory COVID-19 vaccination policy. Defendant Mass General Brigham, Inc. ("MGB"), is a Massachusetts corporation and major hospital and healthcare network that operates, among other facilities, Massachusetts General Hospital and Brigham and Women's Hospital in Boston. Out of 237 original plaintiffs, three plaintiffs remain: Tyler Adams, Jamie Steverman, and Michelle Orfanos. Adams asserts a disability-discrimination claim under the Americans with Disabilities Act, while Steverman and Orfanos assert religious-discrimination claims under Title VII of the Civil Rights Act of 1964. MGB has moved for summary judgment on all three claims.

The Court held a motion hearing on October 13, 2026. On October 16, 2026, MGB filed a notice of supplemental authority concerning the decision of the Massachusetts Appeals Court in *Jangl v. Sec'y of the Executive Office of Health and Human Services*, 25-P-168 (Mass. App. Ct. Oct. 15, 2026). On October 23, 2026, Orfanos and Steverman filed a response to that notice.

That same day, MGB moved to strike that response and requested attorneys' fees and costs. For the reasons set forth below, the motion to strike will be denied.

## I. **Analysis**

Under Fed. R. Civ. P. 12(f), a court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter," either on its own or on motion by a party. Because "Rule 12(f) appl[ies] only to pleadings," "[m]otions to strike are not proper vehicles for objecting to legal arguments." *Barrow v. Barrow*, 2016 WL 6996996, at *4 (D. Mass. Nov. 29, 2016); *see also Turner v. Hubbard Sys., Inc.*, 153 F. Supp. 3d 493, 496 (D. Mass. 2015) ("Plaintiff seeks to strike parts of Defendant's motion and facts solely on legal grounds. Those arguments are not appropriate for a motion to strike . . . ."). And as a general matter, "[i]t is well settled that motions to strike 'are disfavored' and 'rarely granted absent a showing of prejudice to the moving party.'" *Autila v. Massachusetts Bay Transportation Auth.*, 342 F.R.D. 23, 32 (D. Mass. 2022) (quoting *Wilmington Tr., Nat'l Ass'n v. Howe*, 2022 WL 1522247, at *4 (D. Me. May 13, 2022)). Nevertheless, "district courts have considerable discretion in deciding such motions." *Legal Sea Foods, LLC v. Strathmore Ins. Co.*, 517 F. Supp. 3d 32, 33 (D. Mass. 2021).

The filing at issue here is a response to a notice of supplemental authority. Such notices are not directly regulated by the Federal Rules of Civil Procedure or the Local Rules of this Court. *Id.* They are nonetheless "'commonly used in the federal court system' to alert courts to subsequent decisions relevant to a pending motion." *Id.* (quoting *Sisk v. Abbott Labs.*, 2012 WL 1164559, at *1 (W.D.N.C. Apr. 9, 2012)). Given their purpose, many courts have held that "it is improper for a notice to include legal argument accompanying the cited authority." *Id.* (collecting cases). Thus, "[a] notice of supplemental authority properly contains only citation to and a brief description of a new case, and notice of the claims or arguments to which it is

relevant." *Nordstrom v. Thornell*, 2025 WL 2821279, at *1 (D. Ariz. Oct. 3, 2025); *see also Marcelletti v. GEICO Gen. Ins. Co.*, 2025 WL 1811668, at *14 (W.D.N.Y. July 1, 2025) ("Plaintiff's notices of supplemental authority are effectively sur-replies, as they include brief yet substantive commentary that raise legal arguments as to the impact of the noticed cases on this action."); *Girard v. Aztec RV Resort, Inc.*, 2011 WL 4345443, at *2 (S.D. Fla. Sept. 16, 2011) ("Put simply, notices of supplemental authority should not make legal argument."). Many courts have struck responses to such notices that provided substantive case analysis or argument. *See, e.g.*, *Cordish Companies, Inc. v. Affiliated FM Ins. Co.*, 573 F. Supp. 3d 977, 989-90 (D. Md. 2021), *aff'd*, 2022 WL 1114373 (4th Cir. Apr. 14, 2022); *First Mercury Ins. Co. v. First Fla. Bldg. Corp.*, 2022 WL 22881941, at *1 (M.D. Fla. July 29, 2022); *United Healthcare Servs. Inc. v. Radiology Partners Inc.*, 2026 WL 2740646, at *2 (D. Ariz. Sept. 16, 2026).

Here, MGB's notice of supplemental authority included legal argument. Plaintiffs then responded to the notice of supplemental authority with legal arguments of their own. That response included substantial legal argument that does not even concern the *Jangl* case that was the subject of MGB's notice of supplemental authority.

Nevertheless, MGB's notice itself made legal arguments about the precedential impact of *Jangl* and its application to the record in this case. Therefore, striking only the response, and not also the portions of the notice of supplemental authority that contain legal argument, "would unfairly allow one-sided presentation of the issues." *First Mercury*, 2022 WL 22881941 at *1; *see Clegg v. The Sullivan Corp.*, 2003 WL 21254558, at *2 (S.D. Ind. Mar. 31, 2003) (noting that defendant's motion sought to strike legal arguments that were simply responsive to the legal arguments in defendant's own notice of supplemental authority).

Under the circumstances, and while both sides have exceeded the limits of a paper notice

of supplemental authority, the Court will grant the motion to strike the response in part and deny it in part. Specifically, the Court will strike those portions of plaintiffs' response that do not directly address the *Jangl* case, and otherwise deny the motion.

## II. Conclusion

Accordingly, and for the foregoing reasons, the motion of defendant Mass General Brigham, Inc. to strike Orfanos and Steverman's response to MGB's notice of supplemental authority (Dkt. No. 494) is GRANTED in part and DENIED in part. Defendant's request for attorneys' fees and costs is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: November 25, 2026