**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **TYLER ADAMS, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**MASS GENERAL BRIGHAM, INC.,**<br><br>**Defendant.** | ) | **Civil Action No.**<br>**21-11686-FDS** |

**MEMORANDUM AND ORDER ON PLAINTIFF MICHELLE ORFANOS'S MOTION TO SUBSTITUTE HER RESPONSE TO DEFENDANT'S STATEMENT OF FACTS**

**SAYLOR, J.**

This is an action arising out of a mandatory COVID-19 vaccination policy. Defendant Mass General Brigham, Inc. ("MGB"), is a Massachusetts corporation and major hospital and healthcare network that operates, among other facilities, Massachusetts General Hospital and Brigham and Women's Hospital in Boston. Out of 237 original plaintiffs, three plaintiffs remain: Tyler Adams, Jamie Steverman, and Michelle Orfanos. Adams asserts a disability-discrimination claim under the Americans with Disabilities Act, while Steverman and Orfanos assert religious-discrimination claims under Title VII of the Civil Rights Act of 1964. MGB has moved for summary judgment on all three claims.

Plaintiff Michelle Orfanos has moved to substitute her response under Local Rule 56.1 to the statement of undisputed material facts filed by MGB in connection with its motion for summary judgment.

MGB moved for summary judgment as to the claim of plaintiff Orfanos on July 28, 2026. With its motion, MGB filed a statement of undisputed material facts as required by Local Rule

56.1. On August 18, 2026, plaintiff Orfanos filed an opposition memorandum and a counter statement of material facts. On September 1, 2026, MGB filed a reply memorandum. Ten days later—after briefing was complete, and two weeks before the scheduled argument—plaintiff Orfanos moved to substitute her Local Rule 56.1 response. The motion of Orfanos indicated that the purported substitute response was merely a "properly cited response." (Dkt. No. 488-1). In fact, it contained material changes to the response. But even assuming the changes were only to add citations, the proposed substitution was untimely in the extreme. MGB had completed its briefing on the motion. Even adding new citations to the evidence would require wholesale changes to MGB's briefs. If such a substitution were ever to be allowed, it would be only after a showing of exceptionally persuasive good cause. Plaintiff has not even attempted to make such a showing, arguing only that the citations were "inadvertently omitted."

Under the circumstances—and particularly given the absence of good cause and the obvious prejudice to MGB—the motion will be denied.

Accordingly, and for the foregoing reasons, the motion of plaintiff Michelle Orfanos to substitute her response to defendant's statement of facts (Dkt. No. 488) is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: November 25, 2026